# UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 78-720C |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Pages: 1 through 18

Place: Washington, D.C.

Date: July 15, 2003


**HERITAGE REPORTING CORPORATION**

*Official Reporters*

1220 L Street, N.W., Suite 600

Washington, D.C. 20005-4018

(202) 628-4888

hrc@concentric.net

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 78-720C |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

National Courts Building
717 Madison Place, N.W.
Washington, D.C.

Tuesday,
July 15, 2003

The parties met, pursuant to notice of the Court, at 10:00 a.m.

BEFORE: HONORABLE EDWARD J. DAMICH
Chief Judge

APPEARANCES: (via telephone)

For the Plaintiff:

RICHARD W. GOEKEN, Esquire
Saltman & Stevens
1801 K Street, N.W., M-110
Washington, D.C. 20006
(202) 452-2140

For the Defendant:

DAVID A. HARRINGTON, Esquire
United States Department of Justice
1101 L Street, N.W.
Washington, D.C.

P R O C E E D I N G S

(10:00 a.m.)

THE COURT: This is the case of Precision Pine & Timber, Inc. v. United States, Docket No. 98-720C.

Representing the Plaintiff is Mr. Richard W. Goeken.

MR. GOEKEN: Good morning, Your Honor.

THE COURT: Good morning, Mr. Goeken. Anyone else there with you?

MR. GOEKEN: I have people who can hear the conversation but will not be participating in our conference.

THE COURT: Okay.

And representing the United States is Mr. David Harrington. Mr. Harrington, are you there?

MR. HARRINGTON: I am, Your Honor.

THE COURT: Anyone there with you?

MR. HARRINGTON: No one is with me, Your Honor.

THE COURT: Okay. Thanks.

Now, the purpose of the status conference is to discuss the Plaintiff's motion for a protective order. The Plaintiff asserts three grounds: (1) The interrogatories received by the Plaintiff 31 days

before the deadline for written discovery; (2) The number of interrogatories, including the subparts, exceeds 50; and (3) The interrogatories and requests for production of documents are unduly burdensome.

I have a question for Mr. Goeken on these points.

I was under the impression that the 30 days was the 30 days. How did you get under the impression that it was 45 days to answer them, Mr. Goeken?

MR. GOEKEN: It was my understanding, based on the agreement in our status report, that 45 days was going to be necessary; and, as we discussed at the status conference, the reason for that additional time was that we anticipated that there were likely to be, in addition, more interrogatories than the typical 25 that are allowed for by the Court rules.

In fact, Your Honor, while not giving the government the several hundred that they thought they might need, did limit or provide an additional 25 on top of the normal 25 for a total of 50 interrogatories, so it was our understanding that the 45 days would remain in effect.

THE COURT: I believe we discussed 45 days, but the order of May 21, 2003 never mentioned 45 days; and the rules of the Court say 30 days and that would

of the general question.

This makes the interrogatory more concrete, so that there's no question about what we are interested in and it was intended to make it less likely that there would be a dispute down the road as to whether or not an answer was sufficient. But all of the details that we are asking about in Interrogatory 6 go back to the general question that we are asking and that's to describe in detail these timber sale contracts, these contracts where Precision Pine was able to purchase timber during the relevant period.

MR. GOEKEN: Your Honor, if I might?

THE COURT: Yes, Mr. Goeken?

MR. GOEKEN: It strikes me that one way that we might resolve this is: If the government believes that this information, in this considerable detail, is relevant and necessary to their case is that, as we are allowed to do, perhaps we just allow them to come out to the client in Arizona and look to their heart's content, within a very limited timeframe, of course, at all of the contracts that Precision Pine ever held. I don't have a problem with that, I guess.

It seems to me that it is clearly more than the 50 interrogatories that Your Honor limited the

government to. But if they want to spend 30 days or something looking at the documents and being ready to move forward in this case, I guess we would agree to that.

THE COURT: Your reaction to that, Mr. Harrington?

MR. HARRINGTON: Your Honor, I don't want to in a situation where they simply say here are Precision Pine's files, knock yourself out figuring out what's in them. The reason that we have asked an interrogatory of this sort where we have talked about a limited timeframe, and that timeframe being from the beginning of the first contract that Precision Pine has sued on through the conclusion of the contract that Precision Pine has sued on.

We have asked for this in a limited timeframe, and we have explained to Precision Pine the specific information that we are interested in.

I guess Rule 33(d) provides that you can produce documents in certain instances. And if Precision Pine can meet the requirements of that rule, it can respond in that matter. But you can't, even under Rule 33(d), simply dump a mass of documents on a person and say: Figure out what the answer to your interrogatory is.

THE COURT: Okay.

MR. HARRINGTON: So I would be concerned that we could be getting ourselves into that sort of a situation.

THE COURT: Okay. After hearing your arguments, I am inclined to grant the motion in part, which is to say allow 45 days for the response to the interrogatories, but deny the protective order in the sense that the number of interrogatories I think is fine and I don't think there is an undue burden on the Plaintiff.

We have to adjust, though, the schedule. I need to confer with my Clerk about that. Let me put you on hold and we will go off the record.

(A brief recess was taken.)

THE COURT: Hello. We are back on the record.

I adjusted the schedule, then, with regard to 45 days and what I come up with is, and you check this: Close of written discovery, except for expert reports, then would be August 28th. The issuance of any expert reports would be September 26th. The completion of all depositions and close of all formal discovery would be October 17th. And the deadline for any memorandum by either party, indicating a notice of

intent to file a dispositive motion, would be October 31st.

So, let me go through those dates again:

August 28th, close of written discovery.

September 26th, issuance of expert reports.

October 17, completion of all depositions and close of formal discovery.

October 31st, the deadline for any memoranda.

I think my Law Clerk has checked out the dates and they are all business days.

Okay. Is there anything else before the Court, Mr. Goeken?

MR. GOEKEN: Yes, Your Honor. Just by way of clarification, I did not understand your ruling earlier to preclude Plaintiff from raising other objections to the interrogatories that have been served.

THE COURT: Well, I think this is the time -- you know, the time is if you have an objection to the interrogatories, then, you should have made a motion that would include all of the objections. You have all of the interrogatories before you, isn't that correct, Mr. Goeken?

MR. GOEKEN: Correct, Your Honor.

THE COURT: So you had the opportunity to go through all of them and raise an objection and I think you had that opportunity.

MR. GOEKEN: As far as attorney-client privilege, other matters that had not yet been -- we hadn't attempted to respond to what we felt were both untimely and burdensome interrogatories for the most part up until this point, so there may well be additional privileges or objections that we have not yet discovered.

THE COURT: If there was something that would not have been apparent to you by reading the interrogatories, then certainly I could not reasonably say that you have waived that right. But if there was something that was apparent to a person who had looked at the interrogatories with care, then I think you have waived that right.

Anything else, Mr. Goeken?

MR. GOEKEN: No, Your Honor.

THE COURT: Okay.

Mr. Harrington?

MR. HARRINGTON: Nothing else, Your Honor.

THE COURT: Okay. I just want to, in closing, say that I, like all judges, of course, am unhappy with having to spend my time dealing with

REPORTER'S CERTIFICATE

DOCKET NO.: 98-720C

CASE TITLE: Precision Pines v. U.S.

HEARING DATE: 07/15/03

LOCATION: Washington, D.C.

I hereby certify that the proceedings and evidence are contained fully and accurately on the tapes and notes reported by me at the hearing in the above case before the United States Court of Federal Claims.

Date: 07/15/03

D. Derr

Official Reporter
Heritage Reporting Corporation
Suite 600
1220 L Street, N.W.
Washington, D.C. 20005-4018