U.S. Department of Justice

Civil Division

DMC:KAB:DHarrington
DJ No. 154-98-720

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

August 26, 2003

*Via Facsimile & U.S. Mail*

Richard W. Goeken, Esq.
Saltman & Stevens, P.C.
1801 K Street, N.W.
Washington, D.C. 20006

Re: *Precision Pine & Timber, Inc. v. United States*, Fed. Cl. No. 98-720C

Dear Rick:

Yesterday I received Precision Pine & Timber, Inc.'s ("Precision Pine's") responses to the United States' first set of interrogatories and requests for production of documents regarding damages. As explained below, Precision Pine's responses to the United States' discovery requests are deficient in many respects.

First, Precision Pine asserts objections to many of the United States' interrogatories. See Answers to Interrog. Nos. 5-11, 13-17, 19, 23-24, 30, 34-35, 38 and 42. These objections are without merit. As you will recall, on July 15, 2003, the Court explained that Precision Pine had waived objections that a diligent review of the United States' interrogatories would have revealed. All of Precision Pine's objections fall into this category. Moreover, Precision Pine's most common objection – that an interrogatory is overly broad and unduly burdensome – was explicitly rejected by the Court in ruling upon Precision Pine's motion for protective order. Precision Pine's objections are therefore untimely and improper, and should be withdrawn immediately.

Second, Precision Pine's answers frequently state that, pursuant to Rule 33(d) of the Rules of the Court of Federal Claims ("RCFC"), Precision Pine will make available various boxes of business records in lieu of providing an interrogatory answer. See Answers to Interrog. Nos. 6-9, 13-21, 23-27, 29-30 and 32. To make use of RCFC 33(d), "a responding party has the duty to specify by category and location, the records from which answers to interrogatories can be derived." Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 489 (W.D.N.C. 1998) (quoting Fed.R.Civ.P. 33 (advisory committee's note)); accord Oleson v. Kmart Corp., 175 F.R.D. 560, 563 (D. Kan. 1997). A general reference to a mass undifferentiated documents does not comport with the rule. See Capacchione, 182 F.R.D. at 489 ("A party that responds to an interrogatory under the provisions of Rule 33(d) abuses this option when the responding party

simply directs the interrogating party to a mass of business records or offers to make all of their records generally available."). Precision Pine, by referring the United States to, for example, "11 numbered boxes labeled: 'Timber Sale Contracts,'" has abused the option afforded by RCFC 33(d). Furthermore, the burden of deriving interrogatory answers from Precision Pine's business records is not the same for the United States and Precision Pine. See RCFC 33(d). Precision Pine should provide narrative answers to each of the United States' interrogatories.

Third, many of Precision Pine's answers are incomplete or non-responsive. E.g., Answers to Interrog. Nos. 4-5, 7-9, 12, 21-22, 27-28, 32-37 and 41. For instance, the answer to interrogatory no. 12, which asks Precision Pine to identify changes to its operating plans caused by the suspension of the contracts at issue, refers the reader to two other interrogatory answers that in turn do not provide any information about changes to Precision Pine's operating plans. The answer to interrogatory no. 27, which asks about the prices at which Precision Pine contends it could have sold its products, is similarly non-responsive. It states that lumber price invoices are available for review, but provides no information whatsoever about Precision Pine's contentions with respect to sale prices. Such non-responsive answers violate the Court's July 15, 2003 order.

Fourth, none of Precision Pine's interrogatory answers have been verified as required by RCFC 33(b). See RCFC 33(b) (directing interrogatory answers are be made "under oath" and signed by the person making them).

Given the abbreviated discovery period in this action, it is essential that all deficiencies in Precision Pine's interrogatory answers be resolved immediately. The United States anticipates filing a motion pursuant to RCFC 37(b) within two days, if Precision Pine is unable or unwilling to rectify the shortcomings discussed above.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch