**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR EXPEDITED CONSIDERATION**
**OF ITS MOTION FOR DISCOVERY SANCTIONS**

Defendant, the United States, respectfully requests that the Court order expedited consideration of the motion for discovery sanctions filed on September 11, 2003. The United States proposes that plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), file its response to the motion for sanctions on or before September 16, 2003, and that its motion for discovery sanctions be heard on September 18, 2003, or as soon thereafter as the Court can schedule a hearing.[1] Counsel for the United States has unsuccessfully attempted to contact Precision Pine's counsel of record, Alan I. Saltman, to ascertain whether Precision Pine will oppose this motion.

Expedited consideration of the United States' motion to stay discovery is necessary because of the short time remaining before the service of expert reports (September 26, 2003) and the close of discovery (October 17, 2003). As explained in the United States' motion for discovery sanctions, Precision Pine has failed to comply with the Court's July 15, 2003 order granting the United States' motion to compel interrogatory answers. Precision Pine interposes

[1] Counsel for the United States has longstanding plans to be with his family in Corolla, North Carolina during the week of September 22, 2003. Consequently, in the event that the Court schedules a hearing upon the motion for discovery sanctions during the week of September 22, 2003, counsel respectfully requests that the Court order the hearing be by telephone.

numerous objections that were heard and rejected by the Court, abuses the option to make available business records by dumping more than 150 boxes of documents upon the United States, and fails to provide complete and responsive interrogatory answers.

Without expedited briefing and hearing of the United States motion, the United States would forced to complete expert reports and commence fact witness depositions without the benefit of answers to interrogatories that it served on June 20, 2003, and that the Court ordered to be answered on July 15, 2003. Precision Pine should not be allowed to benefit from its failure to comply with its discovery obligations and its disregard of this Court's order.

Counsel for Precision Pine has been informed by telephone that a motion to expedite is being filed and that the United States will be seeking a hearing on its motion next week.[2] Additionally, the Untied States is serving this motion upon counsel for Precision Pine by hand.

**CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the Court grant this motion for expedited consideration, direct that Precision Pine file any opposition to the United States' motion for discovery sanctions on or before September 16, 2003, and schedule a hearing upon the United States' motion for discovery sanctions on September 18, 2003,or as soon as possible thereafter as the Court's schedule permits.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

[2] A voicemail message was left for Mr. Saltman. Additionally, David Craig, an attorney at Saltman & Stevens who has been involved with this case, was informed directly.

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972

Attorneys for Defendant

September 12, 2003