SALTMAN & STEVENS, P.C.

1801 K Street, N.W., Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
Email: rgoeken@saltmanandstevens.com

September 3, 2003

**VIA FACSIMILE TRANSMISSION**
**AND U.S. MAIL**

David A. Harrington, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Dear David:

This letter is in response to your letter of August 26, 2003 in which you raise four issues regarding Precision Pine's discovery responses. As you know, both Mr. Saltman and I were out of the office last week and we were, therefore, unable to give a detailed written response before now.

As to your first issue regarding the objections raised by Precision Pine, as I have told you, Precision Pine does not agree with your characterization of those objections; however, in a spirit of compromise and because, in any event, Precision Pine went on to answer the interrogatories as posed fully and completely as permitted by the Rules of the Court of Federal Claims, Precision Pine will withdraw those objections (and only those objections) you identified which state that an interrogatory is "overly broad and unduly" burdensome.

In this regard, I hope that the government will reciprocate on a matter that I have raised with you a number of times by at last withdrawing its boilerplate "General Objections" contained in its Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents on Quantum. As I have previously advised you, Chief Judge Damich has already issued orders in this case rejecting the government's interposition of just such objections. Kindly withdraw these "General Objections" at once, to obviate a motion to compel.

With respect to your second issue, Precision Pine simply disagrees with your characterization of its production of documents. It is worth noting that the government's "complaints" about the quality of Precision Pine's production were raised before the government

had reviewed a single document. A review of the documents discloses that, as provided for by RCFC 33(d), documents have been specified by category and location where the government can obtain responsive information as readily as can Precision Pine. Moreover, the document production was the result of more than a week of effort by two of Precision Pine's attorneys at the company's former corporate headquarters as well as a comparable period preparing for the production of documents at the Washington, D.C. Offices of Saltman & Stevens, P.C.

Frankly, the government's assertions about Precision Pine's document production come as a surprise to me as I kept you advised as to the steps Precision Pine was taking to comply with the government's discovery requests, especially the requests for production. (These steps are outlined again in the introduction to Precision Pine's discovery responses). You did not object at that time to any of the steps we were taking or suggest that we do more. Because of our considerable efforts, we were able to complete our responses days ahead of their due date and provided a copy of these responses to you by hand-delivery so that completion of written discovery might proceed as expeditiously as possible. In this regard, Precision Pine made all of its responsive documents in the offices of Saltman & Stevens available to the government for review less than two days after being advised that that the government was interested in conducting its review. Moreover, Precision Pine is currently producing those documents retained at its former corporate headquarters in a time, place and manner agreed to by the government.

With respect to the third issue you raise, Precision Pine simply disagrees with your characterization of its responses to the government's interrogatories. Though you provided two examples, neither supports your claim. In answering interrogatory no. 12, Precision Pine directed the government to other places where it had already provided the sought-after information, namely, the suspension caused Precision Pine to be unable to harvest the identified contracts (as set forth in the damage binder) and also caused Precision Pine to harvest other limited supplies of timber available to it at the time as identified in interrogatory no. 9.

Moreover, the government's stated complaints about Precision Pine's response to interrogatory no. 27 are also utterly unfounded. On February 26, 2003, Precision Pine provided the government with copies the lumber price invoices upon which it relied in calculating the lumber prices set forth in its damage calculations. Originals of these invoices have also been produced to the government in Washington, D.C. These invoices are from actual sales made during the suspension by Precision Pine of the lumber products that it produces and for which it has claimed damages in this case. Moreover, the interrogatory response contains a detailed description of how these invoices were used in calculating Precision Pine's damages.

With respect to your fourth issue, the government claims that Precision Pine's interrogatory answers have not been "verified under oath" as required by RCFC 33(b). In this regard, I note that it has been the usual practice of this office in discovery with the Department of Justice to simply have the attorney of record sign interrogatory responses. See RCFC 26(g). (The signature by the attorney of record certifies that discovery responses are proper.) I note that in keeping with this practice, the government also did not "verify" or submit its responses to Precision Pine's interrogatories "under oath." Assuming that the government seeks to vary its past practice in this case, kindly provide us with a verification under oath of the government's responses to our interrogatories, at which time, we will provide you with such verification as may be appropriate.

Finally, I note that the government also asserts that it will file a motion, apparently for sanctions. Please be advised that, for the reasons set forth above, we shall oppose any such motion, and pursuant to RCFC 37(a)(4)(C) will seek to recover our costs, expenses, and fees in doing so.

That being said, David, I believe we both have enough substantive matters to keep us busy in this case without trying to "pick lint" off of one another's jackets or involving the Court as referee of such disputes. As I have told you, Precision Pine remains committed to working cooperatively with the government to the greatest extent possible to provide that information the government legitimately requests so that it may assess Precision Pine's damages.

Very truly yours,

SALTMAN & STEVENS, P.C.

Richard W. Goeken

RWG/ecf