MR. GOEKEN: If I could back up, Your Honor?

THE COURT: Yes, Mr. Goeken.

MR. GOEKEN: It sounds to me like the passage you read from the rules referred to communications. I am assuming communications between the parties or any communications. Here, they are just asking for essentially every piece of paper Precision Pine files. Every contract for ten years? And then follow-up questions on each of those contracts?

MR. HARRINGTON: Your Honor, if I may?

THE COURT: Yes, go ahead, Mr. Harrington.

MR. HARRINGTON: The advisory committee notes that you and Mr. Goeken have referred to talk about communications of a particular type and I believe that we are talking about that sort of thing. Not only that, the advisory committee notes, I believe, uses the discussion of communications illustratively. It doesn't mean simply communications.

Here what we've got is: We are asking them to tell us about each of these contracts over the relevant time period; and we are asking them to be described in detail. And then we set out illustrative details of the sort of thing that we would expect out

of the general question.

This makes the interrogatory more concrete, so that there's no question about what we are interested in and it was intended to make it less likely that there would be a dispute down the road as to whether or not an answer was sufficient. But all of the details that we are asking about in Interrogatory 6 go back to the general question that we are asking and that's to describe in detail these timber sale contracts, these contracts where Precision Pine was able to purchase timber during the relevant period.

MR. GOEKEN: Your Honor, if I might?

THE COURT: Yes, Mr. Goeken?

MR. GOEKEN: It strikes me that one way that we might resolve this is: If the government believes that this information, in this considerable detail, is relevant and necessary to their case is that, as we are allowed to do, perhaps we just allow them to come out to the client in Arizona and look to their heart's content, within a very limited timeframe, of course, at all of the contracts that Precision Pine ever held. I don't have a problem with that, I guess.

It seems to me that it is clearly more than the 50 interrogatories that Your Honor limited the

government to. But if they want to spend 30 days or something looking at the documents and being ready to move forward in this case, I guess we would agree to that.

THE COURT: Your reaction to that, Mr. Harrington?

MR. HARRINGTON: Your Honor, I don't want to in a situation where they simply say here are Precision Pine's files, knock yourself out figuring out what's in them. The reason that we have asked an interrogatory of this sort where we have talked about a limited timeframe, and that timeframe being from the beginning of the first contract that Precision Pine has sued on through the conclusion of the contract that Precision Pine has sued on.

We have asked for this in a limited timeframe, and we have explained to Precision Pine the specific information that we are interested in.

I guess Rule 33(d) provides that you can produce documents in certain instances. And if Precision Pine can meet the requirements of that rule, it can respond in that matter. But you can't, even under Rule 33(d), simply dump a mass of documents on a person and say: Figure out what the answer to your interrogatory is.

THE COURT: Okay.

MR. HARRINGTON: So I would be concerned that we could be getting ourselves into that sort of a situation.

THE COURT: Okay. After hearing your arguments, I am inclined to grant the motion in part, which is to say allow 45 days for the response to the interrogatories, but deny the protective order in the sense that the number of interrogatories I think is fine and I don't think there is an undue burden on the Plaintiff.

We have to adjust, though, the schedule. I need to confer with my Clerk about that. Let me put you on hold and we will go off the record.

(A brief recess was taken.)

THE COURT: Hello. We are back on the record.

I adjusted the schedule, then, with regard to 45 days and what I come up with is, and you check this: Close of written discovery, except for expert reports, then would be August 28th. The issuance of any expert reports would be September 26th. The completion of all depositions and close of all formal discovery would be October 17th. And the deadline for any memorandum by either party, indicating a notice of

intent to file a dispositive motion, would be October 31st.

So, let me go through those dates again:

August 28th, close of written discovery.

September 26th, issuance of expert reports.

October 17, completion of all depositions and close of formal discovery.

October 31st, the deadline for any memoranda.

I think my Law Clerk has checked out the dates and they are all business days.

Okay. Is there anything else before the Court, Mr. Goeken?

MR. GOEKEN: Yes, Your Honor. Just by way of clarification, I did not understand your ruling earlier to preclude Plaintiff from raising other objections to the interrogatories that have been served.

THE COURT: Well, I think this is the time -- you know, the time is if you have an objection to the interrogatories, then, you should have made a motion that would include all of the objections. You have all of the interrogatories before you, isn't that correct, Mr. Goeken?

MR. GOEKEN: Correct, Your Honor.

THE COURT: So you had the opportunity to go through all of them and raise an objection and I think you had that opportunity.

MR. GOEKEN: As far as attorney-client privilege, other matters that had not yet been -- we hadn't attempted to respond to what we felt were both untimely and burdensome interrogatories for the most part up until this point, so there may well be additional privileges or objections that we have not yet discovered.

THE COURT: If there was something that would not have been apparent to you by reading the interrogatories, then certainly I could not reasonably say that you have waived that right. But if there was something that was apparent to a person who had looked at the interrogatories with care, then I think you have waived that right.

Anything else, Mr. Goeken?

MR. GOEKEN: No, Your Honor.

THE COURT: Okay.

Mr. Harrington?

MR. HARRINGTON: Nothing else, Your Honor.

THE COURT: Okay. I just want to, in closing, say that I, like all judges, of course, am unhappy with having to spend my time dealing with

discovery disputes, especially ones of this sort, and I would hope that you would be able to work these out in the future.

I notice, Mr. Harrington, for example, that if you had talked this over and had made the offer regarding the 45 days that may have opened the door to some accommodation on other issues as well, rather than having to involve the Court in this kind of dispute.

Of course, I have also cautioned the government, indeed, sanctioned the government with regard to discovery in this case already. I know that it was not you, for the record, that was a previous attorney.

By the same token, I can't say that the Plaintiff has been as diligent as the Plaintiff could have been, despite the Plaintiff's constant complaints about this case not moving along.

So I don't really see any equities in either direction at this point. I really would like to see this move along on a reasonable basis; and I would like to encourage, again, both parties to try to resolve these disputes without involving the Court. But the bottom line is this is what the Court is paid to do, so I am here to resolve bona fide disputes.

There being no other business before the Court, then the Court is adjourned for this purpose.

We are off the record.

(Whereupon, at 10:30 a.m., the proceedings in the above-captioned matter were concluded.)

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

REPORTER'S CERTIFICATE

DOCKET NO.: 98-720C

CASE TITLE: Precision Pines v. U.S.

HEARING DATE: 07/15/03

LOCATION: Washington, D.C.

I hereby certify that the proceedings and evidence are contained fully and accurately on the tapes and notes reported by me at the hearing in the above case before the United States Court of Federal Claims.

Date: 07/15/03

D. Derr

Official Reporter
Heritage Reporting Corporation
Suite 600
1220 L Street, N.W.
Washington, D.C. 20005-4018