# In the United States Court of Federal Claims

No. 98-720 C

(Filed October 2, 2003)

**********************************
| | |
|---|---|
| | * |
| **PRECISION PINE & TIMBER, INC.**, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES**, | * |
| | * |
| Defendant. | * |
| | * |

**********************************

**ORDER**

Pursuant to the hearing on Defendant's Motion for Discovery Sanctions and Plaintiff's Response to Defendant's Motion for Sanctions and Cross-motion for Fees and Expenses, held on October 1, 2003, Plaintiff is hereby ORDERED to answer the following interrogatories on or before October 10, 2003:

**Interrogatory 9:** Plaintiff shall list each contract, agreement or arrangement identified in response to interrogatory no. 6, and next to each contract so listed, Plaintiff shall describe in detail Precision Pine's plan for operating each mill, as described in interrogatory no. 9. Such plans shall include any goal reports and any other information that Plaintiff can acquire through due diligence. Insofar as the requested information is not available, Plaintiff shall so expressly state. In addition, Plaintiff shall provide any other information that is responsive to interrogatory no. 9.

**Interrogatory 10:** Insofar as Plaintiff has provided plans for operating each mill at issue and harvesting remaining timber and other material as of August 24, 1995, Plaintiff shall provide a contract-by-contract list to describe in detail the reasons for differences between the above plans to harvest timber and the annual "operating schedules" for 1995 that were submitted to the Government pursuant to the contracts at issue. In addition, Plaintiff shall provide any other information that is

responsive to interrogatory 10.

**Interrogatory 11:** Insofar as Plaintiff has provided plans for operating each mill at issue and harvesting remaining timber and other material as of August 24, 1995, Plaintiff shall provide a contract-by-contract list to describe in detail the reasons for differences between the above plans to harvest timber and the "plan of operation" it submitted to the Government pursuant to the contracts at issue. In addition, Plaintiff shall provide any other information that is responsive to interrogatory no. 11.

**Interrogatory 12:** Plaintiff shall list each contract for which there was a plan for harvesting timber and other material described in the response to interrogatory no. 9, and next to each contract so listed, Plaintiff shall describe in detail each change to each plan that was caused by the suspension of the contracts listed in interrogatory no. 12. In addition, Plaintiff shall provide any other information that is responsive to interrogatory 12.

**Interrogatory 13:** Plaintiff shall list each contract in issue and, next to each, describe in detail the status of timber harvesting as of August 24, 1995. Plaintiff shall exercise due diligence in obtaining this information from non-documentary sources, insofar as this is possible. To the extent that there is no information available, Plaintiff shall so state. In addition, Plaintiff shall provide any other information that is responsive to interrogatory no. 13.

**Interrogatory 18:** Plaintiff shall list each mill at issue and shall provide the information requested in interrogatory no. 18 or state explicitly the extent to which the information is unavailable.

**Interrogatory 19:** Plaintiff shall list each mill at issue and shall provide the information requested in interrogatory no. 19 or state explicitly the extent to which the information is unavailable.

**Interrogatory 20:** Plaintiff shall answer interrogatory no. 20 fully, including, but not limited to, identifying the sawmills bought, sold, opened, or closed, and the date on which each of these actions occurred. Answering this interrogatory fully includes asking Precision Pine's executives or former executives for the requested information. To the extent that the requested information is not available, Plaintiff shall so state.

**Interrogatory 21:** Plaintiff shall describe in detail each purchase and sale which it identified in response to interrogatory no. 20. Answering this interrogatory fully includes asking Precision Pine's executives or former executives for the requested information. To the extent that the requested information is not available, Plaintiff shall so state.

**Interrogatory 22:** Plaintiff shall describe in detail the reasons behind each opening, closing, suspension, or temporary shut-down identified in response to interrogatory no. 20. Answering this interrogatory fully includes asking Precision Pine's executives or former executives for the requested information. To the extent that the requested information is not available, Plaintiff shall so state.

**Interrogatory 27:** Plaintiff shall answer interrogatory no. 27 fully, including, but not limited to, providing Plaintiff's contentions as to prices at which it could have

sold its products between August 1993 and December 1998.

**Interrogatory 28:** Plaintiff shall answer interrogatory no. 28 fully, including, but not limited to, updating the answer to conform to its revised answer to interrogatory no. 27.

**Interrogatory 34:** Plaintiff shall answer interrogatory no. 34 fully, including, but not limited to, providing a list of the 14 contracts at issue and making a relevant, detailed statement regarding each, and providing all information requested through the end of each contract. To the extent that the requested information is not available, Plaintiff shall so state. However, Plaintiff's statement that it is not able to provide information shall not be inconsistent with the information necessary to prepare its February 25, 2003, damages calculations.

**Interrogatories 35 and 36:** Plaintiff shall answer interrogatories 35 and 36 fully, including, but not limited to, providing specific answers without referring to other documents. To the extent that the requested information is not available, Plaintiff shall so state.

**Interrogatory 37:** Plaintiff shall answer interrogatory no. 37 fully, including, but not limited to, providing greater detail regarding the requested information. To the extent that the requested information is not available, Plaintiff shall so state.

**Interrogatory 41:** Plaintiff shall answer interrogatory no. 41 fully, including, but not limited to, enumerating the precise location in the damages binder to which it has referred Defendant and further referring Defendant to other documents when appropriate.

In addition, Plaintiff is ORDERED to identify, by October 2, 2003, the specific location of the invoices to which it refers Defendant in **Interrogatory no. 30.** Plaintiff will provide said location to Defendant and to the Court.

It is further ORDERED that all previously set deadlines in this case and in the related cases Nos. 01-415 C and 02-131 C are hereby suspended, pending a status conference that will be set after the complete resolution of Defendant's motion.

It is noted that, wherever Plaintiff refers to TSSAs in its interrogatory responses, the figures listed in the government's TSSA forms are deemed to have been adopted by Plaintiff.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge