# In the United States Court of Federal Claims

No. 98-720 C

(Filed October 20, 2003)

**********************************

**PRECISION PINE & TIMBER, INC.**,

Plaintiff,

v.

**THE UNITED STATES**,

Defendant.

**********************************

**ORDER**

Pursuant to the status conference held on October 20, 2003, Plaintiff is ORDERED to further supplement its answers to the following interrogatories on or before October 27, 2003:

> **Interrogatory 9:** Plaintiff shall list each contract, agreement or arrangement identified **in response to interrogatory no. 6,** regardless of whether timber remained to be harvested on the contract as of August 24, 1995. Next to each contract so listed, Plaintiff shall describe in detail Precision Pine's plan for operating each mill and for harvesting remaining timber and **other materials**, including roundwood, as described in interrogatory no. 9. Plaintiff shall provide all **goal reports** and any other information that Plaintiff can acquire through due diligence. Insofar as the requested information is not available, Plaintiff shall so expressly state. In addition, Plaintiff shall provide any other information that is responsive to interrogatory no. 9.
>
> **Interrogatory 27:** Plaintiff shall answer interrogatory no. 27 fully, including, but not limited to, providing Plaintiff's contentions as to prices at which it could have sold **each of its products**, including, but not limited to, ponderosa pine products, between August 1993 and December 1998. Where Plaintiff fails to provide a contention of the price at which it could have sold a product during a given time

period, Plaintiff will be deemed to have no contention with regard to that product during that period.

**Interrogatory 28:** Plaintiff shall answer interrogatory no. 28 fully, including, but not limited to, updating the answer to conform to its revised answer to interrogatory no. 27. Plaintiff shall describe in detail the methodology used and any sources of information or market data used, relied upon or consulted in determining the prices at which it contends it could have sold its products, including, but not limited to, identifying the criteria it used to exclude 31 invoices from its determination of the prices at which it contends it could have sold its products during the suspension period.

**Interrogatory 41:** Plaintiff shall identify the underlying facts on which specific quantities in its damages calculations of February 26, 2003, are based, including, but not limited to, stating the basis for its calculation of the amount of "Moulding & Better" that it contends it could have produced absent the suspension.

Defendant is hereby ORDERED to provide to Plaintiff and to the Court, by October 21, 2003, more specific objections to Plaintiff's answer to **interrogatory no. 34.** Defendant shall provide, by contract, a list of the specific periods during which it contends Plaintiff has not provided sufficient information on Plaintiff's reasons for not harvesting timber that it had anticipated harvesting during the suspension at issue, after suspension of the contract was lifted. Next to each time period so listed, Defendant shall identify the precise reasons that it believes Plaintiff's answer is insufficiently detailed during that time period.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge