**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATUS REPORT**

Pursuant to the Court's October 20, 2003 order, defendant, the United States, submits this status report regarding plaintiff, Precision Pine & Timber, Inc.'s ("Precision Pine's"), level of compliance with the Court's October 9, 2003 and October 20, 2003 orders. In addition, the United States sets forth the expenses it incurred in connection with its motion for sanctions.

**I. Precision Pine's Compliance With The Court's October 9, 2003 Order Regarding The Use Of RCFC 33(d)**

On October 20, 2003, Precision Pine served supplemental answers to interrogatories 6-9, 14-21, 23-25, 27, 29-30 and 32 as required by the Court's October 9, 2003 order. Precision Pine's supplemental answers appear to comply with the Court's order regarding the use of Rule 33(d) of the Rules of the Court of Federal Claims ("RCFC").[1]

[1] The United States reserves the right to object to Precision Pine's supplemental answers, or seek other appropriate relief, if relevant documents are not found in the locations specified by Precision Pine, or if the material identified by Precision Pine does not contain information from which a complete answer to the United States' interrogatories can be derived.

**II. Precision Pine's Compliance With The Court's October 20, 2003 Order**

On October 28, 2003, pursuant to the Court's October 20, 2003 order, Precision Pine served second supplemental answers to interrogatories 9, 27, 28 and 41. The United States' comments regarding Precision Pine's second supplemental answers are provided below.

**A. Interrogatory No. 9**

Precision Pine has identified all contracts and stated its plan for harvesting timber and other materials as of August 24, 1995, as required by the Court's order. Precision Pine also has attached to its supplemental answer various goal reports. Precision Pine represents that the attached goal reports are all reports that it was able to locate with due diligence, as required by the Court's order.

However, with respect to its plan for operating the mills at issue, Precision Pine states that it's monthly goal reports "do not constitute or indicate the existence of any broad, formal plan for the production of a specified volume of lumber during a given time period at any of Precision Pine's mills." This response to interrogatory 9 is proper only if Precision Pine is denying that it had any plan for operating the mills at issue as of the date of the suspension.

**B. Interrogatory No. 27**

Precision Pine's answer to interrogatory 27 complies with the Court's October 20, 2003 order.

**C. Interrogatory No. 28**

Precision Pine answer to interrogatory 28 complies with the Court's October 20, 2003 order.

**D. Interrogatory No. 41**

As required by the Court's order, Precision Pine's second supplemental answer describes the methodology "used to determine the volume of each specific lumber products that it would have produced from the timber on the sales at issue in this case that would have been harvested during the suspension." In describing this methodology, Precision Pine states that a "lag time" was employed to account for the time "from timber harvest to lumber sale." Precision Pine, however, does not state what this lag time was, or indicate whether the same lag time was used for each of the contracts at issue.

Precision Pine's answer to interrogatory 41 otherwise appears to comply with the Court's order.

## III. Costs Incurred In Connection With The United States Motion For Sanctions

As set forth in the attached declaration of David A. Harrington, the United States has incurred $17,418.46 expenses in connection with its motion for sanctions in this action. Accordingly, pursuant to RCFC 37(a)(4) & (b)(2), the United States respectfully requests that the Court direct Precision Pine to pay these expenses.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

Patricia Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

October 30, 2003