**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF ALAN I. SALTMAN**

I, Alan I. Saltman, declare under penalty of perjury that the following is true and correct:

1. I am a principal of the law firm of Saltman & Stevens, P.C., and counsel of record for the plaintiff, Precision Pine & Timber, Inc. in this matter.

2. Set forth herein is a detailed description of the costs that Precision Pine is entitled to recover, and the methodology used in determining these costs. To the best of my knowledge, the calculations are correct and the totals are accurate.

3. As described with more specificity in Exhibit 1, Precision Pine incurred a total of $49,945.96 in fees and expenses in responding to the Defendant's Motion for Sanctions, attending the status conference of November 4, 2003, preparing this status report and by having to send an attorney to Precision Pine's former corporate headquarters in order to prepare a supplemental answer to Interrogatory No. 9.

4. If the Court finds that no Court order was violated, Precision Pine is entitled to recover all of its costs incurred in opposing Defendant's Motion for Discovery Sanctions totaling $27,566.59, as well as the fees and expenses for attending the status conference of November 4, 2003 and submitting the status report to which this declaration is attached, $12,670.00, plus $9,709.17, the cost of sending an attorney to Heber, Arizona to obtain data necessary to provide a supplemental answer to Interrogatory No. 9.

5. If, however, the Court finds that Precision Pine is entitled to only a portion of its costs, I believe that Precision Pine is entitled to recover a total of $30,149.69. This represents the apportionment, as described sub-paragraphs A, B, and C below of Precision Pine's costs incurred in responding to the Defendant's Motion for Discovery Sanctions, attending the status conference of November 4, 2003 and submitting the current status report. It also includes the cost of sending an attorney to Heber, Arizona with respect to a supplemental answer to Interrogatory No. 9.

A. Precision Pine is entitled to recover that portion of the costs it incurred in responding to the issues surrounding RCFC 33(d) upon which it prevailed. Precision Pine believes that it prevailed upon a large portion of the RCFC 33(d) issues. Although the defendant's complaint relating to RCFC 33(d) was one of the three complaints, it involved the greatest amount of research, and the largest number of interrogatories. The chief legal argument involved in this discovery dispute surrounded the proper use of RCFC 33 (d). At least 14 pages of Precision Pine's 40-page Response to Defendant's Motion for Sanctions were devoted to responding to defendant's arguments involving RCFC 33(d). Although it is difficult to quantify

the precise amount of time devoted to one issue, I estimate that 40% of Precision Pine's efforts in responding to the Defendant's Motion for Discovery Sanctions were directed to opposing defendant's complaints regarding RCFC 33(d).

i. It is also difficult to quantify what portion of the RCFC 33(d) issues on which Precision Pine prevailed. The Court identified 21 interrogatories to which Precision Pine responded by invoking RCFC 33(d). Of these, Precision Pine prevailed outright, i.e., not having to provide further supplementation in any way, on Interrogatory No 26. As noted above, since the RCFC 33(d) issue consumed approximately 40% of the effort in responding to defendant's motion, Precision Pine is entitled to 1.9% (i.e., 100% of that 40% times 1/21) for full prevailing with regard to Interrogatory No. 9, i.e., 1.9% of $27,566.59 or $525.08 plus a like percentage of Precision Pine's cost of attending the status conference on November 4, 2003 and preparing this status report, i.e., $12,670.00 or $204.73.

ii. With respect to 13 of the remaining 19 interrogatories, i.e., 6-8, 13, 14, 16, 17, 23, 24, 25, 29, 30 and 32, the Court concluded that Precision Pine properly invoked RCFC 33(d) rather than provide a narrative answer and that Precision Pine had directed the defendant to documents in Heber, Arizona with the requisite specificity. The Court merely required Precision Pine to provide some additional specificity with regard to the location of documents produced in Washington D.C. Based on the above, Precision Pine prevailed on 90% of the issues regarding these interrogatories. As noted above, since the RCFC 33(d) issue consumed approximately 40% of the effort in responding to defendant's motion, Precision Pine is entitled to 22.29% (i.e., 90% of that 40% times13/21) for substantially prevailing, i.e., 22.29% of $27,566.59 or

$6,143.41 plus a like percentage of Precision Pine's cost of attending the status conference of November 4, 2003 and submitting this status report, i.e., 22.29% of $12,670.00 or $2,824.14.

iii. With the remaining 7 interrogatories involving RCFC 33(d), Interrogatory Nos. 9, 13, 15, 18, 19, 20, and 21, the court did not specifically preclude Precision Pine from invoking RCFC 33(d), although it essentially required Precision Pine to provide a partial narrative answers, or at least look to non-documentary sources for such a non-narrative answer. Based on the above, Precision Pine believes it prevailed on 50% of the issue of whether it properly invoked RCFC 33(b) with respect to these 7 interrogatories. As noted above, since the RCFC 33(d) issue consumed approximately 40% of the effort in responding to defendant's motion, Precision is entitled to 6.67 % (i.e., 50% of that 40% times 7/21) for partially prevailing on these 7 interrogatories, i.e., 6.67 % of $27,566.59 or $1,846.96 plus a like percentage of Precision Pine's cost of attending the status conference of November 4, 2003 and submitting this status report, i.e., 6.67% of $12,670.00 or $848.89.

iv. The total amount that Precision Pine is entitled to recover for its costs incurred in responding to Defendant's Motion for Sanctions regarding RCFC 33(d) is thus $8,515.45 and the total amount for the like portion of the costs of attending the status conference of November 4, 2003 and submitting the current status report is $3,877.76.

B. Precision Pine is also entitled to recover for its efforts in responding to the defendant's unfounded accusation that Precision Pine obstructed the defendant's efforts in the discovery process. I estimate that 15% of Precision Pine's efforts in responding to defendant's

motion went toward responding to this accusation. Therefore, Precision Pine is entitled to 15% of its costs for responding to the Defendant's Motion for Discovery Sanctions, $4,134.98, and 15% of its cost for attending the status conference of November 4, 2003 and submitting the current status report, $1,900.50.

C. Precision Pine is also entitled to recover for that portion of expenses incurred in responding to the portion of defendant's motion for sanctions that was improper and for having to assert that the defendant's motion was more properly styled as a motion to compel. Precision Pine took the threat of sanctions very seriously and devoted its efforts accordingly. Although it is difficult to quantify what portion of its time was spent asserting that defendant had asserted a motion to compel rather than a motion for sanctions, I estimate that 5 % of its time responding to defendant's motion was spent on this issue. Therefore, Precision Pine is entitled to 5% of its costs for responding to the Defendant's Motion for Discovery Sanctions, $1,378.33, and 5% of its cost for attending the status conference of November 4, 2003 and submitting the current status report, $633.50.

6. In addition to being entitled to recover for either all or a portion of the costs incurred in responding to the Defendant's Motion for Discovery Sanctions, and in creating the status report regarding costs, Precision Pine is also entitled to recover the costs incurred in sending one attorney, David Craig, to Heber, Arizona, in order to create a list of all of Precision Pine's contract over a ten-year period. As described in the status report to which this declaration is attached, this effort costs $9,709.17 in fees and expenses. These costs are listed in Part III of Exhibit 1 as the hours for David Craig ("DJC") for the dates October 20, 2003 (3.9 of the 11.9

hours on October 20 are not included, as they represent time spent working in Washington, D.C.) to October 24, 2003, as well as the October 27, 2003 additional charges entry for D. Craig's reimbursement.

7. Part I of Exhibit 1, "Response to Defendant's Motion for Sanctions," lists the hours and fees billed by Saltman & Stevens, by day and person, for all work that was put into responding to Defendant's Motion for Sanctions, including appearing at the hearing on the motion. The section titled "Costs Associated with Part I" lists the additional expenses incurred in responding to Defendant's Motion for Sanctions. The total fees and expenses incurred by Precision Pine in responding to Defendant's Motion for Sanctions is $27,566.59. [1]

8. Part II of Exhibit 1, "Work on First Set of Supplemental Responses," lists the hours and fees billed by Saltman & Stevens, by day and person, for all work that was put into supplementing Precision Pine's original answers to Defendant's Interrogatories, pursuant to the Courts orders of October 2, 2003 and October 9, 2003. The section titled "Costs Associated with Part II" lists the additional expenses incurred in supplementing Precision Pine's original answers to Defendant's Interrogatories. As can be seen, the total fees and expenses incurred by Precision Pine in supplementing its original answers is <u>$62,822.00</u>.

---

[1]Each attorney or paralegal is listed on Exhibit 1 by his or her initials. I am listed as AIS, an attorney who regularly bills at $330 per hour. The other attorneys listed are:

RWG - Richard W. Goeken, an attorney who regularly bills at $225 per hour.
DJC - David J. Craig, an attorney who regularly bills at $160 per hour.
GGS - Gary G. Stevens, an attorney who regularly bills at $315 per hour.
MRJ - Michael R. Jones, a paralegal who regularly bills at $75 per hour.
MJW - Michael J. Wade, an attorney who regularly bills at $160 per hour.

9. Part III of Exhibit 1, "Work on Additional Supplements," lists the hours and fees billed by Saltman & Stevens, by day and person, for all work that was put into further supplementing five answers to defendant's interrogatories, pursuant to the Courts orders of October 20, 2003 and October 23, 2003. The section titled "Costs Associated with Part III" lists the additional expenses incurred in further supplementing five answers to defendant's interrogatories. The total fees and expenses incurred by Precision Pine in further supplementing these five answers is $31,223.25.

10. Part IV of Exhibit 1, "Work on Status Report Addressing Costs," lists the hours and fees billed by Saltman & Stevens, by day and person, for all work that was put into writing the status report to which this declaration is attached, pursuant to the Court's order of November 4, 2003. The total fees incurred by Precision Pine in attending the status conference of November 4, 2003 and in preparing this status report is $12,670.00.

Respectfully submitted:

s/ Alan I. Saltman
Alan I. Saltman