**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF**
**THE COURT'S JULY 30, 2001 RULING UPON LIABILITY**

Pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court reconsider its ruling that the United States breached a warranty contained in clause CT 6.25 of the Mud, Monument, Saginaw-Kennedy, Brann, Manaco, Brookbank and Kettle contracts.[1]

## BACKGROUND

Each of the contracts at issue contain clause CT 6.25, which reads in pertinent part:

> CT 6.25 – PROTECTION OF HABITAT OR ENDANGERED, THREATENED, AND SENSITIVE SPECIES. (9/89) Location of areas needing special measures for protection of plants or animals listed as threatened . . . or endangered . . . are shown on the Sale Area Map and identified on the ground. Measures needed to protect such areas have been included elsewhere in the contract or are as follows:
>
> If protection measures prove inadequate, if other such areas are discovered, or if new species are listed as Federally threatened or endangered or as sensitive by the Regional Forester, Forest Service may either cancel the contract under C8.2 or unilaterally modify

---

[1] The Court at times discussed the breach of warranty claim in terms of a breach of the United States' implied duty to cooperate. See Precision Pine & Timber, Inc. v. United States, 50 Fed. Cl. 35, 73 (2001).

> this contract to provide additional protection regardless of when such facts become known.

E.g., Mud Multi-Products Sale Contract ¶ CT 6.25 (attached as Exhibit A).

In its cross-motion for summary judgment, plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), argued that clause CT 6.25 contains an express warranty as to the adequacy of protective measures for endangered species, which was breached when the contracts at issue were suspended on August 25, 1995. See Pl.'s Cross Mot. for Summary Judgment as to Liability at 13 (filed Sept. 11, 2000). The United States disagreed, arguing that clause CT 6.25 does not contain a warranty and, even if it did, that Precision Pine could not show reasonable reliance upon the warranty. Def.'s Opp. to Pl.'s Cross Motion for Summary Judgment at 2-3, 10 (filed Nov. 20, 2000).

On July 30, 2001, this Court issued a ruling upon liability. See Precision Pine & Timber, Inc. v. United States, 50 Fed. Cl. 35 (2001). The Court found, among other things, that clause CT 6.25 of the respective timber sale contracts did contain a warranty and that the United States had breached this warranty in the Mud, Monument, Saginaw-Kennedy, Brann, Manaco, Brookbank and Kettle contracts. See id. at 65-67, 73. In reaching its conclusion, the Court held that, "[i]n order to recover on [its] breach of warranty claim," Precision Pine was "not required to show that it relied on the warranty." Id. at 66.

## ARGUMENT

### I. Standard of Review

"A new trial or rehearing or reconsideration may be granted . . . for any of the reasons established by the rules of common law or equity applicable as between private parties in the

courts of the United States." RCFC 59(a). "For a movant to prevail, he must point to a 'manifest error of law, or mistake of fact' and demonstrate that the motion 'is not intended to give an unhappy litigant an additional chance to sway the court.'" Strickland v. United States, 36 Fed. Cl. 651, 657 (1996) (citation omitted); see also Fifth Third Bank of W. Ohio v. United States, 52 Fed. Cl. 637, 638-39 (2002).

In this action, there has been a manifest error of law. As explained below, certain aspects of the Court's liability ruling are contrary to the recent decision in Scott Timber Co. v. United States, 333 F.3d 1358 (Fed. Cir. 2003). Scott Timber was decided after the Court's ruling upon liability. Thus, the present motion for reconsideration is appropriate. See Fifth Third, 52 Fed. Cl. at 639 (the party seeking reconsideration must show a "change in the controlling law" or "manifest injustice").[2]

## II. The Court's Ruling That The United States Breached A Warranty In Clause CT 6.25 Cannot Be Reconciled With The Federal Circuit's Recent Decision In *Scott Timber Co. v. United States*

### A. In Order To Obtain Damages Upon Its Breach Of Warranty Claim, Precision Pine Must Establish That It Reasonably Relied Upon A Warranty In Clause CT 6.25

On June 26, 2003, the United States Court of Appeals for the Federal Circuit issued its decision in Scott Timber.[3] In Scott Timber, as in this case, the plaintiff argued that clause C6.25 warranted that there were no areas covered by the timber sale contracts that needed special

[2] By filing this partial motion for reconsideration, the United States does not waive, and expressly reserves the right to assert, other arguments regarding the Court's liability decision and the effect of the Federal Circuit's decision in Scott Timber.

[3] The United States filed a petition for rehearing in Scott Timber, which was denied by the Federal Circuit on October 3, 2003. Upon learning of the denial of the petition for rehearing, the United States prepared and filed this motion.

measures to protect threatened or endangered species.[4] 333 F.3d at 1370. According to Scott Timber, "this warranty was violated because the Forest Service was aware, at the time it was preparing the contracts, that [an endangered species] occupied some of the areas covered by the contracts." Scott Timber, 333 F.3d at 1370. The trial court's rejection of this argument was affirmed by the Federal Circuit on appeal. Id. at 1371.

In addressing the breach of warranty argument in Scott Timber, the Federal Circuit explained that "liability stemming from a misrepresentation in contract documents will be found only where the misrepresentation is one on which the contractor justifiably relies." Id. (citing Everett Plywood & Door Corp. v. United States, 190 Ct. Cl. at 92, 419 F.2d 425 (1969)) (emphasis added). In this action, on the other hand, the Court ruled that Precision Pine need not show justifiable reliance in order to establish its breach of warranty claim. Precision Pine, 50 Fed. Cl. at 66 ("In order to recover on [its] breach of warranty claim," Precision Pine is "not required to show that it relied on the warranty."). Thus, the Court's liability ruling is directly contrary to binding Federal Circuit precedent. The United States' motion for reconsideration should, therefore, be granted.

### B. Precision Pine Cannot As A Matter Of Law Establish Reasonable Reliance Upon Clause CT 6.25

In addition to finding that justifiable reliance is required to recover upon a breach of warranty claim, the court in Scott Timber found that Scott Timber could not as a matter of law have justifiably relied upon clause CT 6.25. As the Federal Circuit explained, "in light of th[e] clear language [of clause C6.25], Scott could not reasonably rely on the assumption that no

---

[4] The language of the clause addressed in Scott Timber, and clause CT 6.25 of the contracts at issue in this action are identical.

further protective measures would ever be needed in the areas covered by the . . . contracts." Scott Timber, 333 F.3d at 1371. Accordingly, the Federal Circuit affirmed the trial court's ruling that the Forest Service had not breached a warranty in clause C6.25 of the Scott Timber contracts. See id.

Here, clause CT 6.25 contains the same "clear language" upon which the Federal Circuit based its ruling in Scott Timber. Consequently, Precision Pine cannot demonstrate that it justifiably relied upon clause CT 6.25 as identifying all protective measures that would be needed for the Mexican Spotted Owl. Precision Pine's breach of warranty claim with respect to the Mud, Monument, Saginaw-Kennedy, Brann, Manaco, Brookbank and Kettle contracts, therefore, fails as a matter of law.

Precision Pine may argue that the decision in Scott Timber should be disregarded because the timber sale contracts in that action were so-called “section 318 contracts.”[5] However, nothing in the Federal Circuit’s ruling in Scott Timber suggests that it should be limited to section 318 contracts. Nor is there any basis for such a limited reading of the decision given that, as explained above, the operative contractual language in Scott Timber's contracts and Precision Pine's contracts (clause CT 6.25) is identical. See Precision Pine, 50 Fed. Cl. at 67 (rejecting Precision Pine's attempt to distinguish an earlier decision in the Scott Timber litigation because the "holding rests on an analysis of the language of clause CT 6.25 apart from any legislation").

---

[5] The term “section 318 contract” is a reference to section 318 of the Department of Interior Appropriations Act of 1990. Scott Timber, 333 F.3d at 1360. In essence, section 318, which was also known as the Northwest Timber Compromise, mandated a certain level of timber production from National Forests in Oregon and Washington during fiscal years 1989 and 1990 and exempted sales pursuant to section 318 from the requirements of the National Forest Management Act of 1989 and the National Environmental Policy Act. Id. at 1360-61.

**C. The Representation In Clause CT 6.25 Of The Respective Timber Sale Contracts Was Accurate And, Therefore, Precision Pine's Breach Of Warranty Claim Necessarily Fails**

In Scott Timber, the Federal Circuit explained that the representation in clause C6.25 that no protective measures for the marbled murrelet were needed "was absolutely true." 333 F.3d at 1370. Consequently, the Federal Circuit concluded, there was no misrepresentation and no breach of warranty by the Forest Service. See id. at 1370, 1371. Similarly, here, the representation in clause CT 6.25 that no additional protective measures for the Mexican Spotted Owl were needed was absolutely true.[6] Consequently, there was no misrepresentation and no breach of warranty by the Forest Service.

## CONCLUSION

For these reasons, we respectfully request that the Court grant this motion for reconsideration of the July 30, 2001 liability decision, rule that as a matter of law Precision Pine could not reasonably rely upon any warranty contained in clause CT 6.25 of respective contracts, and grant the United States summary judgment with respect to Precision Pine's breach of warranty claim with respect to the Mud, Monument, Saginaw-Kennedy, Brann, Manaco, Brookbank and Kettle contracts.

In the alternative, we request that the Court grant this motion for reconsideration of the July 30, 2001 liability decision upon the ground that a genuine issue of material fact as to

---

[6] The November 25, 1996 biological opinion prepared by the Fish and Wildlife Service required no changes to the contracts at issue to further protect the Mexican Spotted Owl. See, e.g., Final Biological Opinion, Mexican Spotted Owl & Critical Habitat & Forest Plan Amendments at 2 (finding that implementation of the Forest Service's forest management plans, as amended, "is not likely to jeopardize the continued existence of the Mexican Spotted Owl") (attached, in relevant part, as Exhibit B). Consequently, none of the contracts at issue were modified, pursuant to clause CT 6.25, to add protective measures for the Mexican Spotted Owl.

whether Precision Pine reasonably relied upon clause CT 6.25 of the respective contracts precludes summary judgment for Precision Pine.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney

November 14, 2003