**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S NOVEMBER 7, 2003 STATUS REPORT**

Pursuant to the Court's November 19, 2003 order, the United States submits this response to Precision Pine's November 7, 2003 status report.

**INTRODUCTION**

Interrogatory answers "must be responsive, complete and non-evasive." 7 Moore's Federal Practice § 33.101 (3d ed. 2003). In addition, the "party answering interrogatories has an affirmative duty to furnish any and all information available to the party." Id. § 33.102[1]. Because Precision Pine's answers to the United States' first set of interrogatories concerning damages failed to meet these basic requirements, the United States moved for sanctions.[1]

By any measure, the United States has prevailed upon its motion. The Court agreed with the United States' arguments that numerous interrogatory answers were incomplete, non-responsive or otherwise deficient. See Order of Chief Judge Damich at 1 (Oct. 2, 2003) (ordering Precision Pine to provide complete answers to interrogatories 9-13, 18-22, 27-28, 34-

[1] The United States had previously sought and obtained an order compelling Precision Pine to provide complete, responsive interrogatory answers. See Order of Chief Judge Damich (July 15, 2003). Precision Pine's deficient answers were thus a violation of the Court's order. See Def.'s Reply in Support of Its Mot. for Sanctions at 1-3 (filed Sept. 29, 2003).

37 and 41); Order of Chief Judge Damich at 1 (Oct. 9, 2003) (ordering Precision Pine to "specify the precise file in which each [responsive] documents is located" in response to interrogatories 6-9, 14-21, 23-25, 29-30 and 32). The Court found that Precision Pine improperly asserted objections that the Court had already once rejected. E.g., Tr. at 9, 10-11, 14.[2] The Court ordered Precision Pine to provide supplemental answers to 28 of the 29 interrogatories at issue in the United States' motion. Order of Chief Judge Damich (Oct. 2, 2003); Order of Chief Judge Damich (Oct. 9, 2003); see also Order of Chief Judge Damich (Oct. 20, 2003) (ordering further supplementation of Precision Pine's answers because Precision Pine had not complied with various aspects of the Court's October 2, 2003 order); Order of Chief Judge Damich (Oct. 23, 2003) (requiring still further supplementation of Precision Pine's answers).

In short, the Court granted the relief sought by the United States. The United States is, therefore, entitled to recover expenses incurred in connection with its motion. See RCFC 37(b)(2).

## DISCUSSION

### I. The United States Prevailed Upon Its Motion For Sanctions And Is Entitled To Recover The Costs Incurred In Bringing The Motion

In its November 7, 2003 status report, Precision Pine does not dispute that a party prevailing upon a motion for sanctions (or upon a motion to compel) is entitled to recover "reasonable expenses, including attorneys fees," incurred in bringing the motion. See RCFC 37(a)(4)(A) & (b)(2). Nor does Precision Pine dispute that the expenses set forth in the United

[2] "Tr. at __" refers to the transcript of the October 1, 2003 hearing upon the United States' motion for sanctions. The October 1, 2003 transcript is attached, in pertinent part, as Exhibit A.

States' October 30, 2003 status report are reasonable. Rather, Precision Pine argues that the United States did not prevail. See Pl.'s Status Report at 17 (Nov. 7, 2003). This contention is belied by the facts.

In its September 11, 2003 motion for sanctions, the United States argued that Precision Pine's answers to interrogatories 6-9, 12-30, 32, 34-37 and 41 were incomplete or otherwise deficient. See, e.g., Def.'s Mot. for Sanctions at 8-9, 14-24 (filed Sept. 11, 2003). Precision Pine countered that the United States' motion was not properly before the Court and, in any event, that its answers were complete. Pl.'s Response to Def.'s Mot. for Sanctions at 4-6, 30-39 (filed Sept. 16, 2003). After hearing arguments from the parties, the Court, in orders dated October 2, 2003 and October 9, 2003, directed Precision Pine to supplement its answers to 6-9, 12-25, 27-30, 32, 34-37 and 42. Thus, the United States prevailed with respect to 28 of the 29 interrogatories addressed in its motion for sanctions.

The only interrogatory where the Court did not order a supplemental response was interrogatory 26. And that interrogatory was raised only as a part of the United States' global objection to the manner in which Precision Pine used RCFC 33(d). Indeed, the United States' motion for sanctions contains no specific discussion about this interrogatory. See Def.'s Mot. for Sanctions at 8-11.[3] As a result, none of the expenses incurred by the United States in moving for sanctions are attributable to interrogatory 26. The United States should therefore recover all costs incurred in bringing its motion for sanctions.

---

[3] Nor does Precision Pine identify any costs that it incurred in connection with interrogatory 26.

## II. **Precision Pine's Contention That The United States' Motion For Sanctions Should Be Deemed A Motion To Compel Is Incorrect And Irrelevant To The Issue Of Costs**

In its status report, Precision Pine argues that the United States' motion for sanctions should be deemed a motion to compel. See Pl.'s Status Report at 2-8. As the United States explained in support of its motion for sanctions, the Court, by granting the United States' motion to compel, ordered Precision Pine to provide complete, responsive interrogatory answers. See Reply in Support of Def.'s Mot. for Sanctions at 1-3 (filed Sept. 29, 2003). When it then failed to provide such answers, Precision Pine violated the Court's order. Id.

Precision Pine responds that the Court's July 15, 2003 order did not address certain issues raised in the United States' motion for sanctions. See Pl.'s Status Report at 4 (Nov. 7, 2003). However, this is relevant only to the sanction warranted. See, e.g., Alaska Pulp Corp. v. United States, 41 Fed. Cl. 611, 614 (1998) (explaining that a sanction must be "just"). It does not change the fact that Precision Pine's failure to provide complete answers violated the Court's July 15, 2003 order. Consequently, the United States' motion was properly brought as a motion for sanctions.[4] See RCFC 37(b) (authorizing sanctions where a party does not fully comply with a court order).

Moreover, with respect to the issue of costs recoverable by the United States, it makes no difference whether the United States' motion is characterized as a motion for sanctions or a motion to compel. In either event, "reasonable expenses, including attorneys fees," are recoverable. RCFC 37(b)(2); RCFC 37(a)(4)(A); see also Pl.'s Status Report at 7 (admitting

---

[4] The Court has never ruled upon this issue. However, the Court suggested in during the October 1, 2003 hearing that the United States' motion might be deemed a "mixed motion." Tr. at 7-8.

that "a party moving to compel may be awarded reasonable expenses under RCFC 37(a)"). Consequently, Precision Pine's assertion that the United States' motion should be deemed a motion to compel is irrelevant.

**III. Precision Pine's Failure To Provide Full And Complete Interrogatory Answers Is Not Substantially Justified**

When the Court grants a motion for sanctions (or a motion to compel), the Court "shall" require the payment of the movant's reasonable expenses, including attorneys fees, unless the failure that necessitated the motion was substantially justified. RCFC 37(b)(2); see also RCFC 37(a)(4)(A). Here, the burden of establishing that it justifiably provided deficient interrogatory answers, and that it justifiably failed to comply with court orders, rests with Precision Pine. See Lee v. Walters, 172 F.R.D. 421, 435 (D. Ore. 1997); Grant v. Sullivan, 134 F.R.D. 107, 115 (M.D. Pa. 1990) ("the burden [is] shifted to the losing party to establish that he was substantially justified in resisting the motion to compel discovery"). Precision Pine has failed to meet this burden.

Precision Pine makes no attempt to justify its original interrogatory answers[5] – answers that the Court found to be deficient in numerous respects. See Order of Chief Judge Damich (Oct. 2, 2003) (ordering Precision Pine to fully answer interrogatories 9-13, 18-22, 27-28, 34-37 and 41); Order of Chief Judge Damich (Oct. 9, 2003) (ordering Precision Pine to provide additional information in response to interrogatories 6-9, 14-21, 23-25, 27, 29-30 and 32). Nor does Precision Pine explain why it refused to supplement its answers after receiving the United

---

[5] In its status report, Precision Pine does assert that it "timely complied" with all court orders. Pl.'s Status Report at 8 (Nov. 7, 2003). However, the problem with Precision Pine's interrogatory answers is not their timeliness; it is their content.

States' August 26, 2003 letter identifying problems in its original answers. If Precision Pine had acted in response to this letter, the United States' motion for sanctions would never have been necessary.

Nor does Precision Pine justify its failure to comply with the Court's October 2, 2003 order. The Court's order was detailed and clear. For instance, with respect to interrogatory 27, the Court ordered Precision Pine to answer the interrogatory "fully, including, but not limited to, providing Plaintiff's contentions as to prices at which it could have sold its products between August 1993 and December 1998."[6] Order of Chief Judge Damich at 2-3 (Oct. 2, 1998) (emphasis added). Precision Pine admits that its supplemental answer contained "gaps," that is, did not provide an answer for all products for the entire period. See Pl.'s Status Report at 14. Precision Pine further admits that the gaps were not inadvertent. Id. at 13 (stating simply that "it did not list prices" for certain products during certain months). Apparently, Precision Pine concluded that it could decide for itself what information the United States should be given and what parts of court orders its should obey. See Pl.'s Status Report at 14 (Nov. 7, 2003) (complaining that the United States wanted "completeness for the sake of completeness"). Precision Pine's brazen disregard of both its discovery obligations and its obligation to comply with the Court's orders is not "substantially justified."

---

[6] The Court also ordered Precision Pine to "fully" answer interrogatories 9, 28, 34 and 41. Order of Chief Judge Damich at 2-3 (Oct. 2, 1998). Precision Pine failed to provide complete answers to these interrogatories, as well. See Order of Chief Judge Damich (Oct. 20, 2003); Order of Chief Judge Damich (Oct 23, 2003).

## IV. Precision Pine Is Not Entitled To Recover Costs Pursuant To RCFC 37(a)(4)(B)

In its status report, Precision Pine asserts that it is entitled to recover all of its costs in opposing the United States' motion. See Pl.'s Status Report at 17. However, as explained above, the Court ordered Precision Pine to supplement its answers to 28 of 29 interrogatories because Precision Pine's original answers were non-responsive, incomplete or otherwise deficient. Moreover, the Court was forced to issue multiple orders dealing with the same interrogatories because Precision Pine failed to comply fully with the Court's initial order. In these circumstances, Precision Pine's assertion that it is entitled to recover any – much less all – expenses incurred in opposing the United States' motion is absurd.[7]

Precision Pine seeks in the alternative the cost of responding to specific aspects of the United States' motion and the Court's October 20, 2003 order. See Pl.'s Status Report at 17-20. Specifically, Precision Pine seeks the recovery of costs allegedly incurred in (i) addressing background facts in the United States' motion, (ii) responding to the United States' argument regarding RCFC 33(d), (iii) arguing that the United States' motion was actually a motion to compel, and (iv) complying with the Court's October 20, 2003 order to fully answer

---

[7] Precision Pine also asserts that the United States should recover no costs because it failed to make a good faith effort to obtain discovery without court action. This is factually incorrect. In a letter dated August 26, 2003, the United States informed Precision Pine of the deficiencies in its interrogatory answers. As a result of this letter, Precision Pine withdrew some of its objections to the United States interrogatories. However, Precision Pine refused to supplement its interrogatory answers. The United States thus attempted in good faith to resolve outstanding issues before filing its motion for sanctions.

interrogatory 9. Pl.'s Status Report at 18-20 (Nov. 7, 2003). Each of Precision Pine's alternative arguments are without merit.[8]

First, Precision Pine is entitled to no costs for responding to background facts in the United States' motion. See Pl.'s Status Report at 18 (Nov. 7, 2003) (seeking expenses incurred in drafting that portion of Precision Pine's brief that addressed problems with the production of documents). The only reason that Precision Pine needed to discuss such background facts – for instance, Precision Pine's admitted refusal to allow the United States to use an on-site Forest Service copier to speed the copying of documents – was to attempt to explain away its own obstruction of the United States' efforts to review and obtain documents. Moreover, Precision Pine's assertion that the United States "did not prevail on this issue" is a strawman. See id. The United States never requested sanctions based upon Precision Pine's obstruction of the review of documents. Consequently, neither party could prevail upon this issue. More fundamentally, RCFC 37(a)(4)(B) authorizes the recovery of costs only where "the motion is denied." RCFC 37(a)(4)(B) (emphasis added). Here, the Court issued four separate orders requiring Precision Pine to supplement its interrogatory answers. Plainly, the United States' motion was not denied.

Second, Precision Pine is entitled to no costs in responding to the argument regarding RCFC 33(d). The Court ordered Precision Pine to supplement the answers of all but one interrogatory where Precision Pine invoked RCFC 33(d).[9] See Order of Chief Judge Damich at 1

---

[8] RCFC 37(b) contains no provision for the recovery of expenses by a party opposing a motion for sanctions. Only if the Court concludes that the United States motion should be deemed a motion to compel is the issue even before the Court. See RCFC 37(a)(4)(B).

[9] During the October 1, 2003 hearing and in its subsequent order, the Court warned Precision Pine that its invocation of RCFC 33(d) constituted a representation that complete (continued...)

(Oct. 9, 2003). And while the Court did conclude that Precision Pine need not provide additional information about documents in Heber, Arizona, the United States' arguments regarding the Heber documents were substantially justified. Precision Pine made available 177 boxes of documents in Heber, did not provide a usable index, and provided only the most cursory guidance regarding where the documents from which an answer could be derived were located. Furthermore, it was not apparent from Precision Pine's original RCFC 33(d) responses that the burden of deriving answers would be substantially the same for the United States and Precision Pine, or even that complete answers could be derived from the documents in Heber.[10] The United States was, therefore, justified in objecting to Precision Pine's use of RCFC 33(d). See Alexander v. Federal Bureau of Investigation, 186 F.R.D. 144, 146 (D.D.C. 1999) ("a party meets the 'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the motion") (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)). As a result, Precision Pine is not entitled to the recovery of costs. See RCFC 37(a)(4)(B) (costs are not recoverable where the movant's arguments are substantially justified).

Third, Precision Pine is entitled to recover no costs for arguing that the United States' motion was in fact a motion to compel. See Pl.'s Status Report at 18-19. The Court never ruled

---

[9](...continued)
answers could be obtained from the documents identified. Apparently as a result of this warning, Precision Pine dropped its reference to RCFC 33(d) and provided narrative answers to a number of interrogatories – just as the United States requested in its motion.

[10] Only after hearing representations from Precision Pine's attorneys at oral argument that the Heber documents were disorganized, and that no employees of Precision Pine were familiar with how the documents were organized, did the Court conclude that the use of RCFC 33(d) with respect to the Heber documents were "generally proper."

upon this issue. See Order of Chief Judge Damich (Oct. 2, 2003).[11] Only if the Court had denied the United States' motion as a result of this argument would Precision Pine be entitled to recover any costs. See RCFC 37(a)(4)(B). Moreover, Precision Pine's argument is irrelevant. The United States sought, and the Court ordered Precision Pine to provide, "responsive and complete" answers to its interrogatories. This remedy was available through a motion for sanctions or a motion to compel. Simply put, Precision Pine cannot recover expenses incurred in making an argument that was not ruled upon by the Court, and that would not in any event have affected the outcome of the United States' motion.[12]

Lastly, the Court should reject Precision Pine's frivolous request for costs incurred in answering interrogatory 9 in compliance with the Court's October 20, 2003 order. Precision Pine's initial answer to interrogatory 9 was incomplete. Consequently, on October 2, 2003, the Court ordered Precision Pine to provide a complete answer to the United States. Order of Chief Judge Damich at 1 (Oct. 2, 2003). On October 20, 2003, the Court, finding that Precision Pine had failed to comply with its October 2, 2003 order, directed Precision Pine once again to properly answer interrogatory 9. See Order of Chief Judge Damich at 1 (Oct. 20, 2003). In so doing, the Court stated that Precision Pine was to list all contracts responsive to interrogatory 6 and, next to each contract, describe in detail Precision Pine's plan for mill operations and

---

[11] During oral argument, the Court suggested that the United States' motion might be considered a hybrid. See Tr. at 7-8.

[12] Precision Pine also argued that the United States did not certify that it had conferred in good faith prior to filing its motion and that, because the motion was a motion to compel, the motion should be dismissed. See Pl.'s Response to Def.'s Mot. for Sanctions at 5-6. In ruling upon the merits of United States' motion, the Court rejected this argument sub silencio.

harvesting. Id. The Court thus placed responsibility for providing a complete answer to interrogatory 9 squarely upon Precision Pine.

In its status report, Precision Pine invokes the Advisory Committee's Note with respect to the 1970 amendment to Federal Rule 33(d). Pl.'s Status Report at 20. However, the Court ordered Precision Pine, on both October 2, 2003 and October 20, 2003, to provide a complete narrative answer to interrogatory 9. Because the option afforded by RCFC 33(d) was unavailable, Precision Pine's reference to the Advisory Committee's Note is inapposite. Moreover, given that the Court granted the United States' motion with respect to interrogatory 9, the United States – not Precision Pine – is entitled to recover expenses. See RCFC 37(a)(4); RCFC 37(b)(2).

## CONCLUSION

For these reasons, the United States respectfully requests that the Court order Precision Pine to pay those expenses incurred by the United States in connection with its motion for sanctions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

OF COUNSEL:

Patricia Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

November 21, 2003