**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Rule 6(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests a 20-day enlargement of time, to and including January 5, 2004, within which to serve defendant's expert reports. The United States is currently required to serve expert reports on December 16, 2003. This is the United States' first request for an enlargement of time for this purpose. We have discussed this request with counsel for plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), who has informed us that Precision Pine will not oppose this motion provided that the United States requests a similar enlargement to complete discovery in this action. Accordingly, the United States also requests a 20-day enlargement of time, to and including February 12, 2004, to complete discovery in this action.

**BACKGROUND**

On November 17, 2003, Precision Pine served three expert reports. One of these – a report by Robert A. Ness (the "Ness Report") – "recommends" wholesale changes to Precision

Pine's February 26, 2003 damages claim. Indeed, the summary of changes to the claim proposed by the Ness Report goes on for 20 pages. See Ness Report, Ex. 22 (attached as Exhibit A).[1]

Upon review of the Ness Report, the United States requested that Precision Pine confirm that it was adopting the recommendations contained in the report. Letter from David A. Harrington to Richard W. Goeken at 1 (Nov. 20, 2003) (attached as Exhibit B). The United States further requested that Precision Pine supplement its interrogatory answers in light of the changes to its claim. Id.

Precision Pine subsequently confirmed that it was adopting all "changes to its damages calculations as recommended by Mr. Ness." Letter from Richard W. Goeken to David A. Harrington at 1 (Nov. 21, 2003) (attached as Exhibit C). In addition, Precision Pine stated that it "was presently reviewing" the United States' discovery requests and would supplement its answers "to the extent warranted." Id.

At this time, Precision Pine has not apprized the United States of the results of its "review" and has not served supplemental interrogatory answers.

## DISCUSSION

### 1. Precision Pine's Modified Claim Contains Dozens Of Significant Changes

The Ness Report contains more than 40 different categories of changes to Precision Pine's February 27, 2003 claim. See Ex. A. All of the contracts at issue are affected and Precision Pine's damages calculations are altered in myriad ways. Perhaps most significantly, the Ness

---

[1] Among other things, the Ness Report proposes: (i) changing factual allegations about when timber was going to be milled and sold; (ii) increasing the damages sought as lost profits by approximately $750,000; (iii) changing the contracts and time periods upon which Precision Pine's claim for "increased logging and hauling costs" is based; (iv) altering the overhead rate used throughout the claim; and (v) reducing Precision Pine's mill cost claim by 86%.

Report recommends that Precision Pine change factual contentions about when timber from the contracts at issue would be milled and sold. Id. at 15-18. Up until now, Precision Pine maintained that timber would be processed and sold within three months of harvesting. Precision Pine now proposes to "move" by up to 15 months alleged dates for processing and sale of lumber products derived from the Mud, Saginaw-Kennedy, U-Bar, Brookbank, Jersey Horse, Manaco, Salt, Hay, Kettle and O.D. Ridge timber sales. This is, by itself, a significant shift in the underpinnings of Precision Pine's claim. Moreover, the modifications in the Ness Report come after the close of written discovery, run counter to assertions by Precision Pine that its claim and supporting evidence were contained in the February 26, 2003 damages binders, and vitiate countless hours of analysis of the February 26, 2003 claim. See, e.g., Tr. at 9 (May 20, 2003) (stating with respect to the February 26, 2003 damages binders that "we have our evidence ready to go to trial"); id. at 36 ("Plaintiff has already indicated its willingness to go with the documents, its evidence that you have in your possession" in the February 26, 2003 damages binders). Consequently, in order to fully analyze Precision Pine's new factual allegations, new methodologies, and revised calculations, the United States seeks additional time to submit its expert reports.

**2. The Requested Enlargement Would Provide Time To Incorporate Supplemental Interrogatory Answers Into The United States' Expert Reports**

As noted above, the United States has requested that Precision Pine supplement its interrogatory answers in light of the changes to the Precision Pine's claim. It is clear that supplemental answers to some interrogatories are necessary. See, e.g., Interrogatory 35 (seeking

information about the "damages attributable to each contract found to have been breached").[2] However, Precision Pine has not yet supplement its interrogatory answers to reflect its changed claim. The requested extension of time should provide sufficient additional time for Precision Pine to provide supplemental interrogatory answers, which, if timely received, could then be incorporated into the United States' expert reports.

**3. The United States Also Seeks An Enlargement To Complete Discovery In This Action**

The enlargement sought by the United States with respect to the service of expert reports provides for the completion of such reports during the holidays. Given that no deposition discovery is scheduled during the weeks of Christmas and New Years,[3] and given that the enlargement would afford Precision Pine three weeks to take expert depositions, the United States was of the opinion that the proposed enlargement would not interfere with the orderly completion of discovery in this action.[4] Counsel for Precision Pine disagrees, pointing out that other discovery also must take place during this three-week period. As a result, Precision Pine's counsel has agreed to consent to an enlargement to serve defendant's expert reports only if a similar enlargement to complete discovery is requested. Accordingly, the United States requests

[2] The Ness Report "recommends" changes to Precision Pine's February 26, 2003 damages claim. By accepting the recommended changes, Precision Pine has amended the February 26, 2003 claim. Accordingly, Precision Pine should amend its answers to those interrogatories asking about the February 26, 2003 claim.

[3] The United States and Precision Pine agree that attempting to take depositions during these weeks would be undesirable and likely unfeasible.

[4] The United States suggested to Precision Pine that, if the Court were to grant this motion, one or more fact witness depositions could be taken prior to the holidays. Citing scheduled briefing upon the United States motion for reconsideration, Precision Pine found this proposal as unfeasible.

that the Court also enlarge the period for discovery in this action by 20 days, to and including February 12, 2004.

**CONCLUSION**

For these reasons, the United States respectfully requests that the Court grant this motion for (1) an enlargement of 20 days, to and including January 5, 2004, within which to serve defendant's expert reports, and (2) an enlargement of 20 days, to and including February 12, 2004, within which to complete discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

December 3, 2003