**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 98-720C<br>(Chief Judge Damich) |

**DECLARATION OF LORIN D. PORTER**

I, Lorin D. Porter, declare under penalty of perjury that the following is true and correct to the best of my personal knowledge and belief:

* * *

14. It is my understanding that prior to offering a timber sale for competitive bidding the Forest Service conducts a number of analyses, including a thorough evaluation of the proposed sale to ensure, among other things, operations permitted under the contract that will not have any adverse effects on threatened, endangered or sensitive animal species or their habitat.

15. In my experience, whenever the Forest Service has information which indicates that a threatened, endangered, or sensitive animal and/or its habitat is present on a proposed sale area and that special measures are necessary for the protection of the species or its habitat, the Forest Service so indicates in the prospectus for the particular sale and notes the protective measures that are required on the sale area map and in standard contract clause C(T)6.25.

16. The requirement for special measures to protect threatened, endangered, or sensitive plants or animals or their habitat affects our analysis of the value of the sale and the amount that we are willing to bid for a particular timber sale contract. This is because such protective measures usually entail operating restrictions which often preclude operations at certain times of the year and/or make operating the sale more expensive than would be the case without such protective measures. Accordingly, it is Precision Pine's practice to review each prospectus, sale area map, and sample contract including clause C(T)6.25 carefully prior to calculating what we are willing to bid for Forest Service timber sale contracts.

17. In the contract documents for all of the sales that are the subject of this suit, the Forest Service represented what if any protective measures required for the protection of threatened, endangered, or sensitive species or their habitat. We considered this information in determining the value of each of the sales to Precision Pine.

18. In this regard, we relied on the Forest Service's representations with respect to the protection measures required when calculating our price for each of the sales. We believed that the Forest Service's personnel had considered all relevant information and performed all of the analyses required in stating in C(T)6.25 of each contract what special measures for the protection of threatened and endangered were needed or that no such special measures were needed.

* * *

Sept. 6, 2000

Lorin D. Porter