No. 98-720C
(Chief Judge Damich)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

PRECISION PINE & TIMBER, INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

---

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR PARTIAL RECONSIDERATION

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

OF COUNSEL:

Patricia L. Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture
1400 Independence Ave., SW
Washington, DC 20250

December 31, 2003

**TABLE OF CONTENTS**


INTRODUCTION . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 2

I. The Federal Circuit Decision In *Scott Timber* Is A Binding Precedent That Requires The Showing Of Justifiable Reliance To Prevail Upon A Breach Of Warranty Claim . . . . . . . . . . 2

A. The Holding In *Scott Timber* That Justifiable Reliance Must Be Shown To Prevail Upon A Breach Of Warranty Claim Does Not Conflict With Supreme Court Or Prior Federal Circuit Precedent . . . . . . . . . . 2

B. Precision Pine's Assertion That The *Scott Timber* Decision Did Not Hold That A Plaintiff Must Show Justifiable Reliance To Recover Upon A Breach Of Warranty Claim Is Belied By The Decision's Plain Language . . . . . . . . . . 5

C. The Ruling In *Scott Timber* That Justifiable Reliance Must Be Shown To Prevail Upon A Breach Of Warranty Claim Is Not Limited To "Section 318" Timber Sale Contracts . . . . . . . . . . 6

II. The Court Should Enter Summary Judgment In Favor Of The United States Upon Precision Pine's Breach Of Warranty Claims Because Precision Pine Cannot As A Matter Of Law Establish Justifiable Reliance Upon Clause CT 6.25 . . . . . . . . . . 7

III. Precision Pine Can Establish No Breach Of Warranty Because The Forest Service's Description Of Necessary Protective Measures In Clause CT 6.25 Of The Contracts Was "Absolutely True" . . . . . . . . . . 9

IV. The Porter Declaration Fails To Establish That Precision Pine Justifiably Relied Upon A Representation In Clause CT 6.25 And, Therefore, Does Not Entitle Precision Pine To Summary Judgment Upon Its Breach Of Warranty Claim . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . 13

## TABLE OF AUTHORITIES

### CASES

Adams v. United States,
42 Fed. Cl. 463 (1998) . . . . . . . . . . 2

Dale Constr. Co. v. United States,
168 Ct. Cl. 692 (1964) . . . . . . . . . . 3-4, 10

Doe v. United States,
100 F.3d 1576 (Fed. Cir. 1996) . . . . . . . . . . 6

Everett Plywood & Door Corp. v. United States,
190 Ct. Cl. 80, 419 F.2d 425 (1969) . . . . . . . . . . 5-7, 10-11

Fifth Third Bank of W. Ohio v. United States,
52 Fed. Cl. 637 (2002) . . . . . . . . . . 2

Hercules, Inc. v. United States,
516 U.S. 417 (1996) . . . . . . . . . . 3

J.F. Allen Co. v. United States,
25 Cl. Ct. 312 (1992) . . . . . . . . . . 12

Kolar, Inc. v. United States,
650 F.2d 256 (Ct. Cl. 1981) . . . . . . . . . . 10

Land v. Roper Corp.,
531 F.2d 445 (10th Cir. 1976) . . . . . . . . . . 5

Precision Pine & Timber, Inc. v. United States,
50 Fed. Cl. 35 (2001) . . . . . . . . . . passim

Robins Maintenance, Inc. v. United States,
265 F.3d 1254 (Fed. Cir. 2001) . . . . . . . . . . 4

Scott Timber, Inc. v. United States,
333 F.3d 1358 (Fed. Cir. 2003) . . . . . . . . . . passim

United States v. Spearin,
248 U.S. 132 (1918) . . . . . . . . . . 3-4

Walter Dawgie Ski Corp. v. United States,
30 Fed. Cl. 115 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**ITS MOTION FOR PARTIAL RECONSIDERATION**

Pursuant to Rules 7.1(b) and 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, submits this reply in support of its motion for partial reconsideration of the Court's July 30, 2001 ruling upon liability.[1]

**INTRODUCTION**

As set forth in our principal brief, the United States asks the Court to reconsider its ruling that the United States breached a warranty in clause CT 6.25 [2] of the Mud, Monument, Saginaw-Kennedy, Brann, Manaco, Brookbank and Kettle timber sale contracts. Mot. at 1. The United States' motion is based upon the Federal Circuit's recent decision in Scott Timber, Inc. v. United States, 333 F.3d 1358 (Fed. Cir. 2003), which held that (1) a party asserting a breach of warranty claim must establish justifiable reliance upon the warranted fact, (2) a party cannot as a matter of law justifiably rely upon clause CT 6.25 in the standard United States Forest Service timber sale

---

[1] In this reply, the United States' motion for partial reconsideration is cited as "Mot. at __", and Precision Pine's response in opposition to the motion for reconsideration is cited as "Opp. at __."

[2] In the Scott Timber decision, this clause is referred to as "clause C6.25." For the sake of clarity, given that the operative language is identical, this brief refers to both clauses as "CT 6.25."

contract, and (3) a breach of warranty claim cannot be maintained where the warranted fact is "absolutely true." See Scott Timber, 333 F.3d at 1370-71.[3] Accordingly, as explained below and in our principal brief, we respectfully request that the Court grant our motion for partial reconsideration of the July 30, 2001 liability decision in this action.

## ARGUMENT

### I. The Federal Circuit Decision In *Scott Timber* Is A Binding Precedent That Requires The Showing Of Justifiable Reliance To Prevail Upon A Breach Of Warranty Claim

#### A. The Holding In *Scott Timber* That Justifiable Reliance Must Be Shown To Prevail Upon A Breach Of Warranty Claim Does Not Conflict With Supreme Court Or Prior Federal Circuit Precedent

In Scott Timber, addressing the alleged breach of a warranty contained in clause CT 6.25, the Federal Circuit held that "liability stemming from a misrepresentation in contract documents will be found only where the misrepresentation is one on which the contractor justifiably relies." 333 F.3d at 1371. On the other hand, in this action, the Court ruled that Precision Pine is "not required to show that it relied on the warranty . . . [i]n order to recover on [its] breach of warranty claim." Precision Pine & Timber, Inc. v. United States, 50 Fed. Cl. 35, 66 (2001). Because the Court's July 30, 2001 liability decision is directly contrary to binding Federal Circuit precedent, see Adams v. United States, 42 Fed. Cl. 463, 472 (1998) (decisions of the Federal Circuit are

---

[3] At several points in its brief, Precision Pine suggests that the United States' motion for reconsideration is not properly before the Court because Scott Timber does not constitute a change in controlling law. E.g., Opp. at 1, 2, 10. But regardless of whether the Scott Timber decision is viewed as a change in controlling law, or merely as a clarification that demonstrates that the Court's liability decision is "manifestly unjust," the United States' motion is properly before the Court. See, e.g., Fifth Third Bank of W. Ohio v. United States, 52 Fed. Cl. 637, 638-39 (2002) (explaining that a motion for reconsideration can be based upon either a "change in the controlling law" or "manifest injustice").

binding upon judges of the Court of Federal Claims), the United States' motion for reconsideration should be granted.

In its response, Precision Pine urges the Court to disregard Scott Timber because, it contends, the Federal Circuit's holding is contrary to Supreme Court and prior Federal Circuit precedent. See, e.g., Opp. at 9 (objecting that the United States "fails even to discuss" United States v. Spearin, 248 U.S. 132 (1918) "or how the Federal Circuit's decision in Scott Timber could somehow relieve this Court of its obligation to follow . . . Supreme Court precedent"); Opp. at 7 (asserting that "Scott Timber does not discuss, and certainly does not overrule the long-standing statement of the law in this Circuit in Dale Construction"). Precision Pine is mistaken.

Precision Pine relies principally upon three cases addressing the effect of "defective specifications" in construction contracts: Hercules, Inc. v. United States, 516 U.S. 417 (1996); United States v. Spearin, 248 U.S. 132 (1918); and Dale Constr. Co. v. United States, 168 Ct. Cl. 692 (1964). See Opp. at 4-9. Hercules does not address whether reliance upon a defective specification is necessary. See 516 U.S. at 424-25. However, both Spearin and Dale Construction hold that the contractor must justifiably rely upon a defective specification in order to recover breach of warranty damages. See Spearin, 248 U.S. at 136; Dale Constr., 168 Ct. Cl. at 703-04.

In Spearin, the contractor had agreed to construct a dry dock in accordance with Government-prepared plans. The Supreme Court ruled that where "a contractor is bound to build according to plans and specifications prepared by [the Government], the contractor will not be responsible for the consequences of defects in the plans and specifications." 248 U.S. at 136. However, the Court explained, "[t]he contractor should be relieved, [only] if he was misled by

erroneous statements in the specifications." Id. (emphasis added, citations omitted); see also Robins Maintenance, Inc. v. United States, 265 F.3d 1254, 1257 (Fed. Cir. 2001) ("Beginning at least with the Supreme Court's decision in Spearin, the cases have made clear that there can be no recovery unless the contractor has been 'misled.'"). Given that a contractor cannot be misled by a specification upon which he does not rely, the Supreme Court in Spearin required a showing of reliance in order to maintain a defective specifications claim.

In Dale Construction, the Court of Claims likewise concluded that justifiable reliance upon contract specifications must be shown. 168 Ct. Cl. at 703-04. The plaintiff in Dale Construction sought, among other things, the recovery of damages resulting from incorrect contractual specifications regarding the size of certain underground valves and pipes. Id. at 703. Addressing this claim, the court explained:

> The record leaves no doubt that the plans with respect to [the valves and pipes] were in error. It establishes also that plaintiff was fully justified in relying on the representations contained therein. For not only would an investigation of the facts represented as to these underground items have been entirely impractical, the plans themselves failed to include any caveat that the representations might be incorrect. . . . In short, the contractor was misled since it neither knew nor had reason to know that the representations were not correct. The Government is, therefore, liable for damages cause by the incorrect representations.

Id. at 703-04 (emphasis added).

Consequently, like Scott Timber, the "defective specifications" cases relied upon by Precision Pine require a plaintiff to demonstrate justifiable reliance. See Robins Maintenance, 265 F.3d at 1257 ("The test for recovery based on inaccurate specifications is whether the

contractor was misled by . . . errors in the specifications."). The United States motion for reconsideration should therefore be granted.

### B. Precision Pine's Assertion That The *Scott Timber* Decision Did Not Hold That A Plaintiff Must Show Justifiable Reliance To Recover Upon A Breach Of Warranty Claim Is Belied By The Decision's Plain Language

In Scott Timber, the Federal Circuit explained:

> "[L]iability stemming from a misrepresentation in contract documents will be found only where the misrepresentation is one on which the contractor justifiably relies." See Everett Plywood, 190 Ct.Cl. at 92, 419 F.2d 425. Clause C6.25 states that
>
> > If protection measures prove inadequate, if other areas [needing special protective measures] are discovered, or if new species are listed as Federally threatened or endangered . . . , Forest Service may either cancel the contract under C8.2 or unilaterally modify this contract to provide additional protection regardless of when such facts become known.
>
> (Emphasis added.) In light of that clear language, Scott could not reasonably rely on the assumption that no further protective measures would ever be needed in the areas covered by the § 318 contracts.

333 F.3d at 1371 (emphasis and brackets in original). Precision Pine seizes upon the Federal Circuit's use of the word "misrepresentation" to assert that this discussion was not "in the context of" Scott Timber's breach of warranty claim.[4] Opp. at 9-11. Precision Pine's argument is meritless.

---

[4] Precision Pine asserts that "[t]he legal doctrines of warranty and misrepresentation are distinct." Opp. at 10 n.8. Where the doctrines of warranty and innocent misrepresentation are concerned, however, Precision Pine is mistaken. See, e.g., Land v. Roper Corp., 531 F.2d 445, 448-49 (10th Cir. 1976) ("The breach of express warranty is similar to the action for non-negligent or non-intentional misrepresentation since the warranty action emerged from the law of deceit.").

The Federal Circuit's discussion occurred in a section entitled "Warranty under Clause C6.25" in response to Scott's argument that "clause C6.25 warranted that there were no areas covered by the § 318 contracts needing special measures to protect sensitive species." 333 F.3d at 1370. Indeed, the breach of warranty argument that the Federal Circuit is addressing in Scott Timber is virtually indistinguishable from the argument raised by Precision Pine in this action.[5] Compare Scott Timber, 333 F.3d at 1370, with Precision Pine, 50 Fed. Cl. at 65. Moreover, Scott Timber asserted no claim of "misrepresentation," nor could it, as this Court is without jurisdiction to entertain claims sounding in tort. See Doe v. United States, 100 F.3d 1576, 1585 (Fed. Cir. 1996) (a negligent misrepresentation claim sounds in tort and is therefore outside of the Court of Federal Claims' jurisdiction). Precision Pine's assertion that the Federal Circuit decided to address a nonexistent "misrepresentation claim," one that this court lacked jurisdiction to entertain, in the midst of its discussion of Scott Timber's breach of warranty claim is baseless.

### C. The Ruling In *Scott Timber* That Justifiable Reliance Must Be Shown To Prevail Upon A Breach Of Warranty Claim Is Not Limited To "Section 318" Timber Sale Contracts

Precision Pine seeks to restrict the Federal Circuit's holding that justifiable reliance must be shown to prevail upon a breach of warranty claim to "section 318" contracts. See Opp. at 15 (contending that the court's ruling is "within the unique context" of section 318). However, nothing in the Federal Circuit's reasoning or discussion suggests that its legal ruling is limited to any particular kind of contract, much less section 318 timber sale contracts. Scott Timber, 333 F.3d at 1371 (quoting from the Court of Claims decision in Everett Plywood & Door Corp. v.

---

[5] Given that the plaintiff in both Scott Timber and this action is represented by the Saltman & Stevens firm, it is hardly surprising that the same breach of warranty argument is asserted in both suits.

United States, 190 Ct. Cl. 80, 92, 419 F.2d 425, 431 (1969), despite the fact that Everett did not involve a section 318 contract); see also supra § I.A. (explaining that Federal Circuit precedent requires justifiable reliance where a construction contract is at issue).

Accordingly, pursuant to Scott Timber, Precision Pine is required to establish that it justifiably relied upon specific factual representations in clause CT 6.25 in order to prevail upon its breach of express warranty claims. Because this Court's liability decision did not require Precision Pine to establish justifiable reliance, the United States' motion for partial reconsideration should be granted.

## II. The Court Should Enter Summary Judgment In Favor Of The United States Upon Precision Pine's Breach Of Warranty Claims Because Precision Pine Cannot As A Matter Of Law Establish Justifiable Reliance Upon Clause CT 6.25

In Scott Timber, the Federal Circuit held as a matter of law that Scott Timber could not establish justifiable reliance upon representations in clause CT 6.25. 333 F.3d at 1371. The court based its conclusion upon the "clear language" of clause CT 6.25, i.e., language that expressly authorized the prescribed protective measures to be changed "regardless of when [facts warranting such a change] become known." Id. at 1371. The "clear language" in clause CT 6.25 of Scott Timber's contracts is identical to the language in clause CT 6.25 of the Precision Pine contracts. As a result, like Scott Timber, Precision Pine cannot establish justifiable reliance upon representations in clause CT 6.25 and its breach of warranty claim should, therefore, be rejected.

Precision Pine disputes this conclusion. First, Precision Pine asserts, citing this Court's liability decision, that the "clear language" in clause CT 6.25 refers only to facts discovered after the award of a contract. Opp. at 17-18 (citing Precision Pine, 50 Fed. Cl. at 66-67). Essentially, Precision Pine argues that the phrase "regardless of when such facts become known" should be

read as "if such facts subsequently become known." The parties were fully capable of using such language had it been their intent. Moreover, the Federal Circuit did not give such a reading to the language in clause CT 6.25 in Scott Timber. See 333 F.3d at 1371 (finding that "[i]n light of that 'clear language,' [i.e., 'regardless of when such facts become known,'] Scott could not reasonably rely on the assumption that no further protective measures" would be required). This Court should not embrace a different construction of clause CT 6.25 in this action.

Second, Precision Pine maintains that Scott Timber is not inconsistent with its argument because, in Scott Timber, the Forest Service was relieved by section 318 of its obligation to comply with NFMA and NEPA and, therefore, the Federal Circuit did not have to consider whether the Forest Service's knowledge of facts at the time of contracting can support a breach of warranty claim. See Opp. at 12-13. Precision Pine ignores that, in rejecting Scott Timber's breach of warranty claim, the Federal Circuit also considered Scott Timber's argument that the Forest Service breached a warranty by "voluntarily assum[ing] the obligation to provide protective measures for sensitive species" even though it had no statutory obligation to do so under NFMA and NEPA. 333 F.3d at 1370 (noting that Scott Timber cited the Forest Service's voluntary protection of a sensitive species under one of the contracts, as well as statements by the Forest Service that it intended to comply with NFMA and NEPA notwithstanding section 318). As a result, the court did consider whether facts known at the time of contracting constitute a warranty notwithstanding the "clear" and contrary language of CT 6.25. The Federal Circuit concluded that they do not. Id. ("Even assuming the Forest Service possessed relevant information concerning the murrelet's protection that it could have included in clause C6.25, the

representations contained in clause C6.25 fail to create an implied warranty as to any measures actually taken.").

Third, Precision Pine seeks to limit this aspect of the Federal Circuit's ruling to section 318 contracts. See Opp. at 12-15. However, as explained above, nothing in the court's decision purports to limit the scope of its ruling to a particular kind of timber sale contract. Nor is there any basis for such a cramped reading given that the operative language in both Scott Timber's contracts and Precision Pine's contracts is identical. Indeed, this Court rejected a previous attempt by Precision Pine to distinguish an unfavorable decision in the Scott Timber litigation, because the "holding rests on an analysis of the language of clause CT 6.25 apart from any legislation." See Precision Pine, 50 Fed. Cl. at 67. The same logic applies here.

In sum, the Federal Circuit in Scott Timber ruled that the "clear language" of clause CT 6.25 precludes as a matter of law justifiable reliance upon representations in CT 6.25 as to the adequacy of measures employed to protect endangered and threatened species. 333 F.3d at 1370. The court's conclusion applies equally to facts learned before and after the issuance of a contract, i.e., "regardless of when such facts become known." Accordingly, this Court should grant the United States motion for reconsideration and enter summary judgment for the United States upon Precision Pine's breach of warranty claims.

## III. Precision Pine Can Establish No Breach Of Warranty Because The Forest Service's Description Of Necessary Protective Measures In Clause CT 6.25 Of The Contracts Was "Absolutely True"

In Scott Timber, the Federal Circuit confirmed that a breach of warranty claim fails where the warranted fact is "absolutely true." See 333 F.3d at 1370; see also Opp. at 5 n.4 ("a warranty amounts to a promise to indemnify the promisee for any loss if the fact warranted proves untrue")

(citing Dale Constr., 168 Ct. Cl. 692); Opp. at 11 n.10 (no recovery is available for breach of warranty unless "the Government's assured plaintiff of the existence of a fact" that "proved untrue") (citing Kolar, Inc. v. United States, 650 F.2d 256, 258 (Ct. Cl. 1981)). Consequently, Scott Timber's breach of warranty claim failed because that the fact allegedly warranted by the Forest Service – namely, the sufficiency of protective measures for sensitive species described in clause CT 6.25 of the contracts – was accurate. Likewise, Precision Pine's breach of warranty claim in this action should be rejected because the Forest Service's description of necessary protective measures in clause CT 6.25 of Precision Pine's contracts was accurate.

Precision Pine notes that, in the July 30, 2001 liability decision, the Court read into clause CT 6.25 a warranty that the Forest Service "had a reasonable basis for its disclosure." Opp. at 6 (citing Precision Pine, 50 Fed. Cl. at 65). Indeed, the Court appears to have concluded that – notwithstanding the fact that the Forest Service accurately stated the protective measures needed for the Mexican spotted owl – the Forest Service breached a warranty by failing to adequately confirm that its accurate statement was indeed correct.[6] Such a ruling cannot be reconciled with the Federal Circuit's decision in Scott Timber.

In Everett Plywood, the Court of Claims explained a "contractor is entitled to recover damages caused by the incorrectness of [warranted] representations, irrespective of the good faith

[6] Similarly, Precision Pine asserts that the Forest Service "had no idea whether or not it had included all protective measures necessary for the Mexican spotted owl in clause CT 6.25." Opp. at 13. However, nothing in the plain language of CT 6.25 warranted that the Forest Service took any particular steps to identify protective measures for the Mexican spotted owl. To the contrary, the clause merely states that needed protective measures are listed. Opp. at 3 (quoting clause CT 6.25); see also Walter Dawgie Ski Corp. v. United States, 30 Fed. Cl. 115, 126 (1993) (cited at page 21 of plaintiff's brief for the proposition that "an express warranty exists only by reference to sources within the terms of the contract").

with which they were made." 419 F.2d at 431 (emphasis added). In Scott Timber, the Federal Circuit indicated that the converse is equally true – namely, that the good faith or bad faith with which a warranty is made is irrelevant so long as the warranted fact is "absolutely true." This is a necessarily corollary to the court's holding regarding justifiable reliance, i.e., that a plaintiff must be misled by a warranted fact that proves untrue in order to recover damages. Put simply, because a plaintiff cannot be misled by an accurate representation, it makes no difference whether such a representation is (or is not) based upon a reasonable factual basis.

The decision in Scott Timber also calls into question the ruling in this action because, in concluding that the Forest Service could not breach a warranty where the warranted fact was absolutely true, the Federal Circuit saw no need to consider whether the Forest Service had a "reasonable basis" for the disclosures in clause CT 6.25. It was enough for the Federal Circuit that the disclosures proved to be accurate. If clause CT 6.25 also warranted the adequacy of the Forest Service's investigation of protective measures, as this Court concluded, the conclusion that the Forest Service's "statement [to Scott Timber] was absolutely true" would not have ended the Federal Circuit's analysis. See 333 F.3d at 1370.

Here, Precision Pine does not, and cannot in good faith, dispute that no additional protective measures were added to its contracts as a result of the Forest Service's consultation with the Fish and Wildlife Service regarding the Mexican spotted owl.[7] Thus, the Forest

---

[7] Precision Pine does contend in a footnote that the United States does not establish this fact as a matter of law in its motion for reconsideration. Opp. at 15 n.13. This problem arises from the necessary difficulty in "proving a negative." However, if the Court agrees with Precision Pine's contention that additional information is needed to confirm that no additional protective measures were imposed, the United States stands ready to present any further documentary or other information that the Court deems necessary.

Service's representation in clause CT 6.25 of the respective contracts was "absolutely true" and, in accordance with Scott Timber, the Court should grant summary judgment in favor of the United States. See Scott Timber, 333 F.3d at 1370-71.

## IV. The Porter Declaration Fails To Establish That Precision Pine Justifiably Relied Upon A Representation In Clause CT 6.25 And, Therefore, Does Not Entitle Precision Pine To Summary Judgment Upon Its Breach Of Warranty Claim

In its brief, Precision Pine argues that excerpts from a previously submitted declaration of its President, Lorin D. Porter, warrants the entry of summary judgment in its favor. See Opp. at 19-21. As explained above, the Federal Circuit decision in Scott Timber requires entry of judgment for the United States upon Precision Pine's breach of warranty claims. Moreover, the Porter declaration is couched in only the most general of terms. It relates no specific discussions with Forest Service personnel or specific contractual representations upon which Precision Pine relied. It fails to specifically discuss any of the contracts at issue in this action. And it contains no explanation of how Precision Pine was misled by any representation in clause CT 6.25 of any timber sale contracts. In sum, nothing in the Porter Declaration demonstrates that Precision Pine relied upon any specific representation by the Forest Service in connection with any of the contracts at issue, much less that any such reliance was justified. Furthermore, the excerpted portions of the Porter declaration do not indicate that Mr. Porter's assertions about Forest Service procedures are based upon personal knowledge. See J.F. Allen Co. v. United States, 25 Cl. Ct. 312, 325 (1992) ("[T]he party's affidavit must be made on "personal knowledge. Affidavits based on reports and the statements of others, without personal knowledge cannot be considered.").

As a result, even if the Court concludes that the United States is not entitled to summary judgment as a result of the Scott Timber decision, the Porter declaration is an insufficient basis to grant summary judgment in favor of Precision Pine upon its claim that the United States breached a warranty in clause CT 6.25 of the Mud, Monument, Saginaw-Kennedy, Brann, Manaco, Brookbank and Kettle timber sale contracts.

## CONCLUSION

For the foregoing reasons, and for the reasons in its principal brief, the United States respectfully requests that the Court grant its motion for partial reconsideration of the July 30, 2001 liability decision, rule that as a matter of law Precision Pine could not reasonably rely upon any warranty contained in clause CT 6.25 of respective contracts, and grant the United States summary judgment with respect to Precision Pine's breach of warranty claim with respect to the Mud, Monument, Saginaw-Kennedy, Brann, Manaco, Brookbank and Kettle contracts.

In the alternative, we request that the Court grant this motion for reconsideration of the July 30, 2001 liability decision upon the ground that a genuine issue of material fact as to whether Precision Pine reasonably relied upon clause CT 6.25 of the respective contracts precludes summary judgment for Precision Pine.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972

Attorneys for Defendant

December 31, 2003