**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's December 16, 2003 order, the parties submit the following joint status report informing the Court as to ways in which they propose to narrow the issue of damages.

Precision Pine's Proposal

Precision Pine believes that one of the biggest, if not the biggest, issue that presently separates the parties in this case is the method by which lost profits should be calculated. That is, unlike the situation that existed in April when the parties last reported to the court on issues of law that they felt could be resolved prior to trial, it now appears the government believes that lost profits must be calculated by deducting from any profits that could have been made by harvesting the timber during the suspension those profits that either were made or could have been made from harvesting the timber after the suspension was lifted. Conversely, Precision Pine continues to believe that the case law does not require that post-suspension profits, either actual or potential, should be deducted.

Clearly, both sides cannot be right. Such being the case, and since this issue of law will have to be decided by the court at some point, Precision Pine proposes that the parties take a brief hiatus in the discovery process and have the court rule on this issue of law. Indeed, doing

so is entirely consistent with the court's order of August 2, 2002, in which it asked the parties to list outstanding issues of fact or law relating to the damages phase of this case. It is also fully in keeping with Paragraph 5 (1) of the court's Standard Special Procedures (revised April 15, 2003) which provides for the court's continuous exploration of the strengths and weaknesses of each party's arguments and related means for reducing the cost and delay of discovery and trial.

With this issue resolved, at a minimum, Precision believes that discovery and trial preparation can proceed on a much more focused basis and that the possibility of productive settlement discussions would also be increased. More specifically, plaintiff's proposal is that the court set a date giving each party 30 days to simultaneously submit a memorandum outlining the legal basis for its position on the proper manner of computation and also set a date, perhaps 20-30 days thereafter, on which each party would simultaneously submit a memorandum of law opposing the other's method of computation. Once the court rules on the issue, discovery can be resumed.

Precision Pine also proposes that in the time while the parties are awaiting the court's decision they can be working on dispositive motions in Precision Pine v. United States, No. 02-131C, (Precision Pine's appeal of the Forest Service's default termination and resulting damage determination) which are currently scheduled to be submitted on March 11, 2004. Specifically, plaintiff would suggest at that court require the parties to file a notice of intent to file a dispositive motion in 02-131C on the same day that its memorandum of law opposing the other's method of computation discussed above is filed and that such motions be filed on a date certain two or three weeks thereafter.

The United States' Proposal

The United States respectfully disagrees with Precision Pine's proposal to stay this action to allow briefing on the issue of how lost profits should be calculated. As an initial matter, staying this action would needlessly disrupt discovery, which currently is scheduled to close on February 12, 2004. At this time, only deposition discovery of Precision Pine's fact witnesses and both parties' experts remains to be completed. The United States has informed Precision Pine of the depositions it intends to take and undersigned counsel has set aside the last week of January and first two weeks of February to complete outstanding depositions. There is no efficiency to be gained by deferring deposition discovery until after a ruling by the Court upon how lost profits are to be calculated.

Moreover, the United States believes that it is premature for the Court to address how lost profits should be calculated. While Precision Pine seems to take for granted that it is entitled to recover damages for lost profits, the United States has concluded that Precision Pine is not entitled to recover lost profits as a matter of law. As a result, the United States anticipates seeking summary judgment upon this issue. In any event, until the Court has determined that Precision Pine can properly recover lost profits against the Government in this action, addressing how lost profits are to be calculated is premature, and potentially wastes the resources of the Court and the parties.

In additional to being premature, the United States believes that the briefing schedule upon the calculation of lost profits proposed by Precision Pine – the submission of simultaneous briefs – would be cumbersome and would not be the most effective way to address the manner in which lost profits should be calculated. Therefore, if the Court concludes that this issue should be presented by motion prior to the completion of discovery, the United States respectfully

suggests that Precision Pine submit a motion addressing this issue to which the United States can submit a response and, if appropriate, a cross-motion.

Accordingly, the United States proposes that the parties complete fact and expert witness deposition discovery pursuant to the current schedule in place in this action and, following the completion of discovery, submit motions for summary judgment addressing, among other things, the manner of calculating Precision Pine's claim for lost profits.

Respectfully submitted,

s/ Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 755-8217 (fax)

OF COUNSEL:

Richard W. Goeken
David J. Craig
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 755-8217 (fax)

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0277
(202) 307-0972 (fax)

Attorneys for Defendant