**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S SUPPLEMENT TO JOINT STATUS REPORT OF JANUARY 4, 2004 IN LIGHT OF THE DEFENDANT'S EXPERT REPORTS**

As the Court is aware, it is the plaintiff's position that one of the biggest, if not the biggest, issue that presently separates the parties in this case is the method by which lost market opportunity, i.e., lost profits, should be calculated. That is – whether the law requires that post-suspension profits, either actual or potential, should be deducted. (The lost market opportunity profits which plaintiff seeks are $6.8 million out of a total claim of $9.3 million.) As stated in the Joint Status Report of January 4, 2004, plaintiff thus believes that a decision by the Court on this critical issue relating to by far the largest element of damages in this case would allow discovery and trial preparation to proceed on a much narrower basis, would significantly reduce the time for both and would substantially increase the possibility of productive settlement discussions.

After the filing of the Joint Status Report on Monday, January 4, 2004, defendant provided plaintiff with four expert reports. While plaintiff is still in the initial stage of digesting these extensive reports, one thing is quite clear, at least three of the four reports severely criticize

plaintiff's lost market opportunity damage calculation for failing to deduct post-suspension profits. Indeed, one expert describes this as "the most significant . . . fallacy in PP&T's damage claim" and "**a fatal flaw** to all of its lost market opportunity claims (lumber roundwood, and by-products [i.e., the claims which as noted total $6.8 million]) giving cause for these damages to be rejected in their entirety." (Emphasis added).

The importance which the defendant's own experts place on the issue brings into even sharper focus the need, at this stage of the proceeding, for a decision by the Court on this issue of law. Further proceedings, without the guidance that such a ruling would provide, will needlessly waste the resources of the plaintiff, the government and the Court.

For the reasons noted herein, plaintiff respectfully reiterates the position it took in the Joint Status Report of January 4, 2004 that, before additional discovery proceeds, a short round of briefing should be had on this very important issue followed by a decision from the Court.[1]

Respectfully submitted,

s/ Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 - facsimile

Counsel for Plaintiff

[1]Plaintiff also remains of the view that, while the parties await the Court's ruling, they can be proceeding productively through dispositive motions and related briefing in Precision Pine v. United States, No. 02-131C (Precision Pine's appeal of the Forest Service's default termination and resulting damage determination).

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 - facsimile

Dated: January 8, 2004