# In the United States Court of Federal Claims

No. 98-720 C
(Filed January 27, 2004)

**********************************

| | |
|---|---|
| | * |
| **PRECISION PINE & TIMBER, INC.**, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES**, | * |
| | * |
| Defendant. | * |
| | * |

**********************************

**OPINION AND ORDER**

Under consideration by the Court is Defendant's Motion for Partial Reconsideration of the Court's July 30, 2001 Ruling Upon Liability (hereinafter "Def.'s Mot."), filed November 14, 2003. For the reasons stated below, Defendant's motion is DENIED. As a result, the liability opinion dated July 30, 2001 will remain in effect.

## I. Background

This case, filed September 11, 1998, deals with a contract for timber cutting between Precision Pine (hereinafter "Plaintiff") and the United States (hereinafter "Defendant"), through its agent the Forest Service. Plaintiff complained that Defendant had breached 14 timber contracts by suspending them for the protection of a wildlife species. After a period of 2 years, on July 12, 2000, Defendant made a motion to dismiss, or in the alternative, for summary judgment, to which Plaintiff filed a response and cross-motion on September 11, 2000. Defendant responded to Plaintiff's cross-motion on November 20, 2000, and Plaintiff replied on December 4, 2000. On July 30, 2001, after supplemental briefing occurred, the Court issued an opinion granting in part and denying in part Plaintiff's cross-motion for summary judgment on the issue of liability and denying Defendant's motion in its entirety. *See Precision Pine & Timber, Inc. v. United States*, 50 Fed. Cl. 35 (2001) ("2001 liability decision"). In this decision, the Court found that Defendant had breached its implied duty not to hinder performance of 11 of the 14 timber

sale contracts at issue[1] and that Defendant had also breached its implied duty to cooperate by breaching an express warranty in 7 of the contracts.[2] *Id*. at 73-74. That express warranty comes from a contract clause known at CT 6.25, which provides, in relevant part:

> Location of areas needing special measures for protection of plants or animals listed as threatened or endangered under the Endangered Species Act of 1973 and R-3 Sensitive Plant and Animal Species List are shown on Sale Area Map and identified on the ground. *Measures needed to protect such areas have been included elsewhere in this contract or are as follows*:
>
> ***
>
> If protection measures prove inadequate, if other such areas are discovered, or if new species are listed on the Endangered Species List, Forest Service may either cancel under CT 8.2 or unilaterally modify this contract or provide additional protection regardless of when such facts become known.

Mud Multi-Product Sale Contract ¶ CT 6.25#, *Protection of Habitat of Endangered Species* (July 1986 ed.) (emphasis added).[3] Since Defendant did not do the necessary work to see what measures were required, the Court found that Defendant breached this warranty. 50 Fed. Cl. at 65.

After the Court issued its liability decision, on August 13, 2001, Defendant made a motion for reconsideration, which was denied on September 25, 2001. Now, over 2 years later, Defendant has made another motion for reconsideration of the Court's opinion, based on its assertion that, before the government can be held liable based on a breach of warranty, Plaintiff should have been required to prove that it relied on that warranty. Def.'s Mot. at 4. Defendant therefore asks the Court to enter summary judgment against Plaintiff on the breach of warranty issue that affects the finding of liability on the Mud, Monument, Saginaw-Kennedy, Brann, Manaco, Brookbank, and Kettle contracts. Def.'s Mot. at 6. Alternatively, Defendant requests that the Court find that a genuine issue of material fact exists as to whether Plaintiff reasonably relied on Defendant's warranty. *Id*. at 6-7. Not surprisingly, Plaintiff has opposed Defendant's motion, for a number of reasons that will be discussed later in this opinion.

---

[1] These contracts are known as Hay, O.D. Ridge, U-Bar, Jersey Horse, Salt, Mud, Monument, Saginaw-Kennedy, Manaco, Brookbank, and Kettle. 50 Fed. Cl. at 74.

[2] The names of these 7 contracts are Mud, Monument, Saginaw-Kennedy, Brann, Manaco, Brookbank, and Kettle. 50 Fed. Cl. at 73.

[3] The same version of CT 6.25 is present in the other 6 contracts for which Defendant was held liable for breaching its implied duty to cooperate. *See* Pl.'s Proposed Findings of Uncontroverted Fact 105-111 at 49-55 (filed Sept. 11, 2000).

## II. Analysis

Defendant argues that reconsideration is appropriate because there has been a "manifest error of law" and because the warranty was true when the government made it. Def.'s Mot. at 3, 6.

### A. *Standard*

A party may file a motion for reconsideration as long as it meets the time limitations set forth in the Rules of the United States Court of Federal Claims (RCFC).[4] RCFC 59(a)(1) provides:

> A new trial or rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States.

The decision to grant a motion for reconsideration is within the scope of the Court's sound discretion. *Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). A motion for reconsideration will only be granted upon demonstration of a "manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992) (*quoting Circle K Corp. v. United States*, 23 Cl. Ct. 659, 664-665 (1991)); *see also Franconia Assocs. v. United States*, 44 Fed. Cl. 315, 316 (1999). As a result, Defendant must demonstrate one of the following: (1) that "an intervening change in the controlling law has occurred," (2) that "evidence not previously available has become available," or (3) "that the motion is necessary to prevent manifest injustice." *Bishop*, 26 Cl. Ct. at 286.

### B. *Manifest Error of Law*

In support of its assertion that a manifest error of law has occurred, Defendant states that the liability decision in the present case is contrary to the recent Federal Circuit decision in *Scott Timber Co. v. United States*, 333 F.3d 1358 (Fed. Cir. 2003). *Id.*

---

[4] Defendant's motion meets the time requirements of RCFC 59(a), as it was filed "at [a] time while a suit is pending before [the Court]." Although Plaintiff claims that Defendant failed to move for reconsideration "in a timely fashion" after *Scott Timber*, Plaintiff has not pointed to any case law requiring Defendant to act within a certain period of time after an alleged manifest error of law is discovered. Pl.'s Resp. at 1 n.1.

Plaintiff disagrees. *See* Pl.'s Resp. to Def.'s Mot. for Partial Reconsideration of the Court's July 30, 2001 Ruling upon Liability (hereinafter "Pl.'s Resp.") at 9-11.

Defendant relies on the following language of *Scott Timber* for its claims that there has been a manifest error of law: "liability stemming from a misrepresentation in contract documents will be found only where the misrepresentation is one on which the contractor justifiably relies." 333 F.3d at 1371 (internal quotation marks omitted); Def.'s Mot. at 4. Since (1) *Scott Timber* involved essentially the same warranty clause as the present case, *see* 333 F.3d at 1363; and (2) the 2001 liability decision states that Plaintiff was "not required to show that it relied on the warranty" in order "to recover on [its] breach of warranty claim," 50 Fed. Cl. at 66, Defendant asserts that the 2001 liability decision is contrary to *Scott Timber*. Def.'s Mot. at 4. Therefore, Defendant claims that this discrepancy necessitates the reconsideration of the Court's *Precision Pine* ruling. *Id*.

However, simply showing that there is a discrepancy between the 2001 liability decision and *Scott Timber* is not sufficient; even Defendant concedes that it must prove either a change in controlling law or manifest injustice to show that a manifest error of law was made. Def.'s Mot. at 3. Therefore, those two scenarios will be addressed below.

1. *Scott Timber* does not represent a change in the law

Defendant has not shown that the *Scott Timber* decision effectuated a change in controlling law. In fact, Defendant's only comment attempting to show this is to say that *Scott Timber* "was decided after the Court's ruling upon liability." Def.'s Mot. at 3. In contrast, Plaintiff has adequately supported its position that *Scott Timber* did not change the law. *See* Pl.'s Resp. at 10.

The relevant language in *Scott Timber* states, "liability stemming from a misrepresentation in contract documents will be found only where the misrepresentation is one *on which the contractor justifiably relies*." 333 F.3d at 1371 (internal quotation marks omitted) (emphasis added). Although it is not made clear in any of the briefing on Defendant's motion, the above language actually originates from the Court of Federal Claims' opinion in *Scott Timber Co. v. United States*, which was reversed in part and affirmed in part by the Federal Circuit in the 2003 *Scott Timber* decision. *See* 44 Fed. Cl. 170, 180 (1999). Even though that decision, also made by the Court of Federal Claims, did not constitute precedent for the 2001 liability decision, similar language was used in *Everett Plywood & Door Corp. v. United States*, binding precedent that is cited in support of the above language in both of the *Scott Timber* decisions mentioned.[5] 419 F.2d 425, 431 (Ct. Cl. 1969); *see Scott Timber*, 333 F.3d at 1371; *Scott Timber*, 44 Fed. Cl. at 180. *Everett Plywood* interprets earlier case law, saying, "[M]aterial representations in the

---

[5] Other pre-2001 decisions also suggest that *Scott Timber* was not a change in the law. *See* Part II.B.2., *infra*.

government's plans and specifications, *upon which the contractor justifiably relies* . . . amount to a warranty, and the contractor is entitled to recover damages . . . ." *Id* (emphasis added). As a result of this earlier language, Plaintiff argues that there has been no "intervening change in the controlling law." *Bishop*, 26 Cl. Ct. at 286; *see* Pl.'s Resp. at 10.

The Court agrees that *Scott Timber* does not represent an *intervening* change in *controlling* law, because the same legal principle that Defendant is now arguing has been available as precedent since *Everett Plywood*, a case decided by a predecessor to the Federal Circuit in 1969, over 30 years before the July 2001 decision in the present case. Therefore, an allegation of manifest error of law cannot be based on this alleged change in the law.

2. There was no manifest injustice in the liability decision in *Precision Pine*

Defendant could still assert its argument that reliance is required for a finding of breach of warranty if it can show that manifest injustice has been done.[6] However, a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court." *Bishop*, 26 Cl. Ct. at 286 (*quoting Circle K*, 23 Cl. Ct. at 664-665). Therefore Defendant cannot be permitted to present new legal theories or facts that could have been raised earlier. *See Gelco Builders and Burjay Constr. Corp. v. United States*, 369 F.2d 992, 1000 n.7 (Ct. Cl. 1966) ("Litigants should not, on a motion for reconsideration, be permitted to attempt an extensive re-trial based on evidence which was manifestly available at time of the hearing.").

However, presenting new legal theories seems to be exactly what Defendant is attempting to do here. As discussed above, Defendant's main argument is that Plaintiff should have been required to show reliance on the CT 6.25 warranty before it was entitled to judgment against the government. Def.'s Mot. at 4. Further, in response to one of Plaintiff's arguments,[7] Defendant states that the decisions in *Hercules, Inc. v. United States*, 516 U.S. 417 (1996); *United States v. Spearin*, 248 U.S. 132 (1918); and *Dale Constr. Co. v. United States*, 168 Ct. Cl. 692 (1964), support its position that Plaintiff's reliance on the warranty is required. Def.'s Reply at 3-5.

Unfortunately for Defendant, however, its argument proves a different point. These

---

[6] Defendant states that *Scott Timber* could be seen "as a clarification that demonstrates that the Court's liability decision is 'manifestly unjust'." Def.'s Reply in Support of its Mot. for Partial Reconsideration (hereinafter "Def.'s Reply") at 2 n.3.

[7] Plaintiff argues that Supreme Court and Federal Circuit precedent prevent the Court from mandating that reliance on a warranty be shown before judgment can be awarded. Pl.'s Resp. at 4-7.

three cases and *Everett Plywood*,[8] which were all decided *before 2001*, could have formed the basis for an argument that Plaintiff was required to demonstrate reliance before recovering on a breach of warranty claim. As a result, Defendant could have made its current argument based on precedent existing at the time of the 2000-2001 summary judgment briefing, but failed to do so.[9] Further, Defendant had another chance to make its current argument when it filed its original motion for reconsideration in 2001, but it also did not bring this issue to the Court's attention at that time.[10]

Defendant did not make this argument before the Court's July 2001 ruling, when it could have done so.[11] Therefore, Defendant has clearly waived its right to raise this issue and is not entitled to reconsideration based on the manifest injustice standard.

Furthermore, the Court notes a section of Plaintiff's response, which states that, even if the Court decided to grant Defendant's motion, Defendant would still be liable on all 7 of the contracts that are the subject of its motion for reconsideration, since the Court's 2001 liability decision held that Defendant breached *both* its implied duty not to hinder *and* its implied duty to cooperate by breaching an express warranty. Pl.'s Resp. at 1 n.1. Although Plaintiff makes the potentially damaging allegation that Defendant's purpose is "merely to delay and further drive-up the cost of the instant proceedings," Defendant does not respond to this allegation in its reply. *Id.*

C. *Truth of the Warranty*

Defendant also argues that its motion for reconsideration should be granted because the warranty made by the Forest Service was true when it was made. Def.'s Mot. at 6. However, the Court cannot grant Defendant's motion on this basis because the Court has already rejected this argument. *See* 50 Fed. Cl. at 65. In its 2001 ruling on liability, the

---

[8] *See* Part II.B.1., *supra*.

[9] In Defendant's briefing of its original motion to dismiss or for summary judgment, Defendant failed to mention any of these 3 cases or *Everett Plywood*, even though all were controlling law at the time. Def.'s Mot. to Dismiss or in the Alternative for Summ. J. at ii-viii (filed July 12, 2000); Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J. and Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss or in the Alternative for Summ. J. at ii-v (filed Nov. 20, 2000).

[10] Defendant did not mention *Hercules*, *Spearin*, or *Everett Plywood* in the briefing on its first motion for reconsideration, and only mentioned *Dale Construction* in the context of providing a definition for the term "warranty." *See* Def.'s Mot. for Reconsideration and Clarification at ii, 3 (filed Aug. 13, 2001).

[11] The Court notes that current defense counsel was not acting on behalf of the government at the time of the 2001 liability decision; however, he must be bound be the actions of his predecessor.

Court found that the government had warrantied that it "had a reasonable basis" for its disclosure of measures needed to protect the habitats of endangered species, even though it did not have such a basis. *Id*. Since the Court will not grant a motion for reconsideration based on an argument that it has already rejected, this argument is an improper basis for reconsideration of the Court's 2001 liability decision. *See Bishop*, 26 Cl. Ct. at 286 (stating that a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court.") (*quoting Circle K*, 23 Cl. Ct. at 664-665); *Stelco Holding Co. v. United States*, 45 Fed. Cl. 541, 542 (2000) (stating that a court will not permit a party to use a motion for reconsideration for the purposes of rearguing positions that have already been rejected).

## III. Conclusion

Since the Court has found that no manifest error of law has occurred and that Defendant cannot succeed on an argument that has previously been rejected by the Court, the Court ORDERS that Defendant's motion be DENIED.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge