# In the United States Court of Federal Claims

No. 98-720 C
(Filed January 30, 2004)

*********************************
**PRECISION PINE & TIMBER, INC.**, *
Plaintiff, *
v. *
**THE UNITED STATES**, *
Defendant. *
*********************************

## OPINION AND ORDER

For the reasons given below, Defendant's Motion for Discovery Sanctions (hereinafter "Def.'s Mot."), filed September 11, 2003, is hereby GRANTED in part and DENIED in part, and Plaintiff's Cross-motion for Fees and Expenses (hereinafter "Pl.'s Resp."), filed September 16, 2003, is DENIED.

### I. Background

Defendant served a set of interrogatories on Plaintiff on June 20, 2003. This set of interrogatories was then brought to the Court's attention on June 25, 2003, when Plaintiff filed a motion for a protective order. On July 9, 2003, Defendant filed a motion to compel. The Court held a hearing regarding these motions on July 15, and issued an Order granting Defendant's motion to compel and stating that "[t]he interrogatories served by Defendant were within the limit . . . and consequently are not unduly burdensome to Plaintiff." Plaintiff served its answers on Defendant on August 25, 2003, answering each interrogatory by producing documents under Rule 33(d) of the Rules of the United States Court of Federal Claims (RCFC)[1] and/or providing a narrative.

---

[1] RCFC 33(d) allows parties to produce documents in lieu of giving written answers to interrogatories in certain situations. It states:

After receiving Plaintiff's answers, Defendant sent a letter to Plaintiff on August 26, 2003, setting forth complaints about Plaintiff's answers and requesting that Plaintiff cure these deficiencies immediately. Plaintiff responded to the August 26 letter by a letter dated September 3, 2003, which denied Defendant's allegations. Then, Defendant filed a Motion for Discovery Sanctions on September 11, 2003, alleging the following violations of the Court's July 15, 2003 Order:

> (1) the answers contained objections that had been rejected or deemed waived by the Court;
> (2) Plaintiff abused the RCFC 33(d) option of producing records in lieu of a narrative response; and
> (3) some of Plaintiff's answers were non-responsive or incomplete.

Defendant asked for, and received, expedited consideration of this motion. Plaintiff denied Defendant's allegations and counter-moved for an award of reasonable expenses for defending this motion under RCFC 37(a)(4)(B). A hearing on these motions was held on October 1, 2003.

The Court issued an Order on October 2, requiring Plaintiff to supplement its answers to interrogatories 9-13, 18-22, 27-28, 34-37, and 41, with which Plaintiff complied. Defendant filed a status report on October 16, regarding Plaintiff's compliance with the October 2 Order, and a status conference was held on October 20. Pursuant to the arguments made by Defendant in its status report, on October 20, 2003, the Court ordered further supplementation of interrogatories 9, 27-28, and 41, and on October 23, the Court also ordered further supplementation of interrogatory 34. Plaintiff complied with these orders. In addition, pursuant to the Court's October 9 Order, Plaintiff provided supplemental answers to certain interrogatories in which it had invoked RCFC 33(d).[2]

---

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . ., and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

[2] Plaintiff was required to specify with greater precision the location of responsive documents available in Washington, D.C. for interrogatories 6-9, 14-21, 23-25, 29-30, and 32. Plaintiff was further ordered to obtain information from Precision Pine's executives for interrogatory 15, and to

Defendant filed a status report on October 30, detailing its view of Plaintiff's compliance with the October 9 and October 20 Orders of the Court and setting forth its expenses in bringing its motion for sanctions.

Although these supplemental answers were mostly responsive to Defendant's interrogatories, the Court decided, after hearing Defendant's arguments at another status conference on November 4, that Plaintiff should be permitted to further amend interrogatory 34 by November 7, which Plaintiff did. The Court also allowed Plaintiff to submit a status report detailing its costs in opposing Defendant's motion for sanctions, and allowed Defendant to respond.

## II. Analysis

The Court has the power to award reasonable fees and costs under RCFC 37(a), which deals with motions to compel, and under RCFC 37(b), which covers motions for sanctions. Although Defendant has designated its motion as a motion for sanctions, Plaintiff argues that sanctions cannot be imposed pursuant to RCFC 37(b) because it did not violate any court orders. Pl.'s Resp. at 4-7. Neither position is entirely accurate, however, as the Court has stated that the motion was really a hybrid motion, because some of the issues Defendant addressed were not previously decided by the Court.[3] Therefore, both RCFC 37(a) and RCFC 37(b) apply.

### A. *Which rule applies to which interrogatories?*

The Court has determined that Defendant's motion shall be treated as follows: (1) Defendant's allegations regarding Plaintiff's objections to interrogatories 9, 13-14, 35, 38, and 42; Plaintiff's use of RCFC 33(d) in answering interrogatories 6-9, 13-21, 23-27, 29-30, and 32; and Plaintiff's answers to interrogatories 9, 12, 22, 27, 34-37, and 41 shall be treated under the rule stated in RCFC 37(a); and (2) Defendant's allegations regarding Plaintiff's objections to interrogatories 6-8, 10-11, 15-17, 19, 23-24, 30, and 34 shall be treated under RCFC 37(b). The basis for the Court's determination is set forth below, arranged according to the 3 main issues that Defendant's motion raises: (1) impropriety of Plaintiff's objections; (2) improper use of RCFC 33(d); and (3) incomplete or non-responsive answers to interrogatories.

---

answer interrogatory 27 in narrative form, without resorting to the option provided by RCFC 33(d).

[3] In the initial hearing on Defendant's motion, the Judge said, "[I]t turns out to be kind of a mixed motion for sanctions and also a motion to compel . . . ." Oct. 1, 2003 Tr. at 7-8 (hereinafter "Oct. Tr.").

1. Impropriety of Plaintiff's Objections

Defendant asserts that it is entitled to discovery sanctions because Plaintiff objected to interrogatories that Defendant claims were either (1) previously decided by the Court, or (2) deemed waived by the Court. Def.'s Mot. at 4.

a) *"overly broad," "duplicative,"and "unduly burdensome" objections*

Defendant argues that Plaintiff violated the terms of the Court's July 15, 2003 Order by making objections to interrogatories 6-11, 13-17, 19, 23-24, 30, 35, 38, and 42 and stating that those interrogatories were overly broad or unduly burdensome. Def.'s Mot. at 5. The Court found that material involving objections for overly broad or unduly burdensome interrogatories had been compelled in July of 2003. Oct. Tr. at 9. As a result, the Court finds that RCFC 37(b) applies to Plaintiff's objections to interrogatories 6-8, 15-17, 19, 23-24, and 30, objections that use the phrase "overly broad" or "unduly burdensome."

Regarding the other objections in this category, the objections to interrogatories 9, 13-14, 35, 38, and 42,[4] the Court finds that RCFC 37(a) applies and that these particular objections should be treated under the rubric of a motion to compel, as they were objections on which the Court had not previously issued a specific ruling.[5] The Court's view is summarized by its statement at the October 1, 2003 hearing:

> [I]t seems to me that I have to take into consideration that it wasn't simply objection or the repetition of an objection that the Court has already dealt with and not found meritorious but that they have tried at least to answer. It may be incomplete and nonresponsive, but it's not as if it was simply an objection and nothing else was done.[6]

---

[4] The objections to interrogatories 10-11 are discussed at Part II.A.1.b., *infra*.

[5] Plaintiff used wording different from "overly broad and unduly burdensome" in these objections, making such statements as (1) the information is "already in the possession of defendant" (interrogatory 13), and (2) "Defendant can add these items of damage together as readily as can Precision Pine" (interrogatory 35). Def.'s Mot. Ex. B at 17, 36. Although the objections to interrogatories 38 and 42 state that the interrogatories are "unduly burdensome," Plaintiff's actual objection is that the answers had already been provided to Defendant. *See id.* at 46, 50.

[6] Although the Court made this statement with regard to Plaintiff's objections to interrogatories 13, 14, and 38, the same reasoning applies to Plaintiff's objections to interrogatories 9, 35, and 42.

Oct. Tr. at 15.

b) *waived objections*

Defendant has also asserted that Plaintiff's objections to interrogatories 10, 11, and 34 had been waived, citing the Court's statement to Plaintiff at the July 15, 2003 status conference, where the Court said that Plaintiff had waived any objections that would have been "apparent to a person who had looked at the interrogatories with care." July 15, 2003 Tr. at 15 (hereinafter "July Tr."); *see also* Def.'s Mot. at 6-7. When the Court reexamined this issue in October, the Court found that Plaintiff's objections to interrogatories 10 and 11, on the basis of the ambiguity of the term "differences," could have been raised previously, and thus had been waived. Oct. Tr. at 19. Therefore, this portion of the motion is most properly styled as a motion for sanctions, and RCFC 37(b) applies.

Regarding interrogatory 34, Plaintiff objected based on the "premise of the interrogatory" being incorrect. Def.'s Mot. App. B at 34. Since this objection would have been "apparent to a person who had looked at the interrogatories with care," the Court finds that Plaintiff waived this objection. Therefore, this portion of Defendant's motion must also be treated as a motion for sanctions, and RCFC 37(b) applies.

2. Improper Use of RCFC 33(d)

Defendant's motion also asserted that Plaintiff misused the RCFC 33(d) option of producing business records in lieu of giving a narrative answer to interrogatories 6-9, 13-21, 23-27, 29-30, and 32. Def.'s Mot. at 8-9. Since this issue had not previously been before the Court, all rulings on this portion of Defendant's motion will be made under the rule pertaining to motions to compel, RCFC 37(a).

3. Incomplete or Non-responsive Answers

Finally, Defendant complains about Plaintiff's answers to interrogatories 9, 12, 22, 27-28, 34-37, and 41, on various bases, none of which had been raised prior to the filing of Defendant's motion for sanctions.[7] Def.'s Mot. at 14-24. Since these issues had not previously been before the Court, rulings on the answers to these interrogatories will also be made under RCFC 37(a).

---

[7] The answers to interrogatories 9, 22, 28, 34-36, and 41 were alleged to be deficient because they were incomplete. *See* Def.'s Mot. at 17, 19, 17 n.9, 20-22, and 23. The answers to interrogatories 12, 27, and 37 were alleged to be non-responsive. *See id*. at 18, 14, and 22. The answers to interrogatories 9 and 27 were alleged to be evasive. *See id*. at 17 and 14. The answer to interrogatory 27 was alleged to be an improper way to answer a contention interrogatory. *See id*. at 14.

B. *Defendant will be awarded its reasonable expenses and costs under RCFC 37(a) because it largely prevailed on its motion to compel.*

Defendant has prevailed on 28 out of the 33 of the interrogatories about which it complained,[8] meaning that the Court has ordered some supplementation to the answers to those 28 interrogatories. Since the Court has found that Plaintiff inadequately answered 28 out of the 33 interrogatories about which Defendant complained, appropriate sanctions will issue according to the portion of RCFC 37(a) that applies when a motion to compel is granted in part and denied in part. That rule, RCFC 37(a)(4)(C), states that in that situation, "the court may . . . apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

The question then becomes what the "just manner" is for apportioning these expenses. Some guidance can be found in RCFC 37(a)(4)(A), which provides for reimbursement of reasonable expenses, including attorney's fees, when a court *grants* a motion to compel, unless the court finds that the opposition by Plaintiff was substantially justified.[9] Here, Defendant incurred substantial costs in getting Plaintiff to fully answer the interrogatories Defendant propounded. Further, as Defendant points out, Plaintiff has the burden of showing that its opposition was "substantially justified." Def.'s Resp. to Pl.'s Nov. 7, 2003 Status Rep. at 5. Although the standard of "substantial justification" is a difficult one to describe, the following has been said about it:

> [S]ome justification will not suffice, as competent counsel can always offer some justification. Rather, the Court's focus must be on the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery, then such a

---

[8] The Court ordered Plaintiff to supplement answers to interrogatories 9, 12-13, 18-22, 27-28, 34-37, and 41 on October 2, 2003; and interrogatories 6-9, 14-21, 23-25, 27, 29-30, and 32 on October 9, 2003. The supplementation of each of these 28 interrogatories was ordered based on the motion to compel portion of Defendant's motion; however, the total number of interrogatories, 33, is the number of interrogatories Defendant raised in its motion, including those interrogatories that were considered under RCFC 37(b). Further, although supplementation of the answers to interrogatories 10 and 11 was also ordered on October 2, Plaintiff will not be penalized. *See* Part II.C., *infra*.

[9] RCFC 37(a)(4)(A) states the following:

> If the motion is granted . . ., the court shall, . . . require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

justification is "substantial."

*Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D.Tex.1985). Although Plaintiff does not specifically mention the "substantial justification" standard, it does claim that fees and costs either should not be awarded to Defendant or should be reduced.

First, Plaintiff argues that it provided answers to all interrogatories, stating, "Although Precision Pine may not have originally provided the defendant with perfect answers written in the exact words that defendant would have liked, Precision Pine did provide answers to all of the defendant's interrogatories." Pl.'s Nov. 7 Status Rep. at 8 (hereinafter "Pl.'s Rep."). However, this reasoning is not persuasive, as RCFC 37(a)(3) provides that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

Second, Plaintiff claims that Defendant is not entitled to fees and expenses because it failed to submit a certification that it conferred in good faith with Plaintiff about the interrogatories before seeking counsel from the Court. Pl.'s Rep. at 8. Although Plaintiff is correct that RCFC 37(a)(2)(B) requires such a certification, the certification is only required when a party "move[s] for an order *compelling* an answer." RCFC 37(a)(2)(B) (emphasis added). Here, Defendant has made a motion for sanctions as the next logical step to obtain the discovery answers it seeks, since it filed a motion to compel regarding the same interrogatories in July of 2003. Further, Defendant made plausible arguments as to why a motion for sanctions was appropriate, at least for most of the interrogatories. Even though the Court does not find these arguments persuasive when applied to many of the interrogatories, Defendant was reasonable in believing that its motion should be designated a motion for sanctions because it had previously filed a motion to compel. Therefore, no certification was necessary.

Finally, Plaintiff argues that it acted in good faith. Pl.'s Resp. at 2. Plaintiff states that it "has made its best, good faith effort to provide the defendant the information it sought." *Id*. Plaintiff cites the language of the Court's October 9, 2003 Order: "The Court's determination of sanctions in this matter (if any) depends on the degree of good faith shown by Plaintiff in complying. . . ." *Id.*; *see also* Oct. 9 Ord. at 5-6. While it is true that Plaintiff eventually provided Defendant with the information it had requested, the process, which should have ended on August 28, 2003, continued until November 7, over 2 months later. Defendant was therefore subjected to a great amount of delay and extra work to obtain information it should have received much earlier. In addition, Plaintiff's lack of good faith was shown by the fact that the Court was forced to order Plaintiff to provide further supplementation for 5 interrogatory answers, and to allow even a third supplementation for one interrogatory.[10] Therefore, good faith has not been evidenced in

[10] The Court ordered Plaintiff to further supplement answers to interrogatories 9, 27, 28, and 41 on October 20, 2003; and Plaintiff twice supplemented portions of the answer to interrogatory 34 (which was required by an order dated October 23, 2003, and permitted by an order dated November

this process, and Plaintiff cannot escape reimbursing Defendant by claiming that it acted in good faith. As a result, Plaintiff has failed to meet its burden of proving that its behavior was "substantially justified," and Defendant is entitled to recover its reasonable fees and expenses.[11]

Because Defendant has largely prevailed on the motion to compel and because Plaintiff's opposition was not substantially justified, it is right and just for Plaintiff to pay the fees and expenses Defendant incurred in relation to its motion for sanctions, since these expenses would not have occurred if Plaintiff had participated in the discovery process in a responsible manner. However, since this is a motion that the Court grants in part and denies in part, the award of fees and expenses will only occur according to the percentage of interrogatories on which Defendant succeeded.

C. *Sanctions against Plaintiff are not appropriate because Defendant did not prevail on its motion for sanctions under RCFC 37(b).*

The Court has found that Defendant's motion for sanctions shall be treated as such with regard to Plaintiff's objections to interrogatories 6-8, 10-11, 15-17, 19, 23-24, 30, and 34.

First, in its answers to interrogatories 6-8, 15-17, 19, 23-24, and 30, Plaintiff violated the July 15, 2003 Order, which stated that Defendant's interrogatories "are not unduly burdensome to Plaintiff." However, in a letter to Defendant, dated prior to the filing of the motion for sanctions, Plaintiff agreed to withdraw "those objections (and only those objections) . . . which state that an interrogatory is 'overly broad and unduly' burdensome." Letter from Richard W. Goeken, Saltman & Stevens, to David A. Harrington, Dep't of Justice 1 (Sept. 3, 2003) (attached as Ex. 2 to Pl.'s Resp.).

The Court agreed with Plaintiff that objections using the phrase "overly broad and unduly" burdensome were withdrawn before Defendant had filed its motion for sanctions.[12] Oct. Tr. at 14; *see also* Def.'s Mot. at 6-7. Therefore, the Court finds that, with regard to these particular objections to interrogatories 6-8, 15-17, 19, 23-24, and 30, no sanctions shall issue.

Second, regarding interrogatories 10 and 11, the Court found that Plaintiff had waived its objections. Oct. Tr. at 19; Part II.A.1.b., *supra*. However, the Court also observed that Plaintiff was trying to cooperate by stating that it did not understand

---

4, 2003).

[11] *See Lee v. Walters*, 172 F.R.D. 421, 435 (D. Or. 1997); *Grant v. Sullivan*, 134 F.R.D. 107, 115 (M.D. Pa. 1990).

[12] The Court identified the withdrawn objections as ones made to interrogatories 6-8, 15-17, 19, 23-24, and 30. Oct. Tr. at 11.

Defendant's intended meaning of the term "differences." *Id*. Therefore, the burden was on Defendant to explain what it meant by the word "differences." *Id*. Once Defendant explained the term, Plaintiff was then required to supplement its answers to interrogatories 10 and 11. *See* Background, *supra*. However, since the Court instructed Defendant to act before Plaintiff was required to supplement its answers, and since Plaintiff had made an effort to cooperate, Plaintiff shall not be penalized for failing to completely answer these questions in its original answers to Defendant's interrogatories.

Finally, although the Court found that Plaintiff had waived its objection to interrogatory 34 because the objection would have been "apparent to a person who had looked at the interrogatories with care," Plaintiff did provide a narrative answer. *See* Part II.A.1.b., *supra*. Therefore, Plaintiff did not actually disobey an order of this Court, and Plaintiff is not required to pay sanctions in relation to this objection.[13]

Since the Court found that Plaintiff withdrew its objections to interrogatories 6-8, 15-17, 19, 23-24, and 30 and that sanctions are not appropriate for the objections to 10-11, and 34, no sanctions will be awarded to Defendant for this portion of its motion.

D. *Defendant's cross-motion for expenses is without merit.*

In the Declaration of Alan I. Saltman, filed November 7, 2003, Plaintiff asks to be reimbursed for a variety of expenses incurred in responding to Defendant's motion for sanctions and to subsequent court orders. RCFC 37(a)(4)(C) applies and states, "If the motion [to compel] is granted in part and denied in part, the court may . . . apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

Further, RCFC 37(a)(4)(B) gives guidance, in that it provides that if the motion is denied, the court must order Defendant to pay Plaintiff's expenses.[14] Therefore, on the portions of the motion that Defendant lost, it could be required to pay Plaintiff its expenses, but only if Defendant's motion was not substantially justified. *Id*; *see also SCM Societa Commerciale S.P.A. v. Indus. & Commercial Research Corp.*, 72 F.R.D. 110, 112 n.3 (N.D. Tex. 1976) ("[I]f the party seeking discovery has his motion denied he runs the

---

[13] The Court did, however, order Plaintiff to further supplement its answer to interrogatory 34 under RCFC 37(a) for providing an incomplete answer. *See* Oct. 2, 2003 Ord. at 3.

[14] RCFC 37(a)(4)(B) states the following:

> If the motion is denied, the court . . . shall . . . require the moving party . . . to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

risk of having costs imposed absent a showing of substantial justification.”). The Court finds that Defendant’s motion was substantially justified, based on the facts that the Court found in favor of Defendant with regard to 28 out of the 33 interrogatory answers and that all of Defendant’s interrogatories were appropriate to this case. *See id.* at 113 n.5. (discouraging the use of “canned” questions and stating: “If the [movant]'s lawyer is not willing to take the time to prepare questions to fit his case the [opposition] and his attorney should not be compelled to answer them.”) Therefore, Defendant will not be required to pay any of Plaintiff’s expenses.

E. *Defendant’s fees and expenses will be determined according to the standard of reasonableness.*

When sanctions are imposed under 37(a) and (b), the Court has two goals: (1) to deter the Plaintiff from engaging in dilatory conduct in responding to discovery requests in the future, and (2) to compensate Defendant for the additional expenses that it incurred in securing Plaintiff’s full response to its discovery requests.

The Court, in calculating the amount of sanctions to be awarded, must determine whether the attorneys’ fees requested are reasonable. To this end, the Court will be guided by the “lodestar” approach established by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983): the Court will take the number of hours reasonably expended as a result of the sanctioned conduct and multiply that number by a reasonable hourly rate. When this approach is used, the Government is entitled to be reimbursed in the amount of $14,455.19. *See* App. A-B.

1. Calculation of the Government’s Fees and Expenses

Defendant claims it is entitled to $17,418.46 in fees and expenses. For Defendant to be awarded costs, it must submit records that are sufficiently itemized and specific for the Court to make a determination of the reasonableness of the hours. *See Naporano Iron and Metal Co. v. United States*, 825 F.2d 403 (Fed. Cir. 1987) (requiring such specification in a case involving the Equal Access to Justice Act). Here, Defendant provided a declaration from its counsel of record, which itemized costs and hours expended, and further broke down the cost category according to person working and activity accomplished. Decl. of David A. Harrington, Oct. 30, 2003. The Court is satisfied that these records are sufficiently precise and itemized for sanctions to be awarded.

a) *whether Defendant’s claimed attorneys’ fees are reasonable*

Defendant claims $17,337.46 in attorneys’ fees for 145.25 hours spent by various Department of Justice personnel. The reasonableness inquiry for attorneys’ fees has two

components: whether the number of hours expended was reasonable and whether the hourly rates claimed are reasonable.

i. Hours

The Court finds that some of the hours expended by Defendant were spent on matters that are not the result of Plaintiff's conduct; therefore, the fees for those hours are not recoverable. The Court finds that fees for the 3.5 hours that Defendant spent drafting and filing a motion to expedite the briefing schedule on its motion for sanctions are unrecoverable. The motion to expedite was made for Defendant's convenience and has nothing to do with Plaintiff's failure to answer Defendant's interrogatories. However, the Court has determined that attorneys' fees for all other hours the Government spent trying to obtain complete interrogatory responses from Plaintiff are subject to reimbursement by Plaintiff, according to the ratio of the interrogatories on which Defendant prevailed to the total number of interrogatories Defendant mentioned in its motion, which is 28/33, or 85%. *See* App. A.

ii. Rates

The determination of a reasonable rate in calculating a reasonable fee is made by reference to the marketplace. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (interpreting the term "reasonable attorneys' fee" in the context of a civil rights case).

The Court finds that the rates for Defendant's counsel are reasonable. The attorney who predominately worked on this case was David A. Harrington, the attorney of record. The Department of Justice has calculated Mr. Harrington's rate at $117.91 per hour, which appears to the Court in its experience to be a very reasonable rate for a lead attorney in the Washington, D.C., market. Likewise, Ms. Bleecker, as assistant director to the Washington office of the Department of Justice, also has presented a reasonable rate of $132.68 per hour. In addition, Ms. Burke's rate of $106.20 per hour is reasonable for a trial lawyer in the area who has some experience. Further, Mr. Thomas' rate of $85.14 is a customary rate for paralegals in the area.[15] *See* App. B. Further, Plaintiff did not dispute the reasonableness of any of these rates, all of which were determined by the Office of Planning, Budget and Evaluation of the Justice Department's Civil Division. Pl.'s Rep. at 21.[16]

---

[15] The term "attorneys' fees" does not just cover work by members of the Bar, but instead covers work by all people contributing to the work product that the client receives, including work done by paralegals. *Missouri v. Jenkins*, 491 U.S. at 285.

[16] Although Plaintiff does not mention whether it believes Defendant's fees are reasonable, Precision Pine does state that "the defendant is entitled to no more than 49.11% of the amount

b) *whether Defendant's claimed costs and expenses are reasonable*

Defendant has requested $81.00 in expenses. These expenses are all for photocopying, covering 540 pages at 15 cents per page. Since Defendant has specified that all of the copying was associated with the motion for sanctions and related filings, these expenses will be reimbursed according to the percentage of the motion on which Defendant prevailed (85%).

2. Summary of Defendant's Reasonable Fees and Expenses

Defendant claims $17,418.46 in fees and expenses related to its motion for sanctions. Plaintiff, however, has employed a rather involved method to conclude that Defendant is entitled to only 49.11% of that amount, or $8,554.21. *See* Pl.'s Rep. at 21.[17]

The Court, however, agrees with neither Plaintiff's method nor its conclusion. The Court chooses to calculate the reasonable fees and expenses of Defendant on a simpler, less speculative basis: using the ratio of interrogatories that Plaintiff was required to supplement to interrogatories about which Defendant complained. Since that ratio is 28/33, Defendant is entitled to 85% of its reasonable costs and fees claimed. For the reasons stated above, the Court has determined that a just allocation mandates Defendant's entitlement to 85% recovery of the fees attributed to the 141.75 reasonable hours it spent on its motion and related events, and 85% of the $81.00 it incurred in expenses, for a total of $14,455.19.[18] *See* App. B. Therefore, Plaintiff must pay $14,455.19 to Defendant upon a final adjudication on the merits of this case.

## III. Conclusion

Defendant's Motion for Discovery Sanctions, filed September 11, 2003, is hereby

---

($17,418.46) which it seeks." Pl.'s Rep. at 21. This statement suggests that, while Plaintiff does not agree with Defendant on the percentage fault for this motion, it does agree with Defendant's calculation of hours spent and fees charged.

[17] Plaintiff arrives at this percentage by estimating the extent to which Precision Pine believes it prevailed on each interrogatory, and subtracting its total percentage of success (which it claims is 50.89%) from 100 to get Defendant's percentage of success. *See* Pl.'s Status Rep.

[18] A chart presenting the hours claimed and reasonable hours allowed by general category of expenses is found in Appendix A of this Opinion. A chart presenting the calculation of fees and expenses to be reimbursed is found in Appendix B.

GRANTED in part and DENIED in part, and Plaintiff's Cross-motion for Fees and Expenses, filed September 16, 2003, is DENIED. Plaintiff is ORDERED to pay Defendant's reasonable fees and expenses in the amount of $14,455.19 upon a final adjudication on the merits of this case.

**IT IS SO ORDERED.**

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

**Appendix A**

| | *Hours Requested* | *Reasonable Hours* | *Percentage of Hours Allowed* | *Total Hours Allowed* |
|---|---|---|---|---|
| Communicating with Plaintiff Regarding Deficiencies in Discovery Responses | 4.00 | 4.00 | 85% | 3.40 |
| Preparing and Prosecuting the Motion for Sanctions | 141.25 | 137.75 | 85% | 117.09 |
| Total | 145.25 | 141.75 | 85% | 120.49 |

**Appendix B**

| | *Hours or Expenses Claimed* | *Reasonable Number of Hours* | *Percentage of Hours or Expenses Allowed* | *Hours Allowed* | *Reasonable Rate* | *Total Fees and Expenses* |
|---|---|---|---|---|---|---|
| David A. Harrington | 124.25 | 120.75 | 85% | 102.64 | $117.91 | $12,102.28 |
| Claudia Burke | 1.50 | 1.50 | 85% | 1.28 | $106.20 | $135.94 |
| Kathryn Bleecker | 18.25 | 18.25 | 85% | 15.51 | $132.68 | $2057.87 |
| Expenses | $81.00 | N/A | 85% | N/A | N/A | $68.85 |
| Totals | 145.25 + $81.00 | 141.75 | 85% | 120.49 | N/A | $14,455.19 |