**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MOTION TO ENLARGE THE PERIOD**
**FOR DISCOVERY BY ELEVEN DAYS**

Plaintiff, Precision Pine & Timber, Inc., and defendant, the United States, jointly request that the Court enlarge by eleven days the period for discovery established in its December 5, 2003 order, in order to allow the parties sufficient time to prepare for and complete depositions of approximately 18 witnesses, including six experts. The parties' motion would extend the deadline for formal discovery from Thursday, February 12, 2004, to Monday, February 23, 2004.

Under the current discovery deadline, there are 13 days remaining to conduct the depositions of 18 witnesses. Both parties believe that it would be extraordinarily difficult to conduct these depositions by the current deadline. The parties have not yet proceeded with these depositions, in part, because it did not make sense to do so until after the Court's decision on whether or not to grant plaintiff's request to brief one of the damages issues, as was discussed during the January 5, 2004 telephonic status conference.[1] Had the Court decided to allow such a briefing, the Court's decision on that issue potentially would have affected the substance of the pending depositions. Moreover, counsel for the defendant has been, and currently is, engaged in

[1] Additionally, as the Court is aware, just prior to the holidays the parties were engaged in briefing defendant's motion for reconsideration.

a time consuming bid protest, Filtration Development Corp. v. United States, No. 03-2835C (Fed. Cl.), and has been unable to effectively turn his attention to these depositions, which will essentially be a full-time commitment for three weeks. As a result, Government counsel is unable to conduct depositions under the current discovery deadline. Additionally, four potential witnesses were disclosed by defendant on January 20, 2004.[2] Finally, it has taken time on the part of both parties to coordinate the availability and travel of witnesses and counsel.

Following the Court's January 5, 2004 order, the parties have been working together to develop a reasonable schedule that accommodates the needs of both parties. The parties have arrived at a schedule that will allow the completion of these depositions should this motion be granted. This schedule takes into account the fact that many of the witnesses have limited availability and are scattered across the country, requiring that certain witnesses travel to Washington, D.C., while counsel for both parties will also have to travel to Heber, Arizona and Northern Wisconsin to depose other witnesses. This schedule also takes into account the time required by counsel to prepare for depositions and the time that will be required to conduct the depositions. The granting of this motion allowing an additional eleven days within which to complete discovery would allow the parties sufficient time to prepare for depositions, provide for necessary travel time, minimize the hardship on the witnesses, and still allow enough time to complete the 18 depositions remaining to be taken in this action.

For these reasons, the parties respectfully request that their joint motion to enlarge the period for discovery by eleven days be granted.

---

[2] These witnesses, if called, will provide rebuttal testimony regarding Precision Pine's operation of the contracts at issue. On January 21, 2004, Precision Pine indicated that it wishes to take depositions of these individuals. One of these witnesses is only available for deposition in northern Wisconsin.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

S/ Alan I. Saltman

s/ David A. Harrington

ALAN I. SALTMAN
RICHARD W. GOEKEN
Saltman & Stevens, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Attorneys for Plaintiff

DAVID A. HARRINGTON
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

Dated: January 30, 2004