**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF INTENT TO FILE DISPOSITIVE MOTION**

Pursuant to the Court's December 5, 2003 order, defendant, the United States, provides notice of our intent to file a motion for summary judgment upon the issue of recoverable damages.

This action involves a claim for damages asserted by plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), as a result of the United States Forest Service's suspension of 14 timber sale contracts in 1995 and 1996. The United States anticipates filing a motion for summary judgment with respect to various categories of damages sought by Precision Pine in this action. Among other things, the United States anticipates that its motion will address: (i) whether Precision Pine can recover lost profits as a matter of law;[1] (ii) whether Precision Pine can establish the amount of its alleged lost profits with reasonable certainty; (iii) whether Precision Pine must deduct from its alleged lost profits the amount that Precision Pine earned by harvesting the timber after the suspension had ended; (iv) whether Precision Pine can seek to recover lost profits for independent corporations that may have anticipated purchasing timber from, or providing services to, Precision Pine during the suspension, but that are not plaintiffs in this action; (v) whether Precision Pine may simultaneously seek payment pursuant to a timber sale

[1] Precision Pine frequently uses the phrase "lost market opportunity" to refer to its lost profits claim.

contract and for breach of the contract; and (vi) whether consequential damages sought by Precision Pine are remote and therefore not recoverable as a matter of law.

The Court has not adopted a schedule for the submission of dispositive motions. Consequently, in conjunction with this notice, the United States respectfully proposes that dispositive motions be filed by April 15, 2004, that response briefs be filed by May 15, 2004, and that reply briefs by filed by June 15, 2004.[2]

Respectfully submitted,

PAUL D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathyrn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

Patricia Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

February 26, 2003

---

[2] In the alternative, the United States proposes that the Court schedule a status conference to establish a briefing schedule for dispositive motions in this action.