**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF PLAINTIFF'S PROPOSED SCHEDULE**
**FOR FURTHER PROCEEDINGS**

On March 11, 2004, plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), sent directly to chambers an e-mail containing a proposed schedule for further proceedings in this action. The proposed schedule was not filed with the Court.

The United States is filing this notice in order that Precision Pine's proposed schedule, as well as the United States comments upon that schedule,[1] are made part of the record in this action. Accordingly, Precision Pine's March 11, 2004 e-mail to chambers, and the March 10, 2004 letter attached to Precision Pine's e-mail, are attached to this notice as Exhibit A.

Precision Pine's Proposed Schedule

With respect to Precision Pine's proposed schedule, the United States reiterates its concern that the schedule is not feasible given: (i) the Court ordered briefing of summary judgment motions in Precision Pine & Timber, Inc. v. United States, Case No. 02-131C

[1] At approximately 3:30 p.m. on March 11, 2004, Precision Pine's counsel, Alan Saltman, left a voicemail message for undersigned counsel. Mr. Saltman stated that Precision Pine would be sending its proposed schedule to the Court at 5:00 p.m. Mr. Saltman further stated that any comments from the United States would have to be received before that time. Given the United States' request for additional time in Case No. 02-131C at the March 9, 2004 status conference, Mr. Saltman was well aware that undersigned counsel would be finalizing a bid protest reply brief that was due to the Court on March 11, 2004. Undersigned counsel was thus given no meaningful opportunity to review and comment upon Precision Pine's proposed schedule.

(Fed. Cl.); (ii) the United States' intention to file a motion for summary judgment in this action; and (iii) the extraordinary work that would be necessary to prepare for what Mr. Saltman has estimated as a four to five week trial in this action.[2] The United States believes that this action would be most effectively and efficiently advanced by prompt motions for summary judgment. Summary judgment will clarify the scope of trial, reduce trial preparation work (and therefore cost to the parties), and increase the likelihood of settlement.[3] As Precision Pine stated in a status report that was submitted to Judge Damich barely two months ago:

> Precision Pine believes that one of the biggest, if not the biggest, issue[s] that presently separates the parties is the method by which lost profits should be calculated. . . . [T]he government [apparently] believes that lost profits must be calculated by deducting from any profits that could have been made by harvesting timber during the suspension, those profits that either were made or could have been made from harvesting the timber after the suspension was lifted. Conversely, Precision Pine continues to believe that the case law does not require that post-suspensions profits, either actual or potential, should be deducted.[4]
>
> Clearly both sides cannot be right. Such being the case, and <u>since this issue of law will have to be decided by the court at some point</u>, Precision Pine proposes that the parties take a brief hiatus in the discovery process and have the court rule on this issue of law. . . .

---

[2] As Precision Pine correctly notes in its March 10, 2004 e-mail, the United States strongly disagrees with Precision Pine's proposal to use scripted witness testimony. <u>See</u> Ex. A.

[3] <u>See</u>, <u>e.g.</u>, <u>Sweats Fashions, Inc. v. Pannill Knitting, Inc.</u>, 833 F.2d 1560, 1562 (Fed. Cir. 1987) (summary judgment is properly regarded not as a disfavored shortcut, but rather as "a salutary method of disposition designed to secure the just, speedy and inexpensive determination of every action") (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986)).

[4] This is one of the issues that the United States anticipates raising in its motion for summary judgment. <u>See</u> Notice of Intent to File Dispositive Motion (filed Feb. 26, 2004) (docket no. 222).

> With this issue resolved, at a minimum, Precision [Pine] believes that . . . trial preparation can proceed on a much more focused basis and that the possibility of productive settlement discussions would also be increased.

See Joint Status Report (filed Jan. 5, 2004) (docket no. 211) (emphasis added). The United States agrees with this assessment.

The United States' Proposed Schedule

With respect to the schedule proposed by the United States, in light of the briefing schedule adopted by the Court in Case No. 02-131C, the United States respectfully proposes that summary judgment briefs be filed April 15, 2004, that responses be filed May 6, 2004, and that replies be filed May 27, 2004. The United States further recommends that the Court schedule a status conference to discuss further proceedings in this matter within 14 days of ruling on motions for summary judgment.

Respectfully submitted,

PAUL D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathyrn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

Patricia Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

March 15, 2004