Page 45

logs, that would have made it more profitable to mix in with the small, that that's why the small, which was only on the Mud contract, were not sent through the mill, is that correct?

MR. SALTMAN: Essentially that's correct. Your Honor, if I might just to clear that a little bit more. What happens is that there are basically two operating lines moving simultaneously, one for larger logs and one for smaller logs. When you do that simultaneously and have in effect two production lines, your per unit cost goes down. For example, you only need one man to review both lines. If one of the lines is shut down because there is no large log, your per unit costs for that supervisor, for example, goes way up for the small log and it makes them significantly less profitable, perhaps even unprofitable.

THE COURT: You may not agree with that, Mr. Harrington, but we're not here to discuss that at the moment. You can tell me that during the trial.

MR. HARRINGTON: That's fine, Your Honor. I would like to move on beyond that point, but they do say harvesting this timber at that time was not economical. That's a slightly different description than what we had discussed before. I think the thrust is the same. They could have harvested timber from this contract, but chose for business reasons not to.

Page 46

THE COURT: I think I agree with you, but I don't see the significance of it, because businesses are in business to make money and they don't act because it's not noneconomical.

MR. HARRINGTON: I just want to be clear that we're talking about the same things with respect to this answer that we've discussed before, just because what they're talking about is different and I just want to be clear that during this time period, the contract was available to be harvested and for their own business reasons they chose not to.

THE COURT: I think the business reason is set out though in this case. I agree with you and I think the Plaintiff would not object that when a Plaintiff uses the phrase, was not economical, again it means there was a business decision taken. The next question is or not a question, but the observation that I would make here is here you have a more precise explanation for it, because Precision Pine did not have a reliable source, et cetera, et cetera. I think this is correct, Mr. Goeken?

MR. SALTMAN: That's correct, Your Honor.

THE COURT: Mr. Saltman, thanks. Go ahead, Mr. Harrington.

MR. HARRINGTON: Your Honor, I think the issues that I have with the answers to the remaining contracts have

Page 47

already been discussed with respect to earlier contracts and there's no reason to discuss this again.

THE COURT: What sweet music to my ears. Great.

(Laughter.)

MR. SALTMAN: We have a couple of – I'm sorry, Your Honor.

THE COURT: Let's turn that heat up so we can drive everybody out. I don't think that there's anything else that we need to discuss with regard to the exact wording. Moving on though to other issues. We have the Defendant's costs for bringing its motion, which is a total of $17,418.46. That's correct, Mr. Harrington?

MR. HARRINGTON: That sounds correct, Your Honor.

THE COURT: There was a cross-motion, wasn't there, by the Plaintiff for its expenses?

MR. SALTMAN: That's correct. There was, Your Honor.

THE COURT: Do you have a figure on that?

MR. SALTMAN: We don't currently have a figure on that, Your Honor.

MR. GOEKEN: No, Your Honor.

THE COURT: Can I have that by Thursday, with your supplemental answers and of course a breakdown so that the Court can make a determination of reasonableness?

MR. GOEKEN: Yes, you can, Your Honor, with one

Page 48

caveat.

THE COURT: Yes?

MR. GOEKEN: I would ask that the Defendant be required to give us a breakdown of the $17,000 as well. All we have is X number of hours, but we don't know what the individuals in question were doing for those X number of hours.

THE COURT: It says here though, I believe, that there were itemized hours spent by an assisting attorney, a paralegal, supervisor, et cetera. This is not like attorneys' expenses where I think we –

MR. SALTMAN: I think it's exactly attorneys' expenses. Attorneys' fees. That's exactly what it is and I think that we should have what were the attorneys doing at various points in time.

THE COURT: I disagree with you there, Mr. Saltman. I mean certainly reasonable expenses is what it says in our Rules with regard to sanctions, but I think the degree of reasonableness that we're talking about is not necessarily what we would be doing in the case of attorneys' fees if there was an award of attorneys' fees. There has to be some import to the word sanctions.

MR. SALTMAN: Let me –

THE COURT: Meaning like punitive damages, which cannot be based on nothing.

Original
CDR-1

United States
Department of
Agriculture

**Forest
Service**

# Timber Sale Contract



Purchaser PRECISION PINE & TIMBER

Sale Name O.D. RIDGE

Award Date 08/14/92

Contract No. 001574

Region 03-SOUTHWESTERN

National Forest 01-APACHE-SITGREAVES

Ranger District 06-SPRINGERVILLE

FS-2400-13(7/70)

ODR-2

FS-2400-6T, Page 101 (10/7

| U.S. DEPARTMENT OF AGRICULTURE<br>FOREST SERVICE<br>TIMBER SALE CONTRACT<br>(Applicable to Sales to be Measured Before Felling) | | NAME OF PURCHASER<br>PRECISION PINE & TIMBER INC.<br>P.O. BOX 70<br>HEBER, AZ 85928 MOD #6 | | |
|---|---|---|---|---|
| NATIONAL FOREST<br>01 Apache-Sitgreaves | RANGER DISTRICT<br>06 Springerville | REGION<br>03 Southwestern | CONTRACT NO.<br>001574 | |
| SALE NAME<br>O.D. Ridge Timber Sale | | SUBREGION | AWARD DATE<br>8/14/92 | TERMINATION DATE<br>6/16/99 |

The parties to this contract are The United States of America, acting through the Forest Service, United States Department of Agriculture, hereinafter called Forest Service, and Precision Pine & Timber Inc.
1/ P.O. Box 70, Heber, Arizona 85928
a corporation organized and existing under the laws of the State of Arizona
hereinafter called Purchaser.

2/ Forest Service having advertised a sale at which either (1) Purchaser, whose required bid deposit is now held by Forest Service as an initial deposit, was the successful bidder, or (2) no bids were received and Purchaser having subsequently offered at least the minimum advertised price and made an initial deposit in the same amount as the bid deposit specified in the sale advertisement; and the parties hereto desiring to record their agreement; now therefore,

In consideration of the premises and the promises hereinafter contained, unless provided otherwise herein, Forest Service agrees to sell and permit Purchaser to cut and remove and Purchaser agrees to purchase, cut and remove Included Timber.

This contract consists of three Divisions: AT - Specific Conditions, BT - Standard Provisions, and CT - Special Provisions, together with Sale Area Map, Drawings and specifications for developments (if any) and such attachments as may be provided for in Division CT. Specific Conditions are numbered and apply to the Part, Section, Subsection, or Item of the Standard Provisions, as indicated hereunder. Other conditions of this contract are stated in Division CT-Special Provisions.

IN WITNESS WHEREOF, the parties hereto have executed this contract as of the award date.

UNITED STATES OF AMERICA
BY Susan L. Lee

CONTRACTING OFFICER
(Title)

Two Witnesses: 3/

__________ (Name)

__________ (Address)

__________ (Name)

__________ (Address)

* PRECISION PINE & TIMBER INC.
(Purchaser) 4/
BY [signature]
* President
(Title)
* P.O. BOX 70
(Business Address)
HEBER, AZ 85928

I, 5/ Tonita Porter, certify that I am the __________ Secretary of the corporation named as Purchaser herein; that * who signed this contract on behalf of Purchaser, was then * of said corporation; that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

Tonita Porter

CORPORATE SEAL 6/

ODR-3

FS-2400-6T, Page 101 (10/73)

| | | | |
|---|---|---|---|
| U.S. DEPARTMENT OF AGRICULTURE<br>FOREST SERVICE<br>TIMBER SALE CONTRACT<br>(Applicable to Sales to be Measured Before Felling) | | NAME OF PURCHASER<br>PRECISION PINE & TIMBER INC.<br>P.O. BOX 70<br>HEBER, AZ 85928 MOD #5 | |
| NATIONAL FOREST<br>01 Apache-Sitgreaves | RANGER DISTRICT<br>06 Springerville | REGION<br>03 Southwestern | CONTRACT NO.<br>001574 |
| SALE NAME<br>O.D. Ridge Timber Sale | | SUBREGION | AWARD DATE 8/14/92 · TERMINATION DATE 07/06/98 |

The parties to this contract are The United States of America, acting through the Forest Service, United States Department of Agriculture, hereinafter called Forest Service, and Precision Pine & Timber Inc.
1/ P.O. Box 70, Heber, Arizona 85928
a corporation organized and existing under the laws of the State of Arizona
hereinafter called Purchaser.

2/ Forest Service having advertised a sale at which either (1) Purchaser, whose required bid deposit is now held by Forest Service as an initial deposit, was the successful bidder, or (2) no bids were received and Purchaser having subsequently offered at least the minimum advertised price and made an initial deposit in the same amount as the bid deposit specified in the sale advertisement; and the parties hereto desiring to record their agreement; now therefore,

In consideration of the premises and the promises hereinafter contained, unless provided otherwise herein, Forest Service agrees to sell and permit Purchaser to cut and remove and Purchaser agrees to purchase, cut and remove Included Timber.

This contract consists of three Divisions: AT - Specific Conditions, BT - Standard Provisions, and CT - Special Provisions, together with Sale Area Map, Drawings and specifications for developments (if any) and such attachments as may be provided for in Division CT. Specific Conditions are numbered and apply to the Part, Section, Subsection, or Item of the Standard Provisions, as indicated hereunder. Other conditions of this contract are stated in Division CT-Special Provisions.

SUPERCEDED by #6

IN WITNESS WHEREOF, the parties hereto have executed this contract as of the award date.

UNITED STATES OF AMERICA

BY Robert J. [signature]

CONTRACTING OFFICER
(Title)

* PRECISION PINE & TIMBER INC.
(Purchaser) 4/

BY [signature]

* President
(Title)

* P.O. BOX 70
(Business Address)
HEBER, AZ 85928

Two Witnesses: 3/

(Name)

(Address)

(Name)

(Address)

I, 5/ Tonita Porter, certify that I am the ______

Secretary of the corporation named as Purchaser herein; that * who signed this contract on behalf of Purchaser, was then * of said corporation; that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

Tonita Porter [signature]

CORPORATE SEAL 6/

ODR-4

FS-2400-6T, Page 101 (10/73)

| U.S. DEPARTMENT OF AGRICULTURE<br>FOREST SERVICE<br>**TIMBER SALE CONTRACT**<br>(Applicable to Sales to be Measured Before Felling) | | NAME OF PURCHASER<br>Precision Pine and Timber, Inc. Mod #4<br>P.O. Box 70<br>Heber AZ 85928 | |
|---|---|---|---|
| NATIONAL FOREST<br>Apache-Sitgreaves N.F. | RANGER DISTRICT<br>Springerville 06 | REGION<br>Southwestern 03 | CONTRACT NO.<br>001574 |
| SALE NAME<br>O.D. Ridge Timber Sale | | SUBREGION | AWARD DATE 08/14/92 — TERMINATION DATE 12/31/97 |

The parties to this contract are The United States of America, acting through the Forest Service, United States Department of Agriculture, hereinafter called Forest Service, and Precision Pine and Timber, Inc. P.O. Box 70, Heber AZ 85928 a corporation organized and existing under the laws of the State of Arizona. and hereinafter called Purchaser.

2/ Forest Service having advertised a sale at which either (1) Purchaser, whose required bid deposit is now held by Forest Service as an initial deposit, was the successful bidder, or (2) no bids were received and Purchaser having subsequently offered at least the minimum advertised price and made an initial deposit in the same amount as the bid deposit specified in the sale advertisement; and the parties hereto desiring to record their agreement; now therefore,

In consideration of the premises and the promises hereinafter contained, unless provided otherwise herein, Forest Service agrees to sell and permit Purchaser to cut and remove and Purchaser agrees to purchase, cut and remove Included Timber.

This contract consists of three Divisions: AT - Specific Conditions, BT - Standard Provisions, and CT - Special Provisions, together with Sale Area Map, Drawings and specifications for developments (if any) and such attachments as may be provided for in Division CT. Specific Conditions are numbered and apply to the Part, Section, Subsection, or Item of the Standard Provisions, as indicated hereunder. Other conditions of this contract are stated in Division CT-Special Provisions.

Superceded by Mod #5

**IN WITNESS WHEREOF**, the parties hereto have executed this contract as of the award date.

**UNITED STATES OF AMERICA**

BY ______________________

Contracting Officer
(Title)

Precision Pine and Timber, Inc.
(Purchaser) 4/

BY [signature]

* President
(Title)

P.O. Box 70
(Business Address)
Heber AZ 85928

Two Witnesses: 3/

______________________
(Name)

______________________
(Address)

______________________
(Name)

______________________
(Address)

I, 5/ Tonita Porter, certify that I am the ______________________

Secretary of the corporation named as Purchaser herein; that * who signed this contract on behalf of Purchaser, was then * of said corporation; that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

[signature]

CORPORATE SEAL 6/

ODR-5

FS-2400-6T, Page 101 (10/73)

| U.S. DEPARTMENT OF AGRICULTURE<br>FOREST SERVICE<br>**TIMBER SALE CONTRACT**<br>(Applicable to Sales to be Measured Before Felling) | | NAME OF PURCHASER<br>Precision Pine and TImber, Inc. Mod #2<br>P.O. Box 70<br>Heber AZ 85928 | |
|---|---|---|---|
| NATIONAL FOREST<br>Apache-Sitgreaves N.F. | RANGER DISTRICT<br>Springerville 06 | REGION<br>Southwestern 03 | CONTRACT NO.<br>001574 |
| SALE NAME<br>O.D. Ridge Timber Sale | | SUBREGION | AWARD DATE<br>08/14/92 | TERMINATION DATE<br>12/31/96 |

The parties to this contract are The United States of America, acting through the Forest Service, United States Department of Agriculture, hereinafter called Forest Service, and Precision Pine and Timber, Inc. P.O. Box 70, Heber AZ 85928 a corporation organized and existing under the laws of the State of Arizona. and hereinafter called Purchaser.

2/ Forest Service having advertised a sale at which either (1) Purchaser, whose required bid deposit is now held by Forest Service as an initial deposit, was the successful bidder, or (2) no bids were received and Purchaser having subsequently offered at least the minimum advertised price and made an initial deposit in the same amount as the bid deposit specified in the sale advertisement; and the parties hereto desiring to record their agreement; now therefore,

In consideration of the premises and the promises hereinafter contained, unless provided otherwise herein, Forest Service agrees to sell and permit Purchaser to cut and remove and Purchaser agrees to purchase, cut and remove Included Timber.

This contract consists of three Divisions: AT - Specific Conditions, BT - Standard Provisions, and CT - Special Provisions, together with Sale Area Map, Drawings and specifications for developments (if any) and such attachments as may be provided for in Division CT. Specific Conditions are numbered and apply to the Part, Section, Subsection, or Item of the Standard Provisions, as indicated hereunder. Other conditions of this contract are stated in Division CT-Special Provisions.

Superseded by Mod #3

**IN WITNESS WHEREOF**, the parties hereto have executed this contract as of the award date.

**UNITED STATES OF AMERICA**

**BY** Robert J. Leaverton

Contracting Officer
(Title)

Two Witnesses: 3/

________________
(Name)

________________
(Address)

________________
(Name)

________________
(Address)

Precision Pine and Timber, Inc.
(Purchaser) 4/

BY [signature]

* President
(Title)

P.O. Box 70
(Business Address)
Heber AZ 85928

I, 5/ [signature], certify that I am the ________

Secretary of the corporation named as Purchaser herein; that * who signed this contract on behalf of Purchaser, was then * of said corporation; that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

[signature]

CORPORATE SEAL 6/

1

ODR-6

FS-2400-6T, Page 101 (10/73)

| U.S. DEPARTMENT OF AGRICULTURE<br>FOREST SERVICE<br>**TIMBER SALE CONTRACT**<br>(Applicable to Sales to be Measured Before Felling) | | NAME OF PURCHASER<br>PRECISION PINE & TIMBER, INC.<br>P.O. BOX 70<br>HEBER, AZ. 85928 | | |
|---|---|---|---|---|
| NATIONAL FOREST<br>Apache-Sitgreaves 01 | RANGER DISTRICT<br>Springerville 06 | REGION<br>Southwestern 03 | CONTRACT NO.<br>001574 | |
| SALE NAME<br>O. D. Ridge Timber Sale | | SUBREGION | AWARD DATE<br>08/14/92 | TERMINATION DATE<br>12/31/95 |

Superseded by Mod #21

The parties to this contract are The United States of America, acting through the Forest Service, United States Department of Agriculture, hereinafter called Forest Service, and PRECISION PINE & TIMBER, INC. P. O. BOX 70, HEBER, ARIZONA 85928 a corporation organized and existing under the laws of the State of Arizona and hereinafter called Purchaser.

2/ Forest Service having advertised a sale at which either (1) Purchaser, whose required bid deposit is now held by Forest Service as an initial deposit, was the successful bidder, or (2) no bids were received and Purchaser having subsequently offered at least the minimum advertised price and made an initial deposit in the same amount as the bid deposit specified in the sale advertisement; and the parties hereto desiring to record their agreement; now therefore,

In consideration of the premises and the promises hereinafter contained, unless provided otherwise herein, Forest Service agrees to sell and permit Purchaser to cut and remove and Purchaser agrees to purchase, cut and remove Included Timber.

This contract consists of three Divisions: AT - Specific Conditions, BT - Standard Provisions, and CT - Special Provisions, together with Sale Area Map, Drawings and specifications for developments (if any) and such attachments as may be provided for in Division CT. Specific Conditions are numbered and apply to the Part, Section, Subsection, or Item of the Standard Provisions, as indicated hereunder. Other conditions of this contract are stated in Division CT-Special Provisions.

**IN WITNESS WHEREOF**, the parties hereto have executed this contract as of the award date.

UNITED STATES OF AMERICA

BY Robert J. Leaverton

Contracting Officer
(Title)

PRECISION PINE & TIMBER, INC.
(Purchaser) 4/

BY [signature]

President
(Title)

P. O. BOX 70
(Business Address)
HEBER, ARIZONA 85928

Two Witnesses: 3/

(Name)

(Address)

(Name)

(Address)

I, 5/ Tonita Porter, certify that I am the ______ Secretary of the corporation named as Purchaser herein; that * who signed this contract on behalf of Purchaser, was then * of said corporation; that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

Tonita Porter

CORPORATE SEAL 6/

O DR-7

FS-2400-6T, Page 102 (10/73)

The following conditions apply to the indicated portions of Division BT-Standard Provisions issued 10/73 (Month-Year)

**AT1 - Location and Area,** applicable to BT1.1

This Sale Area of 9,960 acres more or less is located in:

T7N, R28E, Sections 25, 34, 35, 36
T7N, R29E, Sections 29, 30, 31, 32
T6N, R28E, Sections 1, 2, 3, 4, 9, 10, 11, 12, 13, 14, 15, 16
T6N, R29E, Sections 5, 6, 7, 8, 17
Gila & Salt River Meridian

**AT2 - Volume Estimate and Utilization Standards,** applicable to BT2.1, BT2.2, BT2.4, BT6.4 and BT6.8

| SPECIES AND PRODUCT | ESTIMATED QUANTITY 1/ AND UNIT OF MEASURE | MINIMUM TREE SPECIFICATIONS INCLUDE ONE MINIMUM PIECE: DIAMETER BREAST HIGH (d.b.h.) Inches | MINIMUM PIECE SPECIFICATIONS: LENGTH Feet | MINIMUM PIECE SPECIFICATIONS: DIAMETER INSIDE BARK AT SMALL END Inches | MINIMUM PIECE SPECIFICATIONS: NET MEASURE IN % OF GROSS MEASURE |
|---|---|---|---|---|---|
| LIVE AND DEAD SAWLOGS | | | | | |
| Ponderosa Pine | 3,650 MBF | 9.0 | 10 | 6 | 33-1/3 |
| Douglas-fir & Other | 910 MBF | 9.0 | 10 | 6 | 33-1/3 |
| Spruce | 600 MBF | 9.0 | 10 | 6 | 33-1/3 |
| TOTAL | 5160 MBF | ////////////////// | ////////// | ////////// | /////// |

1/Quantities not included here are described in BT2.4.

**AT3 - Timber Designations,** applicable to BT2.3; **acres** are approximate:

| | Number | Acres |
|---|---|---|
| Clearcutting Units (BT2.31) | None | None |
| Specified Road Clearing (BT2.32) | None | None |
| Overstory-Removal Units (BT2.33) | 2 | 25 |
| Understory-Removal Units (BT2.34) | None | None |
| Individual Trees (BT2.35) | /////////////// | 2021 |
| Incompletely-Measured Payment Units(BT2.36) | None | None |
| Leave Tree Marked (BT2.35) | 4 | 265 |

**AT4 - Dead Trees Required to be Felled,** applicable to BT2.12, BT2.3 and BT6.4.

**Size Requirements:** N/A feet high and N/A inches d.b.h.

**Number Limitations:** Applicable only if Sale Area Map indicates there are subdivisions where timber is to be designated after date of sale advertisement. In addition to dead trees felled within Clearcutting Units, construction clearings and other authorized development clearings, no more than * dead trees must be felled within subdivisions, or those portions thereof, where timber is designated after date of sale advertisement. Number limitation does not apply to subdivisions, or portions thereof, designated at time of sale advertisement.