**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, | ) | |
| v. | ) | No. 98-720C (Judge George W. Miller) |
| THE UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**<u>MOTION TO EXCEED PAGE LIMITS</u>**

Plaintiff does not lightly oppose defendant's "Motion to Exceed Page Limits." Plaintiff is not in the habit of refusing reasonable requests from opposing counsel or refusing to extend an appropriate professional courtesy. Indeed, plaintiff readily assented to defendant's request, made on the day that the defendant's Motion for Summary Judgment was due, for a one-day enlargement within which to file the motion for summary judgment.[1] Plaintiff gave its agreement to this request despite the fact that plaintiff had strongly opposed the filing of <u>any</u> such motions due the considerable time and expense that would be expended in doing so and plaintiff's belief that having completed the discovery process the damages issues could be better resolved at trial. Although this Court ultimately decided not to preclude defendant from filing such a motion, the Court did impose strict deadlines and filing requirements. <u>See</u> Order of

[1]At approximately 2:00 p.m. on the afternoon of April 15, 2004, defendant requested plaintiff's concurrence in a one-day enlargement to complete assembly of its appendix and to insert page cites into the brief. Defendant made no mention that it would exceed the page limit, or that it would file a motion seeking leave to do so. Although defendant did provide plaintiff with a draft of the brief on the evening of April 15, 2004, the draft was not paginated and defendant expressly reserved the right to modify the draft -- something which it in fact did.

March 19, 2004.[2] However, as exemplified by its Motion to Exceed Page Limits and as discussed further below, defendant has not complied with this Order.

First, defendant's Motion to Exceed Page Limits is untimely. By Order of this Court dated March 19, 2004, each party was required to serve any motion for summary judgment that it intended to file on the other party by 5:00 p.m. on Thursday, April 15, 2004. The clear purpose behind the ordering of such a time-specific filing requirement was to preclude either party from securing any advantage by receiving its opponent's brief before its brief was served. As noted above, on Thursday afternoon, defendant sought plaintiff's agreement to a one-day enlargement of time within which to file briefs. Plaintiff agreed to defendant's request, which if granted by the Court, would have altered the due date for both parties to serve their respective briefs to Friday, April 16, 2004 at 5:00 p.m. Defendant, did not, however, meet this filing deadline, as its 47-page Motion and Appendix were not served until after 5:30 p.m. on Friday evening and, more importantly, the late-served documents did not include a copy of Defendant's Proposed Findings of Fact.[3] Only thereafter, and well-after the 5:00 p.m. deadline for service had passed, did defendant even seek Precision Pine's "agreement" to defendant's filing of an over-length brief. Presented with a request that it agree to this *fait accompli*, Precision Pine reasonably refused to do so.

---

[2]This Court, "in order to minimize delay" caused by the preparation, oral argument and resolution of any dispositive motions, also set a tentative schedule to begin pretrial activities. Order of March 19, 2004 at 2.

[3]Because the late-served documents were sent directly for in-house copying, the fact that Defendant's Proposed Findings of Fact had not been served was not discovered until later. As of the filing of this opposition, Precision Pine has yet to be served by hand with a copy of that document.

The Rules of this Court specify that "[e]xcept by leave of court on motion, a party's opening brief shall not exceed 40 pages." RCFC 5(b)(1). Strict enforcement of this requirement, absent advance notice to or agreement by the opposing party is even more important were, as here, the filing of simultaneous briefs was contemplated.[4] Moreover, defendant has cited no rule allowing it to serve an over-length brief on plaintiff and <u>then</u> seek leave of this Court to do so. Accordingly, defendant's motion should be denied.

Additionally, defendant's motion for a seven-page enlargement is not well founded. The sole basis claimed for the enlargement is that defendant's Motion for Summary Judgment asserts arguments concerning "each aspect" of plaintiff's "complex" claims. Defendant's Motion to Exceed the Page Limits at 1. Of course, defendant has known the elements of Precision Pine's claim for some time. Such being the case, even assuming that defendant needed additional pages to make its argument, defendant proffers no explanation as to why it did not raise this need for additional pages before the extended day for filing of the motion, and even then only after the time for serving simultaneous briefs had passed.

Moreover, defendant's "need" to exceed the specified page limitation is based in no small measure on defendant's ill-advised decision to challenge, as a matter of law, each aspect of Precision Pine's damages, a matter that was entirely of defendant's own choosing. In this regard, it should be noted that in its Motion for Summary Judgment defendant has chosen to take the truly remarkable position that, as a matter of law, Precision Pine can recover virtually <u>none</u> of the

[4]As it turns out, Precision Pine did not file a motion for summary judgment. However, the defendant could not be absolutely certain that Precision Pine would not file such a brief until the time for service of any such brief had passed.

breach of contract damages it claims as a result of the Forest Service's prolonged suspension and breach of twelve (12) of its timber sale contracts. Even a cursory review of defendant's motion discloses that defendant consumed many pages arguing issues that are factually intensive, including "proximate causation" (see, e.g., pages 14-16) and whether or not profits have been established with "reasonable certainty" (see, e.g., pages 18-21).[5] In this regard, as the Court will recall, the belief that defendant wanted to engage in unwarranted briefing was among the reasons that led Precision Pine to strongly oppose the filing of such motions in the first place. In any event, had defendant exercised even a modicum of discretion in preparing its Motion for Summary Judgment, it could have (and should have) easily filed a brief that complied with the rules of this Court. For these reasons, defendant's motion should be denied and plaintiff respectfully suggests that the Court strike approximately seven pages of defendant's Motion for Summary Judgment identified above that are directed at factual matters.

With respect to the defendant's failure to meet the service requirements set forth in the Court's order of March 19, 2004, an obvious remedy would be to simply provide Precision Pine with more time to file its response -- unfortunately, this remedy would once again delay the resolution of this case due to defendant's actions. Accordingly, Precision Pine requests that the Court, in crafting an appropriate remedy, consider the following option -- grant Precision Pine two additional business days to hand serve its response on defendant, i.e., until May 17, 2004 at

---

[5]These are not the only examples of intensely factual issues raised by defendant in its brief, but rather are merely examples that demonstrate how readily defendant could have satisfied its obligation to comply with the rules, had it been interested in doing so.

or before 5:00 p.m.,[6] but retain the current due date for defendant's reply brief, i.e., May 27, 2004 at or before 5:00 p.m.

Respectfully submitted,

s/ Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
David J. Craig
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Dated: April 19, 2004

[6] Given that Precision did not file a motion for summary judgment, defendant has no reply brief which is simultaneously due on May 13, 2004 and the rationale behind simultaneous deadlines for service would not be undermined by the grant of these two additional business days.