**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO EXCEED PAGE LIMITS**

Pursuant to Rule 7.1(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, submits this reply in support of its motion for leave to exceed the page limitation in RCFC 5.2(b)(1).

**BACKGROUND**

On March 19, 2004, the Court adopted a scheduling order with respect to this action. The Court's order directed, among other things, that "all dispositive motions" be "filed and served by Thursday, April 15, 2004." Order of Judge George W. Miller (Mar. 19, 2004) (docket no. 225).[1]

On April 15, 2004, counsel for the United States inquired whether Precision Pine would consent to an enlargement of time of one day with respect to the United States' motion for summary judgment regarding damages. Undersigned counsel explained that, although the United States' brief had been completed, additional time was needed to complete an appendix, scan the appendix for filing, and incorporate citations to the record into the brief itself. See Def.'s Unopposed Mot. for Enlargement at 1 (filed April 15, 2004) (docket no. 227). Counsel for

[1] The Court further explained that "the parties shall not utilize the additional time after service provided by RCFC 6(e) in serving opposition and reply briefs upon each other." Id. Therefore, in addition to filing electronically, the Court directed service of dispositive motions be effected by personal delivery by 5 p.m. on the prescribed date. Id.

Precision Pine, Richard W. Goeken, agreed to the requested one-day enlargement. Id. In turn, Mr. Goeken requested that, notwithstanding the enlargement, the United States provide Precision Pine a copy of our brief (without record citations) on April 15, 2004. The United States agreed to this request.

Accordingly, the United States filed an unopposed motion for a one-day enlargement on April 15, 2004. In addition, the United States provided via e-mail an electronic copy of its motion for summary judgment. See Exhibit A (e-mail dated April 15, 2004 from David A. Harrington to Richard W. Goeken) (with attachment). The summary judgment motion provided as a professional courtesy to Precision Pine was (without record citations) 46 pages long.[2]

## DISCUSSION

The United States filed its motion for leave to exceed page limits on April 16, 2004, prior to filing its motion for partial summary judgment. Accordingly, the motion was timely filed and is properly before the Court.

Precision Pine's response raises issues that have little or nothing to do with the United States' motion to exceed the page limits. Precision Pine claims, for instance, that hand service of the United States' motion for summary judgment was accomplished at 5:30 p.m. – not 5:00 p.m. – on April 16, 2004. Not only does Precision Pine fail to present any evidence in support this bare allegation,[3] the allegation itself does not concern service of this motion. In any event, a courtesy copy of the United States' summary judgment brief had been given to Precision Pine on

---

[2] The substance of the arguments in the motion provided to Precision Pine on April 15, 2004 and served on April 16, 2004 are identical. The only changes to April 15, 2004 motion were minor, non-substantive edits and the addition of citations.

[3] Undersigned counsel printed and submitted the requisite documents to Department of Justice mailroom personnel in sufficient time for delivery before 5:00 p.m.

April 15, 2004 – a full day earlier. Likewise, Precision Pine professed surprise that the United States sought leave to exceed the page limitation in RCFC 5.2(b)(1) rings hollow because the April 15, 2004 courtesy copy was 46 pages long (without citations to the record).[4]

In this action, Precision Pine has presented an unusually complex, multi-part damages claim that concerns 14 different contracts. In order to prevail, it is not enough for the Precision Pine simply to establish a contractual breach; Precision Pine must also carry its burden of establishing damages. See Alaska Pulp Corp. v. United States, 59 Fed. Cl. 400 (2004) (awarding no damages upon plaintiff's $8.7 billion claim notwithstanding the Government's breach of a 50-year timber sale contract); Columbia First Bank, FSB v. United States, ___ Fed. Cl. ___, 2004 WL 503718 (Mar. 15, 2004) (rejecting plaintiff's damages claims, including a claim for lost profits, where a breach had previously been established). The United States has moved for summary judgment based upon well-established legal precedent and undisputed facts. See Mot. for Partial Summ. J. Regarding Damages (filed Apr. 16, 2004). Moreover, the United States has appropriately set forth the factual and procedural background necessary for the Court to understand fully the context in which the parties' legal arguments arise. See id. at 3-9 (providing seven pages of factual background). The United States' request for additional pages is, therefore, reasonable.

---

4 Precision Pine's complaint that the United States "did not raise th[e] need for additional pages" earlier is equally nonsensical. See Resp. at 2. The United States could hardly be expected to file a motion to exceed page limits before its brief was complete and the number of pages needed had been determined.

## CONCLUSION

For these reasons, as well as for the reasons set forth in our motion, we respectfully request that the Court grant leave to file a 47-page motion for partial summary judgment regarding damages.[5]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0277
(202) 307-0972 (fax)

April 20, 2004

Attorneys for Defendant

---

[5] If Precision Pine seeks a change in the briefing schedule, <u>see</u> Resp. at 4-5, it should submit a motion requesting such a change. <u>See</u> RCFC 7(b) ("An application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set for the relief or order sought."). Of course, no change is merited given that Precision Pine received a courtesy copy of United States' motion on April 15, 2004 – the day it was originally due – and was formally served the next day by e-mail and by hand.