**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO**
**<u>EXCEED THE PAGE LIMITED AND FOR AN ENLARGEMENT OF TIME</u>**

Precision Pine seeks leave to file a 100-page response brief. This is 60 pages <u>longer</u> than allowed by this Court's rules and is <u>more than twice</u> the length of our motion for summary judgment. Precision Pine's request is unreasonable on its face. Precision Pine also asks the Court for a 22-day enlargement of time. Yet Precision Pine provides only the most cursory explanation for a request to nearly double the time available for its response.

Because Precision Pine's requests are far beyond the bounds of reasonableness, pursuant to Rule 7.2(a) of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court deny Precision Pine's motion to exceed page limits and for additional time.

**<u>DISCUSSION</u>**

**1. <u>Plaintiff's Request For Additional Pages Is Excessive</u>**

This Court's rules provide that each "party's initial brief" shall not exceed 40 pages. RCFC 5.2(b)(1). Thus, by providing the same number of pages for the motion and the response, RCFC 5.2(b) places the moving party and the opposing party upon an equal footing.

As the Court is aware, in order to provide additional background regarding this action, the United States requested leave to file a 47-page motion for summary judgment. See Def.'s Mot. to Exceed Page Limits (filed Apr. 16, 2004) (docket no. 228). The Court granted the United States' request. Order of Judge George Miller (Apr. 21, 2004) (docket no. 234). Arguably, the spirit of RCFC 5.2(a) justifies affording Precision Pine a 47 page response here.[1]

Precision Pine, however, does not seek leave to file a 47 page response. Precision Pine asks instead for leave to file a brief that is 100 pages long. Not only is this 60 pages more than allowed by RCFC 5.2(b), it is 53 pages longer than the United States' motion for summary judgment.

Precision Pine provides no reason that it should be allowed a brief over twice as long as the United States' motion. Indeed, the bases for the United States' motion for summary judgment are straightforward. See, e.g., Mot. for Summ. J. at 22-24 (arguing that Precision Pine cannot establish lost profits with reasonable certainty because essential expert testimony proffered by Lorin Porter is inadmissible under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993); id. at 32-34 (explaining that Precision Pine's claim for alleged increased sawmill costs is barred by Federal Circuit precedent). Precision Pine's only argument is that the United States' motion raises numerous issues. Opp. at 2.[2] Of course, the United States's motion

---

[1] The United States does not oppose granting Precision Pine leave to file a response of up to 47 pages.

[2] Precision Pine contends that the United States' brief raises more than 20 discrete issues. Opp. at 2. However, Precision Pine provides no support for this contention. In fact, Precision Pine even miscounts the issues identified in the statement of issues section of the United States' brief (8 issues, including subparts). Compare Opp. at 2 with Def.'s Mot. for Summ. J. at 1-2 (filed Apr. 16, 2004) (docket no. 229).

manages to state the grounds for summary judgment and demonstrate why summary judgment should be granted in only 47 pages. Precision Pine fails to explain why its response cannot be similarly concise.[3]

This Court will be best served by a response that focuses on the issues raised in the United States' motion; not a brief that muddies the water with lengthy arguments concerning collateral subjects. Summary judgment is of course proper where no genuine issues of material fact are in dispute and the moving party is entitled to judgment as a matter of law. RCFC 56(b). A 47-page response is more than sufficient to establish the existence of a factual dispute, if any genuine issues of fact actually exist. Precision Pine's request for leave to serve a 100 page response brief is unjustified and should be denied.

**2. Plaintiff Fails To Justify Additional Time**

Precision Pine also fails to justify its request for a 22-day enlargement. On March 19, 2004, the Court's issued a scheduling order in this action. See Order of Judge George Miller (Mar. 19, 2004) (docket no. 225). The United States was given until April 15, 2004 (27 days) to file a motion for summary judgment. Id. Precision Pine was given until May 13, 2004 (28 days) to respond. Id.

Precision Pine has known that it would have 28 days to respond to the United States' summary judgment motion for nearly two months. It has known what legal issues the United States intended to raise even longer. See Def.'s Notice of Intent to File Dispositive Mot. at 1-2

---

[3] Precision Pine's suggests that it needs four pages to respond to arguments even when those arguments are raised "in little more than a footnote." Opp. at 2. It is little wonder, then, that Precision Pine believes that it needs a 100 page response. Of course, Precision Pine's desire to attack ants with a sledge hammer does not best facilitate an analysis of the issues in the action by the Court.

(filed Feb. 26, 2004) (docket no. 222). Precision Pine has ample resources at its disposal and has been developing its damages claim for years.[4] Consequently, it is difficult to fathom why Precision Pine is unable to respond to the United States' motion in the time allotted by the Court.

Precision Pine itself provides no explanation – it simply states in single conclusory sentence that it wants more time to respond to "issues" in the United States' motion. See Mot. at 2-3. Furthermore, other than to state that its attorneys have "previous commitments" and that at least one of its "main counsel" will therefore be "out of town," Precision Pine fails to explain why it needs nearly twice as much time as the Court provided See Opp. at 2-3. Curiously, Precision Pine declines to identify any of counsel's "previous commitments." Presumably, given that Precision Pine's attorneys failed to mention such commitments when urging the Court to adopt a June 2004 trial date, the commitments are new. If so, then Precision Pine's counsel is asking the Court to accommodate new commitments at the expense of the existing schedule in this action. On the other hand, if the commitments are not new, given that they would not have interfered with intensive trial preparation as proposed by Precision Pine's counsel, they will not interfere with the preparation of a response brief. See Notice of Plaintiff's Proposed Schedule, Ex. A at 2 (filed Mar. 15, 2004) (docket no. 224) (proposing that exhibit lists be exchanged on April 30, 2004, that issues of admissibility be discussed by May 6, 2004, that motions in limine

---

[4] Precision Pine has three attorneys working upon this matter regularly. Moreover, based upon attorney invoices submitted as part of its claim, Precision Pine can, and frequently does, call upon other attorneys at the Saltman & Stevens firm to provide additional support.

be filed by May 14, 2004, and that written witness testimony be exchanged by May 28, 2004). Simply put, Precision Pine has failed to show good cause for a 22-day enlargement of time.[5]

## CONCLUSION

For these reasons, the United States respectfully requests that Precision Pine's motion to exceed the page limits and for additional time be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

May 12, 2004

---

[5] While Precision Pine has not demonstrated good cause for any enlargement, the United States would have consented to, and therefore will not now oppose, an enlargement of 7 days.