**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

For the reasons set forth below, plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), hereby moves the Court to grant it leave to file a surreply in support of Plaintiff's Response to Defendant's Motion for Partial Summary Judgment Regarding Damages ("Plaintiff's Response"). Plaintiff requests that it be allowed up to 25 pages for its surreply and that it be given until on or before Monday, August 2, 2004 to file the same.[1] It is Precision Pine's strong desire that the date of the August 10, 2004 oral argument on this motion not be moved and Precision Pine believes that the tight deadline and page limitation for a surreply will accomplish that goal. Counsel for Precision Pine has discussed this motion with counsel for defendant who advises that defendant will oppose this motion.

Although the rules of this Court do not specifically provide for the filing of a surreply in support of an opposition to a motion for summary judgment, it is within the power and discretion

[1]Plaintiff will make every effort to file the surreply brief as early and in as few pages as possible.

of this Court to grant plaintiff's motion. See Rules of the United States Court of Federal Claims, Rule 1 ("[the rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action") (emphasis added); Rule 83(b) ("[a] judge may regulate practice in any manner consistent with federal law or rules adopted under 28 U.S.C. §§ 2072, or 2503(b)"). See also, e.g., Centex Corp. v. United States, 48 Fed. Cl. 625, 627 (2001) (granting plaintiff's motion for leave to file a surreply in opposition to defendant's motion for summary judgment); Commercial Federal Corp. v. United States, 55 Fed. Cl. 595 (2003) (granting plaintiff's motion for leave to file a surreply on liability). In Standard Federal Bank v. United States, 51 Fed. Cl. 695, 701 (2002), the court allowed the plaintiff to file a surreply where the opposing party's reply raised new factual contentions and issues of law.

On the evening of Friday, July 24, 2004, defendant filed its Reply in Support of Its Motion for Partial Summary Judgment Regarding Damages ("Defendant's Reply").[2] After an initial review of Defendant's Reply over the weekend, it has become readily apparent that the defendant raises several issues of fact and law that it did not discuss in its initial motion. Because these issues arise for the first time in a reply brief, plaintiff has not had an opportunity to contest them. Additionally, defendant also misstates the facts and law as presented to the Court in Plaintiff's Response. Plaintiff believes that, in the interests of justice, it should be provided the opportunity to briefly rebut or clarify these points.

[2]Plaintiff notes that although defendant was apparently able to file its Reply Brief with the Court before 5:00 p.m., defendant did not timely serve plaintiff as required by Court order.

The following are some examples of such newly raised issues and misstatements that plaintiff has identified in its initial review of Defendant's Reply:[3]

1. Throughout its Reply, defendant asserts a standard of "legal foreseeability," which was not raised in Defendant's Motion for Partial Summary Judgment Regarding Damages ("Defendant's Motion").

2. Defendant misleadingly adheres to the proposition that Precision Pine did not apprise defendant of any "special circumstances" at the time of contracting, despite the fact that no such requirement exists in the law and defendant was already aware of any such "special circumstance" that may have existed.

3. Defendant misstates the ruling of the Federal Circuit in Bluebonnet Sav. Bank, FSB v. United States with regard to the appropriate standard for showing causation.

4. Defendant challenges the admissibility and/or relevance of most, if not all, of the declarations that Precision Pine submitted in support of its Response. Moreover, defendant improperly seeks to strike three of these declarations.

5. Defendant introduces a new argument with regard to the admissibility of Lorin Porter's testimony as to the mix of lumber products that Precision Pine would have produced from the suspended sales.

[3] This list is not necessarily exhaustive of the issues to be addressed in the surreply.

6. Defendant improperly challenges the sufficiency and admissibility of some of the evidence that Precision Pine has cited to establish the causation prong of lost profits, and wholly ignores other such evidence.

7. Defendant misstates the evidence Precision Pine has cited in support of the fact that Precision Pine's damages were foreseeable by defendant.

8. With regard to the pass-through claims of two of Precision Pine's subcontractors, defendant improperly dismisses the application of Severin doctrine and inaccurately characterizes Precision Pine's relationship with its two subcontractors.

9. Defendant wholly misstates plaintiff's argument with regard to the alleged requirement that Precision Pine must offset its lost profits claim by the amount of post-suspension profits, if any. Moreover, defendant misstates the law with regard to recovery of lost profits by a lost volume seller.

10. Similar to its modus operandi in its initial brief, defendant again cites to new documents in its supplemental appendix that either do not support or actually contradict the proposition for which they are cited.

11. Defendant has introduced substantial new facts, including the declaration testimony of four witnesses, three of whom did not provide declarations for defendant's initial Motion.[4]

12. Defendant makes a baseless assertion that counsel for plaintiff has violated the terms of a stipulation in Scott Timber by submitting a judgment issued in that case as evidence.

**Conclusion**

In light of the foregoing, Precision Pine respectfully requests that the Court grant it leave to file a Surreply in Support of Plaintiff's Response to Defendant's Motion for Partial Summary Judgment that does not exceed 25 pages on or before August 2, 2004.

Respectfully submitted,

s/Alan I. Saltman by s/Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

[4]Precision Pine also notes that defendant takes issue with Precision Pine's use of declarations of individuals not specifically identified as fact witnesses, but then also submits a declaration from a witness, Patrick L. Jackson, who has not been identified to Precision Pine as a witness.

OF COUNSEL:

Richard W. Goeken
David J. Craig
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Dated: July 26, 2004