**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

## INTRODUCTION

On April 16, 2004, the United States moved for summary judgment upon certain damages-related issues. Upon receiving the United States' motion, Precision Pine requested leave to file a 100 page response. Pl.'s Mot. to Exceed the Page Limit, at 2 (filed May 3, 2004). The United States opposed Precision Pine's request pointing out that, not only would this be a full 60 pages longer than allowed by Court rules, it would be more than twice as long as the United States' motion. Def.'s Resp. to Pl.'s Mot. to Exceed the Page Limit, at 1 (filed May 12, 2004).

On May 14, 2004, the Court granted Precision Pine's request in its entirety. Order of Judge George W. Miller (May 14, 2004). In its ruling, the Court noted that Precision Pine's request was "extraordinary," but nevertheless granted the additional pages in order to permit Precision Pine "to fully set forth the factual and legal grounds for its response." Id. (emphasis added) (urging Precision Pine "to draft its response in as clear and concise a manner as possible").

In its response brief, Precision Pine availed itself of the entire 100 pages allowed by the Court. In addition, Precision Pine proposed an "additional" 193 findings of fact[1] and proffered a nearly 700 page appendix. Now, having received the United States' reply, Precision Pine asks the Court to allow a sur-reply containing yet another 25 pages of argument. Mot. for Sur-Reply at 1. Precision Pine's request should be denied.

## DISCUSSION

### 1. The Court Should Deny Precision Pine's Request For A Sur-Reply

The Rules of the Court of Federal Claims ("RCFC") do not contemplate the filing of a sur-reply. See RCFC 5.2 (authorizing only a dispositive motion, a response to the motion, and a reply brief by the moving party). As the RCFC do not contemplate the filing of a sur-reply, it is Precision Pine's burden to demonstrate that the Court should take leave from the requirements of its rules and allow the filing of such a brief. Precision Pine has not met this burden.

Summary judgment briefing has been completed. As a result, the Court has before it the parties' legal briefs (including Precision Pine's 100 page response), appendices totaling over 1000 pages, and hundreds of proposed findings of fact (most of which were proposed by Precision Pine). The issues in this action have been fully ventilated. Further briefing is unneeded.

Precision Pine disagrees and presents two variations upon a single argument in support of its request for a sur-reply. First, Precision Pine asserts that the United States has raised new "issues of fact and law" in its reply brief. Mot. for Sur-Reply at 2. Second, Precision Pine asserts

---

[1] This includes subparts of paragraphs where Precision Pine simply incorporates wholesale declarations submitted in its appendix. As we have explained, this is an abuse of the rule allowing additional proposed findings of fact and serves no proper or useful purpose. See, e.g., Def.'s Response to Pl.'s Add'l Proposed Findings of Uncontroverted Fact, at 50 (filed July 23, 2004).

that it disagrees with "the facts and law presented" in the United States' reply. Id. (characterizing disagreements as "misstatements" by the United States). As explained below, the first assertion is incorrect and the second fails to warrant a deviation from Court rules.

Precision Pine lists 12 supposed "examples" of new issues and "misstatements" in the United States' reply. See Mot. for Sur-Reply at 3-5. None of the cited examples withstand close scrutiny. For instance, as its first "example," Precision Pine argues that the United States asserts a new standard regarding legal foreseeability. Id. at 3. This simply is not the case. In both our principal brief and reply, we identify Chain Belt Co. v. United States, 115 F. Supp. 701, 127 Ct. Cl. 38 (1953), as the seminal decision regarding the legal foreseeability of lost profits. See Br. 19; Reply Br. 11.[2] Similarly, in both our principal brief and reply, we cite the same standard governing the legal foreseeability of consequential damages. See Br. 27-28 (explaining that only consequential damages that are the "natural and probable result" of a breach are recoverable); Reply Br. 26-27 (same). Perhaps, Precision Pine is unhappy that our reply points out that its arguments use the term "foreseeable" loosely and inaccurately. See Reply Br. 14 ("Precision Pine's argument ignores the requirements for legal foreseeability, i.e., foreseeable in the sense that the term has been used since the seminal decision of Hadley v. Baxendale, 9 Ex. 341, 156 Eng. Rep. 145 (1854)."). However, this is the very purpose of a reply brief and provides no ground for seeking a sur-reply.[3]

---

[2] "Br. __" refers to the United States' motion for summary judgment; "Opp. __" refers to Precision Pine's response; and "Reply Br. __" refers to the United States reply in support of summary judgment.

[3] Precision Pine also asserts that the United States "introduces a new argument" about the admissibility of Lorin Porter's analysis regarding product mix. Mot. for Sur-Reply at 3 (continued...)

Most of the other "examples" cited by Precision Pine involve a simple disagreement with the United States' position, albeit described using pejorative terms such as "misleading." See Mot. for Sur-Reply at 3-5 (paragraphs 2, 3, 7, 8 and 9). Precision Pine's second example, for instance, asserts that the United States "misleadingly adheres to the proposition" that Precision Pine did not "apprise the United States of any 'special circumstances' at the time of contracting." Id. at 3. The fact that the United States "adheres" to a proposition – a proposition that is fully supported by record evidence – hardly constitutes grounds for a sur-reply. More broadly, the mere fact that Precision Pine continues to disagree with the United States provides no basis for a sur-reply.

Lastly, Precision Pine cites a number of instances where evidence or argument appears in the United States' reply solely to rebut assertions made in Precision Pine's 100-page response or, more frequently, Precision Pine's 193 additional proposed findings of fact. In this connection, Precision Pine notes that the United States has questioned the admissibility of certain declarations submitted in conjunction with Precision Pine's response, cited to new documents in a supplemental appendix, and introduced "substantial new facts." Mot. for Sur-Reply at 4-5 (paragraphs 4, 6, 10, 11 and 12). Illustrative is the declaration of Patrick Jackson mentioned by Precision Pine, Mot. for Sur-Reply at 5 n.4, which discusses factual issues that are not material to the present motion (e.g., details regarding the 1997 Forest Guardians suspension), but which

---

[3](...continued)
(paragraph 5). Presumably, this vague reference is to the argument that Mr. Porter's analysis is inadmissible as a lay opinion under Federal Rule of Evidence 701. If so, Precision Pine is mistaken as the argument was previously raised in our principal brief. See Br. 23 ("Mr. Porter's estimates of product mix plainly constitute expert testimony" because Rule 701 "limit[s] non-expert testimony to 'opinions or inferences' that are 'rationally based upon the perception of the witness' and 'not based on scientific, technical or other specialized knowledge'").

were raised in Precision Pine's additional proposed findings of fact and, therefore, required a response.[4] The fact that the United States has proffered documents in order to rebut new allegations made by Precision Pine provides no basis for the sur-reply Precision Pine is seeking.

Precision Pine's request for leave to file a sur-reply hardly comes as a surprise. Indeed, Precision Pine argued that the briefing schedule should be modified to provide time to file a sur-reply long before it had seen the United States' reply brief. Precision Pine simply wants the last word. However, under the rules, the last written brief is supplied by the moving party, here, the United States. To the extent that Precision Pine wishes to further address the United States' arguments, it is free to do so during oral argument on August 10, 2004.

**2. Any Sur-Reply Should Be Limited**

The United States does not believe that a sur-reply upon any of the 12 issues identified by Precision Pine is warranted. However, should the Court conclude that further briefing upon any issue identified in Precision Pine's motion would be beneficial, the Court should limit Precision Pine's sur-reply to that particular issue. Precision Pine provides no reason to reopen this matter generally to yet another round of briefing. As Precision Pine itself points out, the RCFC are to be construed to secure the "just, speedy and inexpensive determination of every action." Mot. for Sur-Reply at 2 (quoting RCFC 1). The wholesale reopening of summary judgment briefing sought by Precision Pine would not serve these goals.

---

[4] As Precision Pine correctly points out, Mr. Jackson was not identified as a fact witness. However, there was no reason to anticipate that testimony about the MSO suspension (which this Court addressed at length in its liability decision), and the 1997 Forest Guardians suspension (which is not at issue in this action), would be required from Mr. Jackson. Notably, Mr. Jackson's testimony is not cited or relied upon in the United States' reply brief.

In addition, should the Court grant Precision Pine's motion for leave to file a sur-reply, in whole or in part, the United States respectfully requests the opportunity to respond to the sur-reply prior to oral argument. Because it is the United States that is seeking summary judgement, the United States should have the final opportunity to respond to any additional arguments or authority cited by Precision Pine in a sur-reply.

**CONCLUSION**

For these reasons, the United States respectfully requests that Precision Pine's motion for leave to file a 25 page sur-reply be denied. In the alternative, if the Court authorizes the filing of a sur-reply, the United States respectfully requests that the Court limit the issues to be addressed and provide the United States seven days to file a response to Precision Pine's sur-reply.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

OF COUNSEL:

Patricia L. Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277
(202) 307-0972 (fax)

July 28, 2004

Attorneys for Defendant