**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR IMMEDIATE STATUS CONFERENCE**

Plaintiff, Precision Pine & Timber, Inc. (Precision Pine"), hereby requests a status conference in the above-referenced case to discuss a small, but important and time-sensitive matter that has developed in the wake of the Court's decision of November 23, 2004. Given the importance of promptly obtaining necessary guidance from the Court, Precision Pine requests that defendant's response to this motion be obtained orally and that the Court decide the motion without receiving a reply from Precision Pine.[1]

As can be seen, by a letter dated and e-mailed on Wednesday, November 24, 2004 (copy attached as Exhibit 1), counsel for Precision Pine contacted counsel for the government to discuss the possibility of the parties agreeing to a post-trial procedure such as that used in the recent case of Franconia Associates v. United States, 61 Fed. Cl. 718 (2004), i.e., a case in which Judge Allegra acknowledged that "the court is ill-positioned to develop its own spreadsheets to

[1] Alternatively, given the wholly procedural nature of the instant motion, Precision Pine respectfully requests that the time for filing a response by defendant be shortened to one day and that Precision Pine be given one day to file its reply, if any.

cover each of the complexes still involved here [even after a trial]." In Franconia, the court ordered the parties to recalculate the damages owed various plaintiffs in accordance with the findings made in the post-trial opinion, and prescribed a procedure for determining the damages patterned after that outlined in Rule 155 of the Tax Court's Rules of Practice Procedure.

In view of the numerous "calculation" issues that will be the subject of the forthcoming trial, Precision Pine believes that to the extent that the Court concludes that Precision Pine is entitled to lost profits and damages, but not all of the damages that it seeks at trial, a procedure like the one used in Franconia is both appropriate and necessary. Moreover, Precision Pine also believes that such a procedure should also shorten the trial as it would avoid either side having to develop a myriad of alternative calculations based on the possibility the Court could decide various "calculation" issues in various ways.

That said, it is also Precision Pine's belief that any calculation of post-suspension profits that may be required in this matter can and should be accomplished as part of such a process. Indeed, such a calculation, if needed, would most accurately be made only after the Court has ruled on a number of "calculation" issues. For that reason, and the fact that if the amount of any post-suspension profits is to be raised during the trial, and thus be the subject of testimony and at least one exhibit, Precision Pine is obliged to commence the calculation of that profit figure immediately, counsel sought the government's concurrence with the use of a Franconia process that would include the calculation, if necessary, of any post-suspension profit.

It was counsel's belief that the trial in which Mr. Harrington is now involved is on hiatus for a few days surrounding the Thanksgiving holiday and that as a result Mr. Harrington might be able to agree to plaintiff's common-sense approach to damage calculation and thereby at least obviate the immediate need for Precision Pine to undertake the time-consuming task of calculating post-suspension profits. However, Mr. Harrington by voicemail of this morning advises that he will not have time to review the proposal until the week of December 20th, at which time he will get back to counsel for plaintiff.

Unfortunately, if plaintiff must present evidence as to the amount of post-suspension profits at trial, it cannot afford the loss of more than three weeks (i.e., the time between today and the week of December 20th) prior to whatever date will be established for the exchange of exhibits to prepare an exhibit in this regard. For this reason, Precision Pine requests that a status conference be held as soon as possible on the matters raised herein to obtain guidance from the Court.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: November 29, 2004