***SALTMAN & STEVENS, P.C.***

1801 K Street, N.W., Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
Email: asaltman@saltmanandstevens.com

November 24, 2004

**VIA EMAIL**

David A. Harrington, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Re: Precision Pine & Timber, Inc. v. United States, COFC No 98-720C

Dear David:

I understand and see from your filing today in 02-131C that your trial is in hiatus, at least, for a few days. As such, I hope that you will have a bit of time to consider something small, but important and time sensitive.

As you know, in yesterday's decision from Judge Miller on your motion for Summary Judgment, he found that "If [at trial] Precision Pine is found not to be a 'lost volume seller,' it will have to account for the profits from its post-suspension harvesting." Slip. Op. at 13. Conversely, if the Court were to find that Precision Pine was a lost volume seller, then no such calculation of post-suspension profits would be necessary. Id. Like many of the items of damage in this case, the calculation of profits from post-suspension harvesting will depend on how the Court rules on a number of other sub-issues including, but not limited to, the overrun factor to be used, the determination of lumber product mix, and the lumber product prices. For this reason, unless the court were to accept Precision Pine's position on each of these calculation issues (something which I am sure that you would argue is highly unlikely), it is entirely possible

that some additional calculations will be required after trial to more precisely determine Precision Pine's damages in accordance with the Court's rulings.

Indeed, this was true in the recent case of Franconia Associates v. United States, 61 Fed. Cl. 718 (2004), in which Judge Allegra acknowledged that "the court is ill-positioned to develop its own spreadsheets to cover each of the complexes still involved here [even after a trial]." Id. at 769. Accordingly, the judge ordered the parties to recalculate the damages owed various plaintiffs in accordance with the findings made in the post-trial opinion, and prescribed a procedure for determining the damages patterned after that outlined in Rule 155 of the Tax Court's Rules of Practice Procedure as follows:

1. Within 45 days, the parties file a status report proposing the amount of judgment that should be entered in each of the consolidated cases herein.

2. Should the parties agree regarding any or all of these proposed judgment amounts, they shall so indicate. Agreeing to the entry of such judgment, neither signifies agreement with this court's findings and conclusions nor waives any arguments or rights the parties might otherwise have, nor, in particular, impacts upon any party's right to an appeal.

3. If the parties disagree as to any of the proposed judgments, they shall, in the filing described in paragraph 1, submit competing proposals for those judgments, together with an explanation as to why they believe their proposal more accurately tracks this court's findings and conclusions.

4. The parties may file a response to any of the unagreed proposed judgments offered by the other party.

5. This process shall not be employed to reargue or seek reconsideration of any of the points resolved by this court's findings and conclusions.

6. Should this process not result in one or more judgments being able to be entered, this court may seek the appointment of a special master.

My thought is that, to the extent that Judge Miller concludes that Precision Pine is entitled to lost profits and damages, but not all of the damages that it seeks at trial, such a procedure is both appropriate and necessary. It should also shorten the trial as it would avoid either side having to develop a myriad of alternative calculations based on the possibility the Court could decide various 'calculation' issues in various ways. The purpose of this letter is to seek your concurrence in such a procedure. Moreover, since any necessary calculation of post-suspension profits could be accomplished as part of this process and, indeed, would most accurately be made only after the Court has ruled on a number of 'calculation' issues, I also seek your concurrence that any calculation of post-suspension profits, if needed, be accomplished in a post-trial proceeding like the one outlined above.

On the other hand, if the amount of any post-suspension profits needs be raised during the trial, and thus be the subject of testimony and at least one exhibit, Precision Pine is obliged to commence the calculation of that profit figure immediately. As such, to the extent that you are amenable to the suggestions outlined herein, Precision Pine wishes to seek Judge Miller's concurrence as soon as possible. Moreover, to the extent that you do not concur in this suggestion, Precision Pine would have no choice but to seek a status conference in the immediate future to raise this subject with the Court. Accordingly, please give me your thoughts on this proposal in the next few days.

Sincerely yours,

SALTMAN & STEVENS, P.C.

*Alan*

Alan I. Saltman

AIS/ecf