# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 98-720C (Judge G. Miller) |

## PLAINTIFF'S INITIAL RESPONSE TO DEFENDANT'S <u>REQUEST FOR "CLARIFICATION"</u>

This morning plaintiff was served with an electronic copy of Defendant's Motion for Reconsideration and Clarification of the Court's Opinion of November 23, 2004. Plaintiff believes that the aspect of the motion for reconsideration seeking summary judgment in favor of defendant is meritless. However, it is not to argue that point that plaintiff submits this response. Indeed, should the Court in its discretion choose to entertain defendant's motion, plaintiff recognizes that pursuant to RCFC 59(b) it will be given the opportunity by the Court to submit a response.

However, no such rule exists with regard to a request for clarification. Frankly, where mere clarification is sought, there is probably no need for such a rule. In the instant situation, however, what defendant seeks from the Court beginning at page 12 of its brief is not clarification but, rather, additional rulings. For example, at page 13 defendant appears to seek a ruling from the Court that only Forest Service timber sales actually purchased by Precision Pine

after the suspension (and not all of the sales which the Forest Service put out for sale) can be used to demonstrate that, but for the breach, Precision Pine would have manufactured the sawlogs from the breached contracts into lumber products in 1995, 1996 and early 1997, sold those products and would still have entered into subsequent lumber sales in 1997 and 1998 using other sawlogs to manufacture that lumber. As the Court will recall, however, plaintiff did argue that it had the ability to manufacture and sell lumber in both periods at page 55 of its June 9, 2004 Response to Defendant's Motion for Partial Summary Judgment. Moreover, in that Response, plaintiff also provided evidence that, but for the suspension, it would have manufactured and sold substantial quantities of lumber in both periods because, upon the lifting of the suspension, the Forest Service did, in fact, increase its timber sale offerings substantially. Id. at n.47, citing Porter Decl. ¶ 36, P. App. 652; P. App. 363-431 (identifying considerable Forest Service timber offerings in the post-suspension period).

In its reply brief, defendant did not address plaintiff's argument or evidence either factually or legally; nor did it do so at oral argument. These facts notwithstanding, 2½ months after the Court's opinion, defendant now seeks "clarification" of a point which it never put in issue in the summary judgment proceeding.

Given the above, plaintiff urges the Court to simply deny defendant's request for "clarification." If defendant feels that the existence, in and of itself, of a significant Forest Service timber sale program in the post-suspension period and any other point on which it seeks "clarification" is legally irrelevant, then it should put its arguments in its memorandum of fact

and law and in its post-trial briefing and the Court, in turn, can rule on them in its post-trial decision on quantum.

Should, for some reason, the Court choose to entertain defendant's requests for additional rulings, plaintiff requests that it be given the opportunity by the Court to submit a formal response, although plaintiff notes that such additional briefing could affect plaintiff's ability to meet the requirements laid out in the Courts pre-trial order.

Respectfully submitted,

s/Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Dated: February 4, 2005