IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR CLARIFICATION**

The United States has requested clarification of certain aspects of Precision Pine's "lost volume seller" claim both to enable the United States to prepare its defense and to facilitate the efficient presentation and resolution of the claim at trial. Precision Pine opposes this effort.[1] Accordingly, pursuant to Rule 7.2(b) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States submits this reply in support of its request for clarification with respect to Precision Pine's "lost volume seller" claim.

**DISCUSSION**

Precision Pine asserts that the United States is "not [seeking] clarification but, rather, additional rulings." Opp. at 1. Precision Pine's objection is misplaced. The sole purpose of a motion for clarification is to obtain additional guidance from the Court. Consequently, a motion for clarification necessarily seeks "additional rulings."

---

[1] Precision Pine, which captions its filing as an "[i]nitial response," asserts that it may file a response to a request for clarification – as opposed to a response to a motion for reconsideration – without explicit authorization from the Court. Opp. at 1; see also RCFC 59(b) ("No response to any motion under this rule may be filed, unless requested by the court."). The United States does not disagree. However, as a result, Precision Pine is not entitled to a second response to our motion for clarification at some later time. See Opp. at 3. The RCFC do not provide for a second response. Further, the litigation process rests upon the assumption that the parties will present their case once, to their best advantage. Bishop v. Unites States, 26 Cl. Ct. 281, 286 (1992).

To the extent that Precision Pine is objecting that the United States seeks clarification regarding issues that were not addressed "in the summary judgment proceeding," see Opp. at 2, Precision Pine is mistaken. During oral argument, the United States pointed out to the Court that Precision Pine had not identified any substitute transactions, that its lost volume seller claim was speculative and vague, and that summary judgment was therefore warranted. Tr. at 71 (Aug. 10, 2004) ("Mr. Saltman talks about harvesting the breached sales and then talks about harvesting other sales, . . . but there is no evidence in the record and no contentions about what these other sales are."); see also Tr. 72-76. In any event, Precision Pine cites no authority for the illogical proposition that a request for clarification should be denied if the issues were not previously argued. The salutary purposes of clarification would be stifled by such a limitation.

Lastly, and significantly, Precision Pine does not dispute that it has failed to identify any "subsequent transactions" that could qualify as substitutes for the suspended timber sale contracts. See Opp. at 2-3; see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (In opposing summary judgment, the non-moving party must “make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof . . . at trial.”).

## CONCLUSION

Clarification will be beneficial for both the parties and the Court as it will prevent confusion and streamline the presentation of Precision Pine's lost volume seller claim at trial. Accordingly, the United States respectfully requests that the Court grant its motion for clarification regarding the parameters of the lost volume seller claim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

February 7, 2005