# In the United States Court of Federal Claims

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, | ) | No. 98-720 C |
| v. | ) | Filed February 7, 2005 |
| THE UNITED STATES, Defendant. | ) | |

**OPINION AND ORDER**

On December 30, 2004, plaintiff filed a Motion for Partial Reconsideration and Clarification. Plaintiff sought reconsideration of the Court's November 23, 2004 decision, *Precision Pine & Timber, Inc. v. United States*, 63 Fed. Cl. 122 (2004), granting defendant's motion for summary judgment regarding plaintiff's claim for "unanticipated interest expenses." Defendant filed a Response in Opposition to Plaintiff's Motion for Reconsideration and Clarification on January 25, 2005. Plaintiff tendered for filing a Reply in Support of Its Motion for Reconsideration on January 31, 2005, which was filed by leave of court on February 7, 2005. The Court ruled on plaintiff's Motion for Clarification by order dated January 6, 2005. The Court now addresses plaintiff's Motion for Partial Reconsideration.

Motions for reconsideration are governed by RCFC 59, and are granted at the sole discretion of the court–not as a matter of right. *See Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000). A showing of extraordinary circumstances is necessary before a party may prevail on its motion for reconsideration. *Fru-Con Constr.*, 44 Fed. Cl. at 300. "This showing, under RCFC 59, must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Id.* (internal citations omitted). A motion for reconsideration is improper when based upon "the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise a losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged with no more satisfactory results, as there would still be a losing party in the end." *Roche v. District of Columbia*, 18 Ct. Cl. 289, 290 (1883). "Because of a strong public policy disfavoring reconsideration based upon facts already in the record at the time of the original conclusion, a party's motion for reconsideration must be premised upon much more than a mere re-argument of positions already advanced before the

court." *Anchor Savings Bank, FSB v. United States*, 63 Fed. Cl. 6, 7 (2004) (citing *Fru-Con Constr.*, 44 Fed. Cl. at 301). Additionally, the movant is not permitted to present new legal theories or facts that could have been raised earlier. *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992).

Having reviewed plaintiff's motion for partial reconsideration and the parties' respective briefs, the Court has concluded that the motion for reconsideration is principally an attempt by plaintiff to re-argue, based upon facts already in the record and cases available to plaintiff at the time defendant's motion for summary judgment was initially briefed, its position regarding its claim for increased interest expenses under both the common law and clause CT 6.01 of the timber sale contracts. The Court adheres to its November 23, 2004 decision. *See Precision Pine*, 63 Fed. Cl. 122.

Plaintiff's Motion for Partial Reconsideration is DENIED.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge