# In the United States Court of Federal Claims

No. 98-720 C
Filed February 14, 2005
TO BE PUBLISHED

| | |
|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | Motion for reconsideration, causation, lost profits, "substantial factor" and "but for" tests |

Alan I. Saltman, Saltman & Stevens, P.C., Washington, D.C., for plaintiff. Richard W. Goeken, Saltman & Stevens, P.C., Washington, D.C., of counsel.

David A. Harrington, Trial Attorney, Kathryn A. Bleecker, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant. Lori Polin Jones and Patricia L. Disert, U.S. Department of Agriculture, Washington, D.C., of counsel.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

On February 3, 2004, defendant filed a motion for partial reconsideration and clarification. Defendant sought reconsideration of the Court's November 23, 2004 decision, *Precision Pine & Timber, Inc. v. United States*, 63 Fed. Cl. 122 (2004), in which the court stated that the proper test for causation is the "substantial factor" test and found that plaintiff had raised genuine issues of material fact sufficient to survive summary judgment on the issue of causation. Defendant's motion for clarification is addressed in a separate order filed this date.

Motions for reconsideration are governed by United States Court of Federal Claims Rule ("RCFC") 59, and are granted at the sole discretion of the court–not as a matter of right. *See Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000).

A showing of extraordinary circumstances is necessary before a party may prevail on its motion for reconsideration. *Fru-Con Constr.*, 44 Fed. Cl. at 300. "This showing, under RCFC 59, must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Id.* (internal citations omitted).

On January 19, 2005, the United States Court of Appeals for the Federal Circuit issued a decision in which it stated, "the Court of Federal Claims correctly rejected the 'substantial factor' test advocated by [plaintiff]." *Cal. Fed. Bank v. United States*, 2005 WL 95171 at *5 (Fed. Cir. 2005). The court held that "the causal connection between the breach and the lost profits must be 'definitely established.'" *Id.* (citing *La Van v. United States*, 382 F.3d 1340, 1351 (Fed. Cir. 2004)). "The inability to prove by a preponderance of evidence that profits would have been made *but for* the breach will therefore preclude recovery on a lost profits theory." *Id.* (emphasis added). The court explained, however, "[t]hat is not to say that the breach must be the sole factor or sole cause in the loss of profits. The existence of other factors operating in confluence with the breach will not necessarily preclude recovery based on the breach." *Id.*

Although our decision of November 23, 2004 adopted the "substantial factor" test, the substance of that test as set forth in our opinion is substantially similar to the test set forth in *California Federal*:

> A breach is a "substantial factor" causing the lost profits if it directly and primarily caused the injuries. *American Savings Bank, F.A. v. United States*, 62 Fed. Cl. 6, 26 (2004) (citing *Columbia First Bank*, 60 Fed. Cl. at 105). "Plaintiffs must first show that defendant's breach produced damage 'inevitably and naturally, not possibly or probably.'" *Franconia Associates v. United States*, 61 Fed. Cl. 718, 747 (2004) (quoting *Ramsey v. United States*, 121 Ct. Cl. 426, 101 F. Supp. 353, 357 (1951)). The Federal Circuit held that "'if the profits are such as would have accrued and grown out of the contract itself, as a direct and immediate result of its fulfillment, then they would form a just and proper item of damages, to be recovered against the delinquent party upon a breach of the agreement.'" *Energy Capital*, 302 F.3d at 1328 (quoting *Wells Fargo Bank, N.A. v. United States*, 88 F.3d 1012, 1022-23 (Fed. Cir. 1996)). In order to establish that losses were "proximately caused" by defendant's breach, plaintiff need not show that defendant's conduct was the "sole" cause of its damages. *Franconia,* 61 Fed. Cl. at 750 (citing *Long Island Sav. Bank, FSB v. United States*, 60 Fed. Cl. 80, 90 (2004); *Westfed Holdings, Inc. v. United States*, 55 Fed. Cl. 544, 553 (2003)). Under this standard, plaintiff "need not show that each dollar claimed was entirely unaffected by outside events." *Id.* (citing *Citizens Federal Bank, FSB v. United States*, 59 Fed. Cl. 507, 514-15 (2003)).

*Precision Pine*, 63 Fed. Cl. at 128. While we called this the "substantial factor" test, it possesses

the same core requirements set forth in *California Federal*, *i.e.*, the breach must cause the injury "directly and primarily," and "inevitably and naturally, not possibly or probably." *Id.* Additionally, this Court's November 2004 opinion recognized that "plaintiff need not show that defendant's conduct was the 'sole' cause of its damages." *Id.*; *Cal. Fed.*, 2005 WL 95171 at *5 ("That is not to say that the breach must be the sole factor or sole cause in the loss of profits.").

The Court recognizes that it is bound by the Federal Circuit's decision in *California Federal*, and will evaluate Precision Pine's claim for lost profits under the causation standard set forth in that case. But because the standard articulated in our November 2004 decision was substantially the same as the standard set forth in *California Federal*, we adhere to our decision that Precision Pine has raised genuine issues of material fact as to whether the Forest Service's suspension of the contracts at issue caused the lost profits that plaintiff is seeking. Defendant's motion for reconsideration is therefore DENIED.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge