# In the United States Court of Federal Claims

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, | ) | No. 98-720 C |
| v. | ) | Filed February 14, 2005 |
| THE UNITED STATES, Defendant. | ) | |

## OPINION AND ORDER

On February 3, 2004, defendant filed a motion for partial reconsideration and clarification. Defendant sought reconsideration of the Court's November 23, 2004 decision, *Precision Pine & Timber, Inc. v. United States*, 63 Fed. Cl. 122 (2004), in which the court stated that the proper test for causation is the "substantial factor" test and found that plaintiff had raised genuine issues of material fact sufficient to survive summary judgment on the issue of causation. The Court addressed defendant's motion for reconsideration in a separate order filed this date. Defendant sought clarification regarding Precision Pine's "lost volume seller" theory. Plaintiff filed an Initial Response to Defendant's Request for Clarification on February 4, 2005. Defendant filed a Reply In Support of Its Motion for Clarification on February 7, 2005.

Defendant asserts that clarification is "necessary in order for the United States to prepare a defense to the lost volume seller claim that the Court is allowing to proceed to trial." Def.'s Mot. at 13. The Court has set forth as fully as possible in its opinion the lost volume seller theory upon which plaintiff is relying in order to avoid offsetting its post-suspension harvesting profits against its damages calculation.

Pursuant to the scheduling order issued on January 4, 2005, the parties will be exchanging pre-trial memoranda of contentions of fact and law, witness lists, and exhibit lists. The information provided by plaintiff in those documents will enable defendant to prepare a defense to Precision Pine's lost volume seller theory. Furthermore, defendant will have an opportunity through its pre-trial brief, questioning of witnesses at trial, its post-trial brief, and closing argument to set forth its arguments against plaintiff's assertion that it is a lost volume seller. We are not inclined to try to spell out in advance of trial the evidence that plaintiff may present on the issue of lost volume seller.

Defendant's motion for clarification is DENIED.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge