SALTMAN & STEVENS, P.C.

1801 K Street, N.W., Suite M-110, Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
Email: rgoeken@saltmanandstevens.com

March 8, 2005

**VIA FACSIMILE**

David A. Harrington
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Re: Precision Pine & Timber, Inc. v. United States, CoFC No. 98-720C

Dear David:

This letter is in response to your first letter of March 7, 2005. In that letter, you raise the issue of verification of interrogatory responses. After receiving your letter, I had a chance to review the law on this issue. It is well-settled that a "corporate party" may respond to interrogatories through its agents, that such agents include counsel, and that the signature of counsel is sufficient verification of interrogatory responses. See, e.g., Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 221 (D.D.C. 2001) (Collecting numerous authorities), accord City of Chicago v. Reliable Truck Parts Co. Inc., 1989 WL 32923 * 3 (N.D. Ill. 1989) ("The point is that a corporation has relationships with innumerable individuals who would be appropriate agents for pleading and discovery purposes"). Therefore, because the interrogatory responses in this matter were signed by counsel (i.e., Precision Pine's agent), the government has been provided with the required verifications. I believe these cases resolve the matter, but if you do not share my view, please let me know.

With regard to the end date of the suspensions caused by the injunction, the documents cited in your letter demonstrate that this suspension was lifted for sales on the Apache-Sitgreaves National Forest as well as for sales on the Coconino National Forest by letters dated December 5, 1996, i.e., seven of the 10 sales that remained suspended at that time. Additionally, this suspension on the Salt sale was lifted by letter dated December 9, 1996 and on the Manaco sale by letter dated December 10, 1996. We are willing to stipulate to these facts. I will attempt to incorporate them into the revised draft stipulations that I am working on. I have not located a letter formally lifting the suspension on the Saginaw-Kennedy sale. If you have included such a letter on your preliminary exhibit list, please identify it for us.

David A. Harrington
U.S. Department of Justice
March 8, 2005
Page 2

Your letter also discusses your desire to confirm the information set forth in the summary exhibits that we propose to use at trial. As you will note, in accordance with ¶ 13(a) of RCFC Appendix A, for each summary exhibit, we have described the source(s) for the items or figures set forth on the summary, indicated that the source(s) were (or are now) in the possession of the government, and noted the person(s) who prepared the summary. By and large, how the summaries were complied is quite obvious; however, to the extent that there are questions in this regard, and because counsel-produced nearly all of the summaries at the direction of Precision Pine, Alan and/or I would be more than willing to sit down with you at a mutually convenient time and explain how those summaries regarding which you have questions were prepared. In addition, if you would let us know when the government will be conducting its examination of the source materials (which you already have) for each document, we will also make the person(s) who prepared the document available at that time to provide any further explanation that is necessary.

Finally, as noted in your letter, we too anticipate that the government should be able to stipulate to the information contained on Precision Pine's summary exhibit with respect to post-suspension timber sale offerings, as that summary exhibit is derived from information reported by the Forest Service itself.

Very truly yours,

SALTMAN & STEVENS, P.C.

Richard W. Goeken

RWG/bjr