**U.S. Department of Justice**

Civil Division

DMC:KAB:DHarrington
DJ No. 154-98-720

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

March 9, 2005

*Via Facsimile & U.S. Mail*

Alan I. Saltman, Esq.
Richard W. Goeken, Esq.
Saltman & Stevens, P.C.
1801 K Street, N.W.
Washington, D.C. 20006

FILE

Re: *Precision Pine & Timber, Inc. v. United States*,
Fed. Cl. No. 98-720C (Judge George W. Miller)

Dear Mr. Goeken:

I am writing to in response to your March 8, 2005 letter. With respect to the verification of interrogatory answers, your letter suggests that Precision Pine intends to renege on our previous agreement to exchange verification sheets for the parties' interrogatory answers. I am disappointed that you appear unwilling to resolve this issue amicably. The Rules of the Court of Federal Claims plainly require that the each interrogatory "be answered separately, fully in writing under oath." RCFC 33(b)(1). No verification under oath of Precision Pine's original and supplemental interrogatory answers has been provided.

Your letter correctly notes that interrogatory answers by a corporate party may be verified by the party's agents and that such agents include counsel. However, the verification requirement is not somehow negated by a signature in counsel's capacity as attorney of record. See, e.g., Shepherd v. American Broadcasting Companies, 62 F.3d 1469, 1482 (D.C. Cir. 1995). (Rule 33 "permits a representative of a corporate party to verify the corporation's answers") (emphasis added). If Precision Pine continues to refuse to provide the required verification, we will have no choice but to raise the issue with the Court. If Precision Pine chooses to use counsel as its corporate representative for the verification of interrogatory answers, we reserve the right to add counsel to our final witness list.

With respect to a stipulation regarding the end of the MSO suspension, it is law of the case that December 4, 1996 is the end date of the MSO suspension for the Brookbank, Hay, Jersey Horse, Kettle, Manaco, Monument, O.D. Ridge, Salt, Saginaw-Kennedy and U-Bar contracts. Precision

Pine & Timber, Inc. v. United States, 50 Fed. Cl. 35, 38 (2001).[1] This is confirmed by DX 429, which shows that notice was given to Precision Pine on December 4, 1996, and DX62, which shows that Precision Pine began preparations for harvesting the Hay contract on December 4, 1996.[2] It would be disappointing if Precision Pine were unwilling to stipulate to this previously established fact.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

---

[1] As you know, the suspension of the Brann, Hutch-Boondock, St. Joe, and Mud contracts had been lifted previously.

[2] Additionally, Precision Pine was informed in writing on December 5, 1996 that it was "authorized to initiate harvesting activity on any and all of the Forest Service timber sales you currently hold under contract." DX17