SALTMAN & STEVENS, P.C.

1801 K Street, N.W., Suite M-110, Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
E-mail: rgoeken@saltmanandstevens.com

March 10, 2005

**VIA FACSIMILE**

David A. Harrington
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Re: Precision Pine & Timber, Inc. v. United States, CoFC No. 98-720C

Dear David:

I am in receipt of your letter dated March 9, 2005. I disagree with your suggestion that Precision Pine intends to "renege" on an agreement. The government sought interrogatory answers signed in conformity with the requirements of Rule 33. As the case law and numerous authorities cited therein provided by Precision Pine make clear (and which your letter does not discuss), signature of counsel satisfies Rule 33. Accordingly, the government has been provided with what it sought.

The government has identified no authority to the contrary and the lone case cited in your letter indicates that counsel may, in fact, sign interrogatory answers on behalf of a corporation. Sheppard v. American Broadcasting Companies, 62 F.3d 1469, 1482 (D.C. Cir. 1995). Moreover, that case provides that:

> Federal Rule of Civil Procedure 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by "furnish[ing] such information as is available *to the party*." [Citations omitted]. Of course, the representative must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate.

Id. As to the contention in your letter that counsel of record may not sign interrogatories as an agent of the corporation, this is simply incorrect. As one of the cases Precision Pine provided to the government yesterday holds:

David A. Harrington
U.S. Department of Justice
March 10, 2005
Page 2

> Plaintiff's argument that the Magistrate Judge erred by allowing defense counsel instead of an employee of the defendant, to sign the interrogatory responses lacks merit as well. . . . Thus, it was not error for Magistrate Judge Robinson not to compel an actual officer of the defendant to sign the interrogatory responses when defendant's counsel had already signed them.

Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 221 (D.D.C. 2001) (emphasis supplied).

Furthermore, wholly consistent with my experience with the way that the government responds to interrogatories in cases at the Court of Federal Claims, the government itself did not "verify" its original interrogatories answers on damages in this case that were provided to Precision Pine back in the summer of 2003. In this regard, it appears that the government understands that the signature of counsel satisfies RCFC 33. If you have some specific concern about a particular aspect of Precision Pine's interrogatory responses, I would be happy to discuss it with you.

With respect to the end date of the suspension, as noted in my letter of March 8, 2005, I am currently preparing stipulations, including one addressing the end of the suspension. I fully expect that a stipulation is possible. Although you cite a letter dated December 5, 1996 purporting to lift the suspension on "all" of Precision Pine's sales, that letter was signed by one CO on one National Forest. I think you would agree that this single CO did not have the authority to lift the suspension on all of Precision Pine sales region-wide. Indeed, if that one CO did have such authority, subsequent letters actually sent by other COs that do formally lift the suspension on other National Forests would have been wholly unnecessary.

I suggest that we continue to work through stipulations and other issues amicably as we have been doing, as I believe that there is common ground to be found.

Very truly yours,

SALTMAN & STEVENS, P.C.

Richard W. Goeken

RWG/ecf