**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S STATUS REPORT**

Defendant has sought a "status conference" apparently in an attempt to obtain interrogatory responses signed in accordance with Rule 33 of the Rules of the Court of Federal Claims.[1] However, defendant has long been in possession of interrogatory responses signed by counsel for Precision Pine. As the case law makes clear, and as Precision Pine has explained to counsel for the defendant, the signature of counsel fully satisfies the requirements of Rule 33. Indeed, the very argument that defendant makes in the correspondence to counsel for Precision Pine has been uniformly rejected by the courts. For example, in Gluck v. Ansett Australia Ltd., 204 F.R.D. 217 (D.D.C. 2001), the court held that:

> Plaintiff's argument that the magistrate judge erred by allowing defense counsel, instead of an employee of the defendant, to sign the interrogatory responses lacks merit as well. Rule 33 of the Federal Rules of Civil Procedure "expressly provides that interrogatories directed to a corporate party may be answered 'by any officer or agent, who shall furnish such information as is available to the party.' **This language has been uniformly construed to authorize 'answers by an attorney' for the party."** Wilson v. Volkswagen of America, Inc., 561 F.2d

[1]Defendant has not filed any motion and has not sought any specific relief from the Court, however, to the extent that it seeks to do so for the first time during the Status Conference, Precision Pine respectfully requests the right to file a formal response and then to be heard on the issue.

> 494, 508 (4th Cir.1977) (citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2172, p. 538; United States v. 42 Jars More or Less, etc., 264 F.2d 666, 670 (3d Cir.1959); Fernandes v. United Fruit Company, 50 F.R.D. 82, 85-86 (D.Md.1970)). Thus, it was not error for Magistrate Judge Robinson not to compel an actual officer of the defendant to sign the interrogatory responses when defendant's counsel had already signed them.

Id. at 221 (D.D.C. 2001) (emphasis supplied); accord City of Chicago v. Reliable Truck Parts Co. Inc., 1989 WL 32923 * 3 (N.D. Ill. 1989) ("The point is that a corporation has relationships with innumerable individuals who would be appropriate agents for pleading and discovery purposes").[2]

As Wright, Miller, and Marcus also note, under the original Rule 33, it had been held that an attorney could not answer interrogatories addressed to a corporation, but the1948 amendments allowed either a corporate officer or agent to answer, which "clearly authorizes answers by an attorney." 8A FEDERAL PRACTICE AND PROCEDURE § 2172 at 286. The treatise makes no distinction between in-house counsel and counsel representing a party in litigation and adds: "Nice inquiries as to who is an agent within Rule 33 seem unnecessary. If the corporation designates someone to answer interrogatories for it, that person is its agent for that purpose." Id.

When this "issue" was emerging, Precision Pine requested that defendant provide support for its belief that the signature of counsel was insufficient to comply with Rule 33. However, the lone case identified by defendant in response actually supports Precision Pine's view and that of the case law and treatises that counsel may sign interrogatory answers on behalf of a corporation:

---

[2]As the Rules Committee Note to RCFC 33 makes clear: "RCFC 33 is identical to FRCP 33."

> Federal Rule of Civil Procedure 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by "furnish[ing] such information as is available *to the party.*"

Sheppard v. American Broadcasting Companies, 62 F.3d 1469, 1482 (D.C. Cir. 1995) (citations omitted). Here, in accordance with Rule 33, the interrogatory answers of a corporate party, Precision Pine, have been furnished by counsel based on such information as was available to the party.

Indeed, during paper discovery in this case, both Precision Pine and the government submitted the signatures of counsel along with their interrogatory responses and neither party provided any separate "verification."[3] This practice is the same as has been used by counsel for Precision Pine in litigation with the Department of Justice in the Court of Federal Claims over many years.

Finally, even assuming that defendant could have properly moved for the verification of interrogatories that it now seeks, the time for doing so is long past as paper discovery in this case has been closed for more than a year.

[3]The government provided answers to Precision Pine's interrogatories on July 14, 2003 and only provided a verification in the form it now appears to demand of Precision Pine on March 7, 2005. Many of the interrogatories served by Precision Pine sought information about the government's understanding of and defenses to Precision Pine's damages claims. The individual "verifying" the government's answers, Mr. Marlin A. Johnson, could seemingly have little or no basis for verifying the accuracy of the government's responses on these issues and, in fact, has not been identified as a potential or actual trial witness by either party.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: March 15, 2005

F:\Files\SHARE\FLWP20\PRECISION\MUECKE\Quantum\Trial\Correspondece with Harrington\PLAINTIFF'S STATUS REPORT.doc