# In the United States Court of Federal Claims

| | |
|---|---|
| PRECISION PINE & TIMBER, INC.,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 98-720 C<br><br>Filed March 17, 2005 |

**ORDER**

On March 16, 2005, the Court held a status conference. The Court had before it Plaintiff's Status Report and Defendant's Status Report, both filed March 15, 2005. Based on discussion with the parties, the Court ORDERS as follows:

1. By Friday, March 18, 2005, plaintiff shall file and serve a further status report, either identifying the individual who will verify plaintiff's answers to interrogatories, or setting forth the legal argument as to why, in light of the case law discussed during the status conference, such verification is unnecessary.

2. Pursuant to paragraph 8 of the January 4, 2005 Scheduling Order, defendant may submit expert rebuttal reports from two of its experts, Mr. Adkins and Mr. Newberger, in response to the revised report of plaintiff's expert, Mr. Ness. The depositions of Messrs. Adkins and Newberger shall take place in Washington, D.C. The Government shall bear the expense of Mr. Newberger's travel from California to Washington, D.C. for his deposition.

3. The Court and the parties discussed preliminarily the possibility of allotting each party a certain number of hours during which to present its case at trial, including cross-examination of, and objections to the testimony of, the other party's witnesses. Time devoted to opening and closing arguments, argument on any motion for judgment at the conclusion of the plaintiff's case, and questions posed to witnesses by the Court would not count against the time limit. The Court is continuing to consider whether to proceed in this manner and, if so, what the time limit should be. By April 11, 2005, the parties shall each file and serve a status report proposing a reasonable time limit for the presentation of each party's case.

4. The parties have stated that they contemplate calling many of the same witnesses. In the interest of efficiency and to minimize inconvenience to the witnesses, plaintiff will conduct its direct examination of a witness also listed by defendant, followed by defendant's cross-examination, and plaintiff's redirect examination. Defendant will then have an opportunity to conduct its direct examination of that witness, followed by plaintiff's cross-examination, and defendant's redirect examination. This procedure shall not affect defendant's right to move under Rule 52(c) for judgment as a matter of law at the conclusion of plaintiff's case.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge