**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE**
**PLAINTIFF'S EXHIBIT 287 AND RELATED TESTIMONY**

Pursuant to Rules 7, 26(a) and 37(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, moves to exclude plaintiff's exhibit 287 ("PX287") and all rebuttal testimony from the exhibit's author.[1] Plaintiff's exhibit 287 is a new expert report prepared by Robert A. Ness, whom the plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), intends to offer as an expert witness in this action. See Pl.'s Final Witness List (filed Mar. 7, 2005) (docket no. 291). This rebuttal report is dated February 26, 2005, exceeds 100 pages, and consists largely of a set of complex spreadsheets on lumber prices.[2] It was never served upon or disclosed to the United States as required by RCFC 26(a).

---

[1] As explained below, the United States has been prejudiced by Precision Pine's failure to disclose PX287 as required by RCFC 26(a). Both to give Precision Pine the fullest opportunity to respond, and because of the importance of this motion for trial preparation, the United States is filing this motion *in limine* in advance of the April 18, 2005 deadline. The United States anticipates filing additional motions *in limine* on or before April 18, 2005.

[2] PX287 is the third report prepared by Mr. Ness upon behalf of Precision Pine in this action, but the only report that concerns rebuttal testimony. This motion does not pertain to Mr. Ness's original report, which is an affirmative report concerning alleged damages, see PX131 (dated Nov. 14, 2003), nor to Mr. Ness's second report, which is a supplemental report concerning post-suspension harvesting, see PX182 (dated Feb. 7, 2005).

Accordingly, the report, and all rebuttal testimony from the report's author, should be excluded from evidence.

## BACKGROUND

On November 4, 2003, Precision Pine was directed to serve expert reports in this action by November 18, 2003. Order of Chief Judge Damich (Nov. 4, 2003) (docket no. 194). Expert reports from the United States were due on January 5, 2004. Order of Chief Judge Damich (Dec. 5, 2003) (docket no. 205).

On November 18, 2003, Precision Pine served an affirmative expert report by Mr. Ness. See PX131. This report addressed alleged damages resulting from the MSO suspensions. Id. On January 5, 2004, the United States served an expert report by former DCAA auditor, Wayne Moosman. See DX777. Mr. Moosman's report analyzed and discussed various aspects of Precision Pine's damages claims. Id. Precision Pine served no expert report addressing or rebutting the report from Mr. Moosman. See RCFC 26(a)(2)(C) (providing, in the absence of other directions from the court, 30 days to serve rebuttal reports); RCFC 26(a)(4) (requiring that all disclosures under RCFC 26(a)(2) "be made in writing, signed, and served"). Precision Pine took Mr. Moosman's deposition on February 19, 2004. All discovery in this action closed on February 23, 2004. Order of Judge George W. Miller (Feb. 3, 2004) (docket no. 219).

On January 4, 2005, after ruling upon the United States' motion for summary judgment, the Court permitted Precision Pine to produce a supplemental expert report addressing "post-suspension harvesting." Order of Judge George W. Miller (Jan. 4, 2005) (docket no. 270). Precision Pine did not seek, and the Court did not allow, an expert report on any other subject.

The Court directed Precision Pine to serve its supplemental expert report by February 7, 2005. Id.

On February 7, 2005, Precision Pine served a supplemental report by Mr. Ness that addressed post-suspension harvesting. PX182. Precision Pine did not serve, or inform the United States that it intended to produce, any other expert reports. See id. The United States took the deposition of Mr. Ness on February 25, 2005.

On February 22, 2005, Precision Pine served a preliminary exhibit list.[3] Pl's. Preliminary Exhibit List (attached, in pertinent part, as Exhibit A). The preliminary exhibit list contained an exhibit described as: "Rebuttal Exhibit re: Moosman's use of sales journals." Id. at 11. Neither this description, nor Precision Pine's counsel, informed the United States that PX287 actually was a new expert report.[4] On March 7, 2005, Precision Pine filed its final exhibit list. See Pl.'s Final Exhibit List (docket no. 291). At about the same time, at the request of undersigned counsel, Precision Pine provided the United States a copy of various documents identified as exhibits, including PX287. Only after reviewing individual documents did defense counsel become aware that an undisclosed rebuttal report by Mr. Ness had been included with Precision Pine's other exhibits.

---

[3] On Precision Pine's preliminary exhibit list, PX287 was identified as plaintiff's exhibit 121. See Pl.'s Final Exhibit List at 12 (filed Mar. 7, 2005). The description used for the document was the same on both the preliminary and final lists.

[4] Mr. Ness's rebuttal report is dated February 26, 2005. PX287. This is three days after Precision Pine's preliminary witness list was served and one day after Mr. Ness's February 25, 2005 deposition.

**ARGUMENT**

PX287 is a new, undisclosed expert report. See PX287 (attached, without exhibits, as Exhibit B). The report is over 100 pages and provides a complex pricing analysis that required expertise to prepare, and purports to respond to the conclusions of defendant's accounting expert. See DX287. It was prepared by Precision Pine's expert, Robert A. Ness, and uses the same format as Mr. Ness's original and supplemental reports. See PX131; PX182. PX287 was not disclosed as required by RCFC 26(a). Instead, it was simply placed, without notice, on Precision Pine's list of trial exhibits.

"A party that without substantial justification fails to disclose information required by RCFC 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . information not so disclosed" RCFC 37(c)(1). "The sanction of exclusion under rule 37 is automatic and mandatory unless the sanctioned party can show that its violation of rule 26 was either justified or harmless."[5] Tritek Technologies, Inc. v. United States, 63 Fed. Cl. 740, 750 (2005) (citing Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.1996), and Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir.1998)) (brackets omitted). The burden rests with the party facing sanctions to prove that its violation of rule 26 was justified or harmless. Id. (citing Wilson v. Bradlees of New England, 250 F.3d 10, 21 (1st Cir. 2001), and Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001)). In addition to the automatic exclusion of

[5] "The advisory committee thought that the evidence preclusion sanction of Rule 37(c)(1) would be 'self-executing' and 'automatic' in its application to failure to make the disclosures Rule 26(a) requires. As a practical matter, however, the court [does] not know that evidence a party offers should have been, but was not, disclosed unless the opponent brings the matter to the court's attention. The opponent can do so through a motion *in limine* prior to trial." 6 Moore's Federal Practice § 26.27[2][a] (3d ed. 2004) (citing Fed. R. Civ. P. 37(c)(1), advisory committee note (1993)).

undisclosed evidence, the Court may in its discretion award reasonable expenses, including attorney's fees, caused by the failure to disclose, and may impose any other sanctions authorized by RCFC 37(c)(2). RCFC 37(c)(1); see also RCFC 37(c)(2) (authorizing the Court to order facts be taken as established, to strike the non-disclosing party's pleadings, or to dismiss the action or part of the action).

Under RCFC 26(a), Precision Pine was required to serve upon the United States any rebuttal to Mr. Moosman's expert report by February 4, 2004. See RCFC 26(a)(2)(C) (requiring disclosure of any rebuttal report within 30 days of receipt of the principal report); RCFC 26(a)(4) (requiring that reports be in writing, signed and served). It failed to do so. However, Precision Pine did not merely disregard this deadline. It allowed discovery to close, waited an additional year and then, without notice to opposing counsel or the Court, included a rebuttal report on its exhibit list. Buried along with nearly 300 other documents, Precision Pine failed to accurately describe the new rebuttal report as an expert report by Mr. Ness. Rather, it omitted Mr. Ness's name and characterized the report as a "rebuttal exhibit" – a vague description that did nothing to inform counsel (or the Court) that Precision Pine was proffering a new expert report a bare two months before trial. Precision Pine's attempt to add a previously-undisclosed expert report to its exhibit list without notice to opposing counsel, or leave from the Court, should not be countenanced.

There exists no possible justification for Precision Pine's failure to disclose Mr. Ness's rebuttal report. See 6 Moore's Federal Practice § 26.27[2][c] (a lack of excuse precludes a finding of substantial justification) (citing cases). According to the rebuttal report itself, Mr. Ness recognized the issues addressed in rebuttal report in February 2004 and communicated

this to counsel. PX287 at 1 ("After attending the deposition of Mr. Wayne Moosman, the government's accounting expert, I raised [with counsel] several issues regarding Mr. Moosman's use of Precision Pine's Sales Journals."). This was more than a year before Mr. Ness's rebuttal report surfaced. During this intervening period, Precision Pine's counsel undoubtedly was aware that Mr. Ness was preparing a rebuttal report. See PX287 at 1 ("At your request, I have completed my own analysis of the Precision Pine Sales Journals."). Yet counsel failed to notify the United States or seek leave from the Court to serve a rebuttal report.[6] Simply put, there exists no justification for Precision Pine's failure to abide by the disclosure requirements of RCFC 26(a)(2).

Furthermore, Precision Pine's failure to disclose Mr. Ness's report is not "harmless." "The purpose of a 'detailed and complete' expert report as contemplated by Rule 26(a) . . . is, in part, to . . . prevent ambush at trial." Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficiencia De Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001) (citing Fed.R.Civ.P. 26 advisory Committee's note); see also Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992) (stating that "[t]his sort of disclosure is consonant with the federal courts' desire to make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent"). Because defendant's counsel did not receive Mr. Ness's rebuttal report

---

[6] Indeed, the preparation of supplemental reports and rebuttal reports was specifically discussed with the Court on several occasions in late 2004 and early 2005. See, e.g., Order of Judge George W. Miller (Jan. 4, 2005) (setting a schedule for the submission of a supplemental report from Precision Pine on post-suspension harvesting and rebuttal reports from the United States). At no point did plaintiff's counsel indicate that Precision Pine intended to submit a rebuttal report such as PX287.

until shortly before trial, the introduction of this report into evidence, and rebuttal testimony from Mr. Ness regarding his analysis and conclusions, would be grossly prejudicial.

Mr. Ness's rebuttal report contains over 100 pages, most of which are complex spreadsheets concerning lumber prices. See PX287. The United States could not cross-examine Mr. Ness regarding his analysis and conclusions without an expert analysis of the report and a subsequent deposition of Mr. Ness. Because Mr. Moosman, who performed an initial analysis on defendant's behalf, is unavailable to analyze the new rebuttal report,[7] the United States would have to locate, retain and consult with a new accounting expert. Only then could a meaningful deposition occur. This almost certainly could not be accomplished before the May 12, 2005 trial, and would in any event seriously disrupt defendant's trial preparations. Precision Pine's non-disclosure is, therefore, not harmless. See Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998) (a party's failure to disclose an expert's opinion was not harmless because of prejudice to the other party and the disruption of the court's trial docket that would result from a continuance to allow the other party to alleviate prejudice); 6 Moore's Federal Practice § 26.27[2][d] ("if a party's failure to disclose that an expert witness would testify to a certain opinion would cause the other parties prejudice because of a lack of time to prepare to refute the opinion at trial . . . [then] the nondisclosure is not harmless"). Accordingly, the Court should exclude PX287 from evidence and preclude Mr. Ness from proffering rebuttal testimony at trial. RCFC 37(c)(1); see also Ortiz-Lopez, 248 F.3d at 35; Trost, 162 F.3d at 1008.

---

[7] Mr. Moosman – a former DCAA auditor – was employed by the United States Forest Service when he performed his expert report in this action. Mr. Moosman has since left his position with the Forest Service for a new position with the Department of Energy. While Mr. Moosman will be available for trial, he would not be able to spend the substantial time required to analyze and address Mr. Ness's new report.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court grant this motion *in limine*, exclude PX287 from evidence, and preclude rebuttal testimony from plaintiff's expert, Robert A. Ness.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

Patricia Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

April 7, 2005