SALTMAN & STEVENS, P.C.
1801 K Street, N.W., Suite M-110, Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
E-mail: rgoeken@saltmanandstevens.com

February 22, 2005

**VIA FACSIMILE & U.S. MAIL**

David A. Harrington, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Re: Precision Pine & Timber, Inc. v. United States, 98-720C

Dear David:

Pursuant to the Court's Pre-trial Order, attached please find Precision Pine's Preliminary Exhibit List. No final decision has yet been made as to which exhibits will actually be offered at trial and plaintiff reserves the right to amend this preliminary list in accordance with the Court's Order and the Rules of the Court of Federal Claims.

Very truly yours,

SALTMAN & STEVENS, P.C.

Richard W. Goeken

RWG/bjr
Attachment

# PRECISION PINE'S PRELIMINARY EXHIBIT LIST

1. Appraisal or Appraisal Summary for:
   a) Hay
   b) Jersey Horse
   c) O.D. Ridge
   d) Brookbank
   e) Kettle
   f) U-Bar
   g) Mud
   h) Monument
   i) Salt
   j) Manaco
   k) Saginaw-Kennedy
   l) St. Joe
   m) Brann
   n) Hutch–Boondock
   o) Outlaw
   p) Barber
   q) Campbell
   r) Limestone

2. Sawmill Production Reports

Heber

1/94, 2/94, 3/94, 4/94, 6/94, 7/94, 8/94, 9/94, 10/94, 11/94 12/94
1/95, 2/95, 4//95, 5/95, 6/95, 7/95, 8/95, 9/95, 11/95, 12/95
1/96, 2/96, 3/96, 4/96, 5/96, 6/96
10/97, 11/97, 12/97
1/98, 2/98, 4/98, 5/98, 6/98, 9/98, 10/98, 11/98, 12/98
1/99, 2/99, 3/99, 6/99, 8/99, 9/99, 10/99, 11/99, 12/99
1/00

Eagar

1/94, 2/94, 7/94, 8/94, 9/94, 10/94, 11/94 12/94
1/95, 2/95, 3/95, 4/95, 5/95, 6/95, 7/95, 8/95, 9/95, 10/95, 11/95, 12/95
2/97, 3/97, 4/97, 5/97, 6/97, 7/97

Winslow

1/94, 2/94, 3/94, 4/94, 5/94, 6/94, 7/94, 8/94, 9/94, 10/94, 11/94, 12/94
1/95, 2/95, 3/95, 4/95, 5/95, 6/95, 7/95, 8/95, 9/95, 10/95, 11/95, 12/95
1/96, 2/96, 3/96, 4/96, 5/96, 6/96, 7/96, 8/96, 9/96, 10/96, 11/96, 12/96

120. Contracting Officer's final decisions on defaulted sales referenced in Robert Ness's report on post-suspension profits:
   a) Jersey Horse
   b) Monument
   c) O.D. Ridge
   d) Saginaw–Kennedy
   e) Salt
   f) U-Bar

121. Rebuttal Exhibit re: Moosman's use of sales journals

122. Summary of Precision Pine's product mix at various times

123. Summary of Precision Pine's production by lumber product (July 1994 – July 1995)

124. TSSA's for the breached sales

125. Precision Pine's CPA's (Baldwin Jones') workpapers:
   a) Inventory sheets from "Section F" for FYE 3/31/94, 3/31/95, 3/31/96, 3/31/97, 3/31/98; inventory sheet dated 8/31/95
   b) Lead schedules for FYE 1997 and 1998

126. Precision Pine's CPA's (Baldwin Jones') financial statements for the FYE 3/31/91-3/31/98

127. Winslow Sales Journal 1994-2000

128. Precision Pine's Answers and Supplemental Answers to Interrogatories

129.
   a) Letter from Smith to Lee, dated September 8, 1997 with attached copy of contract clause CT3.431 (8/97)
   b) Contract clause CT3.43 (9/91)

130. Summary of definitions of other common forestry terms

131. Letter from Precision Pine to Eleanor Towns, Regional Forester, dated May 4, 1999 re: issues in Region 3

132. Letter from Lewis Tenney to Ken Broyles, dated September 5, 1995 re: impact of suspension on Precision Pine's operations

133. Letter from Lorin Porter to David Harris, dated October 4, 1995 re: impact of suspensions on Precision Pine's operations