**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATUS REPORT**

Pursuant to the Court's March 17, 2005 and April 7, 2005 orders, defendant, the United States, submits this status report to (1) address and propose a reasonable time limit for the presentation of the parties' respective cases at trial, and (2) address the Court's request that the parties submit their respective trial exhibits on CD-ROM.

In accordance with discussions with the Court on April 6, 2005, plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), forwarded a letter to defendant identifying "will call" and "may call" witnesses on its final witness list and the time for direct examination for "will call" witnesses. See Letter from Alan I. Saltman to David A. Harrington (Mar. 6, 2005) (attached as Exhibit A). According to Precision Pine's letter, it plans to call seven witnesses and anticipates that their direct testimony will take 32.7 hours. In addition, Precision Pine suggests that it will put on two witnesses in a rebuttal case lasting a total of six hours.[1] The United States subsequently provided Precision Pine a similar letter containing "will call" and "may call" witnesses and the anticipated time for direct testimony. See Letter from David A. Harrinton to

---

[1] One of the two witnesses listed in Precision Pine's rebuttal case is Robert Ness. The United States has filed a motion *in limine* seeking to exclude an undisclosed rebuttal report by Mr. Ness and preclude related rebuttal testimony. See Def.'s Motion *In Limine* To Exclude Plaintiff's Exhibit 287 And Related Testimony (filed Apr. 7, 2005) (docket no. 306).

Alan I. Saltman (Apr. 8, 2005) (attached as Exhibit B). The United States identified 11 "will call" witnesses and estimated that their direct testimony will take approximately 28.0 hours.

The Court has indicated that time devoted to opening and closing arguments, as well as any motion for judgment at the close of the plaintiff's case and questions posed to witnesses by the Court will not count against any time limit. Order of Judge George W. Miller at 1 (Mar. 17, 2005). The United States has considered these parameters, the reduced number of witnesses on the parties' respective "will call" witness lists, the parties' estimates that direct testimony will take roughly 30 hours, the likelihood that any "may call" witnesses who in fact testify will do so for a limited purpose and a short amount of time, and the need for additional time to conduct cross-examination of witnesses. Based upon these considerations, and the view that cross-examination should not require as much time as direct examination, the United States proposes that the Court allocate to each party 50 hours at trial for direct examination of its witnesses, cross-examination of opposing witnesses and any rebuttal case.

With respect to the Court's inquiry regarding the submission of exhibits on CD-ROM, the United States has concluded that the submission of its trial exhibits on CD-ROM is feasible and that it will likely be able to provide CD-ROM copies of its trial exhibits by Monday, April 18, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

Patricia Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

April 11, 2005