**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S STATUS REPORT

By order of March 17, 2005, the Court asked each party to propose a reasonable time limit for the presentation of each party's case. In this regard, during the telephonic status conference held last week the Court ordered the parties to exchange lists in which they indicated which witnesses on their respective Final Witnesses Lists each "will likely call" and which each "may call" and the amount of time each anticipated in direct examination of each witness. At that time, the Court also indicated a belief that a reasonable time for the presentation of each party's case was 80 hours exclusive of opening statements, etc.

The parties have exchanged the information as directed by the Court and that information does bring the potential length of the trial into clearer focus. However, plaintiff anticipates that there still will be numerous issues relating to witnesses and documents which will affect the length of the trial and that resolution of those issues in all likelihood will not occur prior to the pre-trial hearing scheduled for May 5, 2005. As such, while 80 hours per side may very well be reasonable, plaintiff does not feel that it can propose that (or any other) number at this time.

That is, while plaintiff does not believe that even in a worst-case scenario that the time it needs to present its case will greatly exceed 80 hours, plaintiff would request that the parties be given until immediately after all pre-trial rulings on witnesses and exhibits are made by the Court to propose a reasonable time limit for the presentation of each party's case and/or that the Court refrain from making a final decision in this regard until the close of the pre-trial hearing.

Additionally, by order of April 7, 2005, the Court asked the parties to advise it as to the feasibility of providing trial exhibits to the Court on CD-Rom. Plaintiff advises that it will provide its exhibits to the Court on CD-Rom and will do so promptly.[1] That said, plaintiff, however, fears that if the Court's sole copy of certain documents such as the various expert reports is on CD-Rom that it will be very difficult for the Court to follow the testimony at trial, part of which will involve comparison of multiple documents [2]

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20008
(202) 452-2140

Counsel for Plaintiff

---

[1]For the information of the Court, the cost of plaintiff's complying with the Court's request has been estimated by the copying service doing the work at $4,500.

[2]Plaintiff also fears that if it only has an electronic copy of documents the Court may need to take substantial time to locate specific pages to which the parties will refer (many of which are located within larger documents and look very much like other documents). Since plaintiff will, of course, proceed first with its direct case, and it is likely to take the Court more time at the outset of the trial to locate documents electronically than it will later in the trial, plaintiff trusts that the Court will not assess such time against that allotted to the plaintiff.

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: April 11, 2005