**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO A NEW AND UNEXPECTED MATTER RAISED BY DEFENDANT IN ITS MEMORANDUM <u>OF CONTENTIONS OF FACT AND LAW</u>**

In the course of reviewing the government's recently filed Memorandum of Contentions of Fact and Law, it has come to plaintiff's attention that the government has misconstrued Precision Pine & Timber, Inc.'s ("Precision Pine") answer to the government's Request for Admission No. 10 which provides:

> Admit that Precision Pine did not forego bidding on Government timber sale contracts or forego other opportunities to acquire additional timber for its mills as a result of the suspension of the contracts at issue.

This request for admission was presented to plaintiff at the beginning of quantum discovery in this case on June 20, 2003. At that time no issue had been raised regarding Precision Pine's post-suspension operations which Precision Pine believed and, in fact, continues to believe are irrelevant to Precision Pine's breach damages. Accordingly, Precision Pine reasonably construed Request No. 10 to refer exclusively to the period during which Precision Pine's sales were suspended and during which it was deprived of the timber from its suspended sales, i.e., from



**Ex. 1**

August 25, 1995 to December 4, 1996. As to this time period Precision Pine's response to Request No. 10 remains as originally stated.

However, in its Memorandum of Contentions of Fact and Law dated April 4, 2005, the government for the first time argues:

> [I]n response to a July, 2003 request for admission, Precision Pine admitted that it "did not forego bidding on Government timber sale contracts or forego any other opportunities to acquire additional timber for is mills as a result of the suspension of the contracts at issue." DX 780 (request no. 10). Put simply, Precision Pine's admission that it did not forego any other opportunities to acquire additional timber for its mills as a result of the MSO suspensions is directly contrary to the predicate of its lost volume claim, i.e., that it would in fact have purchased additional quantities of timber in **1997 and 1998** had the suspension not occurred.

Defendant's Memorandum of Contentions of Fact and Law at 28-29 (emphasis supplied).

Of course, when the suspension was lifted and the 10 timber sale contracts that remained suspended at that time were returned to Precision Pine in December of 1996, its need for timber to supply its mills during the immediate post-suspension period was, to that extent, reduced. Had this not been the case, and had Precision Pine not suffered the substantial financial impacts of the 1995-1996 suspension that it did, Precision Pine could and would have procured considerably more timber than it did in the post-suspension period. This point is addressed at page 16 of Precision Pine's March 7, 2005 Memorandum of Contentions of Fact and Law. Moreover, plaintiff's position in this regard was also made quite clear both in depositions and, as the Court is aware, at page 62 of Precision Pine's June 9, 2004 Response to Defendant's Motion for Partial Summary Judgment Regarding Damages.

These facts notwithstanding, to prevent any further confusion of the issue Precision Pine has prepared its Supplemental Answer to Request for Admission No. 10 (see Ex. 2) which distinguishes between the suspension period from August 25, 1995 to December 4, 1996 and the post-suspension period.

In addition to entering an order accepting this Response for filing, plaintiff respectfully requests that the Court also enter an order permitting plaintiff to add the attached Supplemental Answer to Defendant's Request for Admission No. 10 to Plaintiff's Exhibit 271, in light of defendant's new and unexpected attempt to apply Plaintiff's Response to Request for Admission No. 10 to the post-suspension period.

Respectfully submitted,

s/Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20008
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: April 15, 2005