**U.S. Department of Justice**

Civil Division

DMC:KAB:DHarrington
DJ No. 154-98-720

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

February 11, 2005

FILE

*Via Facsimile & U.S. Mail*

Alan I. Saltman, Esq.
Saltman & Stevens, P.C.
1801 K Street, N.W.
Washington, D.C. 20006

Re: *Precision Pine & Timber, Inc. v. United States*, Fed. Cl. No. 98-720C (Judge George W. Miller)

Mr. Saltman:

I am writing to flag a number of outstanding issues that have arisen in the Precision Pine case. It is my expectation that many, if not all, of these issues can be amicably resolved.

First, as you are aware, the Court has given the United States through February 28, 2005 to conduct a deposition of Precision Pine's expert on post-suspension harvesting. I received earlier this week a supplemental report from Precision Pine's expert, Robert Ness, and would like to arrange a mutually convenient time for his deposition. In keeping with the pretrial schedule, we propose that Mr. Ness's deposition be conducted on February 24 or 25 in Washington, D.C. Please let me know which of these dates best suits your schedule and whether you prefer to hold the deposition in your office or here.

As for Mr. Ness's report, it contains a list of documents that he examined in preparing his report. Apparently this list of documents is not complete. See Letter from Robert A. Ness to Alan I. Saltman at 1 (stating that "among other things" the listed documents were examined). To the extent that Mr. Ness relied upon any documents in addition to those listed, please identify them immediately. See RCFC 26(a)(2)(b). Additionally, the general descriptions provided by Mr. Ness, coupled with the fact that Precision Pine's documents have not been numbered, make it impractical or impossible to identify most of the documents that Mr. Ness has listed. Please contact me to discuss the best way to resolve this problem.

Second, as you may recall, Precision Pine's expert, Martin Devere, produced with his expert report a single page of a private mill study that he relied upon in support of his conclusions. The full report has not been produced and is not available in the public domain. Given that Precision Pine has identified Mr. Devere as a trial witness on its preliminary witness list, please produce immediately the

154-98-720
(03)

full mill study from which the page attached to Mr. Devere's expert report was extracted. We reserve the right to seek to depose Mr. Devere following the production of this information. If the requested information is not provided, we anticipate moving to have Mr. Devere's testimony excluded.

Third, Precision Pine has listed Doug McDonald, President, Timber Data Company, on its preliminary witness list. The witness list states that Mr. McDonald will testify about "the volume of timber offered by the Forest Service in the post-suspension period" "to the extent that it is not stipulated by the parties." The draft stipulations you provided last fall do not propose stipulations concerning the volume of timber that the Forest Service offered for sale post-suspension. Please provide any proposed stipulations regarding post-suspension sale volumes as soon as possible, but in any event not later than February 18, 2005. Additionally, the address provided for Mr. McDonald is a post office box. Please provide an actual, physical address for Mr. McDonald.

As you are aware, Mr. McDonald was not previously identified as a potential witness. See Pl.'s Answer to Def.'s Interrog. No. 1. Accordingly, pursuant to RCFC App. A ¶ 13, the United States plans to depose Mr. McDonald if stipulations on post-suspension sale volumes cannot reached in the next 10 days. We intend to take Mr. McDonald's deposition on a mutually convenient date not later than March 10, 2005. Please contact me to address the scheduling of this deposition.

Fourth, I have enclosed with this letter several errata sheets relating to depositions taken in this action. These errata sheets may have been previously provided. In any event, I do not anticipate that any of the corrections will prove to be material or controversial.

Fifth, Precision Pine's interrogatory answers have not been verified as required by RCFC 33. See RCFC 33(b) ("each interrogatory shall be answered fully in writing and under oath"). We anticipate including Precision Pine's interrogatory answers on our preliminary exhibit list. Consequently, please forward pages verifying Precision Pine's original and supplemental interrogatory answers no later than Friday, February 18, 2005.

Sixth, I have reviewed the draft stipulations of fact that Precision Pine provided last fall. I have enclosed a revised draft. As you will see, the revised draft reworks many proposed stipulations. Other stipulations have been eliminated because the proposed stipulation is irrelevant in light of the Court's ruling on summary judgment, was overly vague, or because we do not agree with the proposed stipulated fact. The enclosed draft is a work in progress, which I am providing for your convenience and as a starting point for discussions. I anticipate that the parties will add to and revise the enclosed draft stipulations as we get closer to trial.

Lastly, I would like to reiterate our interest in entering into procedural stipulations. As we proposed previously, we believe that it would be beneficial for the parties to stipulate to the authenticity of documents that were produced (or made available for copying) from their respective files in discovery in this action. Additionally, with respect to documents that were made available pursuant to RCFC 33(d), we propose that the parties stipulate that the documents are business records.

Please contact me at your earliest convenience to address these issues, as well as any other issues that you wish to discuss.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

Enclosures