**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY REGARDING HYPOTHETICAL, POST-SUSPENSION TIMBER PURCHASES**

In response to a request for admission in this action, plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), admitted that it did not forego any opportunity to acquire additional timber as a result of the MSO suspensions. DX780 (admission no. 10). Accordingly, pursuant to Rule 36 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court exclude evidence contrary to this admission. RCFC 36 ("Any matter admitted under this rule is conclusively established.").

**BACKGROUND**

On August 25, 2003, Precision Pine served answers to the United States' first set of requests for admissions. DX780. The United States' tenth request for admission read as follows:

> Admit that Precision Pine did not forego bidding on Government timber sale contracts or forego any other opportunities to acquire additional timber for its mills as a result of the suspension of the contracts at issue.

Id. Precision Pine's response reads: "Plaintiff admits." Id.

## ARGUMENT

Answers to requests for admission are binding judicial admissions. RCFC 36 ("Any matter admitted under this rule is conclusively established.") (emphasis added); see also Reynolds v. Commissioner, 296 F.3d 607, 612 (7th Cir. 2002) ("When a party in a lawsuit makes an admission . . . in its answer to a request for admissions, it makes a judicial admission."). "It is well-settled that judicial admissions provide proof possessing the highest possible probative value, rendering the facts therein indisputable." SAI Indus. Corp. v. United States, 63 Fed. Cl. 1, 4 n.8 (2004) (citing E.C. McAfee A/C Bristol Metal Industries of Canada v. United States, 832 F.2d 152, 154 (Fed. Cir.1987)); see also International Paper Co. v. United States, 39 Fed. Cl. 478, 482 (1997) ("A judicial admission is a formal act, done in the course of judicial proceedings, which waives or dispenses with the production of evidence.").

Because Precision Pine's admission is "indisputable," it cannot be controverted and contrary evidence at trial is properly excluded. E.g., Reynolds, 296 F.3d at 612 ("Judicial admissions . . . may not be controverted at trial or on appeal"); International Paper Co. v. United States, 39 Fed. Cl. at 482 ("[F]rom an evidentiary viewpoint, judicial admissions are conclusively binding on the party asserting them.") (emphasis in original) (citing Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 122 (2d Cir. 1990), and American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988)). See generally 7 Moore's Federal Practice § 36.03[2] ("Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony" at trial) (citing cases).

**CONCLUSION**

For these reasons, the United States respectfully requests that the Court grant this motion *in limine* and exclude all testimony contrary to Precision Pine's admission including, but not limited to, testimony regarding additional timber sale contracts that Precision Pine allegedly would have entered into had the MSO suspensions not occurred.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PATRICIA DISERT
LORI POLIN JONES
Office of the General Counsel
U.S. Department of Agriculture

April 18, 2005