**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM RONALD D. LEWIS**

Plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), has identified Ronald D. Lewis as a fact witness it "will likely call" at trial. See Pl.'s Final Witness List at 3 (filed Mar. 7, 2005) (docket no. 291); Letter from Alan I. Saltman to David A. Harrington, at 1 (Apr. 6, 2005) (attached as Exhibit A). According to Precision Pine, Mr. Lewis will testify regarding the Forest Service's knowledge about the potential impact of the MSO suspensions on timber sale operators. Pl.'s Final Witness List at 3. However, Mr. Lewis has no personal knowledge about Precision Pine, contracts between Precision Pine and the Forest Service, or the MSO suspensions. Mr. Lewis is, therefore, not qualified to provide lay opinion testimony in this action. See Fed. R. Evid. 401, 701.

Accordingly, defendant, the United States, moves to exclude Mr. Lewis's testimony pursuant to Rules 401 and 701 of the Federal Rule of Evidence.

**BACKGROUND**

Mr. Lewis is a former Forest Service official who retired more than 10 years ago. Deposition of Ronald D. Lewis at 26 (attached as Exhibit B). Mr. Lewis spent most of his career working as a low or mid-level civil servant in the Pacific northwest. Aside from a three year

detail in the Forest Service's San Francisco regional office, Mr. Lewis worked on National Forests in Oregon and Washington until 1989. Ex. B (Lewis Dep. at 11-24) (discussing Mr. Lewis's work between 1965 and 1989). In 1989, Mr. Lewis transferred to the Forest Service's national headquarters in Washington, D.C. Ex. B (Lewis Dep. at 25). While in Washington, Mr. Lewis assisted in drafting "C provisions" for timber sale contracts, drafting regulations implementing export restrictions, and auditing various aspects of Forest Service programs.[1] Ex. B (Lewis Dep. at 25-27). Mr. Lewis retired in 1994. Ex. B (Lewis Dep. at 26).

At no point was Mr. Lewis assigned to the regional office for Region 3 (Arizona and New Mexico) or to National Forests in Arizona or New Mexico. Furthermore, Mr. Lewis retired before the MSO suspensions occurred and before a number of the contracts at issue had been awarded. As a result, Mr. Lewis has no personal knowledge about Precision Pine, the award and administration of Precision Pine's contracts, or the effect of MSO suspensions. To the contrary, Mr. Lewis testified at his deposition that: (1) he had no involvement in awarding any contracts to Precision Pine; (2) he had no involvement in managing or administering any contracts between Precision Pine and the Forest Service; (3) he never reviewed any contracts between the Forest Service and Precision Pine; (4) he never responded to any questions from Region 3 about Precision Pine's contracts; (5) he had no involvement of any kind with contracts awarded to Precision Pine; (6) his only knowledge about Precision Pine is that they were a purchaser of timber in Region 3; (7) he recalls no specifics about the Mexican Spotted Owl or the MSO suspensions; and (8) he possesses no knowledge about the effect of any contract suspensions on

---

[1] The only specific work that Mr. Lewis recalled performing in Region 3 involved a "special contract" between an Indian tribe and the Forest Service that guaranteed the tribe a fixed volume of timber from National Forest lands. Ex. B (Lewis Dep. at 31-32).

Precision Pine. Ex. B (Lewis Dep. at 33-42). Additionally, Mr. Lewis acknowledged that he has no knowledge about the "cruises" done to prepare the contracts at issue for sale, or about how appraisals of the contracts at issue were performed. Ex. B (Lewis Dep. at 41-42).

**ARGUMENT**

Precision Pine has not identified Mr. Lewis as an expert in this action. As a result, the admissibility of opinion testimony from Mr. Lewis is governed by Rule 701 of the Federal Rules of Evidence. See Fed. R. Evid. 701 (addressing the admissibility of opinion testimony from a witness "not testifying as an expert"). Rule 701 provides, in pertinent part, that

> witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge . . . .

The opinion testimony Precision Pine seeks from Mr. Lewis runs afoul of Rule 701 because it is not "rationally based on the perception of the witness" or, put differently, upon Mr. Lewis's first-hand knowledge and observations. See 4 Weinstein's Federal Evidence § 701.03[1] (2d ed. 2005) (Rule 701's first prong is nothing more "than a restatement of the traditional requirement" that "witness testimony be based on first-hand knowledge or observation").

Here, Mr. Lewis admits that he has no first-hand knowledge about Precision Pine itself, any of Precision Pine's contracts with the Forest Service, or the MSO suspensions. Ex. B (Lewis Dep. at 33-42). Having no first-hand knowledge, Mr. Lewis cannot provide lay opinion testimony. Fed. R. Evid. 701. Accordingly, opinion testimony from Mr. Lewis about what effects might, or might not, flow from a suspension of a Precision Pine contract should be

excluded.[2] See, e.g., Cuyahoga Metropolitan Housing Auth. v. United States, 60 Fed. Cl. 481, 482 (2004) (excluding opinion testimony under Rule 701 where the witness admitted "that he did not have the requisite, first-hand personal knowledge"); Bank of China v. NBM, LLC, 359 F.3d 171, 181 (2d Cir. 2004) (requiring that lay witness opinion testimony be based upon personal knowledge); United States v. Olender, 338 F.3d 629, 637-38 (6th Cir. 2003) (excluding lay witness testimony and noting that "firsthand knowledge or observation is essential"). See generally 4 Weinstein's Federal Evidence § 701.03[1] ("the witness's personal perception . . . remain[s] a fundamental prerequisite to admissibility").

## CONCLUSION

For these reasons, the United States respectfully requests that the Court grant this motion *in limine* to exclude testimony by Ronald D. Lewis.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

---

[2] Precision Pine's witness list also contains a vague reference to testimony by Mr. Lewis about "Forest Service operations and procedures." Pl.'s Final Witness List at 3. Such testimony is necessarily based upon "specialized knowledge" and, therefore, constitutes expert testimony. See Fed. R. Evid. 701; 6 Weinstein's Federal Evidence § 701.03[4][b] ("If the proposed testimony is based on scientific, technical, or other specialized knowledge, it is expert testimony, and is subject both to the expert witness disclosure requirements, which provide the court and opponents with the requisite notice, and to the reliability assessment required by Rule 702."). Because Precision Pine has neither designated Mr. Lewis as an expert, nor provided a written report regarding his conclusions as required by RCFC 26(a), and because the United States has not had the opportunity to depose Mr. Lewis regarding any such conclusions, testimony from Mr. Lewis in the capacity of an expert witness is barred. RCFC 37(c)(1); see also Cuyahoga Metropolitan Housing Auth. v. United States, 60 Fed. Cl. 481, 482 (2004).

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PATRICIA DISERT
LORI POLIN JONES
Office of the General Counsel
U.S. Department of Agriculture

April 18, 2005