**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE TO "A NEW AND UNEXPECTED MATTER" RAISED IN DEFENDANT'S PRETRIAL MEMORANDUM**

Plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), has filed a motion seeking leave to respond to "a new and unexpected matter" in the United States's pretrial memorandum of contentions of fact and law.[1] Neither Court rules, nor logic, warrant a written response to the United States' pretrial memorandum. A pretrial memorandum merely states a party's position regarding (1) facts that are expected to be shown at trial, and (2) the governing legal framework. The appropriate avenue for a response is by presenting evidence at trial and legal arguments during post-trial briefing.

Precision Pine maintains that it should nevertheless be given leave to file a response because the United States' pretrial brief contains "an incorrect assumption." Mot. at 1. Precision Pine has no more need to respond to a mistaken assumption than to any other issue in the pretrial brief with which it disagrees.

---

[1] There is nothing either "new" or "unexpected" about this matter. To the contrary, it involves an admission made by Precision Pine at the outset of damages discovery in August 2003. The admission was included on the final exhibit list of both parties. See PX271; DX780. And nothing about the request for admission, or Precision Pine's answer, is unclear. Id. Precision Pine simply does not want to be bound by an answer that undercuts the theory of damages that it now asserts.

The actual purpose for Precision Pine's filing may be gleaned from the last sentence of the motion, which seeks to (1) withdraw a key August 2003 admission, and (2) add an "amended" admission to Precision Pine's final exhibit list. See Mot. at 1. A motion for leave to file a response to the United States' pretrial brief is not the appropriate vehicle for such a request. Even more problematic is that Precision Pine attempts to withdraw its admission, and add a new answer to its final exhibit list, without making the showing required by Court rules and the Court's January 4, 2005 order. See Order of Judge George W. Miller at 2 (Jan. 4, 2005) (stating that exhibits may be added to the final exhibit list only upon showing "a compelling reason for the earlier omission"); RCFC, App. A ¶ 16 (same); RCFC 36 (requiring leave of court, and the absence of prejudice to the opposing party, to withdraw the answer to an admission). Indeed, Precision Pine's motion does not acknowledge the showing required, much less satisfy it.

Because the appropriate response to assertions in a pretrial brief is through evidence at trial and post-trial briefing, the United States respectfully requests that the Court deny Precision Pine leave to file a response to the United States' pretrial memorandum of contentions of fact and law.[2]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

---

[2] A denial of Precision Pine's motion would not preclude an appropriate motion to withdraw the August 2003 admission or add a new exhibit to Precision Pine's exhibit list. The United States would oppose such a motion. In the event that the Court allows Precision Pine's response to be filed, the United States will file a reply addressing the merits of the motion embedded in the response.

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

Patricia Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

March 19, 2005