**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE***
**TO EXCLUDE PLAINTIFF'S "SUMMARY" EXHIBITS**

Pursuant to Federal Rules of Evidence 1006 ("Rule 1006") and the Court's January 4, 2005 and April 18, 2005 orders, defendant, the United States, respectfully moves to exclude the following "summary" exhibits: PX57-61, PX102, PX156, PX158, PX163, PX168, PX233, PX243, PX246-47 and PX288-89. These exhibits do not qualify as summaries pursuant to Rule 1006 because the underlying records that they purport to summarize are inadmissible, because the underlying records are not so voluminous that they cannot be conveniently examined in Court, and/or because they improperly incorporate conclusions, opinions, and inferences that do not accurately reflect the underlying records that they purport to summarize. For these and other reasons set forth below, Precision Pine cannot establish the foundation required for admissibility.[1]

---

[1] On April 18, 2005, the Court granted a motion for enlargement to submit a motion *in limine* or objections to "summary" exhibits on plaintiff's final exhibit list. In accordance with the Court's order, the United States is filing this motion *in limine*. In addition, and in conjunction with this motion, the United States is filing a document entitled "Defendant's Revised Objections To Exhibits On Plaintiff's Final Exhibit List." This filing makes no revisions to objections originally asserted in our filing of April 18, 2005. Rather, it adds our objections to Precision Pine's summaries.

**DISCUSSION**

The purpose of a motion *in limine* is "to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996). "Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." Id. (citing Baskett v. United States, 2 Cl. Ct. 356, 359 (1983)). The Court of Federal Claims has consistently held that a ruling *in limine* "is a remedy designed to increas[e] trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial." Weeks Dredging & Contracting, Inc. v. United States, 11 Cl. Ct. 37, 45 (1986) (citing Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125, 1140 (E.D. Pa. 1980)); International Graphics, Inc. v. United States, 5 Cl. Ct. 100, 104 (1984); see also INSLAW, 35 Fed. Cl. at 302-03.

**I. Standard For Admission Of A Summary Pursuant To Federal Rule Of Evidence 1006**

Federal Rule of Evidence 1006 ("Rule 1006") provides, in pertinent part: "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." If a summary is admitted as evidence, it is not necessary that the underlying documents which are the basis for the summary be admitted. United States v. Bray, 139 F.3d 1104, 1110 (6th Cir. 1998); see also Peat, Inc. v. Vanguard Research Incorporated, 378 F.3d 1154, 1159-60 (11th Cir. 2004). This fact distinguishes a summary from a demonstrative or illustrative exhibit (sometimes referred to as a "pedagogical-device summary") which is not itself evidence, but merely acts as an aid to the

presentation of other evidence that has been admitted. Bray, 139 F.3d at 1112; see also United States v. Buck, 324 F.3d 786, 790 (5th Cir. 2003).

Because a summary is considered to be evidence, there are certain conditions that must be met before it may be admitted under Rule 1006. First, the documents that are summarized must be so voluminous that they cannot be conveniently examined in court. Bray, 139 F.3d at 1109; Bannum, Inc. v. United States, 59 Fed. Cl. 241, 244 (2003) (quoting Bath Iron Works Corp. v. United States, 34 Fed. Cl. 283, 232-33 (1995)). Second, the proponent of the summary must have made the underlying documents "available for examination or copying or both, by other parties at reasonable time and place." Fed. R. Evid. 1006; Bannum, 59 Fed. Cl. at 241. Third, in order for a summary to be admissible, the underlying documents themselves must be admissible in evidence. Conoco Inc. v. Dept. of Energy, 99 F.3d 387, 393 (Fed. Cir. 1997); Bray, 139 F.3d at 1110; Bannum, 59 Fed. Cl. at 241; see also Peat, Inc., 378 F.3d at 1160 ("Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible."). Fourth, in order to be admissible, a summary "must be accurate and nonprejudicial." Bray, 139 F.3d. at 1110; Bannum, 59 Fed. Cl. at 241; see also United States v. Taylor, 210 F.3d 311, 315-16 (5th Cir. 2000) (necessary precondition to the admission of summary charts is that they accurately reflect the underlying records . . . ."); United States v. Scales, 594 F.2d 558, 563 (6th Cir. 1979). Thus, the summary should present the information contained in the underlying documents or records in an objective and non-misleading manner, devoid of "conclusions of or inferences drawn by the proponent." Bray, 139 F.3d at 1110; see also Peat, 378 F.3d at 1159 (argumentative matter should not be included in a Rule 1006 summary). When a summary goes beyond the compilation of information contained in the

underlying documents, and incorporates "mere surmise, undocumented recollection and questionable assumptions," it should not be admitted under Rule 1006. United States v. N. Am. Reporting, Inc., 740 F.2d 50, 54 (D.C. Cir. 1984). Finally, summary exhibits may not be prepared by counsel. United States v. Grajales-Montoya, 117 F.3d 356, 361 (8th Cir. 1997) (holding that the person who prepared a summary must be available for cross-examination and, therefore, that a summary may not be prepared by the attorney trying the case); see also Bath Iron Works, 34 Fed. Cl. at 233 ("documents underlying a summary must be produced so that the opponent can . . . cross-examine the foundational witness"); Doninger Metal Products Corp. v. United States, 50 Fed. Cl. 110, 130 (2001) ("Common sense dictates that this guaranteed access [to the material underlying a summary is] designed to give the opponent the ability to check the summary's accuracy and prepare for cross-examination.").

## II. The Summary Exhibits Proffered by Precision Pine Are Inadmissible Under Rule 1006

There are significant foundational prerequisites to the admissibility of summaries pursuant to Rule 1006. E.g., Bannum, 60 Fed. Cl. at 241. Precision Pine's exhibits do not satisfy these prerequisites.[2] And Precision Pine's summaries are inadmissible for the additional reason that almost all were created by counsel. Grajales-Montoya, 117 F.3d at 361 (summaries must be "prepared by a witness available for cross-examination, not by the lawyers trying the case").

[2] A table summarizing the United States' specific objections to Precision Pine's summary exhibits is attached to this motion as Exhibit A.

**A. Precision Pine's Summaries Are Inadmissible Because The Underlying Documents Being Summarized Are Inadmissible**

It is well-established that a summary pursuant to Rule 1006 is admissible only if the documents upon which it is based are admissible. Conoco, 99 F.3d at 393. Furthermore, a summary that attempts to merge information that may be the valid subject of a summary, with other information that is not, must be excluded. Bath Iron Works, 34 Fed. Cl. at 233; see also Bray, 139 F.3d at 1110 (a summary should not be embellished with conclusions or inferences drawn by the proponent).

Documents underlying PX57-60, PX102, PX156, PX168, PX246, PX263 and PX288 are inadmissible. For instance, PX57, PX58, PX59 and PX60 contain information taken from the "Random Length yearbook." See PX60 at 2. Because this information is hearsay, see Fed. R. Evid. 801 (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"), the resulting summaries are inadmissible. Similarly, PX102 contains an alleged harvesting schedule that is based upon Precision Pine's interrogatory answers. Precision Pine's answers to the United States' interrogatories are hearsay.[3] See Underberg v. United States, ___ F. Supp. 2d. ___, 2005 WL 678645, at *4 (D.N.M. Jan. 28, 2005). The resulting summary should, therefore, be excluded.

The summary exhibits Precision Pine has proffered as PX156, PX168, PX246, PX263 and PX288 are likewise based upon documents that are inadmissible under Federal Rule of

---

[3] While the United States may introduce Precision Pine's answers as a party admission, Precision Pine cannot cite its own allegations as substantive evidence. See Fed. R. Evid. 801(d)(2).

Evidence 801. See PX156 (using material compiled and provided to Precision Pine by Timber Data Corporation); PX168 (using information obtained from the Western Wood Products Association); PX246 (using unspecified "CPA work papers"); PX263 (using an unsupported and inadmissible "overrun factor"); PX288 (using Exhibit 4 from the report of Robert A. Ness, which, in turn, is based upon the product mix taken from Precision Pine's interrogatory answers). Accordingly, the Court should exclude the summaries from evidence at trial.

**B. Precision Pine's Summaries Are Inadmissible Because The Underlying Records Are Not So Voluminous That They Cannot Be Conveniently Examined In Court**

Another prerequisite to admissibility is that the underlying documents be so voluminous that they cannot be conveniently examined in court. Bray, 139 F.3d at 1109; Bannum, 59 Fed. Cl. at 244; Bath Iron Works Corp. v. United States, 34 Fed. Cl. at 232-33. This caution in admitting summaries is well-justified as summaries obviate the need to introduce the source documents. As a result, summaries are "inadmissible when the content being provided is neither voluminous or complicated." 6 Weinstein's Federal Evidence § 1006.03 (2d ed. 2004).

Precision Pine frequently invokes Rule 1006 to summarize information coming from as few as two or three underlying documents, most of which have also been designated as exhibits and will likely be used at trial. See PX57 (two underlying documents); PX58 (two underlying documents); PX59 (two underlying documents); PX60 (two underlying documents); PX102 (five underlying documents); PX158 (14 underlying documents); PX102 (three underlying documents); PX168 (two underlying documents); PX268 (eight underlying documents); PX288 (two underlying documents). The admission of summaries as substantive evidence in such circumstances is not authorized by Rule 1006.

**C. Precision Pine's Summaries Are Inadmissible Because They Improperly Incorporate Conclusions, Opinions, And Inferences That Do Not Accurately Reflect The Underlying Records**

An admissible summary also "must be accurate and nonprejudicial." Bray, 139 F.3d. at 1110; Bannum, 59 Fed. Cl. at 241; see also United States v. Taylor, 210 F.3d 311, 315-16 (5th Cir. 2000); United States v. Scales, 594 F.2d 558, 563 (6th Cir. 1979). Thus, the summary must present the information in an objective manner that is devoid of "conclusions of or inferences drawn by the proponent." Bray, 139 F.3d at 1110. When a summary goes beyond the compilation of information contained in the underlying documents, and incorporates "mere surmise, undocumented recollection and questionable assumptions," it should not be admitted under Rule 1006. United States v. N. Am. Reporting, Inc., 740 F.2d 50, 54 (D.C. Cir. 1984).

In this action, Precision Pine fails to recognize this limitation on its use of summary exhibits. It attempts to use summaries to advance arguments, rather than to summarize underlying data. For instance, Precision Pine uses controversial conversion factors and overrun factors in its summaries. See PX102; PX158; PX263. Precision Pine also has prepared graphs that purport to compare its own lumber prices with "Random Length" prices. PX57-60. The "Precision Pine prices" used in the summaries are not the same prices used by Precision Pine's expert to calculate damages. Even more troubling, the categories used by Precision Pine and Random Length are not identical. Thus, the graphs compare apples and oranges. Other summaries include assumptions, calculations or comments that would not be included in a summary "devoid of conclusions and inferences." See PX61 (commenting on contracts); PX156

(omitting roundwood sale volumes);[4] PX233 (assuming that timber was hauled to the Winslow mill); PX247 (extracting data and performing calculations to derive net income). And still other exhibits present as substantive evidence allegations made by Precision Pine in interrogatory answers, rather than data summarized from contemporaneous documentation. PX102 (harvesting schedule); PX288 (product mix). In sum, Precision Pine abuses the ability to offer unbiased summaries under Rule 1006 in order to present arguments and inferences as substantive evidence.

Because Precision Pine's summaries (specifically, PX57-61, PX102, PX156, PX158, PX163, PX233, PX247, PX263, PX268 and PX288) go beyond the compilation of information contained in underlying documents, and incorporate "mere surmise, undocumented recollection and questionable assumptions," they should be excluded by the Court.

### D. Precision Pine's Summaries Were Prepared By Counsel And, Therefore, Are Inadmissible

With the exception of PX246 and the first page of PX288, all of Precision Pine's summary exhibits were prepared by counsel.[5] Because counsel may not prepare summary

[4] Additionally, the summary in PX156, which purports to use data from Timber Data Corporation to provide post-suspension sale volumes, is simply incorrect.

[5] PX246 and the first page of PX288 were prepared by Precision Pine's expert, Robert A. Ness. Although the United States requested an audit of Precision Pine's summary exhibits, see Letter from David A. Harrington to Alan I. Saltman, at 2 (Mar. 7, 2005) (attached as Exhibit B), Precision Pine never made Mr. Ness available as required by the rules of this Court. See RCFC App. A. ¶ 13(a) ("In the case of exhibits to be offered as summaries under Fed. R. Evid. 1006, the offering party shall provide . . . the name and address of the person(s) who prepared each summary and who will be made available to the opposing party . . . to provide information and explanations necessary for verification of the information in the summary."). Accordingly, the Court should exclude from evidence PX246 and PX288.

exhibits for trial, Grajales-Montoya, 117 F.3d at 361, Precision Pine's summaries should be excluded.

Furthermore, to be admissible, the proponent of a summary exhibit – like the proponent of any other exhibit – must proffer testimony establishing authenticity and appropriate foundation. See, e.g., In re E.I. du Pont de Nemours & Co., 918 F. Supp. 1524, 1545-46 (M.D. Ga. 1995), rev'd on other grounds, 99 F.3d 363 (11th Cir. 1996). The witness providing such testimony must be made available for cross-examination. E.g., Grajales-Montoya, 117 F.3d at 361; Bath Iron Works, 34 Fed. Cl. at 233. Because Precision Pine's counsel prepared the summary exhibits, but has not been listed as a trial witness in this matter, Precision Pine cannot establish the authenticity and foundation necessary to admit the summaries prepared by counsel.[6] For this additional reason, the Court should exclude PX57-61, PX102, PX156, PX158, PX163, PX168, PX233, PX243, PX247, and PX288-89.

**CONCLUSION**

For the reasons set forth above, we respectfully request that the Court grant our motion *in limine*, and exclude the summaries of evidence contained in PX57-61, PX102, PX156, PX158, PX163, PX168, PX233, PX243, PX246-47 and PX288-89.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

---

[6] In the event that summary exhibits prepared by counsel are admitted, the United States reserves the right to add counsel to its witness list so that cross-examination regarding the exhibits preparation and contents can be conducted at trial. The United States has been informed that both Mr. Saltman and Mr. Goeken prepared or supervised the preparation of Precision Pine's summary exhibits. The United States also reserves the right to seek disqualification of counsel testifying in this action.

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

Patricia Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

March 20, 2005