**U.S. Department of Justice**

Civil Division

DMC:KAB:DHarrington
DJ No. 154-98-720

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

March 7, 2005

*Via Facsimile & U.S. Mail*

FILE

Alan I. Saltman, Esq.
Richard W. Goeken, Esq.
Saltman & Stevens, P.C.
1801 K Street, N.W.
Washington, D.C. 20006

Re: *Precision Pine & Timber, Inc. v. United States*,
Fed. Cl. No. 98-720C (Judge George W. Miller)

Gentlemen:

I am writing to address a number of outstanding issues in the Precision Pine case. First, in your February 14, 2005 letter, you stated that Precision Pine is prepared to verify its interrogatory answers in accordance with RCFC 33. At the same time, you requested verification of the United States' interrogatory answers[1] and suggested that we notify you when the Government "has accomplished its verifications so that we may exchange verifications." I will be receiving today the requested verification of the United States' interrogatories answers and will forward it upon receipt. Please do the same with respect to verification pages for Precision Pine's various responses to the United States' interrogatories.

Second, during our discussion concerning stipulations last week, you requested that we point you to information (1) showing that the suspension was lifted on December 4, 1996, and (2) indicating that Precision Pine requested and received contract term adjustments for the period of the MSO suspension. With respect to the first issue, refer to DX429, which confirms that oral notice of the lifting of the suspension was provided on December 4, 1996, and to DX17 and DX429, which provide written notice to Precision Pine on December 5, 1996. With respect to the second issue, see for example DX16, DX19, DX117, DX139, DX140, DX163, DX164, DX165, DX170, DX206, DX300, which confirm Precision Pine's request for and receipt of contract term adjustments. In light of this information, I trust that our proposed stipulations will be acceptable. Additionally, it is my understanding that Precision Pine intends to revise many of its proposed stipulations. Please provide

---

[1] Almost without exception, Precision Pine's interrogatories (and therefore the United States' answers) concerned legal issues. E.g., Pl.'s Interrog. No. 4 (inquiring about witnesses expected to be called in this action).

any revised, proposed stipulations as soon as possible so that they can be reviewed and, if appropriate, incorporated into the joint stipulations to be filed on March 11.

Third, your preliminary exhibit list contains various proposed "summaries." With respect to "exhibits to be offered as summaries under Fed. R. Evid. 1006," Paragraph 13(a) of RCFC Appendix A provides that the offering party shall provide various information to opposing counsel including the location of the sources of each exhibit, a "time when the source(s) may be examined or audited by the opposing party," and "the name and address of the person(s) who prepared each summary and who will be made available to the opposing party during any examination or audit of the source material to provide information and explanations necessary for verification of the information in the summary." RCFC, App. ¶ 13(a). We are interested in conducting an audit of Precision Pine's summary exhibits. Consequently, with respect to each summary exhibit, please provide information regarding the location of source documents, the identity of the person who prepared each exhibit (and who will be available to provide information and explanations during the audit), and proposed times when an audit regarding Precision Pine's summaries can be performed.

Lastly, a copy of many of the documents on Precision Pine's preliminary exhibit list was received Friday afternoon. One document contains a summary of timber sale offerings in the Apache-Sitgreaves, Coconino, Tonto, and Kaibab National Forests in the post-suspension period. We believe that these post-suspension volumes numbers are irrelevant. Nevertheless, we have begun a review of the accuracy of this summary exhibit and anticipate proposing stipulations in the next several days. It is our understanding that if stipulations regarding post-suspension volume figures are entered into, Precision Pine will remove Doug McDonald from its witness list. We previously informed you that a deposition of Mr. McDonald would be conducted on March 9, 2005. As we discussed earlier today, in order to provide additional time to stipulate to post-suspension volumes, we will defer taking a deposition of Mr. McDonald. If we are unable to stipulate to the volume of offerings in the post-suspension period, we will take Mr. McDonald's deposition on March 17, 2005.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch