IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 98-720 C

(Filed January 30, 2004)

- - - - - - - - - - - - - - - - -x

PRECISION PINE & TIMBER, INC., :

Plaintiff, :

v. :

THE UNITED STATES, :

Defendant. :

- - - - - - - - - - - - - - - - -x

Washington, D.C.

Tuesday, February 17, 2004

Deposition of ROBERT A. NESS, a witness herein, called for examination by counsel for Defendant in the above-entitled matter, pursuant to notice, the witness being duly sworn by CATHERINE S. BOYD, a Notary Public in and for the District of Columbia, taken at the offices of the United States Department of Justice, 1100 L Street, N.W., Washington, D.C. 20539, at 9:15 a.m., Tuesday, February 17, 2004, and the proceedings being taken down by Stenotype by CATHERINE S. BOYD and transcribed under her direction.



Ex. 2

for instance, for your January to April 1997 timeframe?

A. Well, I didn't calculate it for January through April.

I mean if I was starting from scratch, I would use a weighted average, and I may or may not refine the product descriptions even more.

If I felt that, that two products get lumped together in a way that could distort the average, I might have separated them out into separate products.

As usually happens, this was a very manual system. You have so many columns in the workbook, and unless you want to have a big long table with things taped together, you try to live with the columns that you've got to, to produce as much information as you can for the owner to operate the business, and so the decisions are made to group certain things together based on that, not necessarily the same approach that you would take if you're calculating damages.

You might, like I say, refine it even more or make some adjustments in those records in order to come up with the most meaningful