**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO SUPPLEMENT FINAL EXHIBIT LIST**

Plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), requests leave of the Court to amend its final exhibit list to include the attached documents as "PX 302 - Western Wood Products Assoc. (WWPA) Inland Lumber Price Indexes for Nov. '98, Dec. '99, and Oct. '01, with explanatory pages" (copy attached). The relevance of PX 302 arose only after plaintiff received defendant's expert report on post-suspension harvesting and then deposed defendant's expert, both of which occurred after the deadline for plaintiff to file its Final Exhibit list.

In its Order of January 4, 2005, the Court stated:

> The parties shall be allowed to add exhibits to their preliminary exhibit lists up and until the filing of final pretrial exhibit lists, without the need to show a compelling reason for the earlier omission, provided that the existence or relevance of such added exhibits reasonably became known as a result of the expert reports and related discovery relating to post-suspension harvesting. Other exhibits may be added upon a showing of a compelling reason for the earlier omission.

According to the same order, plaintiff's Final Exhibit List was due March 7, 2005. Plaintiff did not receive the report of defendant's expert, Mr. Adkins, on post-suspension harvesting until March 18, 2005, and did not have the opportunity to depose Mr. Adkins until April 12, 2005.

In order to depose Mr. Adkins, Precision Pine required index data for lumber prices during the post-suspension period and used such price indexes published by the Western Wood Products Association (WWPA). Included with the indexes was an information page from WWPA explaining the uses and calculation of the indexes.

Because the relevance of the WWPA indexes in the post-suspension period was not known, and could not have reasonably been known, until after plaintiff received and analyzed Mr. Adkins report, and then deposed Mr. Adkins, plaintiff should be allowed to amend its list under the terms on the Court's January 4, 2005 Order. Before having the opportunity to read defendant's expert report, plaintiff had no basis upon which to anticipate the relevance of exhibits that would be needed during deposition or at trial to rebut Mr. Adkins' conclusions. Now that plaintiff has had an opportunity to review Mr. Adkins' report on post-suspension harvesting and to depose Mr. Adkins, plaintiff has identified the relevance of the additional WWPA indexes sheets and has moved timely to supplement its Final Exhibit List.

For the foregoing reason, plaintiff requests leave of the Court to amend its Final Exhibit list as described above.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
Bryan T. Bunting
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: April 26, 2005