# UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Docket No.: 98-720C |
| UNITED STATES, | ) | |
| Defendant. | ) | |

Pages: 1 through 71

Place: Washington, D.C.

Date: January 4, 2005

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

MR. HARRINGTON: Alan, it sounded like you had finished.

MR. SALTMAN: I have not cut you off.

THE COURT: Gentlemen? Gentlemen? Can we have a return to quietude for just a moment?

MR. SALTMAN: Your Honor, also that notwithstanding, and, frankly, I think that all of the motion in limines should be brought forward now, both the Plaintiff's and the Defendant's. I think that would narrow things down as we proceed through this schedule.

But that aside, even if Your Honor were not inclined to do that, Mr. Adkins' motion in limine is the only one that is fully briefed, fully done. There is no reason why that one can't go forward. I would also add that Mr. Adkins is their primary expert on many, many areas.

THE COURT: What is the gist of the motion in limine?

MR. SALTMAN: Basically Mr. Adkins is a very qualified gentleman in the area of construction and engineering. Our assertion is that he has no expertise in matters relating to timber.

THE COURT: So is it a <u>Daubert</u> argument basically or simply that he is not qualified to give

the opinion?

MR. SALTMAN: Not qualified to opine on the areas that he's opined in. If I had to summarize it, that's the essence of it.

THE COURT: I must say it may be as a theoretical matter that in litigation generally it would be desirable to deal with motion in limines sooner rather than later, but I do think we really don't know the context of the testimony to which the objection is being made until we've gotten to the point where the parties have laid out their positions in the memorandum of facts and law which are contemplated by Appendix A.

For that reason, I'm inclined to deal with the motions in limine on the schedule that I outlined at the outset and to not take Mr. Adkins out of order in that regard.

I also think to the degree that the question is one of the qualifications of the witness there may well be some benefit in awaiting the testimony at trial and making a judgment as to whether the testimony is indeed inadmissible or whether it is admissible, but should be given a certain weight that relates to the degree to which the expertise is relevant to the subject matter, so I'm inclined,

although I take Mr. Saltman's point in principle, to hew to the present schedule as far as motions in limine are concerned.

MR. SALTMAN: Your Honor, if I may be heard just for one second?

I think your point about taking Mr. Adkins out of order may be appropriate if Mr. Adkins were simply a fact witness, but here we have a gentleman who has prepared many hundreds of pages of report. We know what Mr. Adkins, if you will, has to say. It's already down on paper.

That is far different from other fact witnesses, and I think that what he has to say is not going to change. There's not going to be any exposition in our memoranda of fact or law or the Defendant's fact or law for that matter.

For that reason, taking him out of sequence is not going to -- as I said, there's not going to be any revelation in these memoranda.

THE COURT: I hear your point, and I'm not really in a position to evaluate it, but I think the more context that we have at the time we deal with the motion in limine the better off we are.

For that reason, as I said, I'm inclined to deal with the motion in limine as it relates to Mr.