**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO CERTAIN EXHIBITS ON DEFENDANT'S FINAL EXHIBIT LIST**

Pursuant to the Rules of the Court of Federal Claims, and the Court's January 4, 2005 order, defendant, the United States, respectfully submits the following response to the objections of plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), to exhibits listed on defendant's final exhibit list. Set forth below are (1) a table containing the United States' responses to Precision Pine's objections to the United States' exhibits, and (2) a discussion of the general categories of objections that Precision Pine has raised.

| DX NO. | DESCRIPTION | OBJECTION | RESPONSE |
|---|---|---|---|
| 454 | Draft Letter to Milo Larson re pulpwood | Authentication; relevance. | This document was produced from Precision Pine's files and was identified by Precision Pine as a business record. The authentication of this document will be provided at trial through, if necessary, Precision Pine's document custodian. The document is relevant to the available market for roundwood during the MSO suspensions. |
| 457 | Pulpwood Purchase Agreement re Limestone | Relevance. | The document is relevant to the practice and procedure for roundwood sales between Precision Pine and Stone Container Corporation. |
| 465 | Letter to Mel: Mexican Lumber Prices | Authentication; relevance. | This document was produced from Precision Pine's files and was identified by Precision Pine as a business record. The authentication of this document will be provided at trial through, if necessary, Precision Pine's document custodian. The document is relevant to the sources of raw materials available to Precision Pine for its milling and planing operations. |
| 468 | Pulpwood Purchase Agreement | Duplicative. | This document is the same as DX457 and, therefore, is withdrawn. |
| 470 | Stone contract for topwood from PP&T | Relevance. | The document is relevant to the practice and procedure for roundwood sales between Precision Pine and Stone Container Corporation. |
| 471 | Log Purchase Agreement to buy Pulpwood from PP&T | Relevance. | The document is relevant to the practice and procedure for roundwood sales between Precision Pine and Stone Container Corporation. |
| 557 | Letter to Dan Derrick: 1993 Operating Plan for Winslow | Relevance. | The document is relevant to the practices, procedures and scheduling of timber and roundwood harvests by Precision Pine. |
| 572 | Press Release: Kaibab to Close Payson Sawmill | Authentication; relevance. | This document was produced from Precision Pine's files and was identified by Precision Pine as a business record. The authentication of this document will be provided at trial through, if necessary, Precision Pine's document custodian. The document is relevant to uncertainties about the availability of timber following the listing of the MSO. |

| | | | |
|---|---|---|---|
| 573 | PP&T Annual Mill Operating Summary 1990 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 574 | PP&T Annual Mill Operating Summary 1991 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 575 | PP&T Annual Mill Operating Summary 1993 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 576 | Monthly Dues Statement For Grading Subscribers for 1994 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 577 | Monthly Dues Statement For Grading Subscribers for 1994 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 578 | Monthly Dues Statement For Grading Subscribers for 1995 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 579 | Monthly Dues Statement For Grading Subscribers for 1996 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 580 | Monthly Dues Statement For Grading Subscribers for 1997 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 581 | Monthly Dues Statement For Grading Subscribers for 1998 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 582 | Monthly Dues Statement For Grading Subscribers for 1999 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 583 | Monthly Dues Statement For Grading Subscribers for 2000 | Relevance. | The document is relevant to the actual lumber production, lumber inventories and lumber sales of Precision Pine. |
| 594 | Forest Product Market Prices & Statistics - Yearbook 2000 | Copy not provided. | This document was provided to Precision Pine on or about April 21, 2005. |
| 595 | Forest Product Market Prices & Statistics - Yearbook 2001 | Copy not provided. | This document was provided to Precision Pine on or about April 21, 2005. |
| 596 | The Buyers And Sellers Directory of the Forest Products Industry 2001 | Copy not provided. | This document was provided to Precision Pine on or about April 21, 2005. |

| | | | |
|---|---|---|---|
| 660 | Dept. of Interior Report of Timber Cut for C-16 TS for Aug. 1-Nov. 13, '95 | Authentication; relevance; RCFC App. A ¶ 13(a). | This document was produced from Precision Pine's files and was identified by Precision Pine as a business record. The authentication of this document will be provided at trial through, if necessary, Precision Pine's document custodian. The document is relevant to the sources of raw materials available to Precision Pine for its milling and planing operations. This document is not a Rule 1006 summary as it was not prepared to summarize documents for this litigation. |
| 661 | Dept. of Interior Report of Timber Cut for C-16 TS for Nov. 1, 94-Jul. 31, '95 | Authentication; relevance; RCFC App. A ¶ 13(a). | This document was produced from Precision Pine's files and was identified by Precision Pine as a business record. The authentication of this document will be provided at trial through, if necessary, Precision Pine's document custodian. The document is relevant to the sources of raw materials available to Precision Pine for its milling and planing operations. This document is not a Rule 1006 summary as it was not prepared to summarize documents for this litigation. |
| 662 | Dept. of Interior Report of Timber Cut for C-16 TS for Oct. 1-30, '94 | Authentication; relevance; RCFC App. A ¶ 13(a).. | This document was produced from Precision Pine's files and was identified by Precision Pine as a business record. The authentication of this document will be provided at trial through, if necessary, Precision Pine's document custodian. The document is relevant to the sources of raw materials available to Precision Pine for its milling and planing operations. This document is not a Rule 1006 summary as it was not prepared to summarize documents for this litigation. |
| 663 | Dept. of Interior Report of Timber Cut for C-16 TS for Sep. 1-30, '94 | Authentication; relevance. | This document was produced from Precision Pine's files and was identified by Precision Pine as a business record. The authentication of this document will be provided at trial through, if necessary, Precision Pine's document custodian. The document is relevant to the sources of raw materials available to Precision Pine for its milling and planing operations. |
| 667 | Forestry & Resources Inspection Form re: Stone not accepting pulpwood | Authentication. | This document was produced from Precision Pine's files and was identified by Precision Pine as a business record. The authentication of this document will be provided at trial through, if necessary, Precision Pine's document custodian. |

| | | | |
|---|---|---|---|
| 700 | PP&T John B. Smith Anticipated Logging Schedule for 1998 Letter to Susan Lee | Relevance. | The document is relevant to the practices, procedures and scheduling of timber and roundwood harvests by Precision Pine. |
| 707 | PP&T John B. Smith Logging Schedule Letter to Dan Derrick | Relevance. | The document is relevant to the practices, procedures and scheduling of timber and roundwood harvests by Precision Pine. |
| 708 | PP&T John B. Smith Operating Plan for 1993 Letter to Dan Derrick | Duplicative. | This document is the same as DX457 and, therefore, is withdrawn. |
| 709 | PP&T John B. Smith Operating Plan for 1998 letter to Dave Harris | Relevance. | The document is relevant to the practices, procedures and scheduling of timber and roundwood harvests by Precision Pine. |
| 771 | USDA Forest Service Breach History for PP&T | Authentication; RCFC App. A ¶ 13(a). | This document is withdrawn. |
| 778 | Expert Report by Charles Adkins (with exhibits) | See Plaintiff's Motion *In Limine* (filed Aug. 6, 2004). | See Defendant's Response To Plaintiff's Motion *In Limine* Regarding Testimony by Charles Adkins. |
| 797 | Supplemental Report of Charles Adkins | See Plaintiff's Motion *In Limine* (filed Aug. 6, 2004). | See Defendant's Response To Plaintiff's Motion *In Limine* Regarding Testimony by Charles Adkins. |

## I. Precision Pine's Authenticity Objections

Precision Pine asserts an objection regarding the authenticity of nine exhibits. Pl.'s Objections at 10-12. There exists no basis for these objections. Each one of the exhibits to which Precision Pine objects (1) was produced by Precision Pine from its own files, and (2) was identified by Precision Pine as a business record.[1]

If Precision Pine persists in challenging the authenticity of its own records, and if the Court concludes that Precision Pine's production of business records is not sufficient in and of itself to establish authenticity, the United States will establish the authenticity through witnesses at trial. The United States reserves the right to require Precision Pine to designate and produce a document custodian to verify the authenticity of documents from its own business records.

## II. Precision Pine's Relevance Objections

Precision Pine asserts that numerous exhibits on the United States' exhibit list are not relevant. Pl.'s Objections at 12-14 (identifying 24 exhibits); see also Fed. R. Evid. 401 (defining relevant evidence as "evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

[1] During the course of discovery, Precision Pine declined to answer various interrogatories and, pursuant to RCFC 33(d), referred the United States to over 100 boxes of business records that the company stored in Heber, Arizona. The United States objected and argued Precision Pine had abused the option afforded by RCFC 33(d). The Court rejected this argument and allowed Precision Pine to its produce business records in lieu of interrogatory answers. See Order of Chief Judge Damich (Oct. 9, 2003) (docket no. 181). Because only business records may be proffered pursuant to RCFC 33(d), and because Precision Pine prevailed upon this issue, it should be estopped from denying that the records made available by Precision Pine are business records.

would be without the evidence").[2] The United States explains the relevance of each these exhibits in the above table. Additionally, the relevance of DX454 and DX468, which Precision Pine has chosen to discusses in greater detail, is addressed below.

**A. DX454 Is Relevant**

As explained in our pretrial brief, beginning in August or September 1995, Stone Container Corporation ("Stone") declined to purchase roundwood from Precision Pine. This is significant because Stone was Precision Pine's only significant outlet for roundwood. The unavailability of an outlet for roundwood during the suspensions adversely affected the profitability of Precision Pine's multi-product sale contracts. Without an outlet for roundwood, the roundwood component of Precision Pine's multi-product sale contracts was a dead loss, not the break-even proposition Precision Pine had been hoping to achieve. This caused many of Precision Pine's contracts to be unprofitable during the suspensions.

DX454 is a draft letter dated March 22, 1996 from Precision Pine's president to the Forest Service. The letter reads in pertinent part:

> Precision Pine & Timber, Inc. is the holder of [a] timber sale contract . . . known as Brann . . . .
>
> We began the harvest of this sale in January of 1996. We harvested the sawlog component only, as we did not have an outlet for the 5" to 8.9" dbh pulpwood component.
>
> During the sawlog harvest we were approached by a company interested in harvesting the pulpwood for delivery to Stone

---

[2] Precision Pine also cites Rule 403 and states without elaboration that the admission of various exhibits would be substantially outweighed by the danger that it will confuse the issues or simply waste time. Pl.'s Objections at 12-13. Not only is Rule 403 of limited utility in a bench trial, Precision Pine has not shown that relevant exhibits should be excluded before trial on such grounds.

> Container in Flagstaff. We contracted with this company and the pulpwood operations was started.
>
> Two days into the haul the pulpwood operation was forced to cease because Stone Container did not want the wood.
>
> We assumed that "someone" at Stone realized that the wood was from a Precision Pine & Timber Inc. sale, Brann, and that they would not accept the wood. We were told later that a comment was made by a Stone employee – (something to the effect that . . . ) – you did not tell me that this wood was from a Precision sale.
>
> A later incident involves a Stone employee relating that Stone would not purchase pulpwood from Precision Pine and Timber or Duke City Lumber Company.

DX454. Thus, the letter confirms not only that Stone was unwilling to take roundwood from Precision Pine during the period of the MSO suspensions, but that Stone's unwillingness extended to third-parties seeking to resell roundwood originating from a Precision Pine sale.

This letter is highly probative of the availability of Stone as an outlet for Precision Pine's roundwood during the MSO suspensions.[3] Accordingly, it is relevant and should be admitted in evidence.

**B. <u>DX457 And DX468 Are Relevant</u>**[4]

DX468 is one of a number of contracts between Precision Pine and Stone Container Corporation ("Stone") for the sale of roundwood. Almost all of the contracts between Precision Pine and Stone were entered into well before the MSO suspensions.[5] These contracts are

---

[3] The unavailability of Stone as an outlet for roundwood was not caused by, or otherwise related to, the Forest Service's alleged breach.

[4] As noted below, DX468 is a duplicate of DX457.

[5] Significantly, no contracts between Precision Pine and Stone were executed during the period of the MSO suspensions notwithstanding the fact that Precision Pine was operating three Forest Service multi-product contracts (<u>i.e.</u>, contracts with a roundwood

relevant to practices and procedures concerning roundwood sales from Precision Pine to Stone. Accordingly, DX468 should be admitted in evidence.

## III. Precision Pine's Objections As To Duplicative Exhibits

Precision Pine objects to two exhibits (DX468 and DX708) that it states are duplicates of other exhibits on the United States' final exhibit list. The United States has confirmed that the cited exhibits are duplicates. Accordingly, the United States withdraws DX468 and DX708.

## IV. Precision Pine's Objection That Documents Have Not Been Produced

Precision Pine objects that it was not provided a copy of three exhibits – DX564, DX565, and DX566 – on the United States' exhibit list. Pl.'s Objections at 15. These documents are publicly available publications. Additionally, it was undersigned counsel's understanding that the exhibits had already been provided to Precision Pine. Nevertheless, upon receiving Precision Pine's objections, a copy of the documents was promptly forwarded to Precision Pine. Precision Pine's counsel confirmed receipt of these documents on April 20, 2005.

Since receiving copies of DX564, DX565, and DX566, Precision Pine has asserted no objections to their admissibility.

## V. Other Precision Pine Objections

Precision Pine objects that a series of documents that were taken from Precision Pine's business records and that contain monthly data about Precision Pine's lumber production, lumber inventories and lumber sales of Precision Pine should be excluded as irrelevant. Pl's Objections at 15-16 (DX573 to DX583). This information is relevant to, among other things, the level at

---

component), and was operating other non-Forest Service contracts that also contained roundwood.

which Precision Pine historically operated. This is, in turn, significant because Precision Pine's damages claims assume operating levels that substantially exceed the historic pace of harvesting and milling operations.

Precision Pine cites Havinga v. Crowley Transp. & Towing Co., 24 F.3d 1480, 1489 n.18 (1st Cir. 1995), as support for excluding this evidence. Pl.'s Objections at 15. However, Havinga merely stands for the unremarkable proposition that a chart that "was not admitted in evidence" provides no evidentiary support for affirming an award of damages. 24 F.3d at 1489 n.18. It provides no basis for excluding evidence in this action.

## CONCLUSION

For these reasons, Precision Pine's objections to the United States' exhibits are without merit. The Court should, therefore, rule that the United States can move the respective exhibits into evidence at trial.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

OF COUNSEL:

Lori Polin Jones
Patricia L. Disert
Office of General Counsel
U.S. Department of Agriculture
1400 Independence Ave., S.W.
Washington, D.C. 20250

Dated: April 28, 2005