**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Louisiana.
BAKER HUGHES OILFIELD OPERATIONS, INC., et al.
v.
SEABULK TANKERS, INC., et al.
**No. Civ.A.03-1230.**

April 19, 2004.
April 20, 2004.

Joseph Dwight Leblanc, III, Pamela L. Schultz, Jon Byron Coats, Jr., Frilot, Partridge, Kohnke & Clements, LC, Michael H. Bagot, Jr., Thomas James Wagner, Thomas Arnoult Rayer, Jr., Wagner & Bagot, New Orleans, LA, for plaintiffs.

Norman Charles Sullivan, Jr., Stephen D. Morel, Fowler, Rodriguez, Kingsmill, Flint, Gray & Chalos, LLP, New Orleans, LA, for defendants.

DUVAL, J.

*1 Before the Court is a **Motion** in **Limine** to Limit Testimony, Exhibits, and **Reports** Containing References to Coast Guard **Report**, Including Any Opinions Based on the Coast Guard **Report** filed by plaintiff Baker Hughes Oilfield Operators and Underwriters at Interest on Cover Note No. 334101 ("BHOO"). Having reviewed the pleadings, memoranda, and relevant law, the Court GRANTS plaintiff's motion.

BHOO contends that 46 U.S.C. § 6308 **renders** any reference to the Coast Guard **Report** concerning the collision between the SEABULK CHALLENGE and the HR HUGHES **inadmissable.** Accordingly, BHOO requests that the Court limit the testimony of **experts** Douglas Torborg, Ronald Borison, and Robert Taylor. Plaintiffs BHOO and Edison Chouest Offshore, L.L.C ("ECO" have filed separate motions specifically seeking to find the testimony of Borison, Taylor and Torborg. The Court shall address each **expert report**, to the extent they rely upon the Coast Guard **report**, individually.

46 U.S.C. § 6308(a) provides:

(a) Notwithstanding any other provision of law, no part of a **report** of a [U.S. Coast Guard] marine casualty investigation ..., including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence ... in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

See 46 U.S.C § 6308(a). By the plain language of that statute, the Coast Guard **report** disputed here is **not** admissible evidence in this case. "The content of **report** may **not** be introduced into evidence by any party or witness and no **portion** of the **report** may be considered." *The Tokio Marine and Fire Insurance Co., Ltd. v. MV FLORA,* 1998 WL 516110 (E.D.La.1998); *see Complaint of Danos & Curole Marine Contractors, Inc.,* 278 F.Supp.2d 783 (E.D.La.2003); *Eckstein Marine Service, Inc. v. Crescent Marine Towing, Inc.* 1999 WL 58264 (E.D.La.1999). Certainly, the Coast Guard **report** or any **portion** is **inadmissable** as a general rule.

This Court intends to enforce 46 U.S.C § 6308(a) by **striking** any **portion** of the Coast Guard **report**, however it may be presented. Thus, the instant motion is GRANTED except as modified in the Court's disposition of the specific motions related to specific **experts**.

The **entire** third page of Torborg's **expert report** reiterates the findings included in the Coast Guard **report**. The Court will excise the **portion** of Torborg's **report** relating to the Coast Guard **report** and any opinion shown to be predominantly based upon that **report**. However, from a reading of Torborg's **report**, it does **not** appear his conclusions rely on the Coast Guard **report**. Thus, this motion is denied in part to the extent that it seeks to **strike** Torborg's conclusions under 46 U.S.C § 6308(a).

BHOO objects to **expert** Borison's testimony on the grounds that he relies upon the Coast Guard **report**. However, upon reviewing Borison's **expert report**, the Court takes notice that the **expert** is making an assumption on information that is **not** included in the **report**. Therefore, Borison's testimony does **not** violate 46 U.S.C § 6308(a) and BHOO's motion to is denied as to this witness's opinion.



Ex. 4

***2** Finally, BHOO objects to **expert** Taylor's testimony on the grounds that Taylor based his opinions on Torborg's conclusions. Having found Torborg's conclusions admissible *supra,* the Court denies this **portion** of BHOO's motion for reasons stated above. Accordingly,

IT IS ORDERED that BHOO's **Motion** in **Limine** to Limit Testimony, Exhibits, and **Reports** Containing References to Coast Guard **Report**, Including Any Opinions Based on the Coast Guard **Report** is hereby GRANTED.

2004 WL 859199 (E.D.La.)

**Motions, Pleadings and Filings** (Back to top)

- 2004 WL 2467369 (Trial Motion, Memorandum and Affidavit) Opposition to Baker Hughes' Motion for Partial New Trial (Jul. 09, 2004)
- 2004 WL 2467363 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendant's Reply to Bhoo and Underwriter's Response to Post-Trial Brief of Seabulk Interests (May. 27, 2004)
- 2004 WL 2467357 (Trial Motion, Memorandum and Affidavit) Reply to Bhoo and Underwriters' Response to Post-Trial Brief of Seabulk Interests (May. 17, 2004)
- 2004 WL 2467351 (Trial Motion, Memorandum and Affidavit) Bhoo and Underwriters' Response to Post-Trial Brief of Seabulk Interests (May. 07, 2004)
- 2004 WL 2467343 (Trial Motion, Memorandum and Affidavit) Post-Trial Brief on Behalf of Seabulk Relating to Damages (Apr. 28, 2004)
- 2004 WL 2467330 (Trial Motion, Memorandum and Affidavit) Seabulk's Response to Baker Hughes, Underwriters and Eco's Pre-Trial Memoranda (Apr. 20, 2004)
- 2004 WL 2467320 (Trial Motion, Memorandum and Affidavit) Response to Objections to Submissions from Deposition of Paul Bonney and Response to Plaintiff's Objections to Seabulk's Exhibit No. 56 (Apr. 16, 2004)
- 2004 WL 2467280 (Trial Motion, Memorandum and Affidavit) Bhoo and Underwriters' Response to Pre-Trial Memorandum of Defendants (Apr. 15, 2004)
- 2004 WL 2467288 (Trial Motion, Memorandum and Affidavit) Response to Seabulk's Pre-Trial Memorandum of Law (Apr. 15, 2004)
- 2004 WL 2467296 (Trial Motion, Memorandum and Affidavit) Opposition to Motion in Limine to Exclude/Limit the Testimony of Max Hardberger (Apr. 15, 2004)
- 2004 WL 2467307 (Trial Motion, Memorandum and Affidavit) Response by Seabulk to Chouest and Baker Hughes' Motions in Limine (Apr. 15, 2004)
- 2004 WL 2467274 (Trial Motion, Memorandum and Affidavit) Eco's Pre-Trial Memorandum (Apr. 14, 2004)
- 2004 WL 2467267 (Trial Motion, Memorandum and Affidavit) Bhoo and Underwriters' Pretrial Memorandum (Apr. 13, 2004)
- 2004 WL 2467338 (Trial Motion, Memorandum and Affidavit) Pre-Trial Memorandum of Law (Apr. 13, 2004)
- 2003 WL 23859939 (Trial Pleading) Answer (Jul. 09, 2003)
- 2003 WL 23859927 (Trial Pleading) Answer (Jun. 19, 2003)
- 2003 WL 23859914 (Trial Pleading) First Amending Complaint (Jun. 05, 2003)
- 2003 WL 23859892 (Trial Pleading) Verified Complaint (Apr. 30, 2003)
- 2:03CV01230 (Docket) (Apr. 30, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.