**U.S. Department of Justice**

Civil Division

DMC:KAB:DHarrington
DJ No. 154-98-720

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

March 14, 2005

*Via Facsimile & U.S. Mail*

Alan I. Saltman, Esq.
Richard W. Goeken, Esq.
Saltman & Stevens, P.C.
1801 K Street, N.W.
Washington, D.C. 20006

Re: *Precision Pine & Timber, Inc. v. United States*,
Fed. Cl. No. 98-720C (Judge George W. Miller)

Gentlemen:

I have received your March 11, 2005 letter, which contains several questions regarding exhibits on the United States' preliminary exhibit list. I am writing to provide a preliminary response to your questions and, additionally, to raise a few other issues that we will need to work through.

First, with respect to DX666, I am investigating the origin of the 2/11/2005 date on the copy provided to you. However, as I explained to Mr. Goeken, given Mr. Moosman has performed no new analysis of Precision Pine's claims, the date is most likely a date code reflecting the date the document was printed.

Second, as your letter notes, the documents identified as DX775 (Munn), DX776 (Neuberger), DX777 (Moosman), and DX778 (Adkins), are the expert reports that were served in the course of discovery in this action. Your statement regarding "new opinions" and "new exhibits" is not correct. We anticipate providing one or more supplemental reports from our experts in accordance with the Court's January 4, 2005 order.

Third, your letter states you have begun a review of the United States' preliminary exhibits, that only cover sheets have been supplied for exhibits DX594, DX595, and DX596, that the first two pages of DX597 are illegible, and that the copies of DX660-64 appear to have extraneous pages. We will look into these issues.

We have likewise begun a review of Precision Pine's exhibits. While that review is ongoing, we have determined that PX102 (preliminary exhibit 40) was not supplied. Please provide a copy of PX102 at your earliest convenience. For the sake of efficiency, we intend to wait until our review of

Precision Pine's exhibits is complete to raise additional issues regarding your exhibits and propose that you do the same with respect to Government exhibits.

Lastly, as you are aware, there is a substantial overlap between the parties' respective exhibit lists. After we have filed a final exhibit list, we propose comparing the lists and developing a list of joint exhibits. For instance, as we have discussed, it would be beneficial to have the parties jointly designate a complete copy of each contact, together with all contract modifications, as joint exhibits.[1] This should be a simple matter once our final exhibit list has been filed.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

---

[1] During our discussion, we confirmed that the United States intended to include on our preliminary exhibit list complete copies of all contracts at issue (with the exception of sale area maps) and compete copies of all modifications and amendments to those contracts. You indicated that Precision Pine prefers to include sale area maps as well. We have no objection to including such maps in any joint exhibits.