SALTMAN & STEVENS, P.C.

1801 K Street, N.W., Suite M-110, Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
E-mail: rgocken@saltmanandstevens.com

March 14, 2005

**VIA FACSIMILE AND U.S. MAIL**

David A. Harrington
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Re: Precision Pine & Timber, Inc. v. United States, CoFC No. 98-720C

Dear David:

We have received your letter dated March 14, 2005, which responds to some aspects of Precision Pine's letter of March 11, 2005. With respect to the issues we identified in that letter regarding DX 594-DX 597, DX 660-DX 664 and DX 666, we would appreciate a definitive response as soon as possible.

You also write for the first time that "We anticipate providing one or more supplemental reports from our experts in accordance with the Court's January 4, 2005 order." That order, however, provides for a single government expert and report, at most. See, e.g., order at item 8: ("Defendant's deadline for . . . submitting rebuttal report, if any, of defendant's expert: Monday March 21, 2005"); order at item 10 ("Plaintiff's deadline for conducting deposition of defendant's rebuttal expert: Monday April 11, 2005"). We note that the government has not stated definitively that it will produce more than one report. However, in an effort to avoid any possible dispute on this point, please be advised that, based on the order, Precision Pine would oppose the production of more than one report by defendant.

You also indicate that you did not receive a copy of Precision Pine's Final Exhibit 120 (Preliminary Exhibit 40). We note that our cover letter that accompanied those of Precision Pine's preliminary exhibits that we copied at your request expressly states that Preliminary Ex. 40 was included among them. See Precision Pine's letter of March 4, 2005 at 1, second bullet point. Nevertheless, enclosed with this letter is an additional copy of that exhibit.

David A. Harrington
U.S. Department of Justice
March 14, 2005
Page 2

Finally, as we have already discussed, Precision Pine also believes that the designation of joint exhibits is good idea, that once the government submits its final exhibit list we will both have a better idea of what those exhibits are, and that the contract documents, including modifications and maps, are likely a good place to start.

Very truly yours,

SALTMAN & STEVENS, P.C.

Richard W. Goeken

RWG/bjr
Enclosure