# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, | ) | |
| v. | ) | No. 98-720C (Judge George W. Miller) |
| THE UNITED STATES, Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY REGARDING HYPOTHETICAL, POST-SUSPENSION TIMBER PURCHASES

In its Motion *in Limine*, the government seeks to extend its misinterpretation of Plaintiff's Response to Request for Admission No. 10 to inappropriately bar Precision Pine & Timber, Inc. ("Precision Pine") from presenting evidence that, had there been no suspension, other timber was available for it to purchase to supply its 1997 and 1998 operations.[1] However, the flawed reasoning underlying defendant's misreading of Request for Admission No. 10 is already the subject of a pending motion filed by plaintiff on April 15, 2005, titled "Plaintiff's Motion For Leave To File A Response To A New And Unexpected Matter Raised By Defendant In Its

[1]Request for Admission No. 10 provides:

> Admit that Precision Pine & Timber, Inc. ("Precision Pine") did not forego bidding on Government timber sale contracts or forego other opportunities to acquire additional timber for its mills as a result of the suspension of the contracts at issue.

Memorandum Of Fact And Law."[2] Plaintiff's Motion was filed three days before the government filed the instant Motion *in Limine*, yet any mention of plaintiff's motion is studiously avoided in defendant's Motion *in Limine*. As fully explained in plaintiff's motion, however, defendant's putative understanding of Request for Admission No. 10 is wholly unwarranted and factually unsound.

Put simply, Precision Pine intends to show at trial that, had there been no suspension, it would have profitably harvested all of the timber on the breached contracts in 1995 and 1996, and subsequently would have also been able to obtain additional timber to operate its mills. Such a showing would establish Precision Pine as a lost volume seller in accordance with this Court's November 23, 2004 ruling at summary judgment. Precision Pine & Timber, Inc. v. United States, 63 Fed. Cl. 122, 133 (2004) ("There are genuine issues of material fact as to whether Precision Pine would have manufactured the sawlogs from the breached contracts into lumber products in 1995, 1996 and early 1997 *and* would still have entered into subsequent lumber sales in 1997 and 1998 using other sawlogs to manufacture that lumber").[3] As the Court correctly recognized, the government's breach put a hole in Precision Pine's lumber sales profits in 1995 and 1996 that cannot be made up by returning the timber to Precision Pine for use in the post-suspension period, if other timber sales were available for harvest at that time.

---

[2]Attached to this motion as Exhibit 1 is Plaintiff's Supplemental Answer To Request For Admission No. 10 which completely dispels the stated basis for defendant's instant Motion *in Limine*.

[3]Notably, defendant never raised it putative understanding of Request for Admission No. 10 in the extensive briefing on its Motion for Summary Judgment.

Apparently having become desperate to avoid the correct finding that Precision Pine was a lost volume seller, defendant now has seized on the argument that the availability of sufficient timber sale offerings to run Precision Pine's mills in the post-suspension period has been made irrelevant by Request for Admission No. 10. Defendant makes this argument despite the fact that as recently as late March, the parties were engaged in entering into stipulations with respect to the amount of timber available for purchase in the relevant National Forests in Arizona in the post-suspension period. (See Letter from David Harrington dated March 10, 2005 forwarding draft stipulations addressing the volume of timber offered on the relevant forests in the post-suspension period attached hereto as Ex. 2, and Letter from Richard Goeken seeking additional information about how the government calculated the volume of post-suspension timber sales attached hereto as Ex. 3.) Sometime after this correspondence was exchanged, apparently while preparing its April 4, 2005 Memorandum of Contentions of Fact and Law where its argument with respect to Request for Admission No. 10 is first raised, defendant hit upon the novel legal argument that Request for Admission No. 10 somehow also applied to the post-suspension period. As demonstrated in plaintiff's April 15, 2005 Motion and the Supplemental Answer To Request For Admission No. 10 attached to it, this is incorrect.

Moreover, Request for Admission No. 10 could not in law or logic be the basis for an admission by Precision Pine because the Request for Admission No. 10 is factually untrue for the post-suspension period. That is, because Precision Pine got the suspended sales back at the end of the suspension period, it did not need to buy as much timber as it would have had there been no suspension and the breached sales had been harvested in 1995 and 1996 as was anticipated. All of this is explained in Plaintiff's Motion For Leave To File A Response To A New And

Unexpected Matter Raised By Defendant In Its Memorandum Of Fact And Law. Plaintiff trusts that the Court's resolution of that motion and the Court's acceptance of Precision Pine's Supplemental Answer to Request for Admission No. 10 to dispel further efforts by defendant in this regard will fully resolve the defendant's ill-founded instant Motion *in Limine*.

Respectfully submitted,

s/Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20008
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: April 28, 2005