**U.S. Department of Justice**

Civil Division

DMC:KAB:DHarrington
DJ No. 154-98-720

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

March 10, 2005

*Via Facsimile & U.S. Mail*

Alan I. Saltman, Esq.
Richard W. Goeken, Esq.
Saltman & Stevens, P.C.
1801 K Street, N.W.
Washington, D.C. 20006

Re: *Precision Pine & Timber, Inc. v. United States*, Fed. Cl. No. 98-720C (Judge George W. Miller)

Gentlemen:

Please find enclosed revised draft stipulations. As you will see, these draft stipulations are very similar to the drafts that we sent you previously and that were discussed during the meeting of counsel on February 28, 2005.

Stipulations 1–49 are in fact unchanged except insofar as they were modified in the course of our February 28, 2005 discussions. Please note that we include a stipulation (stipulation 41) stating that the MSO suspension ended on December 4, 1996. If you are unwilling to agree to this stipulation, it will need to be removed.

Starting with stipulation 50, we add a series of stipulations regarding post-suspension sales offered by the Forest Service on the Apache-Sitgreaves, Coconino, Kaibab, and Tonto National Forests. These stipulations, which have been added at your request, generally track the data that you provided from Timber Data Company. The actual volumes offered for sale on the Coconino National Forest in 1997 and 1998 are somewhat higher, however. Additionally, we include in the stipulations the volume of roundwood that was included with Forest Service sale offerings. Then, starting with stipulation 67, we modify three stipulations that were included in our most recent draft regarding the Salt, Monument and Saginaw-Kennedy sales. The information in these proposed stipulations is derived from DX785 and DX791. Please confirm that these additional stipulations meet with your approval.

Based upon discussions at our February 28, 2005 meeting, it was my understanding that Precision Pine would be proposing additional stipulations. I did not receive any such stipulations until about 11:00 a.m. today, when I received an e-mail which apparently attaches new proposed stipulations. Given tomorrow's deadline for filing initial stipulations, the need for review of new

**Ex. 2**

stipulations by the Forest Service, and my obligations in other matters, it will not be possible to review new stipulations in time to include them in our initial filing. Consequently, I suggest that we limit the initial filing to the first 49 stipulations in the attached draft. Naturally, I am prepared to review and discuss additional stipulations for possible inclusion in subsequent filings with the Court. See Order at 1 (Mar. 3, 2005) (allowing the parties to file additional stipulations after March 10, 2005).

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch