**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 98-720C (Judge George W. Miller) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS**
**TO EXHIBITS ON PLAINTIFF'S FINAL EXHIBIT LIST**

By order of January 4, 2005 and April 15, 2005, the Court ordered the parties to file their respective objections to exhibits on or before April 18, 2005. Ostensibly, defendant did so by filing its submission. Indeed, defendant in its motion of April 18th set forth putative objections on 168 of plaintiff's 282 proposed exhibits that defendant deemed not to be a summary.[1]

The massive array of putative objections notwithstanding, in its filing defendant also "reserve[d] the right to object to any exhibit upon the grounds of relevancy, hearsay, and foundation and with respect to exhibits that include handwritten notes upon the ground of authenticity." This is improper.

[1]As noted below, it its motion *in limine* regarding plaintiff's "summaries" filed on April 20, 2005, defendant "realized" that four exhibits on plaintiff's list were really not summaries under FRE 1006 that plaintiff had prepared. Defendant has added objections to these four exhibits to its objection chart. However, any objections to these four non-summary exhibits should have been filed by April 18, 2005 and are untimely.

As the Court has advised the parties on at least two occasions, consistent with its desire that the trial proceeds as expeditiously as possible to the maximum extent possible, it is its intent to rule on the admissibility of documents prior to trial. Indeed, this is only consistent with the Court requesting the parties to set out their objections and responses to those objections several weeks prior to trial. That said, defendant's attempt to reserve itself the broad right to raise objections at a later date is totally at odds with the scheme laid out by the Court. Indeed, reserving the broad right to object to the admission of documents at some later date makes a mockery of the Court's **order** that objections be identified by April 18, 2005.[2] As such, the Court should indicate that, except with regard to summary exhibits which the Court has extended the defendant's deadline until April 20, 2005, any objection not specified in defendant's filing of April 18, 2005 shall be deemed to have been waived.

By "Revised Objections To Exhibits On Plaintiff's Final Exhibit List" dated April 20, 2005, defendant, although erroneously claiming that PX 103, 138, 157, and 280 were described on plaintiff's final exhibit list as "summaries," presumably, pursuant to FRE 1006, announced that it had come to the determination that these exhibits are not governed by FRE 1006. This revelation is hardly surprising given that PX 103,138 and 280 are each documents prepared by the Forest Service – a fact that was the subject of discussion between counsels during a meeting to explain how plaintiff had prepared its FRE 1006 summaries. PX 157 consists of business records of Timber Data Corp.

---

[2]We note in this regard that the Court did not suggest that the parties submit a preliminary or tentative list of objections by April 18, 2005.

Given that these exhibits are clearly not and were never identified as summaries under FRE 1006 prepared by plaintiff and that fact was known to defendant at least as early as April 14, 2005 and probably well before that date, any objections to them were required, by order of the Court dated January 4, 2005, to have been raised by April 18, 2005. The objections to PX 103, 138, 157, and 280 that were raised in a revised set of objections dated April 20, 2005 are therefore untimely. As such, those "objections" should be considered to have been waived. Without prejudice to this position, plaintiff's responses to defendant's untimely objections to PX 103, 138, 157 and 280 are set forth with plaintiff's other responses to defendant's objections to plaintiff's non-summary exhibits set out in the attached chart.

In that chart plaintiff responds to what can only be described as a massive number of objections raised by defendant to 172 of plaintiff's exhibits.[3] Indeed, given the multiplicity of objections raised to some exhibits, defendant has clearly asserted well in excess of 200 objections to plaintiff's non-summary exhibits. However, defendant's "objections" do not have anywhere near the quality that they do quantity. Indeed, nearly all of defendant's problems with plaintiff's exhibits are petty and several of them do not, unfortunately, even rise to that low level, e.g., defendant has raised objection to the Forest Service's own Summary Effects of Mexican Spotted Owl Injunction, plaintiff's expert reports and a map of the State of Arizona. For these "objections," plaintiff has raised a belief that defendant's complaints are so meritless as to constitute a violation of the representation made to the Court pursuant to RCFC 11(b) that:

> (1) the motion or any part of it is not being presented for any improper purpose, such as to harass or cause needless increase in the cost of litigation;

---

[3] In comparison, plaintiff objected to only 40 of defendant's nearly 800 proposed exhibits.

(2) the legal contentions in it are warranted by existing law; and

(3) the factual contentions have evidentiary support.

That fact notwithstanding, given the sheer number of piddling and vague objections raised by the United States (indeed, an agency thereof that bears the name of Justice) during the final phase of plaintiff's trial preparation, we believe that it is appropriate for the Court to enter an order directing the United States and/or its counsel to show cause why its barge of objections with little to no merit made in the context of a bench-tried case on quantum should not be considered a violation of RCFC 11(b).[4]

Whether or not, based on the sheer volume of defendant's niggling "objections," the Court chooses to enter an order directing defendant to show cause, the fact remains that defendant's "objections" are, as described in the attached chart, meritless. Plaintiff's exhibits in question should thus either be admitted into evidence prior to trial or, in certain instances, admitted pending authentication at trial.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20008
(202) 452-2140

Counsel for Plaintiff

[4] As one sanction, the Court could simply admit all of plaintiff's proposed exhibits and thus avoid plaintiff's and the Court's having to waste anymore valuable time dealing with defendant's "objections."

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: April 28, 2005