# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| _____ ) | | |
| PRECISION PINE & TIMBER, INC., ) | | |
| ) | No. 98-720 C | |
| ) | | |
| Plaintiff, ) | | |
| v. ) | Filed May 2, 2005 | |
| ) | | |
| THE UNITED STATES, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

### ORDER

      On April 7, 2005, defendant filed a Motion *in Limine* to Exclude Plaintiff's Exhibit 287 and Related Testimony, document 306. Plaintiff filed an opposition to defendant's motion on April 21, 2005, document 325. PX 287 is a report of plaintiff's expert, Mr. Ness, dated February 26, 2005. The report adopts certain criticisms by defendant's experts, principally Wayne Moosman, of Precision Pine's earlier computation of lost profits. For that reason, plaintiff contends that Mr. Ness's report is not a rebuttal report as described in RCFC 26(a)(2)(C). Although Mr. Ness's report accepted and adopted the criticisms of defendant's experts, it did so in order to rebut defendant's evidence tending to suggest that Precision Pine's methodology was flawed. Indeed, Mr. Ness's report is captioned "Rebuttal of Certain of Mr. Moosman's Conclusions." Thus, the Court is of the view that Mr. Ness's report "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B) . . . ." *See* RCFC 26(a)(2)(C).

      Such a rebuttal report by Mr. Ness was required to be made available to defendant by early February 2004 (30 days after the date of the disclosure to plaintiff of the report of the defendant's expert, Mr. Moosman, to which the rebuttal report responded). *See id.* PX 287 was not provided to Government counsel until early March 2005. In light of all the circumstances, the Court is not persuaded that plaintiff's late disclosure was substantially justified or harmless. *See* RCFC 37(c)(1). Plaintiff states that it will not rely on the report to argue that its damages should be higher than initially claimed. Rather, plaintiff states that it will argue only that the report shows that plaintiff's existing claim is "conservative." Such a limitation is not itself an "other appropriate sanction[ ]" within the meaning of RCFC 37(c)(1) where, as here, the lateness of plaintiff's disclosure has denied defendant an adequate opportunity to analyze the report with

its own expert and prepare to cross-examine Mr. Ness with respect to his conclusions. Accordingly, defendant's Motion *in Limine* to Exclude Plaintiff's Exhibit 287 and Related Testimony is GRANTED.

IT IS SO ORDERED.

                                         s/ George W. Miller
                                         GEORGE W. MILLER
                                         Judge