# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-720C<br>(Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

FILE

## DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION ON DAMAGES

Pursuant to Rule 36 of the Rules of the United States Court of Federal Claims, defendant, the United States, requests that plaintiff, Precision Pine & Timber, Inc., respond to the requests for admissions set forth below.

## DEFINITIONS

The United States incorporates by reference the definitions used in Defendant's First Set of Interrogatories and Requests for Production of Documents Regarding Damages.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the suspension of the Brann contact as a result of the *Silver v. Thomas* litigation began on August 25, 1995 and ended on October 18, 1995.

**Response:**

154-98-720
(05)

**REQUEST FOR ADMISSION NO. 2:**

Admit that the suspension of the Mud contract as a result of the *Silver v. Thomas* litigation began on August 25, 1995 and ended on March 11, 1996.

**Response:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that Precision Pine harvested no timber pursuant to the Salt contract before, during or after the suspension resulting from the *Silver v. Thomas* litigation.

**Response:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that Precision Pine harvested no timber pursuant to the Saginaw-Kennedy contract before, during or after the suspension resulting from the *Silver v. Thomas* litigation.

**Response:**

**<u>REQUEST FOR ADMISSION NO. 5:</u>**

Admit that Precision Pine harvested no timber pursuant to the Monument contract before, during or after the suspension resulting from the *Silver v. Thomas* litigation.

**<u>Response</u>:**

**<u>REQUEST FOR ADMISSION NO. 6:</u>**

Admit that the annual capacity of Precision Pine's sawmill in Winslow, Arizona was approximately 12-14 mmbf in 1995, 1996 and 1997.

**<u>Response</u>:**

**<u>REQUEST FOR ADMISSION NO. 7:</u>**

Admit that the annual capacity of Precision Pine's sawmill in Eagar, Arizona was approximately 9 mmbf in 1995, 1996, and 1997.

**<u>Response</u>:**

**REQUEST FOR ADMISSION NO. 8:**

Admit that the annual capacity of Precision Pine's sawmill in Heber, Arizona was approximately 10 mmbf in 1995 and 1996.

**Response:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that, between August 1993 and December 1998, the rough sawed lumber produced by Precision Pine's Heber and Eagar sawmills was shipped to Precision Pine's Winslow, Arizona facility for planing.

**Response:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that Precision Pine did not forego bidding on Government timber sale contracts or forego other opportunities to acquire additional timber for its mills as a result of the suspension of the contracts at issue.

**Response:**

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

Patricia Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

June 20, 2003

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 20th day of June 2003, I caused to served by hand delivery a copy of Defendant's First Set of Requests for Admission on Damages, addressed as follows:

Alan I. Saltman
Saltman & Stevens
1801 K Street, N.W., Suite 110
Washington, D.C. 20006