**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-720C (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING DAMAGES**

Introduction

In answering defendant's discovery requests regarding damages, which are extremely broad both as to time frame and information sought, it became apparent to plaintiff that virtually all records of Precision Pine between June 24, 1991 and August 1, 2000 might be deemed to be responsive. For example, defendant's definition of "document" can be read to include essentially all information produced or received by Precision Pine over this nearly 10-year period. Additionally, given the broad and overlapping nature of defendant's requests for production of documents, defendant would seemingly have Precision Pine copy, organize and produce virtually all of the corporate files of Precision Pine several times over.

Assuming that defendant does not truly want or need to inspect every piece of paper in Precision Pine's files (and knowing that no such discovery request would, in any event, be appropriate under the rules of the Court of Federal Claims), Precision Pine has utilized its best efforts to review, segregate and produce those responsive, non-privileged materials which most



154-98-720 (05) damages

**INTERROGATORY NO. 5.**

For each person identified in response to interrogatory no. 4, describe in detail the nature of the person's knowledge with respect to the interrogatory, request for production or request for admission.

**ANSWER:**

Objection. The "detailed nature" of the responses provided by these persons in the preparation of defendant's discovery requests is subject to the attorney-client and attorney-work product privileges. Without waiving these objections, Precision Pine states that the individuals identified in response to Interrogatory No. 4 have knowledge within their anticipated areas of testimony as identified in response to Interrogatory No. 2 and were consulted with respect to information within their specific areas of knowledge.

**INTERROGATORY NO. 6.**

Describe in detail each contract, agreement or other arrangement by which Precision Pine purchased or was entitled to procure timber, from whatever source, public or private, between June 24, 1991 and August 1, 2000, including but not limited to: the date that the contract, agreement or other arrangement was entered into or acquired by Precision Pine; the date that the contract, agreement or other arrangement terminated or was transferred, assigned or sold by Precision Pine; any name commonly used to identify the contract, agreement or arrangement (*e.g.*, O.D. Ridge); the identity of the seller of the timber; the location of the timber; the total volume of timber available for purchase; the species of timber available for purchase (*e.g.*,

Ponderosa Pine); the volume of each species and size class of timber available for purchase; and the price to be paid for each species and size class of timber available for purchase.

**ANSWER:**

Objection. Upon review of the materials related to the numerous contracts by which Precision Pine secured timber for its operations from June 24, 1991 to August 1, 2000, it became clear that the sought after information is both overly broad and unduly burdensome. Moreover, the great majority of the responsive information relates to Forest Service timber sale contracts and is, therefore, ascertainable from documents which are already in the possession of defendant. Without waiving these objections, pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its timber sale contract files, which Precision Pine will make available for inspection. Such files which relate to the contracts that are the subject of this litigation are currently available for inspection and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens, P.C. The remaining contract files are contained in 11 numbered boxes labeled: "Timber Sale Contracts." These contract files are currently available for inspection and will be produced at a mutually agreed upon time at the former corporate headquarters of Precision Pine in Heber, AZ.

**INTERROGATORY NO. 7.**

If any contract, agreement or other arrangement identified in response to interrogatory no. 6 was sold, assigned or otherwise transferred by Precision Pine, describe the transaction in detail, including, but not limited to, the transaction's date, the identity of the purchaser, assignee or transferee, the sale price, the amount of timber or other material that remained to be harvested

at the time of the transaction, and the identity of all persons who negotiated, approved or were otherwise involved with the transaction on behalf of Precision Pine or otherwise.

**ANSWER:**

Objection. Upon review of the materials related to the numerous contracts by which Precision Pine secured timber from June 24, 1991 to August 1, 2000, it became clear that the sought after information is both overly broad and unduly burdensome. Moreover, the great majority of the responsive information relates to Forest Service timber sale contracts and is therefore ascertainable from documents which are already in the possession of defendant, indeed, all sales, transfers and assignments of Forest Service timber sales are subject to the written approval of the Forest Service. Without waiving these objections, pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its timber sale contract files, which Precision Pine will make available for inspection. Such files which relate to the contracts that are the subject of this litigation are currently available for inspection and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens. The remaining contract files are contained in 11 numbered boxes labeled: "Timber Sale Contracts". These contract files are currently available for inspection and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

Individuals with authority to negotiate a transfer of contract obligations on behalf of Precision Pine during the specified time period were its President, Lorin Porter and until March, 2000 its Vice President, Lewis Tenney.

**INTERROGATORY NO. 8.**

With respect to each contract, agreement or other arrangement identified in response to interrogatory no. 6, describe in detail the actual harvest of timber or other material obtained by Precision Pine, including, for each month in which any timber or other material was harvested, the total volume of timber or other material harvested, the species and size class of timber or other material harvested, the volume of each species and size class of timber or other material harvested, and the mill or other facility to which the harvested timber or other material was shipped for processing.

**ANSWER:**

Objection. Upon review of the materials related to the numerous contracts by which Precision Pine secured timber from June 24, 1991 to August 1, 2000, it became clear that the sought after information is both overly broad and unduly burdensome. Moreover, the great majority of the responsive information relates to Forest Service timber sale contracts and is therefore ascertainable from documents which are already in the possession of defendant. Without waiving these objections, pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its timber sale contract files, which Precision Pine will make available for inspection. Such files which relate to the contracts that are the subject of this litigation are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens. The remaining contract files are contained in 11 numbered boxes labeled: "Timber Sale Contracts". These files are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

Information responsive to this interrogatory with respect to Forest Service timber sale contracts is also contained in the Timber Sale Statement of Account ("TSSA") for each Forest Service sale and therefore is already in the possession of defendant. Precision Pine has also retained many such TSSAs for many of its Forest Service timber sale contacts. TSSAs for the contracts that are the subject of this litigation are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens.

Harvest records, including Forest Service TSSAs for the remaining contract files are contained in the individual contract files contained 11 numbered boxes labeled: "Timber Sale Contracts." Additionally, TSSAs for completed Forest Service contacts are contained in two boxes labeled "Timber Sale Contracts, TSSAs." These files are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

Responsive information identifying the logging entity and the work performed on behalf of Precision Pine is also contained in 7 numbered boxes labeled "Logging and Hauling Records." These files are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

**INTERROGATORY NO. 9.**

With respect to each contract, agreement or arrangement identified in response to interrogatory no. 6, describe in detail Precision Pine's plan for operating each mill at issue and harvesting remaining timber and other material as of August 24, 1995, including, but not limited

Information responsive to this interrogatory with respect to Forest Service timber sale contracts is also contained in the TSSA for each Forest Service sale and therefore is already in the possession of defendant. Precision Pine has retained such TSSAs for many of its Forest Service timber sale contacts. Pursuant to RCFC 33(d), TSSAs for the contracts that are the subject of this litigation are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens.

**INTERROGATORY NO. 15.**

For each contract, agreement or other arrangement identified in response to interrogatory no. 6, identify each contractor, subcontractor, subsidiary or other person that performed or was engaged to perform any logging or timber harvesting work on behalf of Precision Pine.

**ANSWER:**

Objection. Upon review of the materials related to the numerous contracts by which Precision Pine secured timber from June 24, 1991 to August 1, 2000 identified in response to Interrogatory No. 6, it became clear that the sought after information is both overly broad and unduly burdensome. Without waiving these objections, pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its timber sale contract files, which Precision Pine will make available for inspection. Such files which relate to the contracts that are the subject of this litigation are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens. The remaining contract files are contained in 11 numbered boxes labeled: "Timber Sale Contracts." These files are currently available for review and will be produced at the former

corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

Responsive information identifying the logging entity that performed work on behalf of Precision Pine is also contained in 7 numbered boxes labeled "Logging and Hauling Records." These files are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

**INTERROGATORY NO. 16.**

For each contractor, subcontractor, subsidiary or other person identified in response to interrogatory no. 15, describe in detail all work performed on behalf of Precision Pine, including, but not limited to, the contract, agreement or other arrangement upon which work was performed, the periods during which work was performed on each contract, and for each month in which work was performed, the nature of the work and the amount owed by Precision Pine for such work.

**ANSWER:**

Objection. Upon review of the materials related to the numerous contracts by which Precision Pine secured timber from June 24, 1991 to August 1, 2000 identified in response to interrogatory no. 6 (which serves as the predicate for interrogatory no. 15, which serves as the predicate for this interrogatory), it became clear that the sought after information is both overly broad and unduly burdensome. Without waiving these objections, pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its timber sale contract files, which Precision Pine will make available for inspection. Such files which

relate to the contracts that are the subject of this litigation are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens. The remaining contract files are contained in 11 numbered boxes labeled: "Timber Sale Contracts." These files are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

Responsive information identifying the logging entity that performed work on behalf of Precision Pine is also contained in seven numbered boxes labeled "Logging and Hauling Records." These files are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

**INTERROGATORY NO. 17.**

For each contractor, subcontractor, subsidiary or other person identified in response to interrogatory no. 15, describe in detail their capacity to harvest timber on behalf of Precision Pine, including, but not limited to, a description of all equipment and personnel assigned or dedicated to harvest the contracts at issue in each month between August 1993 and December 1998.

**ANSWER:**

Objection. With respect to that portion of interrogatory no. 17 that seeks information about the capacity of logging subcontractors, Precision Pine objects on the grounds that the request is both overly broad and unduly burdensome. Moreover, detailed documentary information about the timber harvesting capacity of Precision Pine's logging subcontractors,

other than Precision Pine's own logging arm, Precision Forest Management, Inc. ("PFMI"), in some cases from more than 13 years ago is not in Precision Pine's possession. Pursuant to RCFC 33(d), Precision Pine states that responsive information about PFMI is located in the Box 1 of the Logging and Hauling Records and that such information as is available regarding logging subcontractors is contained in the other six boxes of Logging and Hauling Records, all of which are currently available for review at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

Pursuant to RCFC 33(d), Precision Pine states that, with respect to the work performed by specific loggers on the contracts which are the subject of this litigation, responsive information is contained in the timber sale contract files which are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens.

**INTERROGATORY NO. 18.**

For each of the mills at issue, state the total volume of timber or other material from each source that was processed by the facility during each month between June 1991 and July 2000.

**ANSWER:**

Pursuant to RCFC 33(d), Precision Pine states that responsive material is contained in the mill production records, which are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens.

Additional responsive information about the "total volume of timber or other material from each source" is contained in the timber contract files. Such files which relate to the contracts that are the subject of this litigation are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens. The remaining contract files are contained in 11 numbered boxes labeled: "Timber Sale Contracts." These files are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

Pursuant to RCFC 33(d), information responsive to this interrogatory with respect to Forest Service timber sale contracts is also contained in the TSSA for each Forest Service sale and therefore is already in the possession of defendant. Precision Pine has retained such TSSAs for many of its Forest Service timber sale contacts. TSSAs for the contracts that are the subject of this litigation are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens. Additionally, TSSAs for completed Forest Service contacts are contained in two boxes labeled Timber Sale Contracts, TSSAs. These files are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

**INTERROGATORY NO. 19.**

For each of the mills at issue, identify the volume of each product for which Precision Pine seeks the recovery of lost profits that was produced during each month between June 1991 and July 2000.

**ANSWER:**

Objection. Upon review of the materials related to the monthly production of the 13 lumber products at three mills from June 24, 1991 to August 1, 2000, it became clear that the sought after information is both overly broad and unduly burdensome. Without waiving these objections, pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its mill production files, which Precision Pine will make available for inspection. Such files are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens.

**INTERROGATORY NO. 20.**

For each sawmill that Precision Pine bought, sold, opened or closed between June 1991 and July 2000, identify that date on which the mill was bought, sold, opened or closed.

**ANSWER:**

Pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its mill purchase records and mill production records, which Precision Pine will make available for inspection. Such files are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens.

**INTERROGATORY NO. 21.**

Describe in detail each purchase and each sale identified in response to interrogatory no.

**INTERROGATORY NO. 23.**

For each contract, agreement or other arrangement identified in response to interrogatory no. 6, identify each contractor, subcontractor, subsidiary or other person that hauled timber or other material on behalf of Precision Pine.

**ANSWER:**

Objection. Upon review of the materials related to the numerous contracts by which Precision Pine secured timber from June 24, 1991 to August 1, 2000 identified in response to interrogatory no. 6, it became clear that the sought after information is both overly broad and unduly burdensome. Without waiving these objections, pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its timber sale contract files. Such files which relate to the contracts that are the subject of this litigation are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens.

The remaining contract files are contained in 11 numbered boxes labeled: "Timber Sale Contracts." Additionally, responsive information identifying the hauling entity which performed work on behalf of Precision Pine is also contained in seven boxes labeled "Logging and Hauling Records." These files are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

**INTERROGATORY NO. 24.**

For each contractor, subcontractor, subsidiary or other person identified in response to interrogatory no. 23, describe in detail the services provided to Precision Pine, including, but not limited to, the months in which work was performed, and for each contract serviced in a given month, the distance that timber or other material from the contract was hauled, the volume of timber or other material hauled, and the sum paid by Precision Pine.

**ANSWER:**

Objection. Upon review of the materials related to the numerous contracts by which Precision Pine secured timber from June 24, 1991 to August 1, 2000 identified in response to interrogatory no. 6 (which serves as the predicate for interrogatory no. 24, which serves as the predicate for this interrogatory), it became clear that the sought after information is both overly broad and unduly burdensome. Moreover, the great majority of the responsive information relates to Forest Service timber sale contracts and, therefore, information about the months in which work was performed, the volume of timber removed, and haul distances to Precision Pine's mills, are ascertainable from documents which are already in the possession of defendant. Without waiving these objections, pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its timber sale contract files, which Precision Pine will make available for inspection. Such files which relate to the contracts that are the subject of this litigation are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens.

**ANSWER:**

Pursuant to RCFC 33(d), Precision Pine states that information responsive to this interrogatory is contained in its timber sale contract files, which are currently available for review and will be produced at a mutually agreed upon time at the Washington, D.C. offices of Saltman & Stevens.

**INTERROGATORY NO. 30.**

Describe in detail all sales of by-products (i.e., chips, grindings, shavings, or bark) by Precision Pine between August 1993 and December 1998, including, but not limited to, the date of the sale, the identity of the purchaser, the type of material sold, the volume of material sold, the price of the sale, the mill from which the product sold was produced, and the amount of any costs incurred by Precision Pine in connection with the sale (e.g., transportation costs).

**ANSWER:**

Objection. Upon review of the materials related to the numerous sales of by-products by Precision Pine between August 1993 and December 1998, it became clear that the sought after information is both overly broad and unduly burdensome. Without waiving these objections, Precision Pine states that information responsive to this interrogatory for the period of the suspension with respect to chips, shavings and bark has already been produced to defendant in the damages binder volume II at III(a)1-29, III(c)1-30, III(d)1-22, respectively.

Pursuant to RCFC 33(d), Precision Pine states that information with respect to the sales of by-products is currently available for review and will be produced at a mutually agreed upon

time at the Washington, D.C. offices of Saltman & Stevens.

Pursuant to RCFC 33(d), Precision Pine further states that information responsive to this interrogatory is contained in 10 numbered boxes labeled "Financial Records," which are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time. Additionally, invoices for sales of by-products from the requested time period are currently available for review and will be produced at the former corporate headquarters of Precision Pine in Heber, AZ at a mutually agreeable time.

**INTERROGATORY NO. 31.**

Describe in detail each and every action taken by Precision Pine in order to mitigate the damages allegedly caused by the suspension of the contracts at issue.

**ANSWER:**

Precision Pine mitigated its damages throughout the suspension by consolidating its operations when ever possible, laying-off employees and reducing officers' salaries. In this regard, see the response to interrogatory no. 36 below. Additionally, Precision Pine sought out and pursued all leads for obtaining raw material that it could profitably process including: cutting Precision Pine's own fee timber (much earlier than it wanted to do so), assessing Arizona State timber sale offerings, contacting Indian tribes, including the Fort Apache Indian Tribe, Zuni Tribe and Hualapai Tribe, about the availability of timber from tribal lands, and contacting all area private landholders that Precision Pine believed might have private timber/logs for sale.

is contained in the binders of documents supporting the damage calculations, which have already been produced to the government. Additional responsive documents are available for inspection at the Washington, D.C. law offices of Saltman & Stevens and the former corporate headquarters of Precision Pine in Heber, AZ.

**<u>DOCUMENT REQUEST NO. 27:</u>**

Produce all documents or other evidence that Precision Pine will use or rely upon to support its claim for damages at trial in this action.

**<u>RESPONSE</u>:**

No final decision has been made as to what evidence to offer at trial. The documents already provided to defendant as well as those documents identified in response to the foregoing interrogatories and requests for production are likely sources of documentary evidence to be offered at trial. <u>See</u> response to Document Request No. 26.

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
David J. Craig
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Date: August 25, 2003