IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS AND CROSS-MOTION FOR FEES AND EXPENSES PURSUANT TO RCFC 37(a)(4)(B)**

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
David J. Craig
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Dated: September 16, 2003

made, and continues to make, cooperatively and in good faith, to comply with its discovery obligations.[4]

At bottom, defendant has been on notice of the details of Precision Pine's damage claims since January of 2002, and in possession of much of the relevant documentary support for those claims, since at least February 26, 2003, when Precision Pine served defendant with its revised damage calculations.[5] However, rather than seeking information related to the damages that Precision Pine is actually seeking to recover in this case, defendant chose to serve exceedingly broad, overlapping and ill-defined interrogatories and requests for the production of documents, many of which seek information about Precision Pine's entire operations, including those on unrelated contracts over nearly a ten year period.[6] Notably, despite this exceedingly broad discovery request, defendant does not complain that Precision Pine has not provided it with access to any and all documents that it wanted, or that Precision Pine has provided anything but responsive documents in response to its requests. Although defendant may be free to use the

---

[4]Such being the case, and pursuant to RCFC 37(a)(4)(B), Precision Pine requests that the Court award it its reasonable expenses, including attorney's fees, in defending against this baseless motion.

[5]As the Court will recall from the status conference held on May 20, 2003, Precision Pine first provided detailed damage to defendant in February 2002, and on August 24, 2002, during the informal discovery process, counsel for Precision Pine, met for an entire day with counsel for defendant and a Forest Service accountant, answered exhaustive questions regarding each component of its damage claim and offered to provide additional information. No further requests were forthcoming until June 20, 2003 when defendant served its massive formal discovery requests.

[6]This Court ruled that the Forest Service breached 12 of Precision Pine's timber sale contracts due to a suspension the agency imposed on August 25, 1995 and lifted on December 4, 1996. Instead of focusing on these contracts and this time period, defendant generally sought information for all timber sale contracts held by Precision Pine from 1991 to 2000. See, e.g., Interrogatories Nos. 6-9, 15-27. Moreover, defendant's definitions of "documents" are so broad as to have encompassed virtually every piece of paper in Precision Pine's files.

Respectfully submitted,

s/ Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
David J. Craig
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Dated: September 16, 2003