# UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE AND TIMBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 98-720C |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Pages: 1 through 224

Place: Washington, D.C

Date: October 1, 2003

**HERITAGE REPORTING CORPORATION**

*Official Reporters*

1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

154-98-720
(14)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE AND TIMBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 98-720C |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Courtroom 4, Room 501
National Courts Building
717 Madison Street, N.W.
Washington, D.C. 20005

Wednesday
October 1, 2003

The parties met, pursuant to notice of the Court, at 3:05 p.m.

BEFORE: HONORABLE EDWARD J. DAMICH
Chief Judge

APPEARANCES:

For the Plaintiff:

ALAN I. SALTMAN, Esquire
RICHARD W. GOEKEN, Esquire
DAVID J. CRAIG, Esquire
Saltman & Stevens, P.C.
1801 K Street, N.W., Suite M-110
Washington, D.C. 20006
(202) 452-2140

For the Defendant:

DAVID ALLEN HARRINGTON, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

MR. GOEKEN: Okay.

THE COURT: My view is, and that, indeed, is my ruling, that you have not answered responsively to Interrogatory 27, and I would ask you to please do so.

MR. GOEKEN: There were some assumptions made there that I can flesh out.

THE COURT: Okay. Please do that.

MR. HARRINGTON: Your Honor?

THE COURT: Yes, Mr. Harrington.

MR. HARRINGTON: Ms. Jones is going to need to leave at this point, and I just wanted to let you know that she is going to be stepping out.

THE COURT: Oh. Do you want to recess until another time, or do you want to continue, Mr. Harrington?

MR. HARRINGTON: I think we can continue, Your Honor.

THE COURT: Okay. All right. Thanks very much, Ms. Jones.

MS. JONES: Thank you, Your Honor.

THE COURT: Okay. Twenty-nine.

MR. HARRINGTON: Your Honor?

THE COURT: Yes, Mr. Harrington.

MR. HARRINGTON: Just touching on Interrogatory No. 27, this is central to the lost-

profits claim. I would note that in their brief in response to our motion, they say they have no contention during periods outside of the suspension. And I would like to suggest that, first of all, if that is, in fact, the case, their lost-profits claim necessarily fails because in order to maintain their lost-profits claim, they do not merely need to show what they could have sold the lumber for during the period of the suspension, but they need to show that that number is higher than what they could have sold it for after the suspension or before the suspension because if that's not the case, then they haven't been harmed by the suspension because they were allowed to harvest this timber after the suspension. And if they would have made more money after the suspension by selling this lumber, there are no damages, there are no lost profits because they were better off.

THE COURT: You can make that argument at trial. All that the interrogatory says is the price that they could have sold.

MR. HARRINGTON: My point is simply that we anticipated receiving a full answer for the full period of time --

THE COURT: That's what it says.

MR. HARRINGTON: -- that we're asking for in