# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | No. 98-720 C |
| Plaintiff, | | |
| v. | | Filed May 2, 2005 |
| THE UNITED STATES, | | |
| Defendant. | | |

## ORDER

     On April 18, 2005, plaintiff filed a Motion *in Limine* to Exclude Affirmative Defense of Release, document 319. Defendant filed a response on April 28, 2005, document 332. Although it was aware of the issue in 1997, defendant first gave notice on April 4, 2005 that it intended to assert the affirmative defense of release to plaintiff's claims relating to four of the twelve contracts that the court had previously determined had been breached by defendant. Defendant failed to assert the affirmative defense of release as required by United States Court of Federal Claims Rule ("RCFC") 8(c), in its initial answer and counterclaim of May 19, 1999, its amended answer filed pursuant to the Court's October 7, 1999 opinion and order, and its second amended answer filed May 5, 2000. Defendant missed other opportunities to raise the defense, including in connection with its July 12, 2000 motion for summary judgment regarding liability and its April 15, 2004 motion for partial summary judgment regarding damages. The disclosure on April 4, 2005 in Defendant's Pretrial Memorandum of Contentions of Fact and Law came nearly six years after defendant filed its first answer to plaintiff's complaint and just over one month prior to trial. *See First Interstate Bank of Billings v. United States*, 61 F.3d 876, 881-82 (Fed. Cir. 1995).

     The Court is of the view that the timing of defendant's disclosure has effectively denied Precision Pine an opportunity to develop a strategy to oppose the affirmative defense of release. Defendant argues that plaintiff's assertion of prejudice is "absurd on its face" because the defense is based upon the plain language of the contracts, which will be introduced into evidence by plaintiff. Def. Resp. at 9. Defendant also argues that plaintiff's claim of prejudice "is undercut by the parol evidence rule." *Id.* at 7. However, the Court is not persuaded that it would necessarily be futile for plaintiff to seek to develop through discovery evidence that would be

admissible at trial to counter the defense of release.  In any event, plaintiff should have had that opportunity.  Accordingly, the Court GRANTS plaintiff's motion and ORDERS that defendant shall be precluded from asserting the affirmative defense of release.

IT IS SO ORDERED.

                                                         s/ George W. Miller  
                                                      GEORGE W. MILLER  
                                                      Judge