*SALTMAN & STEVENS, P.C.*
1801 K Street, N.W., Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
E-mail: asaltman@saltmanandstevens.com

April 15, 2005

**VIA E-MAIL**

David A. Harrington
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Re: Precision Pine & Timber, Inc. v. United States, CoFC No. 98-720C

Dear David:

At our meeting yesterday, you raised several questions with respect to the source material for various summaries that Precision Pine has included on its Final Exhibit List. I indicated that I would research each question and provide you with answers which are set forth below:

1. What is what I called the "gibberish" at the bottom of PX 57-60?

It is not "gibberish," both you and I were reading from right to left. If one reads from top to bottom it becomes clear that what is indicated is an abbreviation for each month, e.g., reading from top to bottom:

| | | | |
|---|---|---|---|
| J | F | M | |
| A | E | A | = January, February, and March |
| N | B | R | |

**Exhibit 1**

2. Did Precision Pine use any Snowflake sales data in PX 57-60?

No.

3. Where are the underlying documents which indicate the name and bid price of the 2nd high bidder on PX 61?

As indicated on PX 61, this data exists on the back of the appraisal summary (Forest Service form 2417) which is called the Report of Timber Sale (see, e.g., PX 1) (a document which sometimes also exists in stand alone computer generated form (see, e.g., PX 5 and PX 10). All of these documents were created by the Forest Service and are, of course, in the government's possession. The back sides of the appraisal summary/Report of Timber for the Kettle and Manaco timber sales are included in PX 5 and PX 10, respectively. The back of the appraisal summary/Report of Timber for each of the other breached sales is not included on the Final Exhibit List of either party. Of course, pursuant to FRE 1006, Judge Miller could order that the backs of the appraisal summaries/ Reports of Timber sale be produced.

4. Is the WWPA Rocky Mountain Ponderosa Pine Index through the third quarter of 1999 included on the Final Exhibit List of either party?

Yes, the WWPA Rocky Mountain Ponderosa Pine Index through the third quarter of 1999 is included in PX 295. It was provided in response to defendant's interrogatory #28.

5. Where did the figures for PX 247 come from?

They came from PX 248. In some instances, income from different divisions for the same fiscal year was added together to produce the figures on PX 247.

6. Where did the figures on Page 1 of PX 288 come from?[1]

The information in the column headed "Actual Sales for the Period 8/24/95 – 6/30/96" was, as stated, derived from the Winslow Sales Journal (a/k/a the Winslow Sales Record) for each month during the period. These documents are in the government's possession and are included in PX 294 on Plaintiff's Final Exhibit List. In fact, Mr. Ness confirmed each entry for the period in question by comparing it to the data set out on the sales invoice referenced by the sales journal. Once confirmed, the volume of each product during the period was totaled as was the volume of all products. The resulting percentage for each product is the total volume of that product during the period divided by the total volume of all products during the period.

The information in the column headed "Production % Projected by Lon Porter for Breached Sales" represents a weighted average of the information on page 2 of Ex. 4 of Report of Robert Ness dated February 7, 2005 (PX 182) based on the total footage for each contract. It also represents the information on Ex. 6 of his original report (PX 131) with both the volume of the each product and the volume of all products totaled and the resulting percentages derived.

---

[1]While you had suggested that I obtain the answer to this question from Mr. Ness and convey it to you, I had suggested that we simply set up a conference call with Mr. Ness for this afternoon. As I indicated in my e-mail of last night with today being April 15th, Mr. Ness advised that he will be neck-deep in tax matters and not available to discuss this. As such, rather than put off getting you the information that you requested, I am conveying what Mr. Ness advised me.

7. Where did the figures in the right hand column on page 2 of PX 288 come from?

Plaintiff does not intend to rely on the figures in this column as they were prepared prior to Mr. Ness' involvement in the case and they have been superseded by the figures which Mr. Ness calculated and are reflected in the right hand column of page 1 of PX 288. Moreover, the reference on page 2 of PX 288 to the source material for the page being the Winslow Sales Journal applies only to the column entitled "% of Actual Production July 1994 to July 1995."

In addition to the above, with regard to documents that you reviewed with Rick, please be advised as follows:

PX 163 – The issue of "shading" which appears on some of the cells in the chart seems to be related to copying and in any event does not have any independent significance.

PX 233 – This is a duplicate of C-0067 contained in the calculation binder (PX 180). Precision Pine does not, therefore, intend to offer PX 233 as a stand alone exhibit at trial.

I believe that the above is fully responsive to the points raised yesterday.

Sincerely yours,

SALTMAN & STEVENS, P.C.

*Alan I. Saltman*

Alan I. Saltman

AIS/asm