# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) ) ) ) ) ) ) ) ) ) ) | No. 98-720 C |
| Plaintiff, |  |  |
| v. |  | Filed May 3, 2005 |
| THE UNITED STATES, |  |  |
| Defendant. |  |  |

### ORDER

      On May 2, 2005, defendant filed a Motion for Reconsideration of the Court Order Allowing Plaintiff to Withdraw Its Answer to Request for Admission Number 10, document 346. The Court issued its Order on April 29, 2005, document 339. The Court has reviewed defendant's motion and the attached documents. When the Court, in its April 29 Order, referred to the "relatively recent focus on post-suspension harvesting," it intended to refer to the "lost volume seller" issue, which was first raised in plaintiff's June 9, 2004 Opposition to Defendant's Motion for Partial Summary Judgment Regarding Damages. Plaintiff sought to supplement its response to Request for Admission No. 10 after defendant asserted for the first time in its Pretrial Memorandum of Contentions of Law and Fact, filed April 4, 2005, that plaintiff's original response was "directly contrary to the predicate for [plaintiff's] lost volume claim." Def. Mem. at 29-30. Defendant had not made that argument, or alluded at all to plaintiff's response to Request for Admission No. 10, in the briefing or argument on Defendant's Motion for Partial Summary Judgment Regarding Damages. That defendant first raised the point a month before trial casts doubt on defendant's assertion that it relied on plaintiff's original response in conducting discovery and developing a strategy for trial. The Court is not persuaded that defendant will be prejudiced by allowing plaintiff to supplement its original response in light of defendant's recent focus on the significance of plaintiff's original response to the "lost volume seller" issue and in light of the Court's concern that defendant's recent focus may reflect an unwarranted interpretation of plaintiff's original response. Accordingly, defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

                                                                  s/ George W. Miller  
                                                                  GEORGE W. MILLER  
                                                                  Judge