**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 98-720C (Judge George W. Miller) |

**DECLARATION OF ALAN I. SALTMAN**

I, Alan I. Saltman, declare under penalty of perjury that the following is true and correct:

1. I am a senior principal of the law firm of Saltman & Stevens, P.C., and counsel of record for the plaintiff, Precision Pine & Timber, Inc. in this matter.

2. Richard W. Goeken, a principal with Saltman & Stevens, has served as co-counsel in this matter since 1998.

3. Since its inception in 1980, Saltman & Stevens has maintained a concentration in federal timber law pertaining to U.S. Forest Service and other federal agency timber contracts. The firm provides counseling and litigation representation to a nationwide clientele on all aspects of timber contracts.

4. Although I am counsel of record in this matter, Mr. Goeken has in fact spent more time working on this case since its inception than I have.

5. Mr. Goeken has been significantly involved in the overall preparation of this lawsuit and has been responsible for investigating, preparing and litigating many issues in this case.

6. Among other things, Mr. Goeken has interviewed witnesses, handled discovery matters regarding liability, drafted summary judgment motions on liability, handled various discovery matters regarding quantum, drafted oppositions to government summary judgment motions on quantum, deposed defendant's experts, defended Precision Pine's experts in depositions, filed a pre-trial memorandum of contentions of fact and law, filed motions in limine on several pre-trial matters, participated in selecting hundreds of exhibits for trial, reviewed and prepared objections to defendant's trial exhibits, responded to defendant's motions in limine, responded to defendant's motion to dismiss, and participated in the first several days of a six-week trial on quantum. If Mr. Goeken were disqualified, Precision Pine would lose the indispensable knowledge and experience he has gained in investigating, preparing and litigating this case for seven years, and Precision Pine would suffer substantial and severe hardship.

7. If Mr. Goeken were disqualified, given my existing responsibilities in this case, I simply would not be able to pick up the slack and assume responsibility for those aspects of the case for which Mr. Goeken has responsibility. Indeed, the issues for which Mr. Goeken is responsible are complex and relate to multiple government witnesses, several experts and thousands of pages of documents regarding quantum. The complexity of these areas is compounded by the different amounts and species of timber on eleven different timber sales, spanning different periods of time. The key legal issues on which Mr. Goeken's continued

involvement is critical to Precision Pine include the interpretation of particular timber sale contract clauses, foreseeability, causation, and recovery of lost profits, increased hauling costs, and increased sawmill costs.

8. Mr. Goeken is an irreplaceable part of Precision Pine's trial team. He is presently the only attorney on this case who possesses the knowledge and experience necessary to handle many of the aforementioned issues at trial.

9. Aside from myself, the only other attorney working significantly on this case is a first-year associate who has only worked on this matter for six months and simply does not have the knowledge and/or experience necessary to assume Mr. Goeken's responsibilities. Additionally, there is no other principal or associate at Saltman & Stevens who possesses Mr. Goeken's seven years of knowledge and experience on these matters.

10. If Mr. Goeken were disqualified, Precision Pine would have to seek an immediate continuance of the trial for purposes of educating another attorney to take his place—a process that would take at least several months and maybe longer—at a cost of many thousands of dollars. Precision Pine is a small company with limited assets and does not have the financial resources to undertake such an exercise.

11. The disqualification of Mr. Goeken would also be prejudicial because if for some reason such as death or disability, I were unable to proceed in this matter, Mr. Goeken is the only

attorney at Saltman & Stevens who could replace me in the presentation of various key aspects of this case without having to learn about the case from scratch.

12. In sum, the disqualification of Mr. Goeken, in the midst of this trial is highly prejudicial to Precision Pine.

13. The Government's stated reason for seeking Mr. Goeken's disqualification is his providing clerical assistance to Precision Pine's President, Lorin Porter. This assistance, however, merely involved the separation of lumber product invoices into categories in accordance with the directions of Mr. Porter. Mr. Goeken executed no independent judgment or substantive expertise in performing this ministerial task.

14. The disqualification of one of plaintiff's two lead attorneys based upon his performance of such clerical activities at the direction of the client is unwarranted, unnecessary and would result in overwhelming hardship to Precision Pine.

15. Indeed, based on what Mr. Goeken has stated in his declaration, he is not a necessary witness in this case and there is no reason for him to testify.

Respectfully submitted,

22nd day of May, 2005.

s/ Alan I. Saltman

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff