FILED
JUN 13 2005
U.S. COURT OF FEDERAL CLAIMS
by leave of the Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PRECISION PINE & TIMBER, INC.,
Plaintiff,
v.
THE UNITED STATES,
Defendant.

No. 98-720C
(Judge George W. Miller)

**MOTION TO QUASH DEFENDANT'S SUBPOENA OF JOHN SMITH AND SUPPORTING MEMORANDUM OF LAW**

On behalf of Mr. John Smith, and pursuant to the Rules of the Court of Federal Claims ("RCFC") 45, the undersigned counsel hereby moves this Court to quash the subpoena heretofore recently served upon Mr. Smith by the Defendant in the above-captioned case. For the reasons set out below, the subject subpoena is oppressive and creates an undue burden on Mr. Smith, which necessitates that it be quashed.

## I. Factual Background.

On or about June 2, 2005, the Defendant issued and served upon Mr. Smith a subpoena commanding Mr. Smith's appearance at the trial in this action. A copy of the John Smith subpoena is attached hereto as Exhibit 1. The anticipated trial dates for this matter, as set forth in the subpoena, are June 13 - 17, 2005. Mr. Smith resides in Winslow, Arizona and is, thus, being subpoenaed and commanded to travel thousands of miles from Arizona to Washington, D.C. for this trial. However, Mr. Smith's chronic and ongoing medical problems make his travel and

appearance in this trial in Washington, D.C. unreasonably burdensome, and provides substantial grounds for the present motion to quash.

## II. Legal Argument.

Mr. Smith is sixty-three years of age. He has multiple ailments including: acute and chronic low back pain due to degenerative disc disease of the lumbosacral spine, benign enlargement of the prostate which can create an increased likelihood of urinary incontinence (which is poorly controlled with medication), and chrondromalacia of the right patella. Due to these conditions any trip or activity requiring an hour or more of prolonged standing or sitting, such as a plane ride or testimony in court, will aggravate these conditions.

One year ago, and despite his serious medical problems, Mr. Smith testified in Washington, D.C. regarding this same case. At that time, Mr. Smith substantially reduced his intake of food and water to eliminate the need for bathroom interruptions during his testimony in this matter. Mr. Smith's allergies to garlic and lactose further limited his intake of food to the point where he was forced to eat mainly peanut M & M's and peanut butter and jelly sandwiches during this visit to Washington, D.C. in an effort to prevent additional medical complications.

Due the foregoing poor diet and lack of fluids that Mr. Smith was forced to endure because of having to testify last year, Mr. Smith became dehydrated and fell ill while in Washington, D.C. and remained so for a substantial period after returning to Arizona. It is the opinion of his physician that forcing Mr. Smith to once again travel to Washington, D.C. in order to testify in the present case could cause the situation outlined above to repeat itself. A copy of Dr. Salvador Lee, Jr.'s letters which corroborate and support all of these health factors and concerns is attached hereto as Exhibit 2.

Many courts have found age and poor health to be grounds for quashing subpoenas. See Aherns v. Ford Motor Co., 340 F.3d 1142, 1147 (10th Cir. 2003); In re Tutu Water Wells Contamination CERCLA Litig., 189 F.R.D. 153, 157 (D. Virgin Islands 1999); Morrow v. Igleburger, 584 F.2d 767, 770 (6th Cir. 1978); Celanese Corp. v. Duplan Corp., 502 F.2d 188, 190 (4th Cir. 1874). Accordingly, a man of Mr. Smith's age and generally poor health should not have the burden of possibly facing a repeat of the suffering and illness he underwent during his previous trip to Washington, D.C. in connection with this same matter.

Indeed, in Amarin Plastics, Inc. v. Maryland Cup Corp., 946 F.2d 147, 152 (1st Cir. 1991), the court refused to force a man to travel in order to testify in a situation where the man, like Mr. Smith, had been deposed at an earlier date and during that time he became very ill due to his travel and testimony. The Amarin court found that the possibility of repeat injury coupled with the anxiety caused due to that possibility made traveling to testify unduly burdensome. Id.

Based upon the same Amarin rationale along with the factors outlined above, the Defendant's subpoena of Mr. Smith should be quashed as similarly oppressive and unduly burdensome in light of Mr. Smith's age and medical history and condition. First, Mr. Smith's current serious medical problems, including those affecting his back and knees, make extensive trips in small quarters extremely painful and uncomfortable. More significantly, to the extent that Mr. Smith is forced to testify at the Defendant's upcoming trial, he is almost certain to have the same serious health crisis as he experienced upon his visit to Washington, D.C. last year as Mr. Smith will have to take the same extreme dietary measures, again, in effort to accommodate his participation in this trial, including limiting food and water intake.

Moreover, Mr. Smith's physician has also similarly corroborated his belief that these same medical problems will recur if Mr. Smith is forced to make another extensive trip to Washington, D.C. in the near future. The Defendant's subpoena is, therefore, unreasonable and must be quashed to avoid health risk to Mr. Smith.

## III. Conclusion

For the reasons stated herein, Mr. Smith hereby requests that the Defendant's subpoena of Mr. Smith in connection with this action be quashed on the grounds that it is oppressive and unduly burdensome as it relates to Mr. Smith's current and ongoing medical problems.

Respectfully submitted,

Dated: June 7, 2005

John J. Fausti, Esquire
District of Columbia Bar #349811
Monica C. Parchment, Esquire
District of Columbia Bar #459811
Fausti & Associates, LLC
4301 Connecticut Avenue, NW, Suite 453
Washington, DC 20008
Telephone: (202) 237-0505
Facsimile: (202) 237-7566
Attorneys for John Smith

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the 7th day of June 2005, by hand delivery, upon the following:

David A. Harrington, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, NW, 8th Floor
Washington, D.C. 20530

and by federal express overnight mail upon the following:

Alan I. Saltman, Esq.
Saltman & Stevens
1801 K Street, NW
Washington, D.C. 20006

John J. Fausti

**U.S. Department of Justice**

Civil Division

DMC:DH:SThomas
154-98-720

*Washington, D.C. 20530*

June 2, 2005

SERVE

John Smith
Precision Pine & Timber
P.O. Box 70
Heber, AZ 85928

Re: *Precision Pine & Timber, Inc.*,

Dear Mr. Smith:

Together with this letter you have received a subpoena commanding your appearance at trial in the above-styled matter. While the dates listed on the subpoena reflect the entire trial period, we expect that you will be asked to testify during the week of June 13, 2005 Please do not make any plans to attend without first confirming the expected date of your testimony. As the date of your testimony nears, either I or a Department of Justice attorney litigating this case will contact you with the exact date you should appear at the location listed on the subpoena.

Should you have questions or require additional information, please do not hesitate to contact me at (202) 353-7996. Thank you very much for your assistance in this matter.

Very truly yours,

Sidney Thomas
Paralegal
Commercial Litigation Branch

Enclosure(s)

# UNITED STATES COURT OF FEDERAL CLAIMS

PRECISION PINE & TIMBER, INC.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

**SUBPOENA**

No. 98-720C
(Judge George W. Miller)

To: John Smith
909 N. Warren Avenue
Winslow, AZ 86047

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | |
|---|---|
| U.S. Court of Federal Claims<br>717 Madison Place<br>Washington, DC 20005 | COURTROOM: Six<br>DATE AND TIME: June 13-17, 2005 |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME: |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| Attorney for Defendant [signature] | June 2, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: (202) 307-0277

David Harrington, USDOJ, Civil Division, 1100 L Street, NW, Room 12136, Washington, DC 20005

NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

SERVED ON (Print Name) MANNER OF SERVICE

SERVED BY (Print Name) TITLE

☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ________
Date

Signature of Server ________________

________________
Address of Server

________________

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SALVADOR T. LEE, JR., M.D., P.C.**

FAMILY PRACTICE

LEE MEDICAL CLINIC
102 EAST THIRD STREET
WINSLOW, ARIZONA 86047
Telephone (520) 289-3345
FAX (520) 289-3760

APRIL 4, 2002

RE: JOHN B. SMITH
DOB.:11-23-41

TO WHOM IT MAY CONCERN:

I AM ADVISED THAT THE ABOVE-NAMED PATIENT IS LIKELY TO BE SUBPOENAED TO TESTIFY AT A TRIAL IN WASHINGTON D.C NEXT MONTH. IT IS MY OPINION THAT THIS WILL CAUSE UNTOWARD EMOTIONAL AND PHYSICAL HARDSHIP ON HIM CONSIDERING THAT HE IS UNDER THE CARE OF MYSELF AND ANOTHER PHYSICIAN FOR THE FOLLOWING CONDITIONS:

1. ACUTE/CHRONIC LOW BACK PAIN SECONDARY TO,
2. DEGENERATIVE DISC DISEASE OF THE LUMBOSACRAL SPINE,
3. BENIGN ENLARGEMENT OF THE PROSTATE WITH
4. URINARY INCONTINENCE,POORLY CONTROLLED WITH MEDICATION,
5. CHONDROMALACIA OF THE PATELLA, RIGHT.

ANY TRIP REQUIRING MORE THAN AN HOUR PLANE RIDE OR PROLONGED STANDING AND SITTING WILL AGGRAVATE HIS PRESENT HEALTH CONDITIONS AS PREVIOUSLY EXPERIENCED BY HIM A YEAR AGO WHEN HE TESTIFIED IN WASHINGTON D.C. AT THAT TIME HE GOT DEHYDRATED AS HE RESTRICTED HIMSELF TO SMALL FEEDINGS AND MINIMAL FLUID INTAKE TO KEEP HIM FROM GOING TO THE BATHROOM.

YOUR KIND COSIDERATION IN THIS MATTER WILL BE HIGHLY APPRECIATED. PLEASE DO NOT HESITATE TO CALL ME FOR ANY QUESTIONS.

SINCERELY,

SALVADOR T. LEE, JR.,MD

April 18, 2005

RE: John B. Smith
DOB.: 11-23-41

TO WHOM IT MAY CONCERN:

In my letter of April 4, 2005 concerning this patient the date was entered as April 4, 2002 and consideration in the last sentence of the letter was mis-spelled . This letter will correct those errors.

In addition I failed to mention that Mr. Smith is allergic to garlic and is lactose intolerant. These two maladies caused him to limit his food intake on his last D.C. trip and will certainly be a problem on a subsequent trip. His diet consisted of breakfast , peanut M and M's and peanut butter and jelly sandwiches. Needless to say, such a poor diet did not do any thing but greatly aggravate his health condition. Indeed Mr. Smith felt quite ill throughout his stay in DC, his return to Arizona and for a substantial period thereafter. It is my opinion that Mr. Smith should avoid any likelihood of a similar situation.

Sincerely,

SALVADOR T. LEE, JR., MD

Docket No. 98-720C

UNITED STATES COURT OF FEDERAL CLAIMS

MEMORANDUM

TO: JUDGE G. Miller

FROM: CLERK'S OFFICE

The attached was received on 6-7-05 and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by ____________ [Rule 7.2]

2. ____ Proof of service: [Rule 5.1]
____ is missing; ____ is not signed and/or dated;
____ shows service on wrong attorney or of wrong item;
____ is not attached to each document or copy

3. ____ Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. ____ Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ____ | 5.2(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
| ____ | 5.2(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief and in front of the appendix |
| ____ | 5.2(b) | Re: length of briefs or memorandum |
| ____ | 5.3(c) | Re: binding |
| ____ | 5.3(d) | Re: original/copies missing |
| ____ | 5.3(g) | Re: Judge's name on all filings |
| ____ | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ | 24(c) | Re: motion to be accompanied by a pleading |
| ____ | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
| ____ | 56.1(b) | Re: statement of facts and/or counter-statement of facts is missing or not a separate document |
| ____ | 77.1(a) | Re: improper use of the night box |
| ____ | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |
| ____ | ______ | Re: ____________________ |

5. ____ Original affidavit(s)/declaration(s) is/are missing
6. ____ No provision in the Rules (or court order) for the filing of this item
7. ✓ This case has been designated as an ***ECF*** case.
8. ____ ______________________________

Debbie

Deputy Clerk