IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S COUNTER-DESIGNATIONS FROM THE DEPOSITION OF JOHN B. SMITH**

At trial, defendant offered portions of the deposition of John B. Smith pursuant to Rule of the Court of Federal Claims 32(a)(3), which provides for the use of deposition testimony at trial when a witness is unavailable for certain reasons. After defendant designated portions of Smith's deposition, plaintiff made counter-designations. By motion dated June 27, 2005, defendant objected to and moved to strike some of plaintiff's counter-designations (see Defendant's Objections to Plaintiff's Counter-Designations from the Deposition of John B. Smith ("Objections")). Those objections, however, are baseless.

In its motion, defendant asserts that some of plaintiff's counter-designations represent "testimony beyond the scope" of the testimony designated by defendant and thus, at least by implication, are inconsistent with FRE 611(b).[1] While FRE 611(b) provides that "cross

[1] While FRE 611 most commonly applies to live testimony from witnesses in court, it can also govern other forms of evidence, including testimony from out-of-court declarants. Wright & Gold, FEDERAL PRACTICE AND PROCEDURE § 6163.

examination should be limited to the subject matter of direct examination" it also indicates that "[t]he court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Wright & Gold indicate that in exercising this discretion, courts should consider whether the evidence elicited on cross is so logically attenuated from the evidence elicited on direct that permitting the cross-examination would confuse the jury. FEDERAL PRACTICE & PROCEDURE § 6165. Those commentators also recognize that trial evidence cannot be neatly divided into discreet parts, but rather each bit of evidence forms a web of possible logical inferences and deductions. Id. Obviously, in a bench trial, the risk of confusion is greatly diminished.

In this regard, even assuming that the testimony in plaintiff's counter-designations were logically attenuated from the testimony in defendant's designations, defendant makes no effort to explain how plaintiff's counter-designations will confuse the Court. Additionally, it must be noted that, during the course of this trial, the Court gave both parties significant latitude in inquiring into additional matters during their cross-examination. See, e.g., Tr. 1209-10 (Devere); Tr. 5067 (Moosman). Defendant has proffered no reason why the Court should not exercise the same discretion with respect to the Smith deposition. Indeed, the objected-to counter-designations form a part of the case as a whole and are properly incorporated into the "web" of relevant evidence in the case. Accordingly, the Court should overrule defendant's objections to scope under FRE 611 and not strike any of plaintiff's counter-designations.

This conclusion flows directly not only from FRE 611, but also from Rule of the Court of Federal Claims 32(a)(4). RCFC 32(a)(4) provides that "if only part of a deposition is offered in evidence by a party, an *adverse* party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, *and any* party may introduce *any* other parts" (emphasis added). Rule 32(a)(4) thus offers two alternative basis for admission of additional parts of a deposition transcript. One basis (which is akin to Federal Rule of Evidence 106) is available only to adverse parties at the time that the offeror designates certain portions of the transcript and forces the offeror to admit those other parts of the transcript that would provide context or understanding to the designated portions during the offeror's case. The second basis is available to any party and allows that party, at the Court's discretion, to introduce *any* other portion of the transcript to be admitted at any time. See generally Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE § 2148.

In this instance, the Court should permit plaintiff to use the second basis in Rule 32(a)(4) and allow plaintiff to offer "*any* other party" of Smith's deposition. This is particularly true because the whole purpose of the designation/counter-designation was to avoid Mr. Smith's having to testify substantively at all. (Indeed, the purpose of Mr. Smith's telephonic testimony was simply to try to establish a foundation for the admissibility of a document which defendant used in deposing him last year. Tr. 4803-4806; see also Tr. 4655-4656). Accordingly, plaintiff treated its counter-designations in the same manner that it would have treated a live cross-examination, to which the liberal scope afforded to live cross-examination under FRE 106 would

have and should apply. Therefore, the Court should also override defendant's objection on the basis of RCFC 32(a)(4).

Alternatively, even if plaintiff is limited to the first basis in Rule 32(a)(4), i.e., to having only those counter-designations that "ought in fairness to be considered with the part[s]" that defendant has designated, then the counter-designations should not be stricken. The following table shows which of defendant's designations that an objected-to plaintiff's counter-designation relates to:

| Objected-to Counter-Designation (& objection) | Related Designation(s) by Defendant | Reasoning |
|---|---|---|
| 45:3-17 (scope) | 24:2-23; 32:12-16; 41:13-16; 70:19-71:4; 159:5-160:25<br><br>14:11-23; 15:10-18 | The testimony designated by defendant concerns scheduling and costs of harvesting. The counter-designation discusses factors, including costs, relevant to scheduling. The counter-designation also concerns the scope of Mr. Smith's duties, which defendant explored at deposition. |
| 74:23-75:12 (relevance & scope) | 74:11-15 | The testimony designated by defendant was elicited after the witness reviewed a document (Smith Ex. 5), and the counter-designation concerns the same document. The relevance of the document was created by defendant. |
| 76:10-77:20 (scope) | Same as above | Same as above |
| 79:25-80:8 (scope) | 74:11-15; 143:8-18; 47:21-48:13 | The testimony designated by defendant concerns pulpwood harvesting & subcontractors; the counter-designation concerns Mr. Daleys' ability as a subcontractor to harvest pulpwood on plaintiff's sales. |
| 102:25-103:16 (scope) | 172:10-24; 173:2-19; 95:24-96:19; 58:3-18; | The testimony designated by defendant concerns certain reporting |

| | | |
|---|---|---|
| | 70:19-71:4 | procedures and other controls that the Forest Service placed on timber sale purchasers; the counter-designation concerns other reports and controls placed on plaintiff as a timber sale purchaser. |
| 115:12-18 (scope) | 24:1-25:24; 32:12-16; 70:19-71:4; 159:5-160:25<br><br>14:11-23; 15:10-18 | The testimony designated by defendant concerns harvest schedules and operating plans. The counter-designation discusses an operating schedule. The counter-designation also concerns the scope of Mr. Smith's duties, which defendant explored at deposition. |
| 125:25-126:14 (scope) | Same as above | Same as above |
| 127:13-23 (scope) | 193:16-194-13; 207:4-208:24<br><br>14:11-23; 15:10-18 | Both designations concern log hauling & payments for hauling. The counter-designation also further explains the scope of Mr. Smith's duties and basis for his knowledge. |
| 129:20-131:3 (scope) | 74:11-15; 143:8-18; 47:21-48:13 | The testimony designated by defendant concerns pulpwood harvesting & subcontractors; the counter-designation concerns plaintiff's activities to cause pulpwood harvesting & removal. |
| 131:22-25 (scope) | 24:2-23; 32:12-16; 41:13-16; 70:19-71:4; 159:5-160:25 | The testimony designated by defendant concerns harvest scheduling, operating plans, and factors related to harvest decisions. The counter-designation explores whether Mr. Smith knew the MSO injunction would occur, which if Mr. Smith had known, may have affected plaintiff's schedules & plans. |
| 132:4-22 (scope) | Same as above | Same as above |
| 139:23-140:1 (scope) | 193:16-194-13; 207:4-208:24<br><br>14:11-23; 15:10-18 | Both the designations and counter-designation concern log hauling & payments for hauling. The counter-designation also further explains the scope of Mr. Smith's duties and basis for his knowledge. |
| 140:7-25 (scope) | 172:10-24; 173:2-19; 95:24-96:19; 58:3-18; | The designations concern certain reporting procedures and other |

| | | |
|---|---|---|
| | 70:19-71:4 | controls the Forest Service placed on timber sale purchasers; the counter-designation concern other reports and controls placed on plaintiff as a timber sale purchaser. |
| 155:13-23 (scope) | 193:16-194-13; 207:4-208:24<br><br>14:11-23; 15:10-18 | Both the designations and counter-designation concern log hauling & payments for hauling. The counter-designation also further explains the scope of Mr. Smith's duties and basis for his knowledge. |
| 156:19-23 (scope) | 172:10-24; 173:2-19; 95:24-96:19; 58:3-18; 70:19-71:4 | The testimony designated by defendant concerns certain reporting procedures and other controls the Forest Service placed on timber sale purchasers; the counter-designation concerns the effect a certain report or control (i.e., the Normal Operating Season) would have on a purchaser. The counter-designation also pertains to scheduling and operating plans. |
| 170:5-171:8 (scope) | 74:11-15; 143:8-18; 47:21-48:13 | The testimony designated by defendant concerns pulpwood harvesting & subcontractors; the counter-designation concerns plaintiff's subcontract with David Zellner to harvest and remove pulpwood from one of plaintiff's sales. |
| 172:1-3 (scope) | Same as above | Same as above |
| 221:9-222:11 (scope) | 24:2-23; 32:12-16; 41:13-16; 70:19-71:4; 159:5-160:25 | The testimony designated by defendant concerns harvest scheduling, operating plans, and factors related to harvest decisions. The counter-designation explores whether Mr. Smith knew if plaintiff's plans or schedules were going to change in the relevant time period. |
| 252:3-15 (relevance) | Multiple designations from 246:2 to 259:12 | Contrary to the government's assertion, the counter-designation contains witness testimony. The witness answers after counsel clarify which number on the document the current question relates to. The |

| | | |
|---|---|---|
| | | discussion between counsel is needed for that purpose. |
| 261:21-262:17 (scope) | 24:2-23; 32:12-16; 41:13-16; 70:19-71:4; 159:5-160:25 | The counter-designation contains detailed testimony about how plaintiff made harvesting and scheduling decisions in the context of a particular sale, the Park Timber Sale, where factors pertaining to the decision to harvest were so adverse that plaintiff had to negotiate the cancellation of the sale. This testimony further defines and expands upon Mr. Smith's earlier testimony relating to how plaintiff made scheduling and operating decisions, including considering the costs of a sale. |
| 262:23-263:2 (scope) | Same as above | Same as above |
| 268:15-270:22 (scope) | 14:11-23; 15:10-18<br><br>207:4-208:24<br><br>24:1-25:24; 32:12-16; 70:19-71:4; 159:5-160:25 | Both the designations and counter-designation concern Mr. Smith's duties as the liaison with plaintiff's subcontractors, and also relates to how scheduling and harvesting decisions were made. |
| 278:22-24 (scope) | 14:11-23; 15:10-18 | Both the designations and counter-designation concern the scope of Mr. Smith's duties as plaintiff's employee. |

For the foregoing reasons, the Court should overrule defendant's objections.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
Bryan T. Bunting
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: July 11, 2005