**IN THE UNITED STATES COURT OF FEDRAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT ON POST-TRIAL RESPONSE BRIEF**

Plaintiff, Precision Pine & Timber, Inc., respectfully requests that the Court grant it leave to exceed the 60-page limit for its response to defendant's post-trial brief. Counsel for plaintiff has contacted counsel for defendant, who has stated that defendant opposes this motion.

As the Court is likely aware, in the brief submitted by the government, which included 69 pages of argument and three pages of argumentative appendices only referred to in passing in the text, defendant literally raised hundreds of contentions. For example, on pages 36 to 43 of its brief defendant asserts no less than 10 separate arguments against Precision Pine's calculation of lost profits, in addition to sub-arguments presented in eight footnotes on those pages. Similarly, at pages 54-56 defendant advances at least 10 separate arguments in just two pages against Precision Pine's claim for increases sawmill costs.[1] As the Court will recall, Precision Pine

---

[1]The arguments are: 1. The Mud sale could not been harvested due to the pendancy of other litigation; 2. The Manaco sale could not have gone forward due to contractual restrictions; 3. "Many other contracts were unavailable during the months" in which timber harvesting was projected; 4. The market was depressed during "most" of the suspension period; 5. Stone was not accepting pulpwood from Precision Pine's sales; 6. "Most" of the contracts were unprofitable during the suspension period; 7. Precision Pine would have "deferred harvesting and reduced the pace of sawmill operations;" 8. Precision Pine's efficiency at its mills was "affected" by the cancellation of the Campbell and Barber contracts, the friendly default of the

presented ample evidence at trial to rebut each of these 10 points - - demonstrating that to the Court, however, has required considerably more than the two pages expended by defendant in making its often fairly bald allegations. Unfortunately, there are many other such examples in defendant's post-trial brief.

As Plaintiff continues to refine it response brief, and despite its best efforts it keep its arguments as short as possible, it has become clear that that, in order to deal with the issues before the Court adequately, it requires that the page limitation be enlarged to 95.[2]

For the foregoing reasons, plaintiff respectfully requests that the Court grant its motion to file a 95 page brief in response to defendant's post-trial brief.

Respectfully submitted,

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

---

Park contract, its alleged decision not to complete Brann and Mud, and the unavailability of St. Joe and Hutch-Boondock; 9. Precision Pine "should have experienced efficiency gains" in the post-suspension period due to the availability of the breached contracts; 10. Mr. Ness used a disfavored total cost-like approach to damages.

[2]In discussing the briefing schedule at the close of trial the Court entered a 60 page limitation on response briefs "for the time being" and recognized that motions to exceed the page limit may be filed. Tr. 5735-36.

OF COUNSEL:

Richard W. Goeken
Bryan T. Bunting
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 –facsimile

Dated: October 28, 2005