# In the United States Court of Federal Claims

PRECISION PINE & TIMBER, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 98-720 C

Filed November 1, 2005

## ORDER

On October 28, 2005, plaintiff filed a motion to exceed the page limitation on its post-trial responsive brief, seeking leave to exceed the 60-page limit on post-trial responsive briefs set forth in the Court's Order of June 21, 2005 by 35 pages, for a total of 95 pages. Plaintiff represented that defendant opposes the motion.

By Order of August 29, 2005, the Court dealt with a previous motion by plaintiff to exceed by 25 pages the 60-page limit on opening post-trial briefs, which were due to be filed September 2, 2005. In that order the Court increased the page limitation on both parties' opening post-trial briefs by ten pages, for a total of 70 pages. (On September 2, 2005, plaintiff also filed its proposed findings of fact, which were 153 pages in length.) Plaintiff argues, among other things, that the Government's opening post-trial brief "included 69 pages of argument and three pages of argumentative appendices only referred to in passing in the text" and that the Government's brief "literally raised hundreds of contentions." Plaintiff also stated that the Government's opening brief often made "fairly bald allegations," each of which, "[a]s the Court will recall, Precision Pine presented ample evidence at trial to rebut . . . – demonstrating that to the Court, however, has required considerably more than the . . . pages expended by defendant in making its . . . allegations."

The Court reiterates its view, set forth in its August 29, 2005 Order, that reasonable page limitations have the salutary effect of forcing the parties to focus on the most important issues and to omit or truncate discussion of issues of lesser importance. If the parties will exercise that discipline and judgment in this case they will assist the Court in making more effective use of their briefs in arriving at a fair and just resolution of the case.

In consideration of the foregoing, plaintiff's motion is GRANTED IN PART. The Court ORDERS that the page limitation for both parties' post-trial responsive briefs shall be, and the same hereby is, increased to 70 pages.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge