# In the United States Court of Federal Claims

| | |
|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 98-720 C<br>Filed November 18, 2005 |

## ORDER

The Court conducted a telephonic status conference with counsel on November 17, 2005. The status conference had been requested by defendant on November 15, 2005 in order to discuss defendant's concerns with respect to five filings made by plaintiff on November 14, 2005. Specifically, defendant argued that Docket Entries 395, 397, 398 and 399 should be stricken because they were not authorized by the Court's Order of June 21, 2005 governing post-trial briefing and that Docket Entry 396 should be stricken because it was not in compliance with Rule 5.3(c) of the Rules of the Court of Federal Claims.

Plaintiff consented to the Court's striking Docket Entry 395, which plaintiff intended to be superceded by Docket Entry 396. The former filing omitted two appendices that were included with Docket Entry 396. Accordingly, the Court hereby ORDERS that Docket Entry 395 shall be stricken.

Plaintiff also withdrew its motion to strike certain exhibits introduced by defendant at trial, Docket Entry 399. Accordingly, the Court hereby ORDERS that Docket Entry 399 shall be stricken.

With respect to plaintiff's three other November 14 filings, *i.e.*, Docket Entries 396, 397 and 398, the Court, having heard and considered the arguments of counsel, concluded that Docket Entry 398 should be stricken because it was not authorized by the Court's Order of June 21, 2005 governing post-trial briefing. However, the Court determined that Docket Entries 396 and 397 should, by leave of the Court, remain part of the record, subject to defendant's right to file a brief reply to Docket Entry 397. Accordingly, the Court hereby ORDERS that: 1) Docket Entry 398 shall be stricken; 2) Docket Entries 396 and 397 shall, by leave of the Court, remain part of the record; and 3) defendant shall have until Thursday, December 15, 2005 within which to file a reply to Docket Entry 397, if defendant so wishes, not to exceed ten pages in length.

Finally, in light of the Court's having permitted a further post-trial filing to be made by defendant by December 15, 2005, the Court ORDERS that: 1) the closing argument in this case, previously scheduled for Friday, January 6, 2006, shall be CANCELLED; and 2) the closing argument shall instead be held on **Friday, February 17, 2006** at 9 a.m. at the National Courts Building.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge