**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 98-720C (Judge George W. Miller) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE "CORRECTED" PROPOSED FINDINGS OF FACT**

Plaintiff, Precision Pine & Timber, Inc. ("Precision Pine"), respectfully requests that the Court deny defendant's motion seeking leave to file "corrected" Proposed Findings of Fact. At bottom, defendant's motion is an untimely and thinly veiled attempt to provide new support for its proposed findings via substantive amendments. In fact, many of the amendments appear to have been made in reply to Plaintiff's Response to Defendant's Proposed Findings of Fact. Copy attached hereto as Exhibit 1. Additionally, defendant's "corrected" findings of fact do not even correct all of the citation errors in defendant's proposed findings, let alone address defendant's flatly incorrect or misleading proposed findings.

First and foremost, the time for "correcting" any proposed finding of fact has long since passed. As this Court is aware, the post-trial briefing in this matter was to be accomplished with both parties submitting parallel briefs and supporting proposed findings of fact. The initial briefing, together with proposed findings of fact, was submitted on September 2, 2005 and

responses were to be submitted on November 14, 2005. Needless to say there is no provision in the schedule or under the Rules of the Court of Federal Claims for the reworking of post-trial findings of fact long after they were due and even after the response briefs have been filed. Were that not the case, Precision Pine would have to be granted leave and additional time to review each of the 616 proposed findings of fact in defendant's "corrected version," to determine what defendant had done and amend its brief to deal with those changes which affect the arguments that plaintiff made in its reply brief. Indeed, allowing defendant to make this filing, which was first raised more than three months after the proposed findings of fact were due, would knock the concept of parallel briefing on its ear to the continuing prejudice of the plaintiff.

Moreover, as a practical matter discovering the full extent of the amendments made by defendant to its proposed findings is not easy as defendant's motion fails to specifically disclose those changes it seeks to make nor does defendant even provide a redline version of the "corrected" document so that all of the changes it made would be clear. Indeed, to the extent that the Court has begun utilizing defendant's proposed findings, it would now have to go back and cross check every instance in which defendant's proposed findings have been used to determine whether any changes have been made and then take the additional step of determining whether any of those changes diminish or destroy the factual support for the proposed findings.

Additionally, defendant's rationale for filing its "corrected" proposed findings does not explain the gamut of amendments that appear to have been made. That is, defendant's motion claims that the government "seeks to correct its proposed findings of fact so that only admitted

documents are cited as record evidence." However, Precision Pine's preliminary review of defendant's proposed "corrected" filing reveals that much more is at work here, and that substantive changes would be made if the filing were accepted. For example, so far we have discovered that:

1. In DPFF 120, defendant has replaced citations to DX 469 and DX 471 (neither or of which were admitted into evidence) with a citation to DX 47. However, DX 47 is not even remotely similar to either DX 469 or 471. Defendant also does not explain why DX 47 could not have been properly cited weeks ago when its filing was due. This "correction" is, in fact, an attempt to buttress a previously unsupported "fact" with new citations to the record. The same is true with respect to DPFF 295, in which defendant replaced a citation to DX 316 (which was not admitted into evidence) with a citation to DX 106, which is not at all similar to DX 316.

2. In DPFF 437, defendant replaced a citation to PX 70, which was admitted into evidence, with a citation to DX 515. (Actually, defendant's "corrected" proposed finding replaces PX 70 with a citation to "PX 515" which does not exist. Presumably, defendant intended to cite to DX 515, not PX 515.) More importantly, DX 515 is a different document than PX 70. Defendant does not explain the need for this correction (or even that it is being made), however, Precision Pine, in its Response to Defendant's Proposed Findings of Fact, commented that PX 70 was irrelevant to the proffered finding of fact. Thus, defendant's replacement of PX 70 with DX 515 shows that defendant is not

making mere clerical and ministerial corrections, but actually seeks to make substantive changes in reply to plaintiff's comments on defendant's proposed findings. See Ex. 1.

3. Contrary to defendant's assertion that it " most frequently" had merely cited to the wrong version of an exhibit for which a duplicate version of the exhibit had been admitted, in most cases defendant actually cited to a non-admitted exhibit for which there was no duplicate exhibit that was admitted into evidence. Thus, defendant has now deleted the citation to the non-admitted exhibit from a proposed finding supported by one or more citations to other exhibits, without changing the substance of the proposed finding that the deleted exhibit supposedly supported. E.g., DPFF 59 (deleting citation to DX 566); DPFF 60 & 62 (deleting citation to DX 471); DPFF 65 (deleting citation to DX 41); DPFF 66 (deleting citation to DX 403); DPFF 78 (deleting citation to DX 333); DPFF 88 (deleting citation to DX 96); DPFF 241 (deleting citation to DX 477); DPFF 242 (deleting citation to DX 587); DPFF 455 (deleting citation to DX 784). By doing so, defendant is tacitly admitting that the original citation to a non-admitted exhibit was at best superfluous. Of course, it is more likely that the proposed finding is no longer fully supported. Again, if defendant's filing were to be accepted, the burden would be on the Court to somehow go back to each of the "corrected" proposed findings (which are not identified) and determine the extent to which the deletion of the citation to an exhibit that was not admitted diminishes the factual support for the proposed finding. In doing so, the Court would be required to parse documents that defendant never had admitted into

evidence. Precision Pine respectfully suggests that defendant should not be rewarded for its own failure to properly rely on evidence that was admitted at trial.[1]

As even the few examples cited above demonstrate, defendant's proposed filing:

1. Fails to identify the changes it seeks to make;
2. Makes substantive changes, despite suggestions to the contrary in its motion;
3. Seeks to place a considerable burden on the Court to go back and parse defendant's original proposed findings to determine what changes have been made and how those changes impact the proposed finding;
4. Requires the Court to give undue attention to exhibits that defendant did not have admitted into evidence at trial, i.e., defendant's improper citations redound to its ultimate benefit; and
5. Fails to even address all of the citation errors in defendant's proposed findings.

Defendant's unexplained and repeated citation to exhibits that were never admitted at trial and its attempt to address the issue more than three months later threatens to further delay the efficient resolution of this case. In light of the difficulties that would be imposed on the Court and Precision Pine if defendant were provided an opportunity to amend its proposed

[1] Defendant has completely withdrawn at least one of its proposed findings, DPFF 37, apparently because none of the exhibits cited for the "factual" assertion were admitted into evidence and defendant could not locate any other evidence to support its contention. Additionally, defendant's "corrected" filing still cites to several exhibits that were never admitted. See DPFF 76 (citing DX 2 and 436) and DPFF 299 (citing DX 287). See also Ex. 1 at n.1.

findings at this late date, Precision Pine respectfully requests that the Court deny defendant leave to file its correct proposed findings of fact.

Finally, to minimize the inconvenience to the Court caused by defendant's improper citation to exhibits that were never admitted into evidence, Precision Pine respectfully requests that the Court simply utilize the attached Ex. 1in assessing defendant's original proposed findings of fact. As noted above, Ex. 1, which was timely submitted, identifies those instances in defendant's original proposed findings of fact where defendant improperly cited to exhibits that were not admitted and also identifies other significant errors and misstatements in defendant's proposed findings that will be of considerable utility to the Court in resolving this matter. In this way, the Court can avoid the practical difficulties of trying to utilize defendant belated, unspecified and substantive amendments to its original filing, while at the same time ensuring that exhibits that were not admitted into evidence do not make their way into the Court's decision in this case.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
Bryan T. Bunting
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: December 20, 2005