**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE CORRECTED PROPOSED FINDINGS OF FACT**

On September 2, 2005, the United States filed proposed findings of fact in accordance with this Court's orders. The United States' filing contains approximately 600 succinct statements of fact, each of which is well-supported by one or more cites to the trial record.

On December 13, 2005, the United States moved for leave to file corrected proposed findings of fact solely to clarify the record. The United States' original filing inadvertently cited a handful of documents that were not admitted into evidence at trial. As explained in our motion, this occurred most frequently where a document was listed on both parties' exhibit lists, only one copy of the document was admitted at trial, and the version that was not admitted into evidence was cited. In some other instances, an exhibit number was mistyped or an exhibit was mistakenly cited. In these limited circumstances, a correction was made. It was anticipated that submitting a corrected filing would be an uncontroversial way to provide an improved record that would assist the Court.

Precision Pine has filed a response that offers a laundry list of objections to this simple, ministerial act. Most significantly, Precision Pine claims that the corrected filing is "a thinly veiled attempt" to make "substantive amendments" to proposed factual findings. Pl.'s Br. at 1;

see also id. at 2 (arguing that the United States is "reworking" the proposed findings of fact). This is simply not the case.

The United States' corrected filing offers no new proposed findings of fact and makes no changes to the text of previously submitted proposed findings of fact. Corrections are limited strictly to record cites. Where a cited document was not admitted under one exhibit number, but was admitted under a different exhibit number, the admitted copy of the document is cited. Where no copy of a document was admitted, the citation is dropped.[1] And where a document number was mistyped, the correct document number is cited.[2] No correction or modification to the text of any proposed findings of fact are proposed.

The United States believes that the proposed corrections to record cites will benefit the Court and clarify the record. Accordingly, the United States respectfully requests that the Court grant its motion for leave to file corrected proposed findings of fact.[3]

---

[1] Remarkably, Precision Pine objects even to attempts to clarify the record by dropping citations to a few documents that were not admitted into evidence. See Pl.'s Br. at 4. Notably, where the United States proposes to omit a citation, the proposed finding of fact is amply supported by citations to other documents and testimony in the trial record.

[2] Specifically, the cite to DX471 in DPFOF ¶ 120 should have been to DX47, and the cite to DX316 in DPFOF ¶ 295 should have been to DX106. See Pl.'s Br. at 3. In one other instance, a change was made to cite the correct profit projection. See id. (citing DX515 in DPFOF ¶ 437, rather than PX70).

[3] Precision Pine attempts to use its filing as a vehicle to resubmit a 207-page response to the United States' proposed findings of fact. Not only has the Court declined to permit a response to proposed findings of fact, the Court previously ordered the clerk to strike this very document. Order of Judge George W. Miller at 1 (Nov. 18, 2005). If the Court concludes that the United States' corrected findings of fact would not be beneficial, the Court should simply deny the pending motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0277
(202) 307-0972 (fax)

December 21, 2005

Attorneys for Defendant