**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS REVIEW OF DEFENDANT'S "NOTICE OF FILING REDLINED COPY OF DEFENDANT'S CORRECTED PROPOSED FINDINGS OF FACT**

Plaintiff, Precision Pine & Timber, Inc., ("Precision Pine") has reviewed defendant's redlined version of its correct Proposed Finding of Fact and advises the Court that:

Twenty-nine citation changes have been made to seventeen of defendant's Proposed Findings of Fact. Of these changes, at most eleven are the result of a situation where defendant cited to a document that had actually been admitted, albeit under a different exhibit number.[1] Accordingly, defendant currently seeks to make at least eighteen substantive citation changes by adding citations to exhibits not previously cited or wholly deleting previously cited exhibits.

Moreover, defendant now seeks leave to completely withdraw at least one of its proposed findings, DPFF 37, apparently because none of the exhibits cited for the "factual" assertion were admitted into evidence and defendant could not locate any other evidence to support its

[1]As the Court will recall, defendant originally claimed that it sought leave to file its "Corrected" Proposed Findings of Fact because "Most frequently, incorrect citations occurred because the same document was listed on the parties' exhibits lists more than once." See Defendant's Motion For Leave To File Corrected Proposed Findings of Fact, dated December 13, 2005. As the redlined version makes clear, however, this is simply not the case.



**EXHIBIT A**

contention. Additionally, defendant's "corrected" redline copy still cites to several exhibits that were never admitted. See DPFF 76 (citing DX 2 and 436) and DPFF 299 (citing DX 287).

The time for defendant to seek leave to file corrections, not to mention numerous substantive changes, to its proposed findings of fact, which was filed more than four months ago, has long past. Accordingly, Precision Pine reiterates its request made in Plaintiff's Response To Defendant's Motion For Leave To File "Corrected" Proposed Findings of Fact, i.e. that the Court deny defendant's motion and simply utilize Ex. 1 to that Response to assess defendant's original proposed findings of fact. Ex. 1, which was timely submitted, identifies those instances in defendant's original proposed findings of fact where defendant improperly cited to exhibits that were not admitted and also identifies other significant errors and misstatements in defendant's proposed findings and thus is a document that will be of considerable utility to the Court in resolving this case. Moreover, by denying defendant's motion, the Court can avoid the prejudice to Precision Pine that would result from accepting defendant's much belated "corrected" redline filing, which could only be obviated by the Court's granting Precision Pine additional time within which to submit a revised Response Brief.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff



**EXHIBIT A**

OF COUNSEL:
Richard W. Goeken
Bryan T. Bunting
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: January 6, 2006



**EXHIBIT A**