**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE COMMENTS**
**ON THE GOVERNMENT'S CORRECTED PROPOSED FINDINGS OF FACT**

On January 10, 2006, upon ordering the United States' corrected proposed findings of fact filed, the Court gave Precision Pine "the opportunity to revise its Post-Trial Response Brief." Order of Judge George W. Miller at 1-2 (Jan. 10, 2006). Explaining that this opportunity was provided for a "limited purpose," the Court ordered Precision Pine not to "add any arguments that were available when it filed its original Post-Trial Response Brief." Id. at 2. Additionally, the Court explained that "[p]ermissible revisions are limited to those directly responding to the corrections made in the Defendant's Corrected Proposed Findings Of Fact." Id.

Precision Pine has chosen not to revise its response brief. Instead, it seeks leave to file "comments" regarding the United States' corrected proposed findings of fact.[1] See Pl.'s Comments on Def.'s Corrected Proposed Findings of Fact (Jan. 23, 2006) ("Cmts. at __"). In so doing, Precision Pine disregards the limits established in the Court's January 10, 2006 order.

[1] The Court ordered the clerk to strike a previously-filed version of Precision Pine's "comments" on the United States' proposed findings of fact. See Order of Judge George W. Miller at 1 (Nov. 17, 2005) (striking Precision Pine's response to the United States proposed findings of fact). Precision Pine's current filing is an attempt to evade this ruling.

Moreover, Precision Pine makes numerous assertions that are inaccurate, misleading or simply untrue.

Below, the United States discusses Precision Pine's violation of the Court's order and attempts to clarify the record with respect to Precision Pine's "comments." At the beginning of each section, the United States provides a redlined version of our proposed finding of fact that shows what, if any, corrections were actually made.

**DPFOF 76**

> **Precision Pine requested and obtained market-related term adjustments on several contracts. See DX2; DX239; DX436.**

The United States made no change whatsoever to proposed finding of fact 76. See Def.'s Redlined Proposed Findings of Fact (filed Jan. 4, 2006). Consequently, any objections to this proposed finding could have been made when Precision Pine filed its original response brief on November 14, 2005. Precision Pine's belated attempt to raise objections is, therefore, prohibited by the Court's January 10, 2006 order. Order at 2 (Jan. 10, 2006) (directing that Precision Pine "shall not add any arguments that were available when it filed its original Post-Trial Response Brief").

In any event, the objection raised by Precision Pine is without merit. Precision Pine asserts that the proposed finding is unsupported by the trial record because two cited exhibits (DX2 and DX436) were not admitted into evidence. Cmts. at 1-2. However, DX2 contains modifications to the O.D. Ridge contract that were admitted into evidence as PX171. Compare DX2 (page ODR127) with PX171 (page ODR127); see also Tr. 11-12 (stipulating to admit the contracts using plaintiff's exhibits). Page ODR127 of PX171, in turn, establishes that Precision Pine requested and received a market-related term adjustment for O.D. Ridge. PX171.

Similarly, DX436 contains modifications to the Monument contract that were admitted into evidence into evidence as PX176. Compare DX436 (page MON134) with PX176 (page MON134). And, as with the O.D. Ridge contract, page MON134 of PX176 establishes that Precision Pine requested and received a market-related contract term adjustment for the Monument contract. PX176.

Plainly, Precision Pine's contention that the trial record does not support the United States' proposed finding of fact is baseless. Precision Pine has simply chosen to pursue a "gotcha" strategy, in which counsel attempts to find errors no matter how trivial or collateral. Apparently, counsel for Precision Pine has the resources to engage in such efforts. However, such an approach wastes the resources of the United States and the Court, and diverts from the ultimate resolution of this litigation.

**DPFOF 120**

> **Precision Pine took advantage of the flexibility afforded by its Forest Service contracts. At times, Precision Pine milled logs and planed and sold the resulting lumber. At other times, logs from Forest Service sales were (1) milled and sold as rough cut (unplaned) lumber products, (2) sold to third parties for use in the other parties' milling or manufacturing operations, (3) sold for use as pulpwood, (4) sold as firewood, (5) sold for resale as vigas or firewood, and (6) stacked and left unused. E.g., ~~DX468-71~~DX47; DX457; DX470; DX553; ~~DX795~~PX182; Tr. 1652 (Porter).**

The United States made no changes to the text of proposed finding of fact 120. With respect to the six citations, three were unchanged, see DX470; DX553; Tr. 1652, two were changed to refer to the admitted copy of the cited document, compare DX468 and DX795 with DX457 and PX182, and one was changed to clarify that the cited testimony by Mr. Porter concerns the sale of timber from the Kettle contract, see DX47 (confirming that Precision Pine

sold the entire Kettle multi-product sale to Stone Container Corporation). Thus, the "changes" to DPFOF 120 are, at most, trivial.

In its comments, Precision Pine argues that the Forest Service transferred "contract rights" – not sawlogs. Cmts. at 2. Precision Pine could have raised this argument in its post-trial response brief. It chose not to do so. See Pl.'s Response to Plaintiff's Proposed Findings of Fact ¶ 120 (filed Nov. 14, 2005; stricken Nov. 17, 2005) (relegating arguments about DPFOF 120 to an unauthorized filing that was ordered stricken by the Court). Additionally, Precision Pine's comments fail to "respond[] directly" to the corrected cites. Order at 2 (Jan. 10, 2006). To the contrary, Precision Pine challenges the proposed finding of fact itself – a proposed finding that is exactly the same as the finding originally tendered on September 2, 2005. Thus, Precision Pine disregards the Court's order precluding "arguments that were available when it filed its original Post-Trial Response Brief" on November 14, 2005. See Order at 2 (Jan. 10, 2006).

Further, Precision Pine's objection to the United States' proposed finding of fact is without merit. Precision Pine sold both the sawtimber and roundwood components of the Kettle multi-product sale to Stone Container Corporation during the summer of 1997. E.g., DPFOF 69 (citing PX117, DX47, and Tr. 1964-65 (Porter)); DPFOF 241 (citing PX117 and DX31). Thus, the fact that Precision Pine sold both sawtimber and roundwood "to third parties for use in the other parties milling and manufacturing operations" is well-established by the trial record.

**DPFOF 295**

> **On March 11, 1996, having sufficiently implemented the settlement in the Southwest Center lawsuit, the Forest Service lifted the suspension and, subject to the terms and conditions of the contract, made Mud available for harvesting by Precision Pine. ~~DX300~~PX106; ~~DX316~~ PX109.**

The United States has made no changes to the text or authority cited in support of proposed finding of fact 295. Compare DX300 and DX316 with PX106 and PX109. As explained in our motion for leave to file corrections, most frequently, "incorrect citations occurred because the same document was listed on the parties' exhibit lists more than once," but only one copy was admitted into evidence. Def.'s Mot. for Leave to File Corrected Proposed Findings of Fact at 1 (Dec. 13, 2005). Here, DX300 is identical to PX106, and DX316 is identical to PX109. Citations were changed solely to refer to the admitted copy of the document.[2]

Because neither the proposed finding nor supporting authority has changed, any arguments about this proposed finding of fact were available when Precision Pine filed its original response brief. Precision Pine's belated attempt to raise objections to this proposed finding is, therefore, prohibited by the Court's January 10, 2006 order. Order at 2 (Jan. 10, 2006) (precluding "arguments that were available when it filed its original Post-Trial Response Brief" on November 14, 2005).

Furthermore, Precision Pine's objection to the proposed finding of fact is without merit. Precision Pine argues that it was the "eventual completion of the settlement terms in Silver v.

---

[2] Precision Pine states that the "defendant deleted all of its previous citations and substituted new citations." Cmts. at 3. However, Precision Pine neglects to inform the Court that the "previous citations" and the "new citations" refer to the very same documents.

Babbitt [that] . . . resulted in the release of the Mud contract." Cmts. at 3. However, the cited stipulation in Silver v. Babbitt specifically identifies the settlement of "other litigation . . . captioned Southwest Center for Biological Diversity, et al. v. United States Forest Service, et al., CIV-95-1927-PCT-RCB (District of Arizona)," as the reason for the agreed partial cancellation of the Mud multi-product sale. PX106, ¶ 5. Upon taking steps to implement the partial cancellation, on March 11, 1996, the Forest Service notified Precision Pine that the suspension of the Mud sale had been lifted. PX109. Accordingly, as of March 11, 1996, Precision Pine was free to harvest in accordance with the terms and conditions in the Mud multi-product sale contract.

**DPFOF 299**

> **Precision Pine began harvesting the Mud contract in July 1996. DX287; DX291. The Forest Service allowed Precision Pine to defer roundwood harvesting on the Mud sale due to Precision Pine's continuing lack of an outlet for such material. DX306; DX309.**

The United States made no change whatsoever to proposed finding of fact 299. See Def.'s Redlined Proposed Findings of Fact (filed Jan. 4, 2006). Consequently, any objections to this proposed finding were available when Precision Pine filed its original response brief. Precision Pine's belated attempt to assert such objections is prohibited by the Court's January 10, 2006 order. Order at 2 (Jan. 10, 2006) (precluding "arguments that were available when [Precision Pine] filed its original Post-Trial Response Brief" on November 14, 2005).

Furthermore, Precision Pine's assertion that it began harvesting the Mud sale in August 1996 – not in July 1996 – is immaterial and incorrect. See Cmts. at 3. Precision Pine has no basis for disputing that operations on Mud in fact commenced on July 31, 1996. Moreover, it is

unclear why it makes any difference whether harvesting on Mud began in late July or early August 1996. The key fact, which Precision Pine is not contesting, is that Precision Pine was allowed to defer roundwood harvesting on Mud because Precision Pine had no outlet for roundwood during 1996.

**DPFOF 437**

> **Precision Pine used the FS conversion factor for a variety of significant calculations. See, e.g., ~~PX70~~PX515 (Kettle multi-product sale profit projection); ~~DX587~~ PX117 (determining the volume of timber sold to Stone Container and, thus, the amount owed by Stone to Precision Pine).**

The United States made no change to the text of proposed finding of fact 437. The changes were made strictly to ensure that the proposed finding referred to the admitted copy of the referenced document.[3] Because the proposed finding is unchanged, and the cited authority is as described in the associated parentheticals, the argument that Precision Pine now makes was available when it filed its original response brief.[4] Consequently, Precision Pine's attempt to assert such arguments at this time is prohibited by the Court's January 10, 2006 order. Order at 2 (Jan. 10, 2006) (precluding "arguments that were available when [Precision Pine] filed its original Post-Trial Response Brief" on November 14, 2005).

Additionally, Precision Pine does not question to the thrust of the proposed finding – that Precision Pine's president in fact used Forest Service, contract-specific conversion factors for

---

[3] As reflected in the parenthetical reference, the original proposed finding of fact refers to a profit projection for the Kettle multi-product sale. The Kettle profit projection actually appears on the plaintiff's exhibit list as PX74 – not as PX70.

[4] As Precision Pine observes, the corrected citation to PX515 should be to DX515, which, as indicated by the associated parenthetical, is a projection of gross profit for the Kettle multi-product sale.

significant calculations. Instead, Precision Pine argues that the cited documents concern essentially "the same calculation." See Cmts. at 3. Plainly, they do not. DX515 contains an early 1997 projection of profitability for the sawtimber component of the Kettle multi-product sale, whereas PX117 contains a calculation of the amount that Precision Pine owed Stone Container Corporation pursuant to an August 1997 agreement to sell remaining sawtimber and roundwood on the Kettle sale.

**DPFOF 603**

> **Precision Pine allegedly would have moved off the Brookbank sale even if the MSO suspensions had not occurred. ~~DX131~~PX131 (App. A at 4); DX1004; see also Tr. 2091 (Porter) (DX1004 shows the harvesting schedule used by Mr. Ness in greater detail).**

The United States has made no changes to the text of proposed finding of fact 603. The only correction was to one of three citations, which altered an exhibit number from DX131 to PX131. The need for this correction was apparent from the associated parenthetical and, indeed, Precision Pine recognized this mistake before receiving corrections from the United States. See Pl.'s Response to Def.'s Proposed Findings of Fact at 202 (filed Nov. 14, 2005; stricken by Court order Nov. 17, 2005) ("Plaintiff assumes that defendant meant to refer to PX131"). Consequently, Precision Pine has added "arguments that were available when it filed its original Post-Trial Response Brief" and has, once again, disregarded the Court's January 10, 2006 order.[5] See Order at 2 (Jan. 10, 2006).

---

[5] Precision Pine has also failed to limit its arguments "to those directly responding to the corrections.". See Order at 2 (Jan. 10, 2006).

In addition, Precision Pine's argument mischaracterizes the proposed finding and the cited evidence. As an initial matter, Precision Pine's statement that "PX131, App. A at 4 shows that Precision Pine would have completed the sale in the third quarter of 1995" is incorrect. See Cmts. at 4 (emphasis in original). Both PX131, App. A at 4, and DX1004 show the bulk of harvesting on Brookbank occurring in the second quarter of 1996.

More fundamentally, the United States does not cite PX131 or DX1004 as evidence of what Precision Pine would have done but for the MSO suspensions. Indeed, as explained in our post-trial briefs, Precision Pine proffered no such evidence at trial. E.g., Def.'s Post-Trial Br. at 24-25, 32. DPFOF 603 merely refers to the model used in Mr. Ness's report, which is described in greater detail by DX1004. Mr. Ness testified that Precision Pine would not have followed this harvest schedule. Id. at 32 (citing Tr. 2622, 2626, 2848 (Ness)). However, accepting the harvest schedule merely for the sake of argument would result in Precision Pine incurring the same "move out" costs in both the actual and "but for" worlds. Thus, the harvest schedule used in Mr. Ness's report cannot support Precision Pine's recovery of "move out" costs.

## CONCLUSION

Precision Pine's "comments" neither comply with the Court's January 10, 2006 order, nor accurately depict the record evidence in this action. Nevertheless, if the Court should conclude that Precision Pine's comments should be filed in order to establish that no possible prejudice flows from the corrections to the United States' proposed findings of fact, then our responses to the comments also should be made part of the record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

LORI POLIN JONES
PATRICIA L. DISERT
Office of the General Counsel
U.S. Department of Agriculture

January 26, 2006