# In the United States Court of Federal Claims

| | |
|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 98-720 C<br>Filed February 15, 2006 |

ORDER

In the Court's Order of February 1, 2006, the Court identified additional questions that it would like the parties in this case to address during the closing argument scheduled for February 17, 2006. The Court stated that it was possible that the Court would identify additional questions that it would like the parties to address and would endeavor to inform the parties of these questions with as much advance notice as possible prior to closing argument. The Court ORDERS that both of the parties shall be prepared to address the following additional question during closing argument:

1. Both parties appear to contend that the date of breach with respect to plaintiff's breach of express warranty claims was August 25, 1995 (the date the suspensions began). *See* Def.'s Response to Pl.'s Post-Trial Memorandum of Law at 2 n.1; *see also* Pl.'s Post-Trial Response Brief at 5 ("The fully litigated fact remains that the Forest Service breached the contracts beginning on August 25, 2995 . . . ."). The contracts contained within CT 6.25 a warranty that, at the time the contracts were entered into, the Forest Service had identified special measures necessary to protect species under the Endangered Species Act, that it identified these measures based on analysis of reasonably available information, and that, based on the information reasonably available, the special measures disclosed were adequate for the protection of endangered or threatened species. 50 Fed. Cl. 35, 66-67 (2001). In Chief Judge Damich's Opinion, the Court found that the Forest Service breached this express warranty with respect to those contracts entered into after the Ninth Circuit's decision in *Pacific Rivers* on July 7, 1994, because after the *Pacific Rivers* decision, the Forest Service could not have reasonably believed that it was not required to initiate consultations with the Fish and Wildlife Service upon the listing of the Mexican spotted owl. 50 Fed. Cl. at 69-70. Why isn't the date of breach with respect to the breach of warranty claims the date of contracting for the seven contracts entered into post-*Pacific Rivers*, rather than the date the suspensions actually began? Didn't the Forest Service breach the warranty from the moment that it entered into the contracts

without a reasonable basis for believing that the warranty contained in CT 6.25 was true? Why is the date that the suspensions actually began relevant to the breach of warranty claims?

In addition, what would be the effect upon the calculation of damages if the Court were to determine that the date of breach with respect to the breach of express warranty claims were the date of contracting for the seven contracts entered into post-*Pacific Rivers*?

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge