**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

On August 4, 2006, the United States Court of Federal Claims issued a reported decision in Brace v. United States, No. 98-897. A copy of the court's slip opinion in Brace is attached as Exhibit A.

The Court's decision in Brace addresses an issue of central importance in this action: the weight to be given an expert opinion where there has been a failure to establish the factual underpinnings of the opinion by competent fact-witness testimony. See Ex. A at 17-19.

In Brace, this Court held that the opinion of plaintiff's damages expert was "virtually devoid of factual moorings," which therefore "depriv[ed] it of virtually any evidentiary value." Id. at 18. In reaching its conclusion, the Court explained:

> [The plaintiff's expert] relied heavily on representations made by parties that did not testify at trial. Certainly, under Rule 703 of the Federal Rules of Evidence, a testifying expert may rely upon "facts or data" made known to the expert before the hearing and even may rely upon opinions, if reasonably relied upon by experts in the particular field. See Advisory Committee Note to Rule 703. However, the ipse dixit of that reliance does not make those facts, data or opinions true, particularly where, as here, they are derived largely from hearsay. See Fed. R. Evid. 802. **Rule 703 "was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinions."** Leeffel

> Steel Prods., Inc. v. Delta Brands, Inc., 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005). **In short, [plaintiff's expert's] report did not "automatically become proof of the facts underlying [his] expert[] opinion,"** Logan v. City of Pullman, 392 F. Supp. 2d 1246, 1254 (E.D. Wash. 2005), requiring plaintiff to otherwise demonstrate that the critical factual assertions upon which he proceeded were preponderantly true . . . . See Ambrosini v. Labarraque, 101 F.3d 129, 135-36 (D.C. Cir. 1996); Mis-State Fertilizer Co. v. Exchange Nat. Bank of Chicago, 877 F.2d 1333, 1338 (7th Cir. 1989); Fox v. Taylor Diving & Salvage Co., 694 F.2d 1349, 1356 (5th Cir. 1983). While this is not to suggest that plaintiff was obliged to corroborate every single fact upon which his expert relies, it remains that, in presenting [his] case, plaintiff largely skipped over this vital verification step.

Id. at 17-18 (emphasis added, brackets within quotes in original). The Court continued:

> In short, the record reveals that plaintiff provided little, if any, corroboration of the key assertions upon which [his expert] relied. . . . The situation thus confronted by the court was very similar to the one faced by the Seventh Circuit in Matter of James Wilson Assocs., 965 F.2d 160 (7th Cir. 1992). There, the Seventh Circuit observed –
>
>> The issue was the state of the building, and the expert who had evaluated that state – the consulting engineer – was the one who should have testified. The architect could use what the engineer told him to offer an opinion within the architect's domain of expertise, but he could not testify for the purpose of vouching for the truth of what the engineer told him – of becoming in short the engineer's spokesman . . . [I]t is improper to use an expert witness as a screen against cross-examination.
>
> Id. at 173. In the case sub judice, Mr. Hofius played the role of consulting engineer, i.e., "the one who should have testified." Id.; see also TK-7 Corp., 993 F.2d at 732 ("[t]he fact that [the expert] relied upon the report in performing his calculation of lost profits does not relieve the plaintiffs from their burden of proving the underlying assumptions contained in the report"). As in these cases, [the plaintiff's expert] did not really determine the feasibility of using the property as [described in plaintiff's damages model], but merely valued the property based on the assumption that such a use was feasible. In terms of weight, then,

> [the expert's] ultimate opinion of value is virtually devoid of factual moorings, depriving it of virtually any evidentiary value. See Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1331 (5th Cir. 1996) ("Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all.").

Id. at 18-19.

Here, as in Brace, the plaintiff's damages expert relied upon factual premises – a harvest schedule and a milling schedule – that were not supported by facts presented at trial. Precision Pine's expert adopted a harvesting schedule that was supposedly supplied by company president, Lorin Porter. Yet, at trial, Mr. Porter was unable say what harvesting schedule Precision Pine would have employed but for MSO suspensions. Tr. 1441-48 (Porter). Further, Precision Pine's expert, Robert Ness, admitted that the harvesting schedule upon which his damages calculations were based would not have been followed by Precision Pine had the MSO suspensions not occurred. Tr. 2622, 2626, 2848 (Ness). Likewise, Precision Pine failed to offer factual testimony supporting the milling schedule used as the predicate for Mr. Ness's damages model – a milling schedule that Mr. Ness himself described as "arbitrary." Tr. 2677, 2849 (Ness); see also Tr. 2680 (Ness).

Therefore, in accordance with the recent decision in Brace, the Court should rule that Precision Pine's failure to establish the "factual moorings" upon which its damages model is based "depriv[es] it of virtually any evidentiary value." See Ex. A at 18.

Respectfully submitted,

PAUL D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

/s David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

Patricia L. Disert
Lori Polin Jones
Office of the General Counsel
U.S. Department of Agriculture

August 10, 2006

**CERTIFICATE OF FILING**

I hereby certify that on this 10th day of August, 2006, a copy of the foregoing "NOTICE OF SUPPLEMENTAL AUTHORITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington