**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-720C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

On August 10, 2006, defendant filed a Notice of Supplemental Authority ("Notice"), referring the Court to Brace v. United States, No. 98-897L (Fed. Cl., Aug. 4, 2006). This response explains that Brace adds nothing new to the body of law regarding expert testimony, has no application to the testimony of plaintiff's expert, Mr. Ness, and serves only to further demonstrate that defendant's, not plaintiff's, experts delivered factually unsupported opinions.

1. The supplemental authority contains no new law.

As an initial matter, defendant's Notice is unnecessary because the point of law that the defendant cites from Brace is already before the Court and defendant does not explain how Brace adds to the body of law regarding expert testimony. The portions of Brace that defendant cites stand for the well-accepted proposition that even though an expert may rely on facts or data that are inadmissible as evidence, Fed. R. Evid. 703, the expert's opinions still must be "based on sufficient facts or data," Fed. R. Evid. 702; see Brace, slip op. at 17-18. Particularly, Brace holds that Rule 703 does not permit an expert to simply regurgitate another person's unreliable opinion

as an assumption in an attempt to somehow transform the unreliable opinion into fact, or worse, a bona fide expert opinion. Brace, slip. op. at 18-19. This rule is widely accepted, e.g., 29 Charles Alan Wright & Victor J. Gold, FEDERAL PRACTICE & PROCEDURE, § 6273 at 312, and plaintiff has already provided legal authority for this point in its initial briefing. See P's Corrected Post-Trial Br. at 38 n.28. Accordingly, defendant's Notice adds little to the law before the Court and defendant has shown no compelling need to further burden the already vast record in this case with the non-binding opinion in Brace.

2. The supplemental authority has no application to plaintiffs' expert.

Contrary to defendant's arguments in its Notice (and in stark contrast to the testimony of defendant's experts), plaintiff's expert, Mr. Ness, is both well-qualified and presented opinions that were well-supported by factual testimony at trial. Specifically, the record establishes both factual elements that defendant complains are missing from Mr. Ness' analysis: a harvest schedule and a milling schedule. See Notice at 3.

As for the harvest schedule, Mr. Porter testified that he determined how his company would have harvested the remaining timber but for the suspension by considering the sawmills' needs for raw material throughout the suspension period, and focusing on maintaining a proper mix of large and small sawlogs at each mill. Tr. 344, 971, 1442 (Porter). Defendant has offered no evidence or argument to show that Mr. Porter was not qualified to create a schedule explaining how his company would have harvested the timber to supply its sawmills.

As for defendant's argument that Mr. Ness did not rely on Mr. Porter's harvesting schedule, plaintiff has already refuted this notion. P's Resp. Br. at 26-27; see Notice at 3. Mr.

Ness relied upon Mr. Porter's harvest schedule to form his opinion on damages, Tr. 2244-46, and specifically testified during cross examination that the harvest schedule is "what [plaintiff] would have done if there had been no suspension…." Tr. 2621. Accordingly, unlike the situation in Brace, plaintiff's expert in this case, Mr. Ness, built his opinion upon facts that were established at trial through the testimony of the individual, Mr. Porter, who had direct knowledge of the facts. See Brace, slip op. at 18.

Plaintiff has also previously dispelled defendant's unfounded assertion that Mr. Ness' milling schedule was improperly "arbitrary." See P's Resp. Br. at 29-30; see Notice at 2. In fact, the Court itself already addressed this argument when it was made by counsel for defendant at trial, stating:

> [The milling schedule is] arbitrary in the sense that [Mr. Ness] knew he had a certain amount of capacity to fill up, and he looked at, given the harvesting schedule, what would be coming available, and he picked and chose from the sales that would be available to add to his milling schedule until he got up to capacity. Doesn't that make some sense in terms of what would have been done if there had been no suspension?

Tr. 3253. Defendant makes no attempt in its Notice to explain how Brace undermines the Court's recognition of the fundamental common sense displayed in Mr. Ness' approach to the milling schedule.

3. To the extent that the supplemental authority applies at all, it reinforces plaintiff's arguments that the defendant's experts' opinions are unreliable.

Moreover, and ironically for defendant, the defendant's, not the plaintiff's, experts' opinions lack the kind of adequate factual support and rely on the sort of unsubstantiated third-party assertions that Brace found unacceptable. Indeed, this Court noted at trial that one of

defendant's experts, Dr. Neuberger, relied on questionable third-party opinions when testifying about plaintiff's bids. Tr. 3459-60 (Court). The Court agreed with plaintiff's counsel that Dr. Neuberger's testimony had the appearance of being the opinion of another person that "[came] in [his] ear and [went] out [his] mouth without human intervention." Tr. 3460 (Court).

Similarly, the testimony of another of defendant's experts, Mr. Moosman, lacked factual foundation as it too simply repeated a third-party's unreliable opinion. As plaintiff previously noted:

> Mr. Moosman admittedly had no expertise as to how lumber product categories could be grouped together (Tr. 5069 (Moosman)) and turned for assistance to individuals who did not [know] how to do the job either. Tr. 5071 (Moosman). Whatever the result may be called, it is certainly not expert testimony and should be given absolutely no weight by the Court.

P's Corrected Post-Trial Br. at 38 n.28. Plaintiff has also previously shown that Mr. Moosman relied on faulty third-party knowledge to form his opinion on lumber product pricing. Id. at 37-38. Finally, Plaintiff has demonstrated that like the expert in Brace, Mr. Moosman readily admitted that one of the assumptions underlying his opinion was probably not true, and that if the assumption was false, his opinion would not be helpful to the court. Compare id. at 23 with Brace, slip op. at 8, 18-19 (expert admitting that if his assumption was false, his opinion would be "null and void").[1]

In light of the above, defendant's Notice is simply a transparent attempt, long after the close of briefing, to deflect plaintiff's points regarding the considerable deficiency of defendant's experts' opinions.

[1] Yet another of defendant's "experts" was disqualified as being wholly unhelpful to the Court in resolving this case. See Tr. 3691-92 (Court disqualifying Mr. Adkins).

Conclusion

In light of the foregoing, the Court should find that defendant's Notice, like others defendant has offered previously, provides no new legal authority to assist this Court, serves merely as a platform to reassert arguments that have been addressed on a number of earlier occasions, and, to the extent Brace applies at all to this case, it only serves to further underscore the unreliability of defendant's own purported experts.

Respectfully submitted,

s/Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

OF COUNSEL:

Richard W. Goeken
Bryan T. Bunting
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Dated: August 16, 2006