**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-720C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S REVISED DAMAGES CALCULATIONS**

In its decision of September 14, 2007, the Court ordered plaintiff to recalculate its damages consistent with the Court's findings therein. In an errata dated October 3, 2007, the Court made corrections to Appendices A and B of the decision. The results of the recalculation are set forth in the Summary and supporting Tabs attached hereto.

In the course of analyzing the Court's decision and performing the recalculation, plaintiff discovered that Appendix A was mathematically incorrect. See Declaration of Robert A. Ness at ¶ 2 (also attached) and that the Court had apparently overlooked a substantial amount of evidence in the record regarding the logging and hauling rates that plaintiff would have incurred on the breached contracts during the suspension. In the latter regard, simultaneous with the submission of these revised damage calculations, plaintiff has filed a motion for reconsideration of this point.

As set forth in detail in the Summary, plaintiff believes that correctly calculated (i.e., taking both of the above discoveries into account and the directions of the Court in its September 14, 2007 opinion) plaintiff's damages total $ 4,296,090.60.[1] As the Court will note, in an effort not to delay the date of the Court's final determination of plaintiff's damages set forth in the Summary and supporting Tabs, plaintiff has performed alternative calculations which will allow the Court to see the dollar impact of each of the above-referenced discoveries. Moreover, for ease of analysis, under separate cover, plaintiff is furnishing defendant and the Court with both an electronic version of all calculations contained in the attached Summary and supporting Tabs plus a three-ring binder containing a hard copy with appropriate dividers.

Respectfully submitted,

s/Alan I. Saltman

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

---

[1]Since the Court concluded in its decision of September 14, 2007 that the computation of Precision Pine's damages must use both the profits that were earned in one time period and the profits that would have been earned in a significantly different period of time, in order to properly compute amounts due plaintiff, Precision Pine was required to convert dollars earned in the post-suspension period to the equivalent amount of dollars had they been earned in the suspension period. See Energy Capital v. United States, 302 F.3d 1314, 1330 (Fed. Cir. 2002); Northern Helix v. United States, 634 F. 2d 557 (Ct. Cl. 1980); Citizens Federal Bank v. United States, 59 Fed. Cl. 507, 524 (2004); Franconia Associates v. United States, 61 Fed. Cl. 718, 763 (2004); see also Declaration of Robert A. Ness at ¶ 14, 15. As set forth in Tab E, this was accomplished, just as in Energy Capital, by discounting later earned profits by a rate of return on "conservative investment instruments," i.e., the rate of return on 10-year Treasury notes, regarding which the trial court took judicial notice to the time of the breach. Energy Capital, 302 F.3d at 1332; see also Declaration of Robert A.Ness at ¶ 16.

OF COUNSEL:

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: December 7, 2007

**List of Attachments**

Index

Summary

Declaration of Robert A. Ness.

Tab A (Recalculation consistent with all Court findings and the Court's Alternative Harvesting and Milling Schedule)

Tab B (Recalculation consistent with all Court findings including the Court's Alternative Harvesting and Milling Schedule but using logger pay slips in the record to determine logging and hauling costs)

Tab C (Recalculation consistent with the Court's findings but using a corrected Alternative Harvesting and Milling Schedule)

Tab D (Recalculation consistent with the Court's findings but using a corrected Alternative Harvesting and Milling Schedule and logger pay slips in the record to determine logging and hauling cost)

Tab E (Recalculation of post-suspension profits consistent with all Court findings, discounted to obviate the effect of having been earned in a period different from when the lost market opportunity occurred)

Tab F ( Mill Inefficiency Related to Brann)