# In the United States Court of Federal Claims

| | | |
|---|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, | ) | No. 98-720 C |
| v. | ) | Filed March 13, 2008 |
| THE UNITED STATES, Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DIRECTING PLAINTIFF TO SUBMIT FURTHER REVISED DAMAGES CALCULATION

On December 7, 2007, plaintiff filed its revised damages calculations (Revised Damages) (docket entry 449), pursuant to the Court's Opinion and Order of September 14, 2007. In conjunction with the revised damages calculations, plaintiff filed a motion for reconsideration with respect to the Court's determination of logging and hauling costs to be used in the revised damages calculations ( Pl.'s Mot.) (docket entry 450). In addition to challenging the Court's ruling that plaintiff recalculate its logging and hauling expenses, plaintiff also argued that the Court had made mathematical errors in creating its Alternative Harvesting and Milling Schedule (docket entry 449-2).[1] At the Court's request, plaintiff filed a more detailed explanation of the purported mathematical errors on December 21, 2007 (Expl. Purported Math. Errors) (docket entry 454). On January 30, 2008, defendant responded to the motion for reconsideration (Def.'s Response) (docket entry 457), controverting plaintiff's arguments with respect to both the

[1] Plaintiff provided four separate damages calculations (docket entry 449). The four different calculations were based on the following scenarios: (1) recalculation performed as though the motion for reconsideration were denied with respect to both the logging and hauling expenses and the purported mathematical errors in the Alternative Harvesting and Milling Schedule; (2) recalculation using the Court's Alternative Harvesting and Milling Schedule but assuming the motion for reconsideration is granted with respect to using logger pay slips to determine logging and hauling costs; (3) recalculation using an adjusted Alternative Harvesting and Milling Schedule that corrected purported mathematical errors asserted by plaintiff but assuming the motion for reconsideration is denied with respect to logging and hauling costs; and (4) recalculation using an adjusted Alternative Harvesting and Milling Schedule and logger pay slips to determine logging and hauling costs, as though the motion for reconsideration were granted with respect to both issues.

purported mathematical errors and the determination of logging and hauling costs.[2]

For the reasons set forth below, plaintiff's motion for reconsideration with respect to both the ruling that plaintiff recalculate its logging and hauling expenses and the purported mathematical errors is **DENIED**.

Further, in reviewing Appendices A and B of the Alternative Harvesting and Milling Schedule while considering the pending motion, the Court determined that it made certain clerical errors, unrelated to the mathematical errors alleged by plaintiff. Thus, the Court has set forth in this order a substitute page 40 of its September 14, 2007 Opinion and Order (*see* Exhibit 1), and a corrected Alternative Harvesting and Milling Schedule (*see* Exhibit 2). Finally, the Court has also set forth a more detailed explanation of the calculations underlying Appendices A and B (*see* Exhibit 3, "Table: Underlying Calculations For Figures in First and Second Columns of Appendix A (Timber Harvested From Breached Contracts and Volume Milled from Breached Contracts)").

***Standard of Review***

Plaintiff asks the Court to reconsider its decision of September 14, 2007, which was not a final judgment. As pointed out by plaintiff, "a court has the power to reconsider its decisions until the entry of judgment." *Precision Pine & Timber, Inc. v. United States*, 72 Fed. Cl. 460, 480 n.16 (2006). Because the Court's September 14, 2007 order was interlocutory in nature, "the Court, applying the law of the case doctrine, has the power to reconsider and modify its order at any time before the entry of final judgment, subject to the principle that questions once decided ought not to be subject to continued re-argument." *Holland v. United States*, 75 Fed. Cl. 492, 494 n. 2 (2007) (citing *Fla. Power & Light Co. v. United States*, 66 Fed. Cl. 93, 95-96 (2005)); *see also Wolfchild v. United States*, 68 Fed. Cl. 779, 784-85 (2005) (citing *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 698 (Fed. Cir. 2001)).

---

[2] Defendant argues that there was a failure of proof with respect to damages at trial and therefore Precision Pine is entitled to no recovery for defendant's breach. Def.'s Response 1, n.1. The Court is not precluded, however, from awarding damages because plaintiff is unable to prove the precise amount of its damages with absolute certainty. *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369, 1373 (Fed. Cir. 2005) (stating that while damages need be shown with reasonable certainty, "the amount of damages need not be 'ascertainable with absolute exactness or mathematical precision"). "[W]hen damages are hard to estimate, the burden of imprecision does not fall on the innocent party." *LaSalle Talman Bank, F.S.B. v. United States*, 317 F.3d 1363, 1374 (Fed. Cir. 2003); *see also Locke v. United States*, 151 Ct.Cl. 262, 283 F.2d 521, 524 (1960) (citing *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555 (1931)) ("If a reasonable probability of damage can be clearly established, uncertainty as to the amount will not preclude recovery.")

***Discussion***

## I. Correction of Purported Mathematical Errors

In its motion for reconsideration, plaintiff asserts that "[i]n the course of analyzing the Court's decision and performing the recalculation, plaintiff discovered that Appendix A was mathematically incorrect." Revised Damages 1. Specifically, whereas the Court, using its prescribed methodology, found that Precision Pine's practice was to build and maintain a log deck of 1770 Mbf (LS) between the months of April and September (*Precision Pine*, slip op. at 34 (Sept. 14, 2007)), plaintiff's expert concluded that there would be only 596 Mbf (LS) of logs in inventory at the end of April. Expl. Purported Math. Errors 1-2. Similarly, plaintiff takes issue with the Court's calculation of the size of the log deck at the end of July 1996. *Id.* at 4. When plaintiff incorporated its different numbers (and those that naturally flow from plaintiff's proposed changes), the result was that "less decked timber would have been available to be milled into lumber during May, June and July than is shown in the Court's Harvest and Milling Schedule," though the "reduced lumber production is made up in plaintiff's calculation of its damages as sawmill capacity becomes available in later months." *Id.* at 5.

In response, defendant argues that "Precision Pine does not establish . . . that the Court's schedules either deviate from the parameters in the Court's opinion or work a manifest injustice" but rather that "Precision Pine offers . . . a 'corrected' approach -- an approach that would be impossible to implement in practice, that is contrary to Precision Pine's customary practices, and that disregards factual findings in the Court's decision." Def.'s Response 5.[3] Defendant states that plaintiff's calculations "disregard the Court's statement that Precision Pine would in fact have built and maintained a three week inventory of logs (*i.e.*, a log deck of 1770 Mbf (LS)) upon commencing harvesting in April 1996." *Id.* at 6. Additionally, plaintiff varies the size of the log deck from month to month under its "corrected" approach, whereas the Court held that the log deck would remain consistent at the equivalent of a three-week supply of logs. *Id.*

The Court agrees with defendant that plaintiff's purported correction of mathematical errors embodies, in fact, substantive changes to the methodology mandated by the Court in its September 14, 2007 Opinion and Order. The Court determined, based on testimony of John Smith, that Precision Pine's practice was to build and maintain a three-week supply of decked logs, whereas Precision Pine's "corrections" flow logically from an approach that disregards the Court's finding in this respect. The Court sees no reason to revise its finding. Accordingly, plaintiff's motion for reconsideration insofar as it relates to purported mathematical errors is denied.

---

[3] Defendant states that it has "been unable to replicate the Court's harvesting and milling schedules and lacks sufficient information to determine whether the Court's numbers are accurate." Def.'s Response 5, n.2. In order to provide information that will permit the reader to replicate the Court's Alternative Harvesting and Milling Schedule, the Court explains its calculations in greater detail in section III, *infra*, and in Exhibit 3, attached hereto.

## II. Motion for Reconsideration of Ruling that Plaintiff Must Recalculate its Logging and Hauling Costs

Plaintiff argues that while the Court found that plaintiff had introduced only three logger pay records, plaintiff actually introduced more than 70 relevant logger pay sheets setting forth rates it paid for logging and hauling on certain of the sales at issue. Pl.'s Mot. 1. Plaintiff asserts that the logger pay sheets in the record provide a more reasonable basis for determining the logging and hauling costs than plaintiff's financial statement for the fiscal year ending March 31, 1995, which was relied upon by the Court in calculating logging and hauling costs. *Id.*

Defendant, in response, argues that Precision Pine overstates the evidence presented, and that in fact "[n]o logger pay sheets were introduced with respect to six [of the 11] contracts" and "[o]nly a single logger paysheet was presented in connection with three other contracts." Def.'s Response 8. Defendant asserts that plaintiff appears to have offered the logger pay sheets selectively, having failed to present logger pay sheets for certain contracts where harvesting occurred. Defendant concludes that "[t]he Court's directive to use Precision Pine's 1995 financial statement to determine logging and hauling costs is consistent with the Court's overall methodology . . . ." *Id.* at 10.

The Court is not persuaded that it erred in ordering that plaintiff's 1995 financial statement be used to establish logging and hauling costs. The Court remains concerned by the absence of logger pay sheets for the majority of the contracts at issue and the episodic nature of those presented. Plaintiff has failed to demonstrate that use of the individual logger pay sheets would be a more reliable methodology to determine logging and hauling costs than reliance upon the total cost of logging and hauling as set forth on plaintiff's annual financial statement for the fiscal year ending March 31, 1995, PX 248, divided by plaintiff's total harvested timber for the fiscal year ending March 31, 1995, as set forth on PX 131, Exhibit 10. *See Precision Pine*, slip op. at 62-63 (Sept. 14, 2007).

## III. Description of Calculations Underlying the Court's Appendices A and B and Correction of Clerical Errors

In reviewing plaintiff's revised damages calculations and its motion for reconsideration, the Court determined that it had made minor clerical errors, such that a further minor adjustment to its Alternative Harvesting and Milling Schedule is warranted. Thus, the Court corrects the Opinion and Order filed September 14, 2007 (docket entry 440), as revised by errata filed September 18, 2007 (docket entries 442 and 443) and October 3, 2007 (docket entry 444). Specifically, on page 40, in the 17th, 20th, and 24th lines of text, substitute the figure "624" for "618" and on the 5th line and bottom line, substitute "19%" for "20%." These revisions are necessary because the revisions to Appendices A and B to correct minor clerical errors cause the figures relating to the Manaco sale as set forth on page 40 of the Opinion and Order to change slightly. *See* Exhibit 2 (1996 3rd quarter: total volume 659 minus 35 apportioned volume equals 624 Mbf (LS). 624 is 19 percent of the total 769 Mbf (LS) that plaintiff actually harvested.)

Attached to this order are substitute pages 40, A-1, B-1, and B-2, which incorporate the foregoing changes. *See* Exhibits 1 and 2.

In response to defendant's assertion that it was unable to replicate the Court's Alternative Harvesting and Milling Schedule using the Court's earlier Opinion and Order and the information provided in Appendices A and B thereto, the Court has provided more detailed information on the calculations underlying the figures set forth in the first and second columns of Appendix A, headed "Timber Harvested from Breached Contracts (Mbf (LS))" and "Vol. Milled from Breached Contracts (Mbf (LT))." The more detailed information is set forth on an additional table, entitled "Underlying Calculations For Figures in the First and Second Columns of Appendix A (Timber Harvested from Breached Contracts and Volume Milled from Breached Contracts)," together with a textual explanation. *See* Exhibit 3.

## IV. Conclusion

Plaintiff's motion for reconsideration as it relates to the Court's ruling that plaintiff recalculate its logging and hauling expenses and as it relates to certain alleged mathematical errors is **DENIED**. Plaintiff is **ORDERED** to submit a further revised damages calculation consistent with the Court's rulings as set forth in this order. Specifically, plaintiff should accept as given the Alternative Harvesting and Milling Schedule as set forth in the revised Appendices A and B attached hereto as Exhibit 2. Plaintiff shall file such further revised damages calculation by **Friday, March 21, 2008**. Defendant shall file its response by **Friday, April 18, 2008**.

**IT IS SO ORDERED.**

s/ George W. Miller

GEORGE W. MILLER
Judge