# In the United States Court of Federal Claims

| | |
|---|---|
| PRECISION PINE & TIMBER, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 98-720 C<br>Filed May 8, 2008 |

**ERRATUM**

Pursuant to Rule 60(a) of the Rules of the United States Court of Federal Claims, the Court, *sua sponte*, corrects the Opinion and Order filed May 2, 2008 in this case (docket entry 461) in the following respect: on page 2, in the third line of footnote 1, substitute the year "2007" for "2008."

Attached is a substitute page 2, which incorporates the foregoing correction.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DIRECTING THE ENTRY OF FINAL JUDGMENT IN FAVOR OF PLAINTIFF**

GEORGE W. MILLER, Judge.

On April 18, 2008, defendant filed a motion for reconsideration ("Def.'s Mot. for Reconsideration") (docket entry 460) of certain aspects of this Court's Opinion and Order filed September 14, 2007 (docket entry 440) ("Opinion and Order"). In addition, in accordance with the Court's Order of March 13, 2008 (docket entry 458), defendant also filed its response to plaintiff's further revised damages calculations, filed March 18, 2008 (docket entry 459).[1]

## I. Introduction — The Adversarial Process, Plaintiff's Computation of Damages, and Whether the Court Must Reopen the Record

The Court rejects defendant's contention that the Court created a new "damages model" in its Opinion and Order. *See* Def.'s Mot. for Reconsideration at 3 ("the Court . . . created its own damages model -- a model that was neither presented at trial, nor vetted by the adversarial process.") On the contrary, the Court in its Opinion and Order and thereafter in a further order (docket entry 458) directed plaintiff to submit a revised calculation of damages using the same damages model that plaintiff utilized at trial[2] but using different input values consistent with the Court's Opinion and Order. *See Precision Pine & Timber, Inc. v. United States*, __ Fed. Cl.__, 2007 WL 5030766, at *1 (Sept. 14, 2007) ("the Court has determined that certain of the input values used by plaintiff in its calculation of lost profits require modification, and as a result, plaintiff's damages must be recalculated in light of the Court's findings"); *see also* Order Denying Plaintiff's Motion for Reconsideration and Directing Plaintiff to Submit Further Revised Damages Calculation at 5 (docket entry 458) (directing plaintiff, in submitting its further revised damages calculation, to "accept as given" the Court's Alternative Harvesting and Milling Schedule). The plaintiff's task, pursuant to the Court's direction, was simply a matter of computation. *See American Federal Bank, FSB v. United States*, 74 Fed. Cl. 208 (2006) (denying defendant's motion for reconsideration where court adopted parameters for calculating damages that flowed specifically from the facts proven at trial and asked the parties to recalculate damages based on the Court's specifications); *see also Principal Life Insurance Company v. United States*, 70 Fed. Cl. 144, 171 (2006) (in a procedure which "loosely track[ed] Rule 155 of the U.S. Tax Court's Rules

---

[1] This Opinion and Order assumes familiarity with both the Court's September 19, 2006 Opinion and Order, *Precision Pine & Timber, Inc. v. United States*, 72 Fed. Cl. 460 (2006)), and its September 14, 2007 Opinion and Order. *Precision Pine & Timber, Inc. v. United States*, __ Fed. Cl.__, 2007 WL 5030766 (Sept. 14, 2007).

[2] Plaintiff's damages model, presented at trial by its accounting expert witness, Robert A. Ness, is described at pages 31-32 of the Opinion and Order.